IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2005 JUN -8  P 1: 31

[CLERK STAMP] U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| TIMOTHY JOE REEVES,                )     |     |
|                                    )     |     |
|    Plaintiff,       )     |     |
|                                    )     |     |
| v.                                 )     | CIVIL ACTION NO. 1:05CV542-M |
|                                    )     |     |
| UNITED STATES OF AMERICA,          )     |     |
|                                    )     |     |
|                                    )     |     |
|    Defendant.       )     |     |

## COMPLAINT

COMES NOW the Plaintiff, Timothy Joe Reeves, who would show unto this Court and allege as follows:

### GENERAL PLEADING

1.

Plaintiff is a citizen and resident of Dothan, Houston County, Alabama, d/b/a Hunts Restaurant, Lounge & Oyster Bar, Inc. and its taxpayer identification number is 63-1250909.

2.

Defendant is the United States of America.

3.

This is an action to quash assessment and for injunctive relief from collection, and this Court has jurisdiction by reason of 28 U.S.C. §6213.

### COUNT ONE

4.

On or about November 29, 2004, Defendant assessed Plaintiff wagering excise taxes, including penalties and interest, related to football bookmaking activity for a non-consecutive fifteen-month period from September 30, 1994 through January 31, 1997.

5.

Defendant's assessment of wagering excise taxes, including penalties and interest, is entirely based upon Plaintiff's testimony, given in cooperation with Defendant, in trial and in deposition, pursuant to the terms of a Plea Agreement, dated October 14, 1999, between Plaintiff and Defendant. The Plea Agreement provided, and Defendant agreed, that, in exchange for (i) Plaintiff's plea of guilty under 18 U.S.C. §1957 of purchasing a GMAC truck with the proceeds from an illegal gambling business, and (ii) Plaintiff's full cooperation and testimony in other criminal actions, "statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceeding against [Plaintiff]." Plaintiff performed all of the requirements of the Plea Agreement, and Defendant has failed to honor the terms of said Plea Agreement. Defendant's assessments are in direct violation of and constitute a breach of the Plea Agreement.

6.

On or about December 15, 2004, pursuant to §6419 of the Internal Revenue Code of 1986, as amended (the "Code"), Plaintiff filed Forms 8849 for protective Claims for Refund of excise taxes for each of the fifteen months erroneously assessed by Defendant as wagering excise taxes, including penalties and interest.

7.

On or about May 17, 2005, Defendant disallowed Plaintiff's Claims for Refund stating the Claims for Refund, "did not meet the requirements relating to substantiation and no credible evidence was submitted to dispute the tax liability."

8.

As a result of Defendant's breach, Plaintiff has incurred costs and expenses, including attorneys fees, in defending Defendant's erroneous assessment and in enforcing the Plea Agreement.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order directing Defendant to adhere to the provisions of the Plea Agreement, quashing the assessment for wagering excise taxes erroneously imposed, awarding Plaintiff all of his costs, including reasonable attorneys fees, incurred in defending Defendant's assessment and enforcing the Plea Agreement, and granting such other and further relief as this Court deems just and proper.

## COUNT TWO

9.

Each and every allegation contained in Count One is incorporated herein by reference as if repeated verbatim.

10.

Plaintiff's Claims for Refund have been denied, and though the Plea Agreement clearly prohibits the use of Plaintiff's testimony against him in any civil or criminal action, Defendant has ignored the terms of the Plea Agreement and has assessed the excise taxes in dispute.

11.

Collection of this erroneous assessment of wagering excise taxes, penalties and interest would so impair Plaintiff's business as to ruin Plaintiff financially, to cause Plaintiff irreparable injury, and to provide Plaintiff with no adequate remedy at law. As such, this Court is not precluded from restraining and quashing assessment or from enjoining collection by Defendant under the provisions of §7421 of the Code.

12.

This Court is further empowered to restrain and quash this assessment and to enjoin Defendant from the collection thereof, as Defendant, under no circumstances, can ultimately prevail.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order directing Defendant to adhere to the provisions of the Plea Agreement, quashing the assessment for wagering excise taxes erroneously imposed, enjoining Defendant from collection of any excise taxes assessed, awarding Plaintiff all of his costs, including reasonable attorneys fees, incurred in

defending Defendant's assessment and enforcing the Plea Agreement, and granting such other and further relief as this Court deems just and proper.

## COUNT THREE

13.

Each and every allegation contained in Count One and Count Two is incorporated herein by reference as if repeated verbatim.

14.

Not only did Defendant ignore the Plea Agreement, but Defendant's erroneous assessment was grossly overstated.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order directing Defendant to adhere to the provisions of the Plea Agreement, quashing the assessment for wagering excise taxes erroneously imposed, enjoining Defendant from collection of any excise taxes assessed, awarding Plaintiff all of his costs, including reasonable attorneys fees, incurred in defending Defendant's assessment and enforcing the Plea Agreement, and granting such other and further relief as this Court deems just and proper.

## COUNT FOUR

15.

Each and every allegation contained in Count One, Count Two and Count Three is incorporated herein by reference as if repeated verbatim.

16.

The Internal Revenue Service was involved with all civil and criminal proceedings, as well as the Plea Agreement. The assessment of excise taxes is prohibited under the Plea Agreement in that (i) Defendant used Plaintiff's trial and deposition testimony to assess the wagering excise taxes in direct violation of said Plea Agreement, and (ii) the Plea Agreement was a global civil and criminal settlement involving civil forfeiture of monies and property by Plaintiff, as evidenced by the affidavit of Ashton Holmes Ott, Esq. (f/k/a Ashton Holmes), the former Assistant United States Attorney for the Middle District of Alabama assigned to

Plaintiff's case, *United States of America v. Timothy Joe Reeves*, CR No.99-13-S, and one of the signators to the Plea Agreement, said affidavit being attached hereto as Exhibit "A".

17.

Plaintiff forfeited substantial assets as part of the Plea Agreement, to-wit: (i) Ninety-Four Thousand Two Hundred Ninety-Six and Eighty-Seven One Hundredths Dollars ($94,296.87) cash, (ii) real property located at 1073 Malvern Road, Dothan, Alabama, together with all improvements, fixtures and trailers thereon, (iii) a 1997 GMC Sierra Pick-up truck and (iv) One Thousand Dollars ($1,000.00) cash seized on January 12, 1997.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order directing Defendant to adhere to the provisions of the Plea Agreement, quashing the assessment for wagering excise taxes erroneously imposed, enjoining Defendant from collection of any excise taxes assessed, awarding Plaintiff all of his costs, including reasonable attorneys fees, incurred in defending Defendant's assessment and enforcing the Plea Agreement, and granting such other and further relief as this Court deems just and proper.

L. Drew Redden
Bar No. ASB-1710-D661
Attorney for Plaintiff
Redden, Mills & Clark
940 Financial Center
505 North 20th Street
Birmingham, Alabama 35203-2605
205-322-0457

G. David Johnston
Bar No. ASB-8863-T636
Attorney for Plaintiff
Johnston, Hinesley, Flowers & Clenney, P.C.
291 North Oates Street
Dothan, Alabama 36303
334-793-1115

_____
William W. Hinesley
Bar No. ASB-4423-E65W
Attorney for Plaintiff
Johnston, Hinesley, Flowers & Clenney, P.C.
291 North Oates Street
Dothan, Alabama 36303
334-793-1115