STATE OF ALABAMA     )

                            )

COUNTY OF HOUSTON    )

# Exhibit A

### AFFIDAVIT OF ASHTON HOLMES OTT

Personally appeared before me, the undersigned notary public, **Ashton Holmes Ott**

**(previously known as "Ashton Holmes")**, who being known to mc, being first duly sworn, deposes

and states on oath as follows:

1.      That my name is Ashton Holmes Ott.  I am over the age of twenty-one (21) years, and I reside

at 6372 East State Highway 52, Webb, Alabama  36376.

2.      That I was Assistant United States Attorney for the Middle District of Alabama from October,

1994, through February, 2000.

3.      That during such time period as an Assistant United States Attorney, I was one of the primary

attorneys assigned to represent the government in the case of <u>United States of America v. Timothy Joe</u>

<u>Reeves</u>, CR. No. 99-13-S.

4.      That during my representation of the government in such case, I was directly involved with the

negotiation and drafting of the Plea Agreement dated October 14, 1999, whereby defendant Timothy

Joe Reeves pled guilty to 18 U.S.C. Section 1957 and also forfeited certain cash and property as set

forth and described in said Plea Agreement (a copy of said Plea Agreement being attached to this

Affidavit as <u>Exhibit "A"</u> and made a part hereof).

5.      That the Internal Revenue Service was also directly involved and present during the civil and

criminal proceedings, as well as the Plea Agreement, of defendant Timothy Joe Reeves.

6.    That I have been advised by G. David Johnston, attorney for Timothy Joe Reeves, that the

Internal Revenue Service has now assessed against Timothy Joe Reeves wagering excise taxes,

penalties and interest, as well as income taxes, penalties and interest, from alleged bookmaking activity

and acceptance of football wagers thereon from September, 1994, through January, 1997.

7.    That the Plea Agreement included both the settlement of civil and criminal proceedings against

Timothy Joe Reeves and was intended by me as Assistant United States Attorney representing the

United States to be a global settlement agreement, thereby precluding the Internal Revenue Service

from assessing these wagering excise and income taxes, penalties, and interest against Timothy Joe

Reeves for the time period of September 1, 1994, through January 31, 1997.

8.    That the Plea Agreement further precluded the Internal Revenue Service from using the trial and

deposition testimony of Timothy Joe Reeves in determining and making the assessment of these

wagering excise and income taxes, penalties and interest for the time period of September 1, 1994,

through January 31, 1997.

Ashton Holmes Ott
**(previously known as "Ashton Holmes")**

**SWORN AND SUBSCRIBED TO BEFORE ME
THIS _2 nd_ DAY OF FEBRUARY, 2005.**

Notary Public
**My commission expires:** _11 - 30-2007_

2



# Exhibit A

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR. NO. 99-13-S |
| | ) | |
| TIMOTHY JOE REEVES | ) | |

## PLEA AGREEMENT

DEFENSE COUNSEL:                  DREW REDDEN

ASSISTANT U.S. ATTORNEY:          ASHTON HOLMES

## COUNT AND STATUTES CHARGED:

      Count I:     18 U.S.C. §§ 371 and 1955
                      Conspiracy to operate an illegal gambling business

      Count II:    18 U.S.C. § 1955
                      Operation of an illegal gambling business

      Count III:   18 U.S.C. § 1956 (a)(1)(A)(i)
                      Money Laundering

      Counts IV-   18 U.S.C. § 1956 (a)(1)(B)(i)
      XV:          Money Laundering

      Count XVI:  18 U.S.C. § 1956 (h)
                      Conspiracy to launder money

## COUNT PLEADING PURSUANT TO PLEA AGREEMENT:

      Count I of an information:  18 U.S.C. § 1957
                                       Engaging in a monetary transaction in property derived
                                       from specified unlawful activity

## MAXIMUM PENALTY

IMPRISONMENT OF NOT MORE THAN TEN (10) YEARS OR A FINE OF NOT MORE THAN $250,000, OR BOTH, AND NOT MORE THAN THREE (3) YEARS OF SUPERVISED RELEASE, PLUS A $100.00 ASSESSMENT FEE.

## ELEMENTS OF THE OFFENSE:

### 18 U.S.C. § 1957

1. That the defendant engaged in a monetary transaction in criminally derived property that is of a value greater than $10,000;
2. That such transaction involved property derived from a specified unlawful activity; and
3. That the defendant knew that such property was derived from such specified unlawful activity.

## I.    SPECIAL PROVISIONS

A. The government will recommend a three-level reduction of the offense level for acceptance of responsibility pursuant to § 3E1.1 of the United States Sentencing Guidelines.

B. The defendant agrees to cooperate with the government under the conditions set forth below and, if the government, in its sole discretion, concludes that the defendant has fully complied with the terms of the cooperation agreement and has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the government agrees to make a recommendation to the Court that the defendant receive an additional two-level reduction of the offense level pursuant to § 5k1.1 of the United States Sentencing Guidelines, and that a sentence of 15 months is appropriate. The United Sates will dismiss the indictment currently pending against Timothy Joe Reeves and Wendy Ann Smith Reeves. The United States further agrees that, based upon the substantial forfeitures made

2

pursuant to this agreement, there should be no fine imposed. This agreement is entered into

pursuant to the provisions of Rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure.

      C. The defendant agrees with the representations made in the government's

factual basis statements.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## II.  INTRODUCTION

      A. Ashton Holmes, Assistant United States Attorney, and Drew Redden,

attorney for the defendant, pursuant to the provisions of Rule 11,
Federal Rules of Criminal Procedure, as Amended, have, with the
authorization of the undersigned defendant, heretofore entered
into discussions with a view towards reaching a pretrial
conclusion of the charges pending in the indictment herein and a
plea agreement has been reached by said parties  as set forth
below.

## III.  AGREEMENT OF THE PARTIES

The government and the defendant agree to the following:

      A.  Sentencing Guidelines

      <u>The government and the defendant agree that the
provisions of the Federal Sentencing Guidelines apply and control
the sentence in this case.</u>

      B. Acceptance of Responsibility

      1.  The United States agrees to recommend that the
Court find that the defendant clearly demonstrates a recognition
and affirmative acceptance of personal responsibility for his

3

criminal conduct, and in recognition thereof, in accordance with
U.S.S.G. § 3E1.1(a), reduce the defendant's offense level by
three levels.  The defendant understands that these assertions
are not binding on the Court.

        2.  The United States will move the Court, at the
time of sentencing, for a two-level downward departure, provided
that the defendant fulfils his obligation to provide certain
information and assistance.  In addition, the United States
reserves the right to respond to factual or legal questions from
the Court and to rebut or clarify matters raised by the defendant
in mitigation of defendant's sentence or contained in the
presentence report, if the United States deems the same to be
inaccurate or misleading.

        3.  The Defendant agrees to forfeit his interest
in the following property:

        (1). Ninety-four Thousand Two Hundred Ninety-six
Dollars and Eighty-seven Cents ($94,296.87) from Hunt's Seafood
Operating Account Number 0000083.  Additional money in said
account to be retained by the Defendant.

        (2). The real property at 1073 Malvern Road,
Dothan, AL and all improvements, fixtures and trailers thereon.
Reference Civil Action Number 97-T-64-S.

        (3). One 1997 GMC Sierra Pick-Up Truck.  Reference
Civil Action Numbers 98-C-335-S;98-D-570-S.

        (4). One Thousand Dollars($1,000.00) seized on
January 12, 1997.  Reference Civil Action Number 98-C-332-S.

4

b.    The United States agrees to return the following property to the defendant and to dismiss the referenced civil forfeiture cases:

(1). The real property at 1075 Malvern Road, Dothan, AL and all fixtures and improvements thereon.  Reference Civil Action Number 97-T-64-S.

(2). Miscellaneous Computer Equipment seized at 1075 Malvern Road, Dothan, AL.  Reference Civil Action Number 98-M-333-S.

(3). Fourteen Thousand Dollars($14,000.00) of the One Hundred Ninety-Seven Thousand Dollars($197,000.00) seized in Civil Forfeiture Actions numbered 98-T-336-S and 98-t-571-S

c.    The defendant further agrees to testify truthfully and completely at any subsequent criminal and civil forfeiture action related in any manner to this criminal case.

C. Cooperation Agreement

1. The defendant agrees to cooperate fully and testify truthfully against any and all persons as to whom he may have knowledge at grand jury, trial, or whenever called upon to do so, with the exception that the defendant will not be required to testify against his father, Billy Joe Reeves.  The defendant understands that this agreement does not require him to implicate any other particular individual or individuals nor to "make a case," rather it requires him to be truthful and to testify truthfully whenever called upon.  The defendant agrees to make himself available for the review of documents and other materials and for interviews by law enforcement officers and attorneys for the government upon

5

reasonable request and to fully and truthfully respond to all questions asked of him by law enforcement officers and attorneys for the government. He agrees to fully and truthfully disclose to the government everything he knows about any and all documents and materials in his possession that relate to violations of federal gaming laws and any other criminal violations in the Middle District of Alabama and elsewhere. The defendant agrees to submit to a polygraph examination conducted by the government if requested to do so.

2. Provided that the defendant satisfies the terms of this plea agreement, any information that he truthfully discloses to the government during the course of his cooperation, concerning related offenses, will not be used against him, directly or indirectly. The defendant understands that this agreement does not bar his prosecution for capital felonies, perjury, false statements, and obstruction of justice.

3. If the defendant has failed or should fail in any way to fulfill completely his obligations under this agreement, then the government will be released from its commitment to honor all of its obligations to him. Thus, if at any time he should knowingly and willfully withhold evidence from the government investigators or attorneys prior to or during his testimony before grand juries or in trials, then the government will be free (1) to prosecute him for perjury, false declaration, false statement, and/or obstruction of justice (18 U.S.C. Section 1621, 1623, 1001, 1503); (2) to prosecute him for all violations of federal criminal law which he has committed; (3) to use against him in all of those prosecutions and sentencings the information and documents that he has himself disclosed or furnished to the government during the course of his cooperation; (4) to recommend a maximum sentence; and (5) to seek forfeiture of any and all forfeitable properties of the defendant. The parties

agree to submit to the court, to be decided by a preponderance of the evidence standard, the question of whether defendant has breached this agreement.

### D. Acknowledgment And Waiver Of Rights/Understanding Of Maximum Penalties

The defendant agrees that he has been fully advised of his statutory and constitutional rights herein, and that he has been informed of the charges and allegations against him and the penalties therefor, and that he understands same. The defendant further agrees that he understands that by entering a plea of guilty as set forth hereafter, he will be waiving certain statutory and constitutional rights to which he is otherwise entitled.

### E. Application of Sentencing Guidelines

The United States and the defendant, agree that the base offense level upon which the defendant's sentence should be initially calculated, pursuant to U.S.S.G. § 2S2.1 is 19.

### F. Substantial Assistance To Authorities

If the government, in its sole discretion, concludes that the defendant has fully complied with the terms of the cooperation agreement and, in its sole discretion, determines that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the United States agrees to file a motion under U.S.S.G. § 5K1.1 recommending a two-level departure from the guidelines. The defendant understands that the United States retains sole discretion to file such a motion and that the final decision on the amount of the departure, if any, rests within the sole discretion of the Court.

7

### G. No Further Prosecution

The United States further agrees that in return for the defendant's compliance with the terms of this agreement there will be no further federal criminal prosecution of the defendant in the Middle District of Alabama based on the information and evidence now available to the United States regarding the defendant's involvement with violations of 18 USC § 1955, 1956, and 1957 or any federal tax provision.

### H. Basis For Plea Of Guilty

The defendant agrees that the Stipulation of Facts constituting the basis for the defendant's guilty plea in this case, appended hereto and incorporated herein by this reference, is a true and accurate statement of the defendant's actions or omissions with regard to the charges to which he is entering a plea and that the Court may rely thereon in determining the basis for the defendant's plea of guilty as provided for in his plea agreement.

### I. Potential Postponement of Sentence

Defendant understands and agrees that sentencing may be delayed until the cooperation phase has been completed.

### J. Payment of Special Assessment

The defendant agrees to remit to the Clerk of Court for the Middle District of Alabama a certified or cashier's check payable to the Clerk of Court in the amount of $100.00, in full satisfaction of the statutory costs pursuant to 18 U.S.C. § 1957, and to remit said sum with this signed agreement in full satisfaction of this paragraph.

### K. Scope Of The Agreement

1. The defendant, before entering a plea of guilty to Count One of the

information currently pending against him, advises the Court that:

a. The discussions between the attorney for the Government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

b. The defendant understands the nature of the charge to which the plea is offered in Count One of the Information, that the defendant did commit an offense against the United States, that is to say, violations of Title 18, United States Code, Section 1957. That the defendant understands that the penalty provided by law for violation of Count One of the Information is a fine of not more than $250,0000 or imprisonment for not more than 10 years, or both, and a term of not more than three years supervised release, in addition to a Special Assessment of $100 pursuant to Title 18, United States Code, Section 3013, said assessment to be paid by the defendant on the date of sentencing. The defendant understands that if a fine is imposed by the Court at sentencing, the defendant shall meet with a member of the Financial Litigation Section of the United States Attorney's Office on the day of sentencing and complete a written personal financial statement setting forth the defendant's assets and liabilities as of the date of the offense. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief and agrees to make an honest, good faith effort to pay the said fine as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that the nature of the charge to which the plea is offered involves proof as to Count One of the Information, that the defendant did during December 1996, in the Middle District of Alabama, knowingly engage in a monetary

9

transaction in violation of Title 18, United States Code, Section 1957.

        c. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

        d. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

        e. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

        f. Defendant further understands and advises the Court that the plea agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the

attorney for the Government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge and consent.

g. The defendant further advises the Court that it is understood that the Government can only make a recommendation which is not binding on the Court, and that the defendant understands that after the entry of the guilty plea, the defendant has no absolute right to withdraw the plea.

h. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Information herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Information herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

2. The undersigned attorneys for the Government and for the defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as amended. It is further understood and agreed that no additional promises, agreements or conditions have been entered into other than those set forth in this agreement, and that this agreement supersedes any earlier or other understanding or agreement.

11

guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

Dated this _14th_ day of October, 1999.

REDDING PITT
UNITED STATES ATTORNEY


DREW REDDEN
Attorney for Defendant

CHARLES NIVEN
First Assistant United States Attorney


ASHTON HOLMES
Assistant United States Attorney


I have read the foregoing Plea Agreement, consisting of 12 pages, understand

12

the same, and the matters and facts set forth therein accurately and correctly state the

representations that have been made to me and accurately set forth the conditions of the Plea

Agreement that has been reached.

_____
TIMOTHY JOE REEVES
Defendant

_____
Date

## FACTUAL BASIS FOR PLEA

That in December 1996 the defendant did engage in a monetary transaction in criminally derived property that is of a value greater than $10,000, that is the purchase of a 1997 GMAC truck with proceeds derived from an illegal gambling business as defined in Title 18, United States Code, Section 1955(b) and (c), that is a gambling business in violation of the laws of the State of Alabama, Section 13A-12-22, Code of Alabama, 1975, and involving five or more persons who conducted, financed, managed, supervised, directed and owned all or a part thereof; and which remained in substantially continuous operation for a period in excess of thirty days and which had a gross revenue of $2,000 in any single day.