IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **TIMOTHY JOE REEVES,** )<br>)<br>     **Plaintiff,** )<br>)<br>v. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>     **Defendant.** ) | CASE NO. 1:05-CV-00542-M |

## ANSWER AND COUNTERCLAIM

**COMES NOW** the defendant, United States of America, by and through its undersigned counsel, and responds to the Complaint filed by the plaintiff, Timothy Joe Reeves, as follows:

### FIRST DEFENSE

To the extent that the plaintiff seeks to enjoin or restrain the United States from assessing and/or collecting any of the federal excise taxes, including penalties and interest thereon, assessed against him for the tax periods at issue in his Complaint, such relief is barred by the Anti-Injunction Act, 26 U.S.C. § 7421.

### SECOND DEFENSE

To the extent that the plaintiff seeks declaratory relief with regard to the federal excise taxes, including penalties and interest thereon, assessed against him for the tax periods at issue in his Complaint, such relief is barred by the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

## THIRD DEFENSE

In response to the enumerated paragraphs set forth in the plaintiff's Complaint, the United States admits, denies and avers the following:

## GENERAL PLEADING

1. Admits the allegations contained in paragraph 1 of the plaintiff's Complaint.

2. Admits the allegations contained in paragraph 2 of the plaintiff's Complaint.

3. Denies the allegations contained in paragraph 3 of the plaintiff's Complaint, but avers that this Court has jurisdiction over plaintiff's refund claims pursuant to Sections 1340 and 1346(a)(1) of Title 28, United States Code.

## COUNT ONE

4. Admits the allegations contained in paragraph 4 of the plaintiff's Complaint, but avers that the Internal Revenue Service ("IRS") assessed excise taxes, plus penalties and interest thereon, against the plaintiff on October 25 and November 15, 2004 in the following amounts for the following tax periods:

| Tax Period | Excise Tax | Penalty | Assessed Interest | Total Assessment |
|---|---|---|---|---|
| September, 1994 | $ 23,498 | $ 17,623 | $ 46,214 | $ 87,335 |
| October, 1994 | 48,562 | 36,422 | 94,179 | 179,163 |
| November, 1994 | 46,995 | 35,247 | 89,821 | 172,063 |
| December, 1994 | 48,562 | 36,422 | 91,461 | 176,445 |
| January, 1995 | 32,896 | 24,673 | 61,476 | 119,045 |
| September, 1995 | 23,498 | 17,623 | 38,499 | 79,620 |
| October, 1995 | 48,562 | 36,422 | 78,822 | 163,806 |
| November, 1995 | 46,995 | 35,247 | 74,622 | 156,864 |
| December, 1995 | 48,562 | 36,421 | 75,878 | 160,861 |

| Tax Period | Excise Tax | Penalty | Assessed Interest | Total Assessment |
|---|---|---|---|---|
| January, 1996 | 32,897 | 24,673 | 50,938 | 108,508 |
| September, 1996 | 23,498 | 17,623 | 31,825 | 72,946 |
| October, 1996 | 48,562 | 36,422 | 64,665 | 149,649 |
| November, 1996 | 46,995 | 35,247 | 61,479 | 143,721 |
| December, 1996 | 48,562 | 36,422 | 62,397 | 147,381 |
| January, 1997 | 17,232 | 12,924 | 21,781 | 51,937 |
| **Total** | **$ 585,876** | **$ 439,411** | **$ 944,057** | **$ 1,969,344** |

**5.** Denies the allegations contained in paragraph 5 of the plaintiff's Complaint, except admits that on or about October 14, 1999, the plaintiff and the United States entered into a plea agreement in which the plaintiff, in pertinent part, agreed to enter a plea of guilty to the offense of knowingly engaging in a monetary transaction in violation of 18 U.S.C. § 1957 (i.e., purchasing a GMAC truck with proceeds derived from an illegal gambling business) and the United States, in turn, agreed to recommend a reduction in the sentencing applicable to such pled offense. The United States also admits that the plea agreement states, in pertinent part, the following:

> K. Scope Of The Agreement
>
> 1. [Mr. Reeves], before entering a plea of guilty to Count One of the information currently pending against him, advises the Court that:
>
> . . . .
>
> h. [Mr. Reeves] further advises the Court that [he] understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Information herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against [him]. However,

> [Mr. Reeves] does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Information herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by [him] under oath, on the court record, and in the presence of counsel.
>
> . . . .
>
> 3.     The attorney for [Mr. Reeves] further advises the Court that . . . [Mr. Reeves] has been advised that if [he] pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against [him] in a civil or criminal proceeding, but that the defendant's answers may later be used against [him] in a prosecution for perjury or false statement if the answers are not truthful.

See Plea Agreement, at pp. 8-9 and 11-12.  In addition to the above, the United States presently lacks sufficient information and knowledge to determine the truth of plaintiff's allegation that "[he] performed all of the requirements of the Plea Agreement."  The United States further avers that the Plea Agreement, attached to plaintiff's Complaint as Exhibit "A", does not appear to be a complete copy of such agreement.

    **6.**     Denies the allegations contained in paragraph 6 of the plaintiff's Complaint, except admits that on or about December 15, 2004, plaintiff filed Forms 8849, "Claims for Refund of Excise Taxes" for the tax periods ended September 30, 1994 through January 31, 1995, September 30, 1995 through January 31, 1996 and September 30, 1996 through January 31, 1997, seeking a refund of $100 for each tax period.  The United States also denies any and all allegations that were made in plaintiff's Forms 8849.

    **7.**     Denies the allegations contained in paragraph 7 of the plaintiff's Complaint because the United States presently lacks sufficient knowledge and information to determine the

truth of the matters asserted therein, except admits that in May, 2005, the IRS denied plaintiff's administrative refund claims (i.e., Forms 8849).

8. Denies the allegations contained in paragraph 8 of the plaintiff's Complaint.

## COUNT TWO

9. The United States incorporates by reference its responses to paragraphs (4) through (8) of the plaintiff's Complaint, above, as if fully set forth herein.

10. Denies the allegations contained in paragraph 10 of the plaintiff's Complaint, except admits that IRS declined to allow plaintiff's administrative refund claims.

11. Denies the allegations contained in paragraph 11 of the plaintiff's Complaint.

12. Denies the allegations contained in paragraph 12 of the plaintiff's Complaint.

## COUNT THREE

13. The United States incorporates by reference its responses to paragraphs (4) through (12) of the plaintiff's Complaint, above, as if fully set forth herein.

14. Denies the allegations contained in paragraph 14 of the plaintiff's Complaint.

## COUNT FOUR

15. The United States incorporates by reference its responses to paragraphs (4) through (14) of the plaintiff's Complaint, above, as if fully set forth herein.

16. Denies the allegations contained in paragraph 16 of the plaintiff's Complaint, except admits that the IRS used, *inter alia*, certain deposition and trial testimony of plaintiff to assess federal excise taxes, including penalties and interest thereon, against him for the tax periods ended September 30, 1994 through January 31, 1995, September 30, 1995 through

January 31, 1996 and September 30, 1996 through January 31, 1997.  The United States further denies any and all allegations contained in the Affidavit of Ashton Holmes Ott, Esquire (f/k/a Ashton Holmes), attached to the plaintiff's Complaint as Exhibit "A."

**17.**	Denies the allegations contained in paragraph 17 of the plaintiff's Complaint because the United States presently lacks sufficient knowledge and information to determine the truth of the matters asserted therein, except admits that one 1997 GMC Sierra pick-up truck was forfeited to the United States by Decree entered on December 2, 1999 in <u>United States v. One 1997 GMC Sierra</u>, Case No. 1:98-CV-00570-T (M.D. Ala.) and that the sum of $1,000 in cash seized on January 12, 1997 was forfeited to the United States by Decree entered on December 9, 1999 in <u>United States v. One Thousand Dollars in United States Currency</u>, Case No. 1:98-CV-00332-C (M.D. Ala.).

## COUNTERCLAIM

The defendant, United States of America, further responds and pleads to the plaintiff's Complaint, by asserting the following counterclaim against the plaintiff, Timothy Joe Reeves, pursuant to Fed. R. Civ. P. 13, for the purpose of recovering the unpaid excise taxes, plus penalties and interest thereon as is required by law, assessed against the plaintiff:

**(1)**	This counterclaim is commenced pursuant to Section 7401 of the Internal Revenue Code of 1986, as amended, 26 U.S.C. ("Code"), at the direction of the Attorney General of the United States with the authorization and at the request of a duly designated delegate of the Secretary of Treasury of the United States.

(2) Jurisdiction over this counterclaim is vested in this Court by Code § 7402 and 28 U.S.C. §§ 1340 and 1346(c).

(3) On or about July 7, 2000, the IRS advised the plaintiff, Timothy Joe Reeves, that pursuant to Code § 4401, he was liable for excise taxes on certain wagers accepted in connection with sporting events, primarily professional and collegiate football, during the tax periods ended September 30, 1994 through January 31, 1995, September 30, 1995 through January 31, 1996 and September 30, 1996 through January 31, 1997, including interest thereon. The IRS further advised the plaintiff that he was liable for penalties imposed pursuant to Code §§ 6651 and/or 6663, plus interest thereon. In view of the above, the IRS advised the plaintiff that it proposed to assess the following excise taxes and penalties against him for the following tax periods:

| Tax Period | Excise Tax | Penalty |
|---|---|---|
| September, 1994 | $ 23,498 | $ 17,623 |
| October, 1994 | 48,562 | 36,422 |
| November, 1994 | 46,995 | 35,247 |
| December, 1994 | 48,562 | 36,422 |
| January, 1995 | 32,896 | 24,673 |
| September, 1995 | 23,498 | 17,623 |
| October, 1995 | 48,562 | 36,422 |
| November, 1995 | 46,995 | 35,247 |
| December, 1995 | 48,562 | 36,421 |
| January, 1996 | 32,897 | 24,673 |
| September, 1996 | 23,498 | 17,623 |
| October, 1996 | 48,562 | 36,422 |
| November, 1996 | 46,995 | 35,247 |
| December, 1996 | 48,562 | 36,422 |
| January, 1997 | 17,232 | 12,924 |
| **Total** | **$ 585,876** | **$ 439,411** |

  **(4)** On October 25 and November 15, 2004, the IRS made the following assessments against the plaintiff for the following tax periods:

| Tax Period | Excise Tax | Penalty | Assessed Interest | Total Assessment |
|---|---|---|---|---|
| September, 1994 | $ 23,498 | $ 17,623 | $ 46,214 | $ 87,335 |
| October, 1994 | 48,562 | 36,422 | 94,179 | 179,163 |
| November, 1994 | 46,995 | 35,247 | 89,821 | 172,063 |
| December, 1994 | 48,562 | 36,422 | 91,461 | 176,445 |
| January, 1995 | 32,896 | 24,673 | 61,476 | 119,045 |
| September, 1995 | 23,498 | 17,623 | 38,499 | 79,620 |
| October, 1995 | 48,562 | 36,422 | 78,822 | 163,806 |
| November, 1995 | 46,995 | 35,247 | 74,622 | 156,864 |
| December, 1995 | 48,562 | 36,421 | 75,878 | 160,861 |
| January, 1996 | 32,897 | 24,673 | 50,938 | 108,508 |
| September, 1996 | 23,498 | 17,623 | 31,825 | 72,946 |
| October, 1996 | 48,562 | 36,422 | 64,665 | 149,649 |
| November, 1996 | 46,995 | 35,247 | 61,479 | 143,721 |
| December, 1996 | 48,562 | 36,422 | 62,397 | 147,381 |
| January, 1997 | 17,232 | 12,924 | 21,781 | 51,937 |
| **Total** | **$ 585,876** | **$ 439,411** | **$ 944,057** | **$ 1,969,344** |

  **(5)** On or about December 15, 2004, the plaintiff filed Forms 8849, "Claims for Refund of Excise Tax," requesting a refund of $100 that he had paid for each of the fifteen tax periods identified above in the preceding paragraph (4) of this Counterclaim.

  **(6)** After taking into account the payments, totaling $1500, made by the plaintiff with the filing of his Forms 8849 in December, 2004, the plaintiff's excise tax assessment remains

unpaid in the following amounts for the following tax periods:

| Tax Period | Excise Tax | Penalty | Assessed Interest | Payment | Total Unpaid Assessment |
|---|---|---|---|---|---|
| September, 1994 | $ 23,498 | $ 17,623 | $ 46,214 | <$ 100> | $ 87,235 |
| October, 1994 | 48,562 | 36,422 | 94,179 | < 100> | 179,063 |
| November, 1994 | 46,995 | 35,247 | 89,821 | < 100> | 171,963 |
| December, 1994 | 48,562 | 36,422 | 91,461 | < 100> | 176,345 |
| January, 1995 | 32,896 | 24,673 | 61,476 | < 100> | 118,945 |
| September, 1995 | 23,498 | 17,623 | 38,499 | < 100> | 79,520 |
| October, 1995 | 48,562 | 36,422 | 78,822 | < 100> | 163,706 |
| November, 1995 | 46,995 | 35,247 | 74,622 | < 100> | 156,764 |
| December, 1995 | 48,562 | 36,421 | 75,878 | < 100> | 160,761 |
| January, 1996 | 32,897 | 24,673 | 50,938 | < 100> | 108,408 |
| September, 1996 | 23,498 | 17,623 | 31,825 | < 100> | 72,846 |
| October, 1996 | 48,562 | 36,422 | 64,665 | < 100> | 149,549 |
| November, 1996 | 46,995 | 35,247 | 61,479 | < 100> | 143,621 |
| December, 1996 | 48,562 | 36,422 | 62,397 | < 100> | 147,281 |
| January, 1997 | 17,232 | 12,924 | 21,781 | < 100> | 51,837 |
| **Total** | **$ 585,876** | **$ 439,411** | **$ 944,057** | **<$ 1,500>** | **$ 1,967,844** |

(7)    On June 8, 2005, the plaintiff filed a Complaint with this Court, seeking, *inter alia*, a refund of certain excise taxes, including penalties and interest, paid by him for the tax periods ended September 30, 1994 through January 31, 1995, September 30, 1995 through January 31, 1996 and September 30, 1996 through January 31, 1997.

(8)    Although notice of the assessments, described in paragraph (4) above, has been given and demand for their payment has been made, the plaintiff has failed and refused to pay in full the remaining unpaid assessments and, as a result, there is presently due and owing from him, after application of payments totaling $1,500, the sum of $1,967,844, plus interest thereon as is required by law.

_____**(9)** The plaintiff, Timothy Joe Reeves, is indebted to the United States in the total amount of $1,967,844, plus interest thereon as is required by law.

**WHEREFORE,** the defendant, United States of America, prays that:

**a.** The plaintiff, Timothy Joe Reeves, take nothing on his Complaint;

**b.** This Court order, adjudge and decree that the plaintiff is indebted to the United States for unpaid excise tax assessments, totaling $1,967,844, plus interest thereon as is required by law, and that judgment be entered in that amount in favor of the United States and against the plaintiff;

**c.** The plaintiff's action be dismissed with prejudice; and

**d.** This Court award the United States its costs in this action and such other relief as justice requires.

    LEURA GARRETT CANARY
    United States Attorney


    s/ Lynne M. Murphy
    LYNNE M. MURPHY
    Trial Attorney, Tax Division
    La. Bar No. 24065
    D.C. Bar No. 485928
    U.S. Department of Justice
    P.O. Box 14198
    Ben Franklin Station
    Washington, D.C.  20044
    Telephone:   (202) 514-5881
    Facsimile:   (202) 514-9868
    E-mail:   Lynne.M.Murphy@usdoj.gov

## CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED** that service of the foregoing Answer and Counterclaim of the United States has this 23rd day of August, 2005, been made by electronically filing the documents with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

        William W. Hinesley, Esquire
        whinesley@JHFC-law.com

        G. David Johnston, Esquire
        djohnston@jhfc-law.com

        L. Drew Redden
        melissa@rmclaw.com

        s/ Lynne M. Murphy
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 14198
        Ben Franklin Station
        Washington, D.C.  20044