IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY JOE REEVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:05-CV-00542-M |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT OF PARTIES' PLANNING MEETING**

**1.**   Pursuant to Fed. R. Civ. P. 26(f), a meeting was held, by telephone conference, on September 16, 2005 and was attended by:

    Plaintiff Timothy Joe Reeves:   G. David Johnston, Esquire and William W. Hinesley, Esquire

    Defendant United States:   Lynne M. Murphy, Esquire

**2.**   **Pre-Discovery Disclosures.**  The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) by no later than **November 4, 2005**.

**3.**   **Discovery Plan.**  The parties jointly propose the following discovery plan:

    **(a)**   Discovery will be needed on the following subjects:

        **(i)**   Plaintiff's allegations that the assessment of excise taxes, including penalties and interest thereon, against him for various tax periods covering September 30, 1994 through January 31, 1997 is prohibited by his plea agreement dated October 14, 1999.

        **(ii)**   Plaintiff's allegations that "[he] performed all of the requirements of the Plea Agreement." See e.g., Plaintiff's Complaint, at ¶¶ 5 and 17.

    **(iii)** Plaintiff's allegations that the assessment is "grossly overstated." See e.g., Plaintiff's Complaint, at ¶ 14.

    **(iv)** Compliance with the procedures established to settle civil tax liabilities.

  **(b)** All discovery commenced in time to be completed by **March 2, 2006**.

  **(c)** Maximum of twenty-five (25) interrogatories by each party to any other party. Responses are due in accordance with Fed. R. Civ. P. 33(b).

  **(d)** Maximum of twenty-five (25) requests for admission by each party to any other party. Responses are due in accordance with Fed. R. Civ. P. 36(a).

  **(e)** Maximum of ten (10) depositions by plaintiff and ten (10) depositions by defendant.[1]

  **(f)** Each deposition shall be limited to a maximum of seven (7) hours unless extended by agreement of the parties or by order of this Court.

  **(g)** Reports from retained experts under Fed. R. Civ. P. 26(a)(2) are due:

    from plaintiff by **January 31, 2006**

    from defendant by **March 2, 2006**

---

[1] The parties are in the process of discussing entering into a written stipulation in an effort to limit the number of persons who will testify on certain matters in this case. See e.g., Fed. R. Civ. P. 29. If the parties enter into such a stipulation, they anticipate that the time and costs that will be expended for discovery and trial will be substantially reduced. Further, if the parties ultimately enter into such a stipulation, they will file it with the Court.

**(h)** Supplementations under Fed. R. Civ. P. 26(e) are due within a reasonable time after discovering the need to amend or supplement prior disclosures or responses to discovery requests. The duty to supplement shall remain in existence up to and including trial.

4. **Other Items.**

**(a)** The parties do not request a conference with the Court before entry of the scheduling order.

**(b)** The parties request a pretrial conference in **June, 2006**.

**(c)** The parties do not anticipate joining any additional parties.

**(d)** The plaintiff shall amend pleadings by **December 15, 2005**; the defendant shall amend pleadings by **December 30, 2005**.

**(e)** All potentially dispositive motions shall be filed by **March 2, 2006**.

**(f)** Settlement cannot be evaluated prior to **February 1, 2006**. At such time, if any of the parties believe that the use of alternative dispute resolution procedures may be beneficial in resolving this case, the parties, individually or jointly, will so advise the Court.

**(g)** Final lists of witnesses and exhibits under Fed. R. Civ. P. 26(a)(3) are due by **May 15, 2006**. Parties shall have fourteen (14) days after service of final lists of witnesses and exhibits to list objections under Fed. R. Civ. P. 26(a)(3).

**(h)** The case should be ready for trial by **July 17, 2006** and at this time is expected to take no more than three (3) to four (4) days.

Dated this 16th day of September, 2005.

                                          LEURA GARRETT CANARY
                                          United States Attorney

| s/ L. Drew Redden | s/ Lynne M. Murphy |
|---|---|
| L. DREW REDDEN | LYNNE M. MURPHY |
| Bar No. ASB-1710-D661 | Trial Attorney, Tax Division |
| Attorney for Plaintiff | La. Bar No. 24065 |
| REDDEN, MILLS & CLARK | D.C. Bar No. 485928 |
| 940 Financial Center | U.S. Department of Justice |
| 505 North 20th Street | P.O. Box 14198 |
| Birmingham, Alabama 35203-2605 | Ben Franklin Station |
| Telephone: (205) 322-0457 | Washington, D.C. 20044 |
| | Telephone: (202) 514-5881 |

s/ G. David Johnston
G. DAVID JOHNSTON
Bar. No. ASB-8863-T636
Attorney for Plaintiff
JOHNSTON, HINESLEY, FLOWERS
& CLENNEY, P.C.
291 North Oates Street
Dothan, Alabama 36303
Telephone: (334) 793-1115

s/ William W. Hinesley
WILLIAM W. HINESLEY
Bar. No. ASB-4423-E65W
Attorney for Plaintiff
JOHNSTON, HINESLEY, FLOWERS
& CLENNEY, P.C.
291 North Oates Street
Dothan, Alabama 36303
Telephone: (334) 793-1115