IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY JOE REEVES, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO. 1:05-CV-00542-T |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER TO RENEWED COUNTERCLAIM

COMES NOW the Plaintiff, Timothy Joe Reeves, who would reply and answer to Defendant's Counterclaim as follows:

### FIRST DEFENSE

1.

Plaintiff admits only so much of paragraphs 1 and 2 of Defendant's Counterclaim as would acknowledge that the Defendant's Counterclaim must be brought under the requirements of §7401 of the Internal Revenue Code of 1986, as amended (the "Code"), and under §7402 of the Code, this Court is the proper venue to hear Defendant's Counterclaim, but Plaintiff denies each and every other allegation contained in Defendant's counterclaim and demands strict proof thereof.

2.

Plaintiff denies the allegations contained in paragraph 3 of Defendant's Counterclaim and demands strict proof thereof.

3.

Plaintiff admits only so much of paragraph 4 of Defendant's Counterclaim as alleges that the IRS made the assessments shown, but denies the assessments were proper and demands strict proof thereof.

4.

Plaintiff admits the allegations contained in paragraph 5 of Defendant's Counterclaim.

5.

Plaintiff admits only so much of paragraph 6 of Defendant's Counterclaim that alleges that the application of amounts paid by Plaintiff in the filing of claims for refund reduces the erroneous assessment amounts depicted on Defendant's chart of assessments but denies each and every other allegation contained therein and demands strict proof thereof.

6.

Plaintiff admits the allegations contained in paragraph 7 of Defendant's Counterclaim.

7.

Plaintiff admits only so much of paragraph 8 of Defendant's Counterclaim that alleges he has not paid Defendant's erroneous assessment but denies each and every other allegation contained therein and demands strict proof thereof.

8.

Plaintiff denies the allegations contained in paragraph 9 of Defendant's Counterclaim and demands strict proof thereof.

SECOND DEFENSE

9.

Each and every defense set forth in the First Defense is incorporated herein by reference as if repeated verbatim.

10.

Defendant's assessment of wagering excise taxes, including penalties and interest, is entirely based upon Plaintiff's testimony, given in cooperation with Defendant, in trial and in deposition, pursuant to the terms of a Plea Agreement, dated October 14, 1999, between Plaintiff and Defendant. The Plea Agreement provided, and Defendant agreed, that, in exchange for (i) Plaintiff's plea of guilty under 18 U.S.C. §1957 of purchasing a GMAC truck with the proceeds from an illegal gambling business, and (ii) Plaintiff's full cooperation and testimony in other

criminal actions, "statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceeding against [Plaintiff]." Plaintiff performed all of the requirements of the Plea Agreement, and Defendant has failed to honor the terms of said Plea Agreement.

11.

The Plea Agreement is a release from further liability; Defendant's assessments are in direct violation of and constitute a breach of the Plea Agreement; and Defendant's Counterclaim is therefore due to be denied.

THIRD DEFENSE

12.

Each and every defense set forth in the First Defense and Second Defense is incorporated herein by reference as if repeated verbatim.

13.

Defendant fails to state a claim for which relief may be granted.

WHEREFORE, Plaintiff respectfully prays that this Court deny dismiss Defendant's Counterclaim with prejudice, enter an order directing Defendant to adhere to the provisions of the Plea Agreement, quash the assessment for wagering excise taxes erroneously imposed, enjoin Defendant from collection of any excise taxes assessed, award Plaintiff all of his costs, including reasonable attorneys fees, incurred in defending Defendant's Counterclaim and erroneous assessment and enforcing the Plea Agreement, and granting such other and further relief as this Court deems just and proper.

L. Drew Redden
Bar No. ASB-1710-D661
Attorney for Plaintiff
Redden, Mills & Clark
940 Financial Center
505 North 20th Street
Birmingham, Alabama 35203-2605
205-322-0457

G. David Johnston
Bar No. ASB-8863-T636
Attorney for Plaintiff
Johnston, Hinesley, Flowers & Clenney, P.C.
291 North Oates Street
Dothan, Alabama 36303
334-793-1115


William W. Hinesley
Bar No. ASB-4423-E65W
Attorney for Plaintiff
Johnston, Hinesley, Flowers & Clenney, P.C.
291 North Oates Street
Dothan, Alabama 36303
334-793-1115


## CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED** that I have served a copy of the foregoing Answer To Renewed Counterclaim upon Lynne M. Murphy, Esq., Attorney for Defendant, by depositing a copy of same in the United States mail, postage prepaid, to her regular mailing address at United States Department of Justice, Post Office Box 14198, Ben Franklin Station, Washington, D.C. 20044-4198, on this 23rd day of January, 2006.


G. David Johnston
Bar No. ASB-8863-T636
Attorney for Plaintiff
Johnston, Hinesley, Flowers & Clenney, P.C.
291 North Oates Street
Dothan, Alabama 36303
334-793-1115

F:\FILES\COMPLANT\REEVES_TIM.ANSWER_TO_IRS_RENEWED_COUNTERCLAIM