# EXHIBIT A

# Exhibit A

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED

FEB 3 1999

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) CR. NO. 99-13-S |
| v. | ) [18 USC 1955; |
| | ) 18 USC 371; |
| BILLY JOE REEVES, | ) 18 USC 1956(a)(1)(A)(i); |
| TIMOTHY JOE REEVES, | ) 18 USC 1956(a)(1)(B)(i); |
| WENDY ANN SMITH REEVES, | ) 18 USC 1956(h)] |
| RONALD LYNN CHERRY, | ) |
| VIVIAN WELCH BOND, | ) |
| LARRY JOE COBB, | ) |
| DAVID FRANKLIN MIMS, | ) |
| BENJAMIN MILLS HORNSBY, | ) |
| MILTON K. PHILLIPS, | ) |
| BILLY JOE ADAMS, | ) |
| JERRY O'NIEL SIMS, | ) |
| VIRGIL LEE SELLERS, | ) |
| RONALD BENEFIELD, | ) |
| TERRY DOUGLAS JOHNSON, and | ) |
| MYRON BROWN | ) INDICTMENT |

The Grand Jury charges:

## COUNT I

From on or about a time in 1994, the exact date being

unknown to the grand jury, and continuously thereafter up to and

including January 12, 1997, in the Middle District of Alabama,

and elsewhere, the defendants,

BILLY JOE REEVES,
TIMOTHY JOE REEVES,
WENDY ANN SMITH REEVES,
RONALD LYNN CHERRY,
VIVIAN WELCH BOND,
LARRY JOE COBB,
DAVID FRANKLIN MIMS,
BENJAMIN MILLS HORNSBY,
MILTON K. PHILLIPS,

BILLY JOE ADAMS,
JERRY O'NIEL SIMS,
VIRGIL LEE SELLERS,
RONALD BENEFIELD,
TERRY DOUGLAS JOHNSON, and
MYRON BROWN,

did willfully and knowingly combine, conspire, confederate, and agree together, with each other and various other persons both known and unknown to the grand jury, to commit the following offense against the United States:

to willfully conduct, finance, manage, supervise, direct and own all or part of an illegal gambling business as defined in Title 18, United States Code, Section 1955(b) and (c), that is a gambling business in violation of the laws of the State of Alabama, Section 13A-12-22, Code of Alabama, 1975, and involving five or more persons who conducted, financed, managed, supervised, directed and owned all or a part thereof; and which remained in substantially continuous operation for a period in excess of thirty days and which had a gross revenue of $2,000 in any single day, all in violation of Title 18, United States Code, Section 1955(a).

<u>Overt Acts</u>

In furtherance of the conspiracy and to effect the objects thereof, one or more of the defendants and co-conspirators

2

performed the following overt acts, among others:

1.  On or about the 6th day of December, 1994, John Thomas Starling paid gambling debts totaling $3710.00 to the REEVES' gambling organization.  This payment was in the form of three checks, two payable to RONNIE CHERRY, one payable to TIM REEVES, all deposited into account number 00-000-83 at the First Bank of Dothan, an account assigned to Hunt's Restaurant, which designates BILLY JOE REEVES and TIMOTHY JOE REEVES as signatories thereon.

2.  On or about the 16th day of February, 1995, Lalit Desai paid gambling debts totaling $3000.00 to the REEVES' gambling organization.  This payment was in the form of two checks, made payable to RONNIE CHERRY and which were deposited in account number 02-143-95 at the First Bank of Dothan, an account assigned to TIMOTHY JOE REEVES, which designates TIMOTHY JOE REEVES as signatory thereon.

3.  On or about the 25th day of May, 1995, Raymond Leppla paid gambling debts totaling $180 to the REEVES' gambling organization.  This payment was made in the form of a check made payable to MYRON BROWN and deposited in account number 02-143-95 at the First Bank of Dothan, an account assigned to TIMOTHY JOE REEVES, which designates TIMOTHY JOE REEVES as signatory thereon.

3

4. On or about the 5th day of February, 1996, Lalit Desai paid gambling debts totaling $3000.00 to the REEVES' gambling organization. This payment was in the form of one check made payable to RONNIE CHERRY and deposited into account number 02-004-85 at the First Bank of Dothan, an account assigned to BILLY JOE REEVES, which designates BILLY JOE REEVES as the signatory thereon.

5. On or about the 5th day of November, 1996, Chris Wilken paid gambling debts totaling $1470.00 to the REEVES' gambling organization. This payment was in the form of a check made payable to MILTON PHILLIPS and was deposited into account number 912-7931-4 at SouthTrust Bank, an account assigned to BILLY JOE REEVES, which designates BILLY JOE REEVES as the signatory thereon.

6 - 13. On or about the following dates VIVIAN WELCH BOND and TERRY DOUGLAS JOHNSON, in conjunction with BILLY JOE REEVES, TIMOTHY JOE REEVES, WENDY ANN SMITH REEVES, RONALD LYNN CHERRY, LARRY JOE COBB, and DAVID FRANKLIN MIMS, operated an illegal bookmaking operation from VIVIAN WELCH BOND's home located at 3221 South State Highway 109, Dothan, Alabama:

6. December 27, 1996

7. December 28, 1996

4

8.   December 29, 1996

9.   December 30, 1996

10.  December 31, 1996

11.  January 1, 1997

12.  January 2, 1997

13.  January 4, 1997

14 - 23. On or about the following dates RONALD LYNN CHERRY, DAVID FRANKLIN MIMS, and LARRY JOE COBB, in conjunction with BILLY JOE REEVES, TIMOTHY JOE REEVES, WENDY ANN SMITH REEVES, BENJAMIN MILLS HORNSBY, VIVIAN WELCH BOND, BILLY JOE ADAMS, JERRY O'NIEL SIMS, VIRGIL LEE SELLERS, RONALD BENEFIELD and MYRON BROWN, operated an illegal bookmaking operation from a trailer located at 1073 Malvern Road, Dothan, Alabama:

14.  December 27, 1996

15.  December 28, 1996

16.  December 29, 1996

17.  December 30, 1996

18.  December 31, 1996

19.  January 1, 1997

20.  January 2, 1997

21.  January 4, 1997

22.  January 5, 1997

5

23.    January 6, 1997

All in violation of Title 18, United States Code, Section 371.

<u>COUNT II</u>

From on or about a time in 1994, the exact date being

unknown to the grand jury, and continuously thereafter during the

football seasons of each year up to and including January 12,

1997, in the Middle District of Alabama, and elsewhere, the

defendants,

BILLY JOE REEVES,
TIMOTHY JOE REEVES,
WENDY ANN SMITH REEVES,
RONALD LYNN CHERRY,
VIVIAN WELCH BOND,
LARRY JOE COBB,
DAVID FRANKLIN MIMS,
BENJAMIN MILLS HORNSBY,
MILTON K. PHILLIPS,
BILLY JOE ADAMS,
JERRY O'NIEL SIMS,
VIRGIL LEE SELLERS,
RONALD BENEFIELD,
TERRY DOUGLAS JOHNSON, and
MYRON BROWN,

and other persons whose names are known and unknown to the grand

jury, unlawfully, willfully and knowingly did conduct, finance,

manage, supervise, direct and own all or part of an illegal

gambling business, said illegal gambling business involving

bookmaking for a gambling operation accepting and making wagers

on sporting events in violation of Section 13A-12-22, Code of

Alabama, 1975; said illegal gambling business involved five or more persons who conducted, financed, managed, supervised, directed and owned all or a part thereof; and which gambling business remained in substantially continuous operation for a period in excess of thirty days and which had a gross revenue of $2,000 in any single day, all in violation of Title 18, United States Code, Section 1955.

<u>COUNT III</u>

On or about the 20th day of December 1996, in the Middle District of Alabama and elsewhere, the defendants,

TIMOTHY JOE REEVES and
RONALD LYNN CHERRY,

aided and abetted by others, both known and unknown to the grand jury, did knowingly conduct, attempt to conduct, and cause to be conducted, financial transactions affecting interstate commerce, to wit: the purchasing of cashiers checks 015503 and 015504 drawn on First Bank of Dothan, using the proceeds of a specified unlawful activity, that is conspiracy to operate and the operation of an illegal gambling organization, in violation of Title 18, United States Code, Sections 371 and 1955, with the intent to promote the carrying on of such specified unlawful activity, all in violation of Title 18, United States Code,

Section 1956(a)(1)(A)(i).

COUNT IV

On or about 7th day of January, 1997, in the Middle District of Alabama, the defendant,

BILLY JOE REEVES,

did knowingly and willfully conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, depositing monetary instruments into account number 02-004-85 at the First Bank of Dothan, a bank involved in interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is conspiracy to operate and the operation of an illegal gambling organization, in violation of Title 18, United States Code, Sections 371 and 1955, knowing that the transaction was designed in whole and in part to conceal and disguise the nature and source of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is monetary instruments in the amount of $3650.00 representing the proceeds of some form of unlawful activity, all in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i).

8

COUNT V

On or about the 5th day of November, 1996, in the Middle

District of Alabama, the defendants,

BILLY JOE REEVES and
RONALD LYNN CHERRY,

did knowingly and willfully conduct and attempt to conduct a

financial transaction affecting interstate and foreign commerce,

to wit, depositing monetary instruments into account number 912-

7931-4 at SouthTrust Bank, a bank involved in interstate and

foreign commerce, which involved the proceeds of a specified

unlawful activity, that is conspiracy to operate and the

operation of an illegal gambling organization, in violation of

Title 18, United States Code, Sections 371 and 1955, knowing that

the transaction was designed in whole and in part to conceal and

disguise the nature and source of the proceeds of said specified

unlawful activity and that while conducting and attempting to

conduct such financial transaction knew that the property

involved in the financial transaction, that is monetary

instruments in the amount of $6070.00 representing the proceeds

of some form of unlawful activity, all in violation of Title 18,

United States Code, Sections 1956(a)(1)(B)(i).

9

COUNT VI

On or about the 27th day of November, 1996, in the Middle District of Alabama, the defendants,

BILLY JOE REEVES and
TIMOTHY JOE REEVES,

did knowingly and willfully conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, depositing monetary instruments into account number 912-7931-4 at SouthTrust Bank, a bank involved in interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is conspiracy to operate and the operation of an illegal gambling organization, in violation of Title 18, United States Code, Sections 371 and 1955, knowing that the transaction was designed in whole and in part to conceal and disguise the nature and source of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is monetary instruments in the amount of $5700.00 representing the proceeds of some form of unlawful activity, all in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i).

10

<u>COUNT VII</u>

On or about the 16th day of February, 1995, in the Middle District of Alabama, the defendants,

TIMOTHY JOE REEVES and
RONALD LYNN CHERRY,

did knowingly and willfully conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, depositing monetary instruments into account number 02-143-95 at First Bank of Dothan, a bank involved in interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is conspiracy to operate and the operation of an illegal gambling organization, in violation of Title 18, United States Code, Sections 371 and 1955, knowing that the transaction was designed in whole and in part to conceal and disguise the nature and source of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is monetary instruments in the amount of $3000.00 representing the proceeds of some form of unlawful activity, all in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i).

<u>COUNT VIII</u>

On or about the 27th day of February, 1995, in the Middle District of Alabama, the defendants,

TIMOTHY JOE REEVES and
RONALD LYNN CHERRY,

did knowingly and willfully conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, depositing a monetary instrument into account number 02-143-95 at First Bank of Dothan, a bank involved in interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is conspiracy to operate and the operation of an illegal gambling organization, in violation of Title 18, United States Code, Sections 371 and 1955, knowing that the transaction was designed in whole and in part to conceal and disguise the nature and source of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is monetary instruments in the amount of $1015.00 representing the proceeds of some form of unlawful activity, all in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i).

12

<u>COUNT IX</u>

On or about the 25th day of May, 1995, in the Middle District of Alabama, the defendant,

TIMOTHY JOE REEVES,

did knowingly and willfully conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, depositing a monetary instrument into account number 02-143-95 at First Bank of Dothan, a bank involved in interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is conspiracy to operate and the operation of an illegal gambling organization, in violation of Title 18, United States Code, Sections 371 and 1955, knowing that the transaction was designed in whole and in part to conceal and disguise the nature and source of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is monetary instruments in the amount of $180.00 representing the proceeds of some form of unlawful activity, all in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i).

## COUNT X

On or about the 8th day of October, 1996, in the Middle District of Alabama, the defendants,

BILLY JOE REEVES,
TIMOTHY JOE REEVES, and
RONALD LYNN CHERRY,

did knowingly and willfully conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, endorsing and depositing monetary instruments into account number 00-000-83 at First Bank of Dothan, a bank involved in interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is conspiracy to operate and the operation of an illegal gambling organization, in violation of Title 18, United States Code, Sections 371 and 1955, knowing that the transaction was designed in whole and in part to conceal and disguise the nature and source of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is monetary instruments in the amount of $7220.00 representing the proceeds of some form of unlawful activity, all in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i).

14

## COUNT XI

On or about the 7th day of November, 1996, in the Middle District of Alabama, the defendants,

BILLY JOE REEVES and
TIMOTHY JOE REEVES,

did knowingly and willfully conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, endorsing and depositing monetary instruments into account number 00-000-83 at First Bank of Dothan, a bank involved in interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is conspiracy to operate and the operation of an illegal gambling organization, in violation of Title 18, United States Code, Sections 371 and 1955, knowing that the transaction was designed in whole and in part to conceal and disguise the nature and source of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is monetary instruments in the amount of $4260.00 representing the proceeds of some form of unlawful activity, all in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i).

## COUNT XII

On or about the 21st day of November, 1996, in the Middle District of Alabama, the defendants,

BILLY JOE REEVES,
TIMOTHY JOE REEVES, and
RONALD LYNN CHERRY,

did knowingly and willfully conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, endorsing and depositing monetary instruments into account number 00-000-83 at First Bank of Dothan, a bank involved in interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is conspiracy to operate and the operation of an illegal gambling organization, in violation of Title 18, United States Code, Sections 371 and 1955, knowing that the transaction was designed in whole and in part to conceal and disguise the nature and source of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is monetary instruments in the amount of $3400.00 representing the proceeds of some form of unlawful activity, all in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i).

16

COUNT XIII

On or about the 9th day of December, 1996, in the Middle District of Alabama, the defendants,

BILLY JOE REEVES and
TIMOTHY JOE REEVES,

did knowingly and willfully conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, endorsing and depositing monetary instruments into account number 00-000-83 at First Bank of Dothan, a bank involved in interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is conspiracy to operate and the operation of an illegal gambling organization, in violation of Title 18, United States Code, Sections 371 and 1955, knowing that the transaction was designed in whole and in part to conceal and disguise the nature and source of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is monetary instruments in the amount of $2906.50 representing the proceeds of some form of unlawful activity, all in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i).

COUNT XIV

On or about the 19th day of December, 1996, in the Middle District of Alabama, the defendants,

BILLY JOE REEVES,
TIMOTHY JOE REEVES, and
RONALD LYNN CHERRY,

did knowingly and willfully conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, endorsing and depositing monetary instruments into account number 00-000-83 at First Bank of Dothan, a bank involved in interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is conspiracy to operate and the operation of an illegal gambling organization, in violation of Title 18, United States Code, Sections 371 and 1955, knowing that the transaction was designed in whole and in part to conceal and disguise the nature and source of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is monetary instruments in the amount of $1390.00 representing the proceeds of some form of unlawful activity, all in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i).

18

## COUNT XV

On or about the 9th day of January, 1997, in the Middle District of Alabama, the defendants,

BILLY JOE REEVES and
TIMOTHY JOE REEVES,

did knowingly and willfully conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, endorsing and depositing monetary instruments into account number 00-000-83 at First Bank of Dothan, a bank involved in interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is conspiracy to operate and the operation of an illegal gambling organization, in violation of Title 18, United States Code, Sections 371 and 1955, knowing that the transaction was designed in whole and in part to conceal and disguise the nature and source of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is monetary instruments in the amount of $3050.00 representing the proceeds of some form of unlawful activity, all in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i).

COUNT XVI

From an unknown date, but commencing at least as early as the 6th day of December, 1994, and continuing up to on or about the 20th day of December, 1996, in the Middle District of Alabama and elsewhere, the defendants,

BILLY JOE REEVES,
TIMOTHY JOE REEVES, and
RONALD LYNN CHERRY,

did knowingly and willfully combine, conspire, and confederate with each other and with divers other persons, known and unknown to the grand jury, to knowingly conduct, attempt to conduct, and cause to be conducted, financial transactions affecting interstate commerce, to wit: purchasing cashiers checks from First Bank of Dothan, a bank involved in interstate and foreign commerce, and money orders from the United States Postal Service, using the proceeds of a specified unlawful activity, that is conspiracy to operate and the operation of an illegal gambling organization, in violation of Title 18, United States Code, Sections 371 and 1955, with the intent to promote the carrying on of the specified unlawful activity, and depositing monetary instruments into bank accounts at First Bank of Dothan and SouthTrust Bank, both being banks involved in interstate commerce, such monetary instruments being the proceeds of a

20

specified unlawful activity, that is conspiracy to operate and
the operation of an illegal gambling organization, in violation
of Title 18, United States Code, Sections 371 and 1955, with the
intent to conceal and disguise the nature and source of such
funds, all in violation of Title 18, United States Code, Section
1956(h).

## FORFEITURE ALLEGATION

1.    Pursuant to Title 18, United States Code, Section
982(a)(1), each defendant who is convicted of the offense set
forth in Counts III through XVI shall forfeit to the United
States the following property:

a.    All right, title, and interest in any and all property
involved in these money laundering offenses in violation of Title
18, United States Code, Section 1956, and all property traceable
to such property, including but not limited to the following: 1)
all money or other property that was the subject of each
financial transaction that the defendant(s) conspired to conduct
in violation of Section 1956(a)(1) and (h); 2) all commissions,
fees and other property obtained as a result of those violations;
and 3) all property used in any manner or part to commit or to
facilitate the commission of those violations.

b.    A sum of money equal to the total amount of money the

21

defendant(s) conspired to launder. If more than one defendant is convicted of the offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

c. Account number 00-000-83 at First Bank of Dothan in the name of Hunt's Restaurant and Oyster Bar, Inc.

2. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), each defendant shall forfeit substitute property, up to the value of the amount described in paragraph 1, if, by any act or omission of the defendant, the property described in paragraph 1, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

A TRUE BILL:

_Carolyn R Simmons_
Foreperson

_Redding Pitt_
REDDING PITT
United States Attorney

_Ashton Holmes_
ASHTON HOLMES
Assistant United States Attorney

22