# GOVERNMENT EXHIBIT "7"

FILED

∠ 1

# UNITED STATES TAX COURT

TIMOTHY J. REEVES,                              )
                                                )
    Petitioner,                                 )
                                                )
v.                                              )    DOCKET NO. 24261-04
                                                )
                                                )    **RECEIVED**
COMMISSIONER OF INTERNAL                         )    IRS OFFICE OF CHIEF COUNSEL
REVENUE,                                         )    DEC 2 8 2004
                                                )
    Respondent.                                 )    BIRMINGHAM, ALABAMA

POSTMARK DATE _____
POSTMETER DATE 12 15 04
HAND-DEL _____
PDS _____

## PETITION

The Petitioner hereby petitions for a redetermination of the deficiency in tax and addition to tax set

forth by the Commissioner of Internal Revenue in the Commissioner's notice of deficiency dated October

15, 2004, and, as the basis for the Petitioner's case, alleges as follows

    1.    The Petitioner is an individual whose mailing address and legal residence is 1075 Malvern

Road, Dothan, Alabama  36301  Petitioner's taxpayer identification number is ████6033

    2.    The notice of deficiency (a copy of which, including so much of the statement and schedules

accompanying the notice as is material, is attached and marked **Exhibit "A"**) was mailed to the Petitioner

on October 15, 2004, and was issued by the Appeals Office of the Internal Revenue Service at

Birmingham, Alabama

GOVERNMENT
EXHIBIT
7

_PETITION_                                                                    PAGE -1-

3.    The deficiency, as determined by the Commissioner, is for income taxes and interest for

the calendar years 1996 and 1997 as follows, all of which are in dispute

| Year | Deficiency |
|------|------------|
| 1996 | $179,916, and |
| 1997 | 39,104 |

4.    The determination of the income taxes set forth in the said notice of deficiency is based on

the following errors

(a)    The Commissioner erred in determining that the Petitioner should be liable
for federal income taxes in the amount of $179,916 for the calendar year ending December
31, 1996, and federal income taxes in the amount of $39,104 for the calendar year ending
December 31, 1997

5.    The facts on which Petitioner relies, as the basis of Petitioner's case, are as follows

(a)    The Petitioner filed his 1996 and 1997 federal income tax returns with the
Internal Revenue Service

(b)    The Commissioner has erroneously included $414,279 of additional net
income from wagers as income in the Petitioner's 1996 federal income tax return, which
has also adversely affected Schedule A itemized deductions taken by Petitioners on said
income tax return

(c)    The Commissioner has further erroneously included $35,602 of additional
net income from wagers as income in the Petitioner's 1997 federal income tax return,
which has also adversely affected Schedule A itemized deductions taken by Petitioners on
said income tax return

(d)    Petitioner should not be held liable for the assessed federal income taxes
for the calendar tax years 1996 and 1997 for the reasons hereinafter stated

(e)    The net income derived from, and the volume of wagers, is substantially
overstated by the Commissioner in this case

(f)    Further, pursuant to a Plea Agreement entered into by the United States
of America and the Petitioner on October 14, 1999, Petitioner plead guilty to Count 1 of
an information that alleged violation of 18 U S C Section 1957, namely, engaging in a
monetary transaction in property derived from specified unlawful activity, namely, the

purchase of a 1997 GMAC truck with proceeds derived from an illegal football bookmaking business

(g)    In connection with the plea by the Petitioner, the Petitioner forfeited cash, land and other property  The Petitioner in said Plea Agreement agreed to cooperate with the United States and testify in a subsequent criminal trial in federal district court in Montgomery, Alabama, which the Petitioner in fact did

(h)    The Plea Agreement involved both civil and criminal proceedings and was intended by all parties to be a global settlement, thereby precluding the Commissioner from assessing these federal income taxes for the calendar years 1996 and 1997

(i)    In addition, the Plea Agreement provided that any testimony that Petitioner gave could not be used against the Petitioner in any subsequent civil or criminal proceeding

(j)    The Internal Revenue Service has now violated the terms of the Plea Agreement by ignoring the global settlement and by using Petitioner's trial and deposition testimony against him in making these income tax assessments

(k)    The Internal Revenue Service should be precluded from the assessment of these federal income taxes against Petitioner for the calendar years 1996 and 1997

WHEREFORE, the Petitioner prays that this Court may try this case, determine that there is no

deficiency in federal income taxes for the calendar years 1996 and 1997, and grant Petitioner such other

and further relief as the Court may deem fit and proper

ADMITTED U S TAX COURT

G. David Johnston
**Counsel for Petitioner**
**Johnston, Hinesley, Flowers & Clenney, P.C.**
**291 North Oates Street (36303)**
**Post Office Box 2246**
**Dothan, Alabama  36302**
**Telephone· (334) 793-1115**
**Tax Court Bar No. JG0065**
**Date of Signature  December 15, 2004**

F\FILES\PETITION\REEVES_TDM PETITION_TAXCT

# Exhibit A

**Department of the Treasury**
**Internal Revenue Service**
Appeals Office
801 Tom Martin Dr , Suite 237
Birmingham, AL  35211


Date   OCT 1 5 2004


TIMOTHY J REEVES
1075 MALVERN ROAD
DOTHAN, ALABAMA  36301

Letter Number: 894(cg)-c

Person to Contact:
 Sandra E  Norman
 Employee ID Number· 72-20071
 Tel·  205-912-5444
 Fax  205-912-5445
Refer Reply to:
 AP FE BIR SEN
In Re:
 Income Tax Liability
Form Number:
 1040
SSN/EIN Number.
 ████-6033
Last Day to File a Petition with the
United States Tax Court:
 January 13,  2005

**RECEIVED**
IRS OFFICE OF CHIEF COUNSEL
DEC 2 8 2004
BIRMINGHAM, ALABAMA

**Certified Mail**

## Notice of Deficiency

| Tax Year(s) Ended | Tax |
|---|---|
| December 31, 1996 | $179,916 00 |
| December 31, 1997 | $39,104 00 |


Dear Mr  Reeves

We have determined that you owe additional tax or other amounts, or both, for the tax year(s)
identified above  This letter is your NOTICE OF DEFICIENCY as required by law   The
enclosed statement shows how we figured the deficiency

If you want to contest this determination in court before making any payment, you have 90 days
from the date of this letter (150 days if this letter is addressed to you outside of the United States)
to file a petition with the United States (U S ) Tax Court for a redetermination of the
deficiency   You can get a copy of the rules for filing a petition and a petition form you can use
by writing to the address below

United States Tax Court
400 Second Street, NW
Washington DC  20217

The Tax Court has a simplified procedure for small tax cases when the amount in dispute for each tax year is $50,000 or less   If you intend to file a petition for multiple tax years and the amount in dispute for any one or more of the tax years exceeds $50,000, this simplified procedure is not available to you   If you use this simplified procedure, you cannot appeal the Tax Court's decision.  You can get information pertaining to the simplified procedure for small cases from the Tax Court by writing to the court at the above address or from the court's internet site at www.ustaxcourt.gov

Send the completed petition form, a copy of this letter, and copies of all statements and/or schedules you received with this letter to the Tax Court at the above address   The court cannot consider your case if you file the petition late   The petition is considered timely filed if the postmark date falls within the prescribed 90 or 150 day period and the envelope containing the petition is properly addressed with the correct postage

The time you have to file a petition with the court is set by law and cannot be extended or suspended.  Thus, contacting the Internal Revenue Service (IRS) for more information, or receiving other correspondence from the IRS won't change the allowable period for filing a petition with the Tax Court.

As required by law, separate notices are sent to husbands and wives   If this letter is addressed to both husband and wife, and both want to petition the Tax Court, both must sign and file the petition or each must file a separate, signed petition.  If only one spouse petitions the Tax Court, the full amount of the deficiency will be assessed against the non-petitioning spouse   If more than one tax year is shown above, you may file one petition form showing all of the years you are contesting

If you decide not to file a petition with the Tax Court, please sign the enclosed waiver form and return it to us at the IRS address on the top of the first page of this letter   This will permit us to assess the deficiency quickly and can help limit the accumulation of interest   The enclosed envelope is for your convenience

If you decide not to sign and return the waiver, and you don't file a petition with the Tax Court within the time limit, the law requires us to assess and bill you for the deficiency after 90 days from the date of this letter (150 days if this letter is addressed to you outside the United States)

If you are a C corporation, under Internal Revenue Code Section 6621(c), large corporate underpayments may be subject to a higher rate of interest than the normal rate of interest for underpayments

If you have questions about this letter, you may write to or call the contact person whose name, telephone number, and IRS address are shown on the first page of this letter   If you write, please include your telephone number, the best time for us to call you if we need more information, and a copy of this letter to help us identify your account   Keep the original letter for your records   If you prefer to call and the telephone number is outside your local calling area, there will be a long distance charge to you

The contact person identified on the front of this letter can access your tax information and help you get answers   You also have the right to contact the office of the Taxpayer Advocate   You can call 1-877-777-4778 and ask for Taxpayer Advocate assistance   Or you can contact the Taxpayer Advocate for the IRS office that issued this notice of deficiency by calling (205)912-5631 or writing to 801 Tom Martin Drive, Birmingham, AL 25211   Taxpayer Advocate assistance is not a substitute for established IRS procedures such as the formal appeals · process   The Taxpayer Advocate is not able to reverse legally correct tax determinations, nor extend the time fixed by law that you have to file a petition in the U S  Tax Court   The Taxpayer Advocate can, however, see that a tax matter that may not have been resolved through normal channels gets prompt and proper handling

Thank you for your cooperation

Sincerely,
Mark W  Everson
Commissioner
By

Edd Easterling
Appeals Team Manager

Enclosures
  Waiver
  Envelope
  Statement
  Explanation of Tax Changes

| Form **4089**<br>(Rev January 1983) | Department of the Treasury - Internal Revenue Service<br>**Notice of Deficiency - Waiver** | Symbols<br>AP FE BIR SEN |
|---|---|---|

Name(s), SSN or EIN, and address of taxpayer(s)

TIMOTHY J. REEVES
1075 MALVERN ROAD
DOTHAN, ALABAMA 36301

⬤-6033

| Kind of Tax | ___ Copy to Authorized Representative |
|---|---|
| Income | |

| Tax Year Ended | | Deficiency |
|---|---|---|
| | Increase in Tax | Penalties or Additions to Tax |
| 12/1996 | $179,916 00 | |
| 12/1997 | 39,104 00 | |
| Total | $219,020.00 | |

**Interest, as provided by law, will be charged on the unpaid liability until it is paid in full.**
**See the attached explanation for the above deficiencies**

I consent to the immediate assessment and collection of the deficiencies (increase in tax and penalties) shown above, plus any interest provided by law

| Your Signature | | |
|---|---|---|
| | | *(Date signed)* |
| Spouse's Signature, If A Joint Return Was Filed | | |
| | | *(Date signed)* |
| Taxpayer's Representative Sign Here | | |
| | | *(Date signed)* |
| Corporate Name | | |

| Corporate Officers Sign Here | *(Signature)* | *(Title)* | *(Date signed)* |
|---|---|---|---|
| | *(Signature)* | *(Title)* | *(Date signed)* |

Note

If you consent to the assessment of the amounts shown in this waiver, please sign and return it in order to limit the accumulation of interest and expedite our bill to you   Your consent will not prevent you from filing a claim for refund (after you have paid the tax) if you later believe you are entitled to a refund. It will not prevent us from later determining, if necessary, that you owe additional tax, nor will it extend the time provided by law for either action.

If you later file a claim and the Internal Revenue Service disallows it, you may file suit for refund in a district court or in the United States Claims Court, but you may not file a petition with the United States Tax Court.

Who Must Sign

If this waiver is for any year(s) for which you filed a joint return, both you and your spouse must sign the original and duplicate of this form.  Sign your name exactly as it appears on the return  If you are acting under power of attorney for your spouse, you may sign as agent for him or her

For an agent or attorney acting under a power of attorney, a power of attorney must be sent with this form if not previously filed

For a person acting in a fiduciary capacity (executor, administrator, trustee), file Form 56, Notice Concerning Fiduciary Relationship, with this form if not previously filed

For a corporation, enter the name of the corporation followed by the signature and title of the officer(s) authorized to sign

If you agree, please sign one copy and return it Keep the other copy for your records

Department of the Treasury - Internal Revenue Service              www irs gov              Form **4089**-c (Rev 01/1983)

Timothy J Reeves

## Attachment to Form 4089

Refundable Credit Adjustments

Tax Year 1996

| | | |
|---|---|---|
| Statutory Deficiency | | $179,916 00 |
| Refundable Credit Adjustment | | |
|   Correct Refundable Credit | $4,568 00 | |
|   Credit Claimed on Return | | |
| Increase Withholdings | | 4,568 00 |
| Net Additional Tax Due | | $175,348 00 |

Tax Year 1997

| | | |
|---|---|---|
| Statutory Deficiency | | $39,104 00 |
| Refundable Credit Adjustment | | |
|   Correct Refundable Credit | $26,017 00 | |
|   Credit Claimed on Return | | |
| Increase Withholdings | | 26,017 00 |
| Net Additional Tax Due | | $13,087 00 |

| Form 5278<br>(Rev July 2002) | Department of the Treasury - Internal Revenue Service<br>**Statement - Income Tax Changes** | | Schedule 1 |
|---|---|---|---|

| 1 Name(s) of Taxpayer(s)<br>  Timothy J Reeves | 2  ☑ Notice of Deficiency     ☐ Other (specify)<br>    ☐ Settlement Computation | | |
|---|---|---|---|
| 3 Taxpayer Identification Number<br>  [redacted]-6033 | 4 Form Number<br>  1040 | 5 Docket Number | 6 Office Symbols<br>  AP FE BIR SEN EB |

| | | Tax Years Ended | |
|---|---|---|---|
| **7  Adjustments to Income** | | 12/31/1996 | 12/31/1997 |
| a   Wages | | 46,800 | 104,477 |
| b   Interest Income | | 1,706 | 1,190 |
| c   Net Income from Wagers | | 414,279 | 35,602 |
| d   Self-employment Tax Deduction | | (6,534) | (477) |
| e   Standard Deduction/Itemized Deductions | | (3,350) | (10,040) |
| f   Deduction for Exemptions | | | (2,650) |
| g | | | |
| h | | | |
| 8   Total Adjustments | | 452,901 | 128,102 |
| 9   Taxable Income as shown in | | | |
|     ☐ Preliminary letter dated | | | |
|     ☐ Notice of Deficiency dated | | 0 | 0 |
|     ☑ Return as filed      (NO RETURNS FILED) | | | |
| 10   Taxable Income as revised | | 452,901 | 128,102 |
|        Filing Status<br>       Method | | MFS<br>Rate Sched | MFS<br>Rate Sched |
| 11   Tax | | 166,849 | 38,151 |
| 12   Alternative Tax, if applicable, | | | |
| 13   Alternative Minimum Tax *(Starting tax year 2000)* | | | |
| 14   Corrected Tax Liability - *(lesser of line 11 or 12 plus line 13)* | | 166,849 | 38,151 |
| 15   Less Credits   a | | | |
|           b | | | |
|           c | | | |
| 16   Balance - *(line 14 less total of lines 15a - 15c)* | | 166,849 | 38,151 |
| Plus Other   a   Self-employment Tax, Schs 2 and 7 | | 13,067 | 953 |
| Taxes        b | | | |
|           c | | | |
| Total Corrected Tax Liability - *(line 16 plus lines 17a - 17c)* | | 179,916 | 39,104 |
| Total Tax Shown on Return or as Previously Adjusted | | | |
| Increase (Decrease) in Tax | | 179,916 | 39,104 |
| Adjustments          20a   Earned Income Credit | | | |
| Increase (decrease) to     20b   Additional Child Tax Credit | | | |
|                    20c   Fuels Credit / Other | | | |
| Deficiency - Increase in Tax or (Overassessment - Decrease in Tax) - *(line 20 adjusted by lines 20a - 20c)* | | 179,916 | 39,104 |
| Adjustments to Prepayment Credits - Increase (decrease) * | | 4,568 | 26,017 |
| Balance Due or (Overpayment) Excluding interest and penalties - *(line 21 adjusted by line 22)* | | 175,348 | 13,087 |

Penalties and/or Additions To Tax *(listed below)*

Increase Federal Income Tax Withholdings

Form 886-A                    **EXPLANATION OF ITEMS**                    Schedule 2

Name                                                      Year/Period
Timothy J Reeves                              12/31/1996 and 12/31/1997

---

### a. Wages:

It is determined that you earned wages of $46,800 and $104,447 from Hunt's
Restaurant, Lounge and Oyster Bar during the respective 1996 and 1997 tax years and
that you failed to report the income   Your taxable income is increased $46,800 for 1996
and $104,477 for 1997

### b. Interest Income:

It is determined that you received taxable interest income of $1,706 and $1,190 from
the sources named below during the respective 1996 and 1997 tax years   Unless
specifically exempted from tax by law, all interest income is taxable   Your taxable
income is increased $1,706 and $1,190 for tax years 1996 and 1997, respectively,
figured as shown below

| Payer | 1996 Amount | 1997 Amount |
|---|---|---|
| SouthTrust | $46 | $26 |
| First Bank of Dothan | 1,660 | 1,164 |
| Taxable Interest Income | $1,706 | $1,190 |

### c. Net Income form Wagers:

It is determined that you were in the business of accepting wagers during the 1996 and
1997 tax years and that you earned net income from wagers in the amounts of
$414,279 and $35,602 during the respective 1996 and 1997 tax years   In the absence
of adequate records, your net income from wagers is figured as shown in Schedule 3
Your average daily wagers are computed using the known wager amounts for the
period December 27, 1996 through January 2, 1997   Your taxable income is increased
$414,279 and $35,602 for the respective 1996 and 1997 tax years figured as shown in
Schedule 3

### d. Self-employment Tax Deduction

Due to the increase in your self-employment tax in this report, you are entitled to the
deductions of $6,534 and $477 for one-half of your revised self-employment tax   Your
taxable income is decreased $6,534 and $477 for the respective 1996 and 1997 tax
years figured as shown in Schedule 7

Form 886-A                **EXPLANATION OF ITEMS**                Schedule 2

Name                                                    Year/Period
Timothy J Reeves                                 12/31/1996 and 12/31/1997

---

### e. Standard Deduction/Itemized Deductions:

It is determined that you are entitled to the standard deduction of $3,350 for tax year 1996 based on your filing status   See the note below

Due to the reasons stated below, it is determined that you are entitled to itemized deductions of $10,040 for the 1997 tax year·

- When married spouses file separate returns and one spouse itemizes, the other spouse must also itemize deductions

- Based on the information provided, it is determined that you are entitled to a deduction of $12,446 for mortgage interest paid during the 1997 tax year

- Since your adjusted gross income for 1997 exceeds the income level based on your filing status, your itemized deductions are limited   Your deductions are reduced $2,406 due to this limitation

Your taxable income is decreased $3,350 for tax year 1996 and $10,040 for tax year 1997   See Schedule 4 for tax year 1997

### f. Deduction for Exemptions·

It is determined that you are entitled to claim exemptions for yourself and your children, Tabitha, Jordan, Whitney and Anna Katherine for tax years 1996 and 1997   In addition, you are entitled to claim an exemption for your wife, Wendy Reeves, for the 1996 tax year   However, your exemption deductions are limited to $0 for 1996 and $2,650 for 1997 because your adjusted gross income for those years exceeds the limit based on your filing status   See Schedules 5 and 6 for the computations

### NOTE.

### Filing Status:

Since you were married as of the last day of the 1996 and 1997 tax years and did not elect to file joint 1996 and 1997 income tax returns with your spouse, we have computed your tax using the rates that apply to married taxpayers filing separately

Department of the Treasury Internal Revenue Service                                    4

Form 886-A                    **EXPLANATION OF ITEMS**                    Schedule 2

Name                                                          Year/Period
Timothy J Reeves                                    12/31/1996 and 12/31/1997

---

**Self-employment Tax:**

It is determined that you are liable for self-employment tax of $13,067 and $953 on the
net income from wagers for the respective 1996 and 1997 tax years   Your tax is
increased $13,067 for 1996 and $953 for 1997   See Schedule 7 for the computation

Schedule 3

NAME  TIMOTHY J REEVES
SSN  ⬛⬛6033
TAX YEARS  1996 AND 1997

### COMPUTATION OF NET INCOME FROM WAGERS

#### Average Daily Wagers

| Date | Gross Wagers |
|------|-------------|
| 12/27/1996 | $56,000 |
| 12/28/1996 | 74,865 |
| 12/29/1996 | 70,790 |
| 12/30/1996 | 45,597 |
| 12/31/1996 | 71,025 |
| 01/01/1997 | 141,945 |
| 01/02/1997 | 38,215 |
| Total | $498,437 |
| Divided by number of days | 7 |
| Average Daily Wagers | $71,205 |

#### Wagers for Tax Year

| MONTH | AVERAGE DAILY WAGERS | NUMBER OF DAYS | TOTAL WAGERS | AVERAGE PROFIT PERCENTAGE | NET INCOME FROM WAGERS |
|-------|------------------|----------------|--------------|------------------|--------------------|
| 01/31/1996 | $71,205 | 21 ** | $1,495,305 | | |
| 09/30/1996 | $71,205 | 15 * | 1,068,075 | | |
| 10/31/1996 | $71,205 | 31 | 2,207,355 | | |
| 11/30/1996 | $71,205 | 30 | 2,136,150 | | |
| 12/31/1996 | $71,205 | 31 | 2,207,355 | | |
| TOTAL | | | $9,114,240 | 4 5454% | $414,279 |
| | | | | | |
| 01/31/1997 | $71,205 | 11 *** | $783,255 | | |
| TOTAL | | | $783,255 | 4 5454% | $35,602 |

NOTES

*  BASED ON FOOTBALL WAGERING BEGINNING MID-SEPTEMBER

**  BASED ON FOOTBALL WAGERING ENDING THIRD WEEK OF JANUARY

***  BASED ON FOOTBALL WAGERING ENDING JANUARY 11, 1997, OPERATION SHUT DOWN JANUARY 12, 1997

Schedule 4

Timothy J Reeves
Tax Year 1997

Itemized Deductions

| | |
|---|---:|
| Medical Expense | 0 |
| 7 5% of AGI | (10,559) |
| Net Deductible Medical | 0 |
| | |
| Net Personal Casualty Loss | 0 |
| 10% of AGI | (14,079) |
| Net Deductible Casualty | 0 |
| | |
| Qualified Residence Interest | |
| Qualified Housing Interest | 12,446 |
| | |
| Apply 1998 Tech Corr Casualty Rule | Yes |
| | |
| Miscellaneous Investment Expenses | 0 |
| 2% of AGI | (2,816) |
| Net Deductible Miscellaneous Expense | 0 |
| | |
| Total Itemized Before Floor | 12,446 |
| | |
| Medical, Casualty Inv Int & Gambling | 0 |
| Itemized w/o Med, Caslty, & Interest | 12,446 |
| 3% AGI Floor Post 1990 | (2,406) |
| Itemized After Floor | 10,040 |
| | |
| Total Itemized | 10,040 |

Schedule 5

Name ███████████████████████████████

**Computation of Deduction For Personal and Dependent Exemptions - 1996**

| | | |
|---|---|---|
| 1 | Deduction For Exemptions Per Return (or As Previously Adjusted) | ████████ |
| 2 | Total Number of Exemptions Allowable As Revised | ████████ |
| 3 | Adjusted Gross Income As Revised | ████████ |
| 4 | Filing Status  From selections below, enter appropriate number at right: | ████████ |

Single = 1                    Head of Household = 4
Married Filing Joint = 2      Qualifying Widow(er) = 5
Married Filing Separate = 3

| | | | |
|---|---|---|---|
| 5 | Total Number of Exemptions Allowable As Revised Multiplied by | $2,550 | $15,300 00 |
| 6 | Base Amount Based on Filing Status | | $88,475 00 |

| | |
|---|---|
| Single | $117,950 |
| Married Filing Joint | $176,950 |
| Married Filing Separate | $88,475 |
| Head of Household | $147,450 |
| Qualifying Widow(er) | $176,950 |

| | | |
|---|---|---|
| 7 | Line 3 less Line 6 (not less than -0-)<br>**If more than $122,500 ($61,250 if married filing separately) no deduction is allowed** | $367,776 00 |
| 8 | Line 7 divided by $2,500 and rounded to the next highest whole number<br>(Divide by $1,250, if married filing separate) | $295 00 |
| 9 | 2% of Line 8 | 5 90 |
| 10 | Line 5 multiplied by Line 9 | $90,270 00 |
| 11 | Revised Deduction For Exemptions (Line 5 less Line 10) | $0 00 |
| 12 | Deduction For Exemptions Per Return (or As Previously Adjusted) | $0 00 |
| 13 | Adjustment to Deduction For Exemptions | $0 00 |

Schedule 6

Name: ████████████████████████████████

**Computation of Deduction For Personal and Dependent Exemptions - 1997**

1  Deduction For Exemptions Per Return (or As Previously Adjusted)        ███████

2  Total Number of Exemptions Allowable As Revised        ███████

3  Adjusted Gross Income As Revised        ███████

4  Filing Status  From selections below, enter appropriate number at right:        ███████

Single = 1                          Head of Household = 4
Married Filing Joint = 2            Qualifying Widow(er) = 5
Married Filing Separate = 3

5  Total Number of Exemptions Allowable As Revised Multiplied by        $2,650        | 13,250 00 |

6  Base Amount Based on Filing Status        | 90,900 00 |

Single                        $121,200
Married Filing Joint          $181,800
Married Filing Separate       $90,900
Head of Household             $151,500
Qualifying Widow(er)          $181,800

7  Line 3 less Line 6 (not less than -0-)        | 49,892 00 |
If more than $122,500 ($61,250 if married filing separately) no deduction is allowed

8  Line 7 divided by $2,500 and rounded to the next highest whole number        | 40 00 |
(Divide by $1,250, if married filing separate)

9  2% of Line 8        | 0 80 |

10  Line 5 multiplied by Line 9        | 10,600 00 |

11  Revised Deduction For Exemptions (Line 5 less Line 10)        | 2,650 00 |

12  Deduction For Exemptions Per Return (or As Previously Adjusted)        | 0 00 |

13  Adjustment to Deduction For Exemptions        | (2,650 00) |

9

| | Self-Employment Tax and Self-Employment Tax Deduction Worksheet | | Schedule 7 |
|---|---|---|---|

**xpayer Name(s)**

██████████████████████████████████

**lf-Employment Tax**

| | | 12/31/1996 | 12/31/1997 | |
|---|---|---|---|---|
| | Net earnings from self-employment per return or as previously adjusted | ████████ | ████████ | |
| | Adjustments | | | |
| | ███████████████████████ | ███████ | ████ 35,602 | |
| | ███████████████████████ | ██████ | ██████ | |
| | ███████████████████████ | ██████ | ██████ | |
| | ███████████████████████ | ██████ | ██████ | |
| | ███████████████████████ | ██████ | ██████ | |
| | ███████████████████████ | ██████ | ██████ | |
| | ███████████████████████ | ██████ | ██████ | |
| | Corrected net earnings from self-employment | 414,279 | 35,602 | |
| a. | 92.35% of line 3 | 382,587 | 32,878 | |
| b. | Sum of Farm Optional and Non-Farm Optional amounts, if elected | ████████ | ████████ | |
| c. | Total of lines 4a and 4b (not less than $400) | 382,587 | 32,878 | |
| | Maximum amount of wages and earnings subject to Social Security Tax | 62,700 | 65,400 | |
| | Less | | | |
| A | Total FICA wages and compensation | ████ 46,800 | ████ 104,477 | |
| B | Unreported tips subject to FICA tax | ████ | ████ | |
| C | Total of lines 6A and 6B | 46,800 | 104,477 | |
| | Line 5 less Line 6C (not less than zero) | 15,900 | 0 | |
| | Corrected self-employment income (lesser of Line 4 or line 7) | 15,900 | 0 | |
| | Self-employment tax rate | 12 40% | 12 40% | |
| | Line 8 multiplied by line 9 | 1,972 | 0 | |
| | Amount from line 4c | 382,587 | 32,878 | |
| | Medicare tax rate | 2 90% | 2 90% | |
| | Line 11 multiplied by line 12 | 11,095 | 953 | |
| | Corrected self-employment tax (sum of lines 10 and 13) | 13,067 | 953 | |

**-Employment Tax Deduction**

| | | 12/31/1996 | 12/31/1997 | |
|---|---|---|---|---|
| | Corrected self-employment tax | 13,067 | 953 | |
| | Corrected self-employment tax deduction (50% of line 15) | 6,534 | 477 | |
| | Self-employment tax deduction per return or as previously adjusted | ████ | ████ | |
| | Adjustment to self-employment tax deduction (line 16 less line 17) | (6,534) | (477) | |

10

# GOVERNMENT EXHIBIT "8"

United States  of America

**Department of the Treasury**
**Internal Revenue Service**

Date  October  12,  2005

**CERTIFICATE OF OFFICAL RECORD**

I certify that the annexed            is  an  original  Certificate  of  Assessments,  Payments,  and  Other  Specified  Matters,  for  Form  730,  Tax  on  Wagering,  captioned  Tim  Reeves,  Employer  Identification  Number  ██████0909,  for  the  tax  periods  ending  September  1994,  October  1994,  November  1994  December  1994,  January  1995,  September  1995,  October  1995,  November  1995,  December  1995,  January  1996,  September  1996,  October  1996,  November  1996,  December  1996,  and  January  1997  consisting  of  fourty-five  (45)  pages _____

under the custody of this office



IN WITNESS WHEREOF, I have hereunto set my hand, and caused the seal of this office to be affixed, on the day and year first above written

By direction of the Secretary of the Treasury

Pamela Monaghan
Acting Resident Agent in Charge
CI Delegation Order 18

GOVERNMENT
EXHIBIT
8

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------

TIM REEVES                          EIN/SSN. ████████909


TYPE OF TAX   TAX ON WAGERING
FORM  730         TAX PERIOD: SEPT 1994

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|---------------------------------|
| 05-31-2000 | RETURN FILED<br>17413-183-00809-0  200029 | | 0 00 | 07-31-2000 |
| | ADDITIONAL TAX ASSESSED<br>BY EXAMINATION<br>AUDIT, CLOSED TO APPEALS<br>PRIOR TO 90 DAY LETTER<br>49447-693-10000-0  200043 | | 0 00 | 11-06-2000 |
| 10-17-2000 | RECEIVED POA/TIA | | | |
| | FRAUD PENALTY<br>200441 | 17,623 31 | | 10-25-2004 |
| | ADDITIONAL TAX ASSESSED<br>BY EXAMINATION<br>AGREED AUDIT DEFICIENCY<br>PRIOR TO 30 OR 60 DAY<br>LETTER<br>ASED 20050104<br>49447-680-79000-4  200441 | 23,497 74 | | 10-25-2004 |
| 10-25-2004 | RENUMBERED RETURN<br>49447-680-79000-4 | | | |
| | INTEREST ASSESSED<br>200441 | 46,213 93 | | 10-25-2004 |
| 01-31-2005 | MODULE IN FEDERAL PAYMENT<br>LEVY PROGRAM | | | |
| | ADDITIONAL TAX ASSESSED<br>BY EXAMINATION<br>AUDIT REVIEW<br>ASED 20050104<br>17447-603-20100-5  200531 | | 0 00 | 08-15-2005 |

FORM 4340  (REV  01-2002)                    PAGE    1

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
-----------------------------------------------------------------------------

TIM REEVES                          EIN/SSN· ██████50909


TYPE OF TAX· TAX ON WAGERING
FORM  730         TAX PERIOD· SEPT 1994


| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|----------------------------|-------------------------------------|----------------------------|----------------------------------|
| 12-21-2004 | ADVANCE PAYMENT OF DEFICIENCY  730        199411  63-1250909 | | 100 00 | |
| 10-25-2004 | Statutory Notice of Balance Due | | | |
| 11-29-2004 | Statutory Notice of Intent to Levy | | | |

FORM 4340  (REV  01-2002)                    PAGE    2

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------

TIM REEVES                        EIN/SSN. ██████0909


TYPE OF TAX· TAX ON WAGERING
FORM· 730        TAX PERIOD  SEPT 1994
------------------------------------------------------------------------

BALANCE        87,234.98

------------------------------------------------------------------------
I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN.  I
FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE

------------------------------------------------------------------------
SIGNATURE OF CERTIFYING OFFICER  *Pamela Monaghan*

PRINT NAME  *PAMELA MONAGHAN*

TITLE  *ACTING RESIDENT AGENT IN CHARGE*

DELEGATION ORDER·  *CI DELEGATION ORDER 18*


LOCATION   INTERNAL REVENUE SERVICE


          ACCOUNT STATUS DATE 10/11/2005

FORM 4340  (REV  01-2002)              PAGE    3

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

TIM REEVES                                    EIN/SSN· ▓▓▓▓0909

TYPE OF TAX   TAX ON WAGERING
FORM  730         TAX PERIOD  OCT  1994

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|---------------------------------|
| 07-17-2000 | RETURN FILED 17413-204-01122-0  200031 | | 0 00 | 08-14-2000 |
| | ADDITIONAL TAX ASSESSED BY EXAMINATION AUDIT, CLOSED TO APPEALS PRIOR TO 90 DAY LETTER 49447-693-10001-0  200043 | | 0 00 | 11-06-2000 |
| 10-17-2000 | RECEIVED POA/TIA | | | |
| | FRAUD PENALTY 200441 | 36,421 50 | | 10-25-2004 |
| | ADDITIONAL TAX ASSESSED BY EXAMINATION AGREED AUDIT DEFICIENCY PRIOR TO 30 OR 60 DAY LETTER ASED 20050104 49447-680-79001-4  200441 | 48,562 00 | | 10-25-2004 |
| 10-25-2004 | RENUMBERED RETURN 49447-680-79001-4 | | | |
| | INTEREST ASSESSED 200441 | 94,178 73 | | 10-25-2004 |
| 12-21-2004 | ADVANCE PAYMENT OF DEFICIENCY MISCELLANEOUS PAYMENT | | 100 00 | |
| 01-31-2005 | MODULE IN FEDERAL PAYMENT LEVY PROGRAM | | | |

FORM 4340  (REV  01-2002)                    PAGE     1

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
-----------------------------------------------------------------------------

TIM REEVES                          EIN/SSN· ███████0909


TYPE OF TAX  TAX ON WAGERING
FORM  730        TAX PERIOD  OCT  1994

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|--------------------------------|
| | ADDITIONAL TAX ASSESSED BY EXAMINATION AUDIT REVIEW ASED 20050104 17447-603-20101-5  200531 | | 0 00 | 08-15-2005 |
| 10-25-2004 | Statutory Notice of Balance Due | | | |
| 11-29-2004 | Statutory Notice of Intent to Levy | | | |

FORM 4340  (REV  01-2002)              PAGE    2

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

--------------------------------------------------------------------------

TIM REEVES                           EIN/SSN· ██████0909


TYPE OF TAX  TAX ON WAGERING
FORM  730        TAX PERIOD  OCT  1994
--------------------------------------------------------------------------

BALANCE        179,062 23

--------------------------------------------------------------------------

I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN    I
FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE.

--------------------------------------------------------------------------

SIGNATURE OF CERTIFYING OFFICER: *Pamela Monaghan*

PRINT NAME   *PAMELA MONAGHAN*

TITLE   *ACTING RESIDENT AGENT IN CHARGE*

DELEGATION ORDER   *CI DELEGATION ORDER 18*


LOCATION   INTERNAL REVENUE SERVICE

              ACCOUNT STATUS DATE 10/11/2005

FORM 4340  (REV  01-2002)              PAGE     3

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
----------------------------------------------------------------------

TIM REEVES                              EIN/SSN: ████████0909


TYPE OF TAX· TAX ON WAGERING
FORM· 730        TAX PERIOD· NOV  1994

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|---------------------------------|
| 07-17-2000 | RETURN FILED<br>17413-204-01130-0   200031 | | 0 00 | 08-14-2000 |
| | ADDITIONAL TAX ASSESSED<br>BY EXAMINATION<br>AUDIT, CLOSED TO APPEALS<br>*PRIOR TO 90 DAY LETTER*<br>49447-693-10002-0   200043 | | 0 00 | 11-06-2000 |
| 10-17-2000 | RECEIVED POA/TIA | | | |
| | FRAUD PENALTY<br>200441 | 35,246 62 | | 10-25-2004 |
| | ADDITIONAL TAX ASSESSED<br>BY EXAMINATION<br>AGREED AUDIT DEFICIENCY<br>PRIOR TO 30 OR 60 DAY<br>LETTER<br>ASED 20050104<br>49447-680-79002-4   200441 | 46,995 49 | | 10-25-2004 |
| 10-25-2004 | RENUMBERED RETURN<br>49447-680-79002-4 | | | |
| | INTEREST ASSESSED<br>200441 | 89,820 58 | | 10-25-2004 |
| 12-21-2004 | ADVANCE PAYMENT OF<br>DEFICIENCY<br>MISCELLANEOUS PAYMENT | | 100 00 | |
| 12-21-2004 | ADVANCE PAYMENT OF<br>DEFICIENCY<br>MISCELLANEOUS PAYMENT | | 100 00 | |

FORM 4340  (REV. 01-2002)            PAGE    1

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
-----------------------------------------------------------------------

TIM REEVES                          EIN/SSN  ████0909


TYPE OF TAX. TAX ON WAGERING
FORM  730        TAX PERIOD· NOV  1994

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|---------------------------------|
| 01-31-2005 | MODULE IN FEDERAL PAYMENT LEVY PROGRAM | | | |
| | ADDITIONAL TAX ASSESSED BY EXAMINATION AUDIT REVIEW ASED 20050104 17447-603-20102-5  200531 | | 0 00 | 08-15-2005 |
| 12-21-2004 | CORRECTION OF ADVANCED PAYMENT OF DEFICIENCY 730      199409 63-1250909 | | (100 00) | |
| 10-25-2004 | Statutory Notice of Balance Due | | | |
| 11-29-2004 | Statutory Notice of Intent to Levy | | | |

FORM 4340  (REV  01-2002)              PAGE    2

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------

TIM REEVES                          EIN/SSN  ████████0909


TYPE OF TAX   TAX ON WAGERING
FORM  730         TAX PERIOD  NOV  1994
------------------------------------------------------------------

BALANCE        171,962 69

------------------------------------------------------------------
I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN    I
FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE

------------------------------------------------------------------
SIGNATURE OF CERTIFYING OFFICER _*Pamela Monaghan*_

PRINT NAME: _PAMELA MONAGHAN_

TITLE _ACTING RESIDENT AGENT IN CHARGE_

DELEGATION ORDER _CI DELEGATION ORDER 18_


LOCATION   INTERNAL REVENUE SERVICE


          ACCOUNT STATUS DATE 10/11/2005

FORM 4340  (REV  01-2002)                 PAGE    3

## CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

------------------------------------------------------------------------

TIM REEVES                              EIN/SSN· ████0909


TYPE OF TAX· TAX ON WAGERING
FORM  730        TAX PERIOD  DEC  1994

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|----------------------------------|
| 05-31-2000 | RETURN FILED<br>17413-183-00808-0  200029 | | 0 00 | 07-31-2000 |
| | ADDITIONAL TAX ASSESSED<br>BY EXAMINATION<br>AUDIT, CLOSED TO APPEALS<br>PRIOR TO 90 DAY LETTER<br>49447-693-10003-0  200043 | | 0 00 | 11-06-2000 |
| 10-17-2000 | RECEIVED POA/TIA | | | |
| | FRAUD PENALTY<br>200441 | 36,421 50 | | 10-25-2004 |
| | ADDITIONAL TAX ASSESSED<br>BY EXAMINATION<br>AGREED AUDIT DEFICIENCY<br>PRIOR TO 30 OR 60 DAY<br>LETTER<br>ASED 20050104<br>49447-680-79003-4  200441 | 48,562 00 | | 10-25-2004 |
| 10-25-2004 | RENUMBERED RETURN<br>49447-680-79003-4 | | | |
| | INTEREST ASSESSED<br>200441 | 91,460 89 | | 10-25-2004 |
| 12-21-2004 | ADVANCE PAYMENT OF<br>DEFICIENCY<br>MISCELLANEOUS PAYMENT | | 100 00 | |
| 01-31-2005 | MODULE IN FEDERAL PAYMENT<br>LEVY PROGRAM | | | |

FORM 4340  (REV  01-2002)              PAGE     1

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------

TIM REEVES                          EIN/SSN ███████0909


TYPE OF TAX   TAX ON WAGERING
FORM  730          TAX PERIOD  DEC  1994


| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|----------------------------------|
|  | ADDITIONAL TAX ASSESSED BY EXAMINATION AUDIT REVIEW ASED 20050104 17447-603-20103-5  200531 | | 0 00 | 08-15-2005 |
| 10-25-2004 | Statutory Notice of Balance Due | | | |
| 11-29-2004 | Statutory Notice of Intent to Levy | | | |


FORM 4340  (REV. 01-2002)                    PAGE    2

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------

TIM REEVES                                    EIN/SSN: ▓▓▓▓▓0909


TYPE OF TAX: TAX ON WAGERING
FORM· 730        TAX PERIOD· DEC  1994
--------------------------------------------------------------------------


BALANCE        176,344 39
--------------------------------------------------------------------------
I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN    I
FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE

--------------------------------------------------------------------------

SIGNATURE OF CERTIFYING OFFICER· *Pamela Monaghan*

PRINT NAME  *PAMELA MONAGHAN*

TITLE  *ACTING RESIDENT AGENT IN CHARGE*

DELEGATION ORDER·  *C I DELEGATION ORDER 18*


LOCATION   INTERNAL REVENUE SERVICE

           ACCOUNT STATUS DATE 10/11/2005

FORM 4340  (REV  01-2002)                    PAGE    3

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------

TIM REEVES                          EIN/SSN· ██████0909


TYPE OF TAX. TAX ON WAGERING
FORM  730         TAX PERIOD: JAN  1995

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|---------------------------------|
| 07-17-2000 | RETURN FILED<br>17413-204-01128-0  200031 | | 0 00 | 08-14-2000 |
| | ADDITIONAL TAX ASSESSED<br>BY EXAMINATION<br>AUDIT, CLOSED TO APPEALS<br>PRIOR TO 90 DAY LETTER<br>49447-693-10004-0  200043 | | 0 00 | 11-06-2000 |
| 10-17-2000 | RECEIVED POA/TIA | | | |
| | FRAUD PENALTY<br>200444 | 24,672 63 | | 11-15-2004 |
| | ADDITIONAL TAX ASSESSED<br>BY EXAMINATION<br>AGREED AUDIT DEFICIENCY<br>PRIOR TO 30 OR 60 DAY<br>LETTER<br>ASED 20050104<br>49447-701-79000-4  200444 | 32,896 48 | | 11-15-2004 |
| 11-15-2004 | RENUMBERED RETURN<br>49447-701-79000-4 | | | |
| | INTEREST ASSESSED<br>200444 | 61,475 72 | | 11-15-2004 |
| 12-21-2004 | SUBSEQUENT PAYMENT<br>MISCELLANEOUS PAYMENT | | 100 00 | |
| 02-14-2005 | MODULE IN FEDERAL PAYMENT<br>LEVY PROGRAM | | | |

FORM 4340  (REV  01-2002)                    PAGE    1

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------

TIM REEVES                              EIN/SSN: ████████0909


TYPE OF TAX  TAX ON WAGERING
FORM  730        TAX PERIOD· JAN  1995


| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|----------------------------------|
| | ADDITIONAL TAX ASSESSED BY EXAMINATION AUDIT REVIEW ASED 20050104 17447-603-20104-5  200531 | | 0 00 | 08-15-2005 |
| 11-15-2004 | Statutory Notice of Balance Due | | | |
| 12-20-2004 | Statutory Notice of Intent to Levy | | | |

FORM 4340  (REV. 01-2002)                    PAGE    2

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
---------------------------------------------------------------------

TIM REEVES                                EIN/SSN· ███████0909


TYPE OF TAX. TAX ON WAGERING
FORM  730       TAX PERIOD  JAN  1995
---------------------------------------------------------------------

BALANCE        118,944.83

---------------------------------------------------------------------
I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN.   I
FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE

---------------------------------------------------------------------
SIGNATURE OF CERTIFYING OFFICER·  *Pamela Monaghan*

PRINT NAME  *PAMELA MONAGHAN*

TITLE  *ACTING RESIDENT AGENT IN CHARGE*

DELEGATION ORDER.  *C I DELEGATION ORDER 18*


LOCATION  INTERNAL REVENUE SERVICE

          ACCOUNT STATUS DATE 10/11/2005

FORM 4340  (REV  01-2002)                PAGE    3

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
----------------------------------------------------------------------

TIM REEVES                              EIN/SSN: ██████0909


TYPE OF TAX: TAX ON WAGERING
FORM· 730        TAX PERIOD  SEPT 1995

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|---|---|---|---|---|
| 05-31-2000 | RETURN FILED 17413-183-00806-0  200029 | | 0 00 | 07-31-2000 |
| | ADDITIONAL TAX ASSESSED BY EXAMINATION AUDIT, CLOSED TO APPEALS PRIOR TO 90 DAY LETTER 49447-693-10005-0  200043 | | 0.00 | 11-06-2000 |
| 10-17-2000 | RECEIVED POA/TIA | | | |
| | FRAUD PENALTY 200441 | 17,623 31 | | 10-25-2004 |
| | ADDITIONAL TAX ASSESSED BY EXAMINATION AGREED AUDIT DEFICIENCY PRIOR TO 30 OR 60 DAY LETTER ASED 20050104 49447-680-79005-4  200441 | 23,497 74 | | 10-25-2004 |
| 10-25-2004 | RENUMBERED RETURN 49447-680-79005-4 | | | |
| | INTEREST ASSESSED 200441 | 38,499 25 | | 10-25-2004 |
| 12-21-2004 | ADVANCE PAYMENT OF DEFICIENCY MISCELLANEOUS PAYMENT | | 100 00 | |
| 01-31-2005 | MODULE IN FEDERAL PAYMENT LEVY PROGRAM | | | |

FORM 4340  (REV  01-2002)                    PAGE     1

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
-----------------------------------------------------------------------

TIM REEVES                          EIN/SSN: ██████0909


TYPE OF TAX   TAX ON WAGERING
FORM  730         TAX PERIOD. SEPT 1995

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|----------------------------------|
| | ADDITIONAL TAX ASSESSED BY EXAMINATION AUDIT REVIEW ASED 20050104 17447-603-20105-5  200531 | | 0 00 | 08-15-2005 |
| 10-25-2004 | Statutory Notice of Balance Due | | | |
| 11-29-2004 | Statutory Notice of Intent to Levy | | | |

FORM 4340  (REV  01-2002)              PAGE    2

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------

TIM REEVES                          EIN/SSN: ██████0909


TYPE OF TAX   TAX ON WAGERING
FORM   730        TAX PERIOD· SEPT 1995
--------------------------------------------------------------------------


BALANCE        79,520 30


--------------------------------------------------------------------------
I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN    I
FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE

--------------------------------------------------------------------------
SIGNATURE OF CERTIFYING OFFICER  *Pamela Monaghan*

PRINT NAME  *PAMELA MONAGHAN*

TITLE  *ACTING RESIDENT AGENT IN CHARGE*

DELEGATION ORDER  *CI DELEGATION ORDER 18*


LOCATION   INTERNAL REVENUE SERVICE


          ACCOUNT STATUS DATE 10/11/2005

FORM 4340  (REV  01-2002)              PAGE    3

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

---------------------------------------------------------------------

TIM REEVES                         EIN/SSN: ████0909


TYPE OF TAX  TAX ON WAGERING
FORM: 730        TAX PERIOD  OCT  1995

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|----------------------------|-------------------------------------|----------------------------|----------------------------------|
| 07-17-2000 | RETURN FILED<br>17413-204-01129-0  200031 | | 0 00 | 08-14-2000 |
| | ADDITIONAL TAX ASSESSED<br>BY EXAMINATION<br>AUDIT, CLOSED TO APPEALS<br>PRIOR TO 90 DAY LETTER<br>49447-693-10006-0  200043 | | 0 00 | 11-06-2000 |
| 10-17-2000 | RECEIVED POA/TIA | | | |
| | FRAUD PENALTY<br>200444 | 36,421 50 | | 11-15-2004 |
| | ADDITIONAL TAX ASSESSED<br>BY EXAMINATION<br>AGREED AUDIT DEFICIENCY<br>PRIOR TO 30 OR 60 DAY<br>LETTER<br>ASED 20050104<br>49447-701-79001-4  200444 | 48,562 00 | | 11-15-2004 |
| 11-15-2004 | RENUMBERED RETURN<br>49447-701-79001-4 | | | |
| | INTEREST ASSESSED<br>200444 | 78,821 85 | | 11-15-2004 |
| 12-21-2004 | ADVANCE PAYMENT OF<br>DEFICIENCY<br>MISCELLANEOUS PAYMENT | | 100 00 | |
| 02-14-2005 | MODULE IN FEDERAL PAYMENT<br>LEVY PROGRAM | | | |

FORM 4340 (REV  01-2002)                    PAGE    1

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
-------------------------------------------------------------------------

TIM REEVES                            EIN/SSN· ███████0909


TYPE OF TAX  TAX ON WAGERING
FORM. 730        TAX PERIOD: OCT  1995


| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|----------------------------------|
|      | ADDITIONAL TAX ASSESSED BY EXAMINATION AUDIT REVIEW ASED 20050104 17447-603-20106-5   200531 |  | 0 00 | 08-15-2005 |

11-15-2004 Statutory Notice of Balance Due

12-20-2004 Statutory Notice of Intent to Levy


FORM 4340  (REV  01-2002)              PAGE    2

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TIM REEVES                               EIN/SSN  ███████0909


TYPE OF TAX. TAX ON WAGERING
FORM  730        TAX PERIOD· OCT  1995
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BALANCE        163,705 35

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN    I
FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
SIGNATURE OF CERTIFYING OFFICER·  *Pamela Monaghan*

PRINT NAME·  *PAMELA MONAGHAN*

TITLE  *ACTING RESIDENT AGENT IN CHARGE*

DELEGATION ORDER  *CI DELEGATION ORDER 18*


LOCATION  INTERNAL REVENUE SERVICE

         ACCOUNT STATUS DATE 10/11/2005

FORM 4340  (REV  01-2002)              PAGE    3

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

----------------------------------------------------------------------------

TIM REEVES                          EIN/SSN. ▉▉▉▉0909


TYPE OF TAX   TAX ON WAGERING
FORM· 730        TAX PERIOD  NOV  1995

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|------------------------------------|---------------------------|--------------------------------|
| 07-17-2000 | RETURN FILED<br>17413-204-01126-0  200033 | | 0 00 | 08-28-2000 |
| | ADDITIONAL TAX ASSESSED<br>BY EXAMINATION<br>AUDIT, CLOSED TO APPEALS<br>PRIOR TO 90 DAY LETTER<br>49447-693-10007-0  200043 | | 0 00 | 11-06-2000 |
| 10-17-2000 | RECEIVED POA/TIA | | | |
| | FRAUD PENALTY<br>200441 | 35,246 62 | | 10-25-2004 |
| | ADDITIONAL TAX ASSESSED<br>BY EXAMINATION<br>AGREED AUDIT DEFICIENCY<br>PRIOR TO 30 OR 60 DAY<br>LETTER<br>ASED 20050104<br>49447-680-79007-4  200441 | 46,995 49 | | 10-25-2004 |
| 10-25-2004 | RENUMBERED RETURN<br>49447-680-79007-4 | | | |
| | INTEREST ASSESSED<br>200441 | 74,621 67 | | 10-25-2004 |
| 12-21-2004 | ADVANCE PAYMENT OF<br>DEFICIENCY<br>MISCELLANEOUS PAYMENT | | 100 00 | |
| 01-31-2005 | MODULE IN FEDERAL PAYMENT<br>LEVY PROGRAM | | | |

FORM 4340  (REV  01-2002)              PAGE    1

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------

TIM REEVES                          EIN/SSN: ████████0909


TYPE OF TAX   TAX ON WAGERING
FORM. 730        TAX PERIOD· NOV  1995


| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|----------------------------------|
| | ADDITIONAL TAX ASSESSED BY EXAMINATION AUDIT REVIEW ASED 20050104 17447-603-20107-5   200531 | | 0 00 | 08-15-2005 |
| 10-25-2004 | Statutory Notice of Balance Due | | | |
| 11-29-2004 | Statutory Notice of Intent to Levy | | | |

FORM 4340  (REV  01-2002)                    PAGE     2

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------

TIM REEVES                               EIN/SSN· ████0909


TYPE OF TAX· TAX ON WAGERING
FORM· 730        TAX PERIOD: NOV  1995
------------------------------------------------------------------------


BALANCE        156,763 78
------------------------------------------------------------------------
I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN   I
FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE.

------------------------------------------------------------------------
SIGNATURE OF CERTIFYING OFFICER·  _Pamela Monaghan_

PRINT NAME  _PAMELA MONAGHAN_

TITLE  _ACTING RESIDENT AGENT IN CHARGE_

DELEGATION ORDER  _CI DELEGATION ORDER 18_


LOCATION   INTERNAL REVENUE SERVICE

           ACCOUNT STATUS DATE 10/12/2005

FORM 4340  (REV  01-2002)                PAGE    3

### CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TIM REEVES                                    EIN/SSN: ▬▬▬▬0909


TYPE OF TAX   TAX ON WAGERING
FORM  730          TAX PERIOD: DEC  1995

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|----------------------------|-------------------------------------|----------------------------|--------------------------------|
| 05-31-2000 | RETURN FILED 17413-183-00805-0   200029 | | 0 00 | 07-31-2000 |
| | ADDITIONAL TAX ASSESSED BY EXAMINATION AUDIT, CLOSED TO APPEALS PRIOR TO 90 DAY LETTER 49447-693-10008-0   200043 | | 0 00 | 11-06-2000 |
| 10-17-2000 | RECEIVED POA/TIA | | | |
| | FRAUD PENALTY 200441 | 36,421.50 | | 10-25-2004 |
| | ADDITIONAL TAX ASSESSED BY EXAMINATION AGREED AUDIT DEFICIENCY PRIOR TO 30 OR 60 DAY LETTER ASED 20050104 49447-680-79008-4   200441 | 48,562 00 | | 10-25-2004 |
| 10-25-2004 | RENUMBERED RETURN 49447-680-79008-4 | | | |
| | INTEREST ASSESSED 200441 | 75,878 27 | | 10-25-2004 |
| 12-21-2004 | ADVANCE PAYMENT OF DEFICIENCY MISCELLANEOUS PAYMENT | | 100.00 | |
| 01-31-2005 | MODULE IN FEDERAL PAYMENT LEVY PROGRAM | | | |

FORM 4340  (REV  01-2002)                    PAGE    1

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
----------------------------------------------------------------------

TIM REEVES                              EIN/SSN: ███████0909


TYPE OF TAX· TAX ON WAGERING
FORM  730         TAX PERIOD· DEC  1995

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|----------------------------------|
|      | ADDITIONAL TAX ASSESSED BY EXAMINATION AUDIT REVIEW ASED 20050104 17447-603-20108-5  200531 | | 0 00 | 08-15-2005 |

10-25-2004 Statutory Notice of Balance Due

11-29-2004 Statutory Notice of Intent to Levy


FORM 4340  (REV  01-2002)                    PAGE    2

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------

TIM REEVES                          EIN/SSN: ███████0909


TYPE OF TAX  TAX ON WAGERING
FORM  730       TAX PERIOD: DEC  1995
--------------------------------------------------------------------------

BALANCE        160,761 77

--------------------------------------------------------------------------
I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN    I
FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE.

--------------------------------------------------------------------------
SIGNATURE OF CERTIFYING OFFICER  *Pamela McNaghan*

PRINT NAME·  *PAMELA McNAGHAN*

TITLE  *ACTING RESIDENT AGENT IN CHARGE*

DELEGATION ORDER  *CI DELEGATION ORDER 18*


LOCATION  INTERNAL REVENUE SERVICE

            ACCOUNT STATUS DATE 10/11/2005

FORM 4340  (REV  01-2002)                 PAGE     3

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------

TIM REEVES                              EIN/SSN: ████0909


TYPE OF TAX: TAX ON WAGERING
FORM  730         TAX PERIOD· JAN  1996

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|----------------------------|-----------------------------------|----------------------------|---------------------------------|
| 07-17-2000 | RETURN FILED<br>17413-204-01127-0   200031 | | 0 00 | 08-14-2000 |
| | ADDITIONAL TAX ASSESSED<br>BY EXAMINATION<br>AUDIT, CLOSED TO APPEALS<br>PRIOR TO 90 DAY LETTER<br>49447-693-10009-0   200043 | | 0.00 | 11-06-2000 |
| 10-17-2000 | RECEIVED POA/TIA | | | |
| | FRAUD PENALTY<br>200444 | 24,672 63 | | 11-15-2004 |
| | ADDITIONAL TAX ASSESSED<br>BY EXAMINATION<br>AGREED AUDIT DEFICIENCY<br>PRIOR TO 30 OR 60 DAY<br>LETTER<br>ASED 20050104<br>49447-701-79002-4   200444 | 32,896 84 | | 11-15-2004 |
| 11-15-2004 | RENUMBERED RETURN<br>49447-701-79002-4 | | | |
| | INTEREST ASSESSED<br>200444 | 50,938 00 | | 11-15-2004 |
| 12-21-2004 | ADVANCE PAYMENT OF<br>DEFICIENCY<br>MISCELLANEOUS PAYMENT | | 100 00 | |
| 02-14-2005 | MODULE IN FEDERAL PAYMENT<br>LEVY PROGRAM | | | |

FORM 4340  (REV  01-2002)              PAGE    1

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
-------------------------------------------------------------------------------

TIM REEVES                              EIN/SSN· ▧▧▧▧▧0909


TYPE OF TAX   TAX ON WAGERING
FORM  730        TAX PERIOD  JAN  1996


| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|----------------------------------|
| | ADDITIONAL TAX ASSESSED BY EXAMINATION AUDIT REVIEW ASED 20050104 17447-603-20109-5  200531 | | 0 00 | 08-15-2005 |
| 11-15-2004 | Statutory Notice of Balance Due | | | |
| 12-20-2004 | Statutory Notice of Intent to Levy | | | |


FORM 4340  (REV  01-2002)              PAGE    2

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------

TIM REEVES                          EIN/SSN: ███████0909


TYPE OF TAX   TAX ON WAGERING
FORM· 730        TAX PERIOD   JAN  1996
------------------------------------------------------------------------

BALANCE        108,407.47

------------------------------------------------------------------------
I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN   I
FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE.

------------------------------------------------------------------------
SIGNATURE OF CERTIFYING OFFICER  *Pamela Monaghan*

PRINT NAME  *PAMELA MONAGHAN*

TITLE  *ACTING RESIDENT AGENT IN CHARGE*

DELEGATION ORDER  *CI DELEGATION ORDER 18*


LOCATION   INTERNAL REVENUE SERVICE


          ACCOUNT STATUS DATE 10/11/2005

FORM 4340  (REV  01-2002)              PAGE    3

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------

TIM REEVES                          EIN/SSN: ███████0909


TYPE OF TAX: TAX ON WAGERING
FORM  730        TAX PERIOD  SEPT 1996

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|----------------------------|--------------------------------------|-----------------------------|----------------------------------|
| 05-31-2000 | RETURN FILED 17413-183-00803-0  200029 | | 0 00 | 07-31-2000 |
| | ADDITIONAL TAX ASSESSED BY EXAMINATION AUDIT, CLOSED TO APPEALS PRIOR TO 90 DAY LETTER 49447-693-10010-0  200043 | | 0 00 | 11-06-2000 |
| 10-17-2000 | RECEIVED POA/TIA | | | |
| | FRAUD PENALTY 200441 | 17,623 31 | | 10-25-2004 |
| | ADDITIONAL TAX ASSESSED BY EXAMINATION AGREED AUDIT DEFICIENCY PRIOR TO 30 OR 60 DAY LETTER ASED 20050104 49447-680-79010-4  200441 | 23,497 74 | | 10-25-2004 |
| 10-25-2004 | RENUMBERED RETURN 49447-680-79010-4 | | | |
| | INTEREST ASSESSED 200441 | 31,825 39 | | 10-25-2004 |
| 12-21-2004 | ADVANCE PAYMENT OF DEFICIENCY MISCELLANEOUS PAYMENT | | 100 00 | |
| 01-31-2005 | MODULE IN FEDERAL PAYMENT LEVY PROGRAM | | | |

FORM 4340  (REV  01-2002)              PAGE    1

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
----------------------------------------------------------------------------

TIM REEVES                              EIN/SSN. ██████0909


TYPE OF TAX· TAX ON WAGERING
FORM  730        TAX PERIOD· SEPT 1996


| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|---------------------------------|
|      | ADDITIONAL TAX ASSESSED BY EXAMINATION AUDIT REVIEW ASED 20050104 17447-603-20110-5  200531 | 0 00 | | 08-15-2005 |

10-25-2004 Statutory Notice of Balance Due

11-29-2004 Statutory Notice of Intent to Levy


FORM 4340  (REV  01-2002)              PAGE    2

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------

TIM REEVES                              EIN/SSN: ██████0909


TYPE OF TAX. TAX ON WAGERING
FORM  730        TAX PERIOD  SEPT 1996
--------------------------------------------------------------------

BALANCE       72,846 44

--------------------------------------------------------------------
I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN    I
FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE.

--------------------------------------------------------------------
SIGNATURE OF CERTIFYING OFFICER· *Pamela Mon, Jr*

PRINT NAME  *PAMELA MONAGHAN*

TITLE: *ACTING RESIDENT AGENT IN CHARGE*

DELEGATION ORDER· *CI DELEGATION ORDER 18*


LOCATION   INTERNAL REVENUE SERVICE

         ACCOUNT STATUS DATE 10/11/2005

FORM 4340  (REV  01-2002)              PAGE    3

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------

TIM REEVES                          EIN/SSN: ██████0909


TYPE OF TAX  TAX ON WAGERING
FORM  730        TAX PERIOD  OCT  1996

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|----------------------------|--------------------------------------|------------------------------|----------------------------------|
| 07-17-2000 | RETURN FILED 17413-204-01124-0  200031 | | 0 00 | 08-14-2000 |
| | ADDITIONAL TAX ASSESSED BY EXAMINATION AUDIT, CLOSED TO APPEALS PRIOR TO 90 DAY LETTER 49447-693-10011-0  200043 | | 0.00 | 11-06-2000 |
| 10-17-2000 | RECEIVED POA/TIA | | | |
| | FRAUD PENALTY 200441 | 36,421 50 | | 10-25-2004 |
| | ADDITIONAL TAX ASSESSED BY EXAMINATION AGREED AUDIT DEFICIENCY PRIOR TO 30 OR 60 DAY LETTER ASED 20050104 49447-680-79011-4  200441 | 48,562 00 | | 10-25-2004 |
| 10-25-2004 | RENUMBERED RETURN 49447-680-79011-4 | | | |
| | INTEREST ASSESSED 200441 | 64,664 53 | | 10-25-2004 |
| 12-21-2004 | ADVANCE PAYMENT OF DEFICIENCY MISCELLANEOUS PAYMENT | | 100 00 | |
| 01-31-2005 | MODULE IN FEDERAL PAYMENT LEVY PROGRAM | | | |

FORM 4340  (REV  01-2002)                    PAGE    1

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------

TIM REEVES                          EIN/SSN: ███████0909


TYPE OF TAX· TAX ON WAGERING
FORM  730        TAX PERIOD: OCT  1996


| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|----------------------------|-------------------------------------|----------------------------|---------------------------------|
|      | ADDITIONAL TAX ASSESSED BY EXAMINATION AUDIT REVIEW ASED 20050104 17447-603-20111-5  200531 | | 0 00 | 08-15-2005 |

10-25-2004 Statutory Notice of Balance Due

11-29-2004 Statutory Notice of Intent to Levy


FORM 4340  (REV  01-2002)                    PAGE    2

## CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

-------------------------------------------------------------------------------

TIM REEVES                              EIN/SSN  ████0909


TYPE OF TAX· TAX ON WAGERING
FORM  730        TAX PERIOD  OCT  1996

-------------------------------------------------------------------------------

BALANCE        149,548 03

-------------------------------------------------------------------------------
I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN    I
FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE

-------------------------------------------------------------------------------

SIGNATURE OF CERTIFYING OFFICER  *Pamela Monaghan*

PRINT NAME  *PAMELA MONAGHAN*

TITLE  *ACTING RESIDENT AGENT IN CHARGE*

DELEGATION ORDER  *CI DELEGATION ORDER 18*


LOCATION  INTERNAL REVENUE SERVICE

           ACCOUNT STATUS DATE 10/11/2005

FORM 4340  (REV  01-2002)              PAGE    3

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------

TIM REEVES                          EIN/SSN: ████0909


TYPE OF TAX· TAX ON WAGERING
FORM  730        TAX PERIOD  NOV  1996

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|---------------------------------|
| 07-17-2000 | RETURN FILED<br>17413-204-01125-0  200031 | | 0 00 | 08-14-2000 |
| | ADDITIONAL TAX ASSESSED<br>BY EXAMINATION<br>AUDIT, CLOSED TO APPEALS<br>PRIOR TO 90 DAY LETTER<br>49447-693-10012-0  200043 | | 0 00 | 11-06-2000 |
| 10-17-2000 | RECEIVED POA/TIA | | | |
| | FRAUD PENALTY<br>200441 | 35,246 62 | | 10-25-2004 |
| | ADDITIONAL TAX ASSESSED<br>BY EXAMINATION<br>AGREED AUDIT DEFICIENCY<br>PRIOR TO 30 OR 60 DAY<br>LETTER<br>ASED 20050104<br>49447-680-79012-4  200441 | 46,995 49 | | 10-25-2004 |
| 10-25-2004 | RENUMBERED RETURN<br>49447-680-79012-4 | | | |
| | INTEREST ASSESSED<br>200441 | 61,478 97 | | 10-25-2004 |
| 12-21-2004 | ADVANCE PAYMENT OF<br>DEFICIENCY<br>MISCELLANEOUS PAYMENT | | 100.00 | |
| 01-31-2005 | MODULE IN FEDERAL PAYMENT<br>LEVY PROGRAM | | | |

FORM 4340  (REV  01-2002)                PAGE    1

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------

TIM REEVES                          EIN/SSN· ▓▓▓▓▓0909


TYPE OF TAX   TAX ON WAGERING
FORM  730        TAX PERIOD  NOV  1996


| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|---------------------------------|
|      | ADDITIONAL TAX ASSESSED BY EXAMINATION AUDIT REVIEW ASED 20050104 17447-603-20112-5  200531 |  | 0.00 | 08-15-2005 |

10-25-2004 Statutory Notice of Balance Due

11-29-2004 Statutory Notice of Intent to Levy


FORM 4340  (REV  01-2002)              PAGE     2

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------

TIM REEVES                              EIN/SSN: ███████0909


TYPE OF TAX    TAX ON WAGERING
FORM  730       TAX PERIOD  NOV  1996
------------------------------------------------------------------------

BALANCE        143,621 08

------------------------------------------------------------------------
I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN    I
FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE

------------------------------------------------------------------------
SIGNATURE OF CERTIFYING OFFICER ___*Pamela Monaghan*___

PRINT NAME  *PAMELA MONAGHAN*

TITLE  *ACTING RESIDENT AGENT IN CHARGE*

DELEGATION ORDER  *CI DELEGATION ORDER 18*


LOCATION   INTERNAL REVENUE SERVICE

           ACCOUNT STATUS DATE 10/11/2005

FORM 4340  (REV  01-2002)              PAGE    3

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

TIM REEVES                              EIN/SSN ████0909

TYPE OF TAX   TAX ON WAGERING
FORM  730       TAX PERIOD  DEC  1996

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|----------------------------------|
| 05-31-2000 | RETURN FILED<br>17413-183-00802-0  200029 | | 0 00 | 07-31-2000 |
| | ADDITIONAL TAX ASSESSED<br>BY EXAMINATION<br>AUDIT, CLOSED TO APPEALS<br>PRIOR TO 90 DAY LETTER<br>49447-693-10013-0  200043 | | 0 00 | 11-06-2000 |
| 10-17-2000 | RECEIVED POA/TIA | | | |
| | FRAUD PENALTY<br>200441 | 36,421 50 | | 10-25-2004 |
| | ADDITIONAL TAX ASSESSED<br>BY EXAMINATION<br>AGREED AUDIT DEFICIENCY<br>PRIOR TO 30 OR 60 DAY<br>LETTER<br>ASED 20050104<br>49447-680-79013-4  200441 | 48,562 00 | | 10-25-2004 |
| 10-25-2004 | RENUMBERED RETURN<br>49447-680-79013-4 | | | |
| | INTEREST ASSESSED<br>200441 | 62,397 49 | | 10-25-2004 |
| 12-21-2004 | ADVANCE PAYMENT OF<br>DEFICIENCY<br>MISCELLANEOUS PAYMENT | | 100 00 | |
| 01-31-2005 | MODULE IN FEDERAL PAYMENT<br>LEVY PROGRAM | | | |

FORM 4340  (REV  01-2002)              PAGE    1

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------------

TIM REEVES                          EIN/SSN: ▮▮▮▮0909


TYPE OF TAX   TAX ON WAGERING
FORM  730          TAX PERIOD· DEC  1996


| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|-------------------------------------|----------------------------|---------------------------------|
| | ADDITIONAL TAX ASSESSED BY EXAMINATION AUDIT REVIEW ASED 20050104 17447-603-20113-5  200531 | | 0.00 | 08-15-2005 |
| 10-25-2004 | Statutory Notice of Balance Due | | | |
| 11-29-2004 | Statutory Notice of Intent to Levy | | | |


FORM 4340  (REV  01-2002)                PAGE    2

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------

TIM REEVES                          EIN/SSN: ████0909


TYPE OF TAX: TAX ON WAGERING
FORM. 730       TAX PERIOD: DEC  1996
------------------------------------------------------------------------

BALANCE       147,280 99

------------------------------------------------------------------------
I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN    I
FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE

------------------------------------------------------------------------
SIGNATURE OF CERTIFYING OFFICER _*Pamela Monaghan*_

PRINT NAME· _PAMELA MONAGHAN_

TITLE _ACTING RESIDENT AGENT IN CHARGE_

DELEGATION ORDER _CI DELEGATION ORDER 19_


LOCATION  INTERNAL REVENUE SERVICE

         ACCOUNT STATUS DATE 10/11/2005

FORM 4340  (REV  01-2002)              PAGE    3

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

-----------------------------------------------------------------------

TIM REEVES                            EIN/SSN  ███████0909


TYPE OF TAX   TAX ON WAGERING
FORM  730        TAX PERIOD  JAN  1997

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|---------------------------|------|------|------|
| 07-17-2000 | RETURN FILED<br>17413-204-01123-0  200031 | | 0 00 | 08-14-2000 |
| | ADDITIONAL TAX ASSESSED<br>BY EXAMINATION<br>AUDIT, CLOSED TO APPEALS<br>PRIOR TO 90 DAY LETTER<br>49447-693-10014-0  200043 | | 0 00 | 11-06-2000 |
| 10-17-2000 | RECEIVED POA/TIA | | | |
| | FRAUD PENALTY<br>200441 | 12,923.76 | | 10-25-2004 |
| | ADDITIONAL TAX ASSESSED<br>BY EXAMINATION<br>AGREED AUDIT DEFICIENCY<br>PRIOR TO 30 OR 60 DAY<br>LETTER<br>ASED 20050104<br>49447-680-79014-4  200441 | 17,231 68 | | 10-25-2004 |
| 10-25-2004 | RENUMBERED RETURN<br>49447-680-79014-4 | | | |
| | INTEREST ASSESSED<br>200441 | 21,781 31 | | 10-25-2004 |
| 12-21-2004 | ADVANCE PAYMENT OF<br>DEFICIENCY<br>MISCELLANEOUS PAYMENT | | 100 00 | |
| 01-31-2005 | MODULE IN FEDERAL PAYMENT<br>LEVY PROGRAM | | | |

FORM 4340  (REV  01-2002)                    PAGE    1

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

----------------------------------------------------------------------

TIM REEVES                          EIN/SSN. ████0909


TYPE OF TAX· TAX ON WAGERING
FORM   730        TAX PERIOD   JAN   1997


| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|----------------------------|--------------------------------------|-----------------------------|----------------------------------|
|      | ADDITIONAL TAX ASSESSED BY EXAMINATION AUDIT REVIEW ASED 20050104 17447-603-20114-5   200531 |  | 0 00 | 08-15-2005 |

10-25-2004 Statutory Notice of Balance Due

11-29-2004 Statutory Notice of Intent to Levy


FORM 4340  (REV  01-2002)                PAGE    2

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

---------------------------------------------------------------

TIM REEVES                          EIN/SSN  ████0909


TYPE OF TAX   TAX ON WAGERING
FORM· 730        TAX PERIOD· JAN  1997

---------------------------------------------------------------

BALANCE        51,836 75

---------------------------------------------------------------
I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN   I
FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE

---------------------------------------------------------------
SIGNATURE OF CERTIFYING OFFICER  _Pamela Monaghan_

PRINT NAME  _PAMELA MONAGHAN_

TITLE· _ACTING RESIDENT AGENT IN CHARGE_

DELEGATION ORDER  _CI DELEGATION ORDER 18_


LOCATION   INTERNAL REVENUE SERVICE

           ACCOUNT STATUS DATE 10/11/2005

FORM 4340  (REV  01-2002)                PAGE    3

# GOVERNMENT EXHIBIT "9"

FILED

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

OCT 1 4 1999

CLERK
U S DISTRICT COURT
MIDDLE DIST OF ALA

UNITED STATES OF AMERICA,    )
                             )
        v.                   )    CR. NO. 99-13-S
                             )
VIVIAN WELCH BOND,           )

## PLEA AGREEMENT

DEFENSE COUNSEL              JAMES W PARKMAN

ASSISTANT U S ATTORNEY      ASHTON HOLMES

### COUNT AND STATUTES CHARGED

    Count I      18 U S C §§ 371 and 1955
                 *Conspiracy to operate an illegal gambling business*

    Count II     18 U S C § 1955
                 *Operation of an illegal gambling business*

### COUNT PLEADING PURSUANT TO PLEA AGREEMENT

    Count II     18 U S C § 1955
                 *Operation of an illegal gambling business*

### MAXIMUM PENALTY

    IMPRISONMENT OF NOT MORE THAN FIVE (5) YEARS OR A FINE OF
    NOT MORE THAN $250,000, OR BOTH, AND NOT LESS THAN TWO (2)
    YEARS OF SUPERVISED RELEASE, PLUS A $100 00 ASSESSMENT.

### ELEMENTS OF THE OFFENSE

        18 U S C. § 1955
        1.  That the defendant operated a gambling business
            that constitutes a violation of state law;
        2.  That such business involves five or more persons
            who conduct, finance, manage, supervise, direct or

1

GOVERNMENT
EXHIBIT
9

 

```
        own all or part of such business;
3       That such business is in substantially continuous
        operation for more than 30 days or has a gross
        revenue or $2000 or more in any single day.
```

## I.  SPECIAL PROVISIONS

A   The government will recommend a two-level reduction of the offense level

for acceptance of responsibility pursuant to § 3E1 1 of the United States Sentencing

Guidelines

B   The defendant agrees to cooperate with the government under the conditions

set forth below and, if the government, in its sole discretion, concludes that the defendant has

fully complied with the terms of the cooperation agreement and has provided substantial

assistance in the investigation or prosecution of another person who has committed an offense,

the  government agrees to make a recommendation to the Court that the defendant receive an

additional two-level reduction of the offense level pursuant to § 5k1 1 of the United States

Sentencing Guidelines, and that sentence at the bottom of the guideline range is appropriate

C   The defendant agrees with the representations made in the government's

factual basis statements

* * * * * * * * * * * * * * * * * * * * * * * * *

## II.  INTRODUCTION

A   Ashton Holmes, Assistant United States Attorney, and James W  Parkman,

attorney for the defendant, pursuant to the provisions of Rule 11, Federal Rules of Criminal

Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore

entered into discussions with a view towards reaching a pretrial conclusion of the charges

2



pending in the indictment herein and a plea agreement has been reached by said parties as set forth below

## III. AGREEMENT OF THE PARTIES

The government and the defendant agree to the following

### A Sentencing Guidelines

The government and the defendant agree that the provisions of the Federal Sentencing Guidelines apply and control the sentence in this case

### B Acceptance of Responsibility

1 The United States agrees to recommend that the Court find that the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for her criminal conduct, and in recognition thereof, in accordance with U S S G § 3El l(a), reduce the defendant's offense level by two levels   The defendant understands that these assertions are not binding on the Court

2 The United States will move the Court, at the time of sentencing, for a two-level downward departure, provided that the defendant fulfils her obligation to provide certain information and assistance    In addition, the United States reserves the right to respond to factual or legal questions from the Court and to rebut or clarify matters raised by the defendant in mitigation of defendant's sentence or contained in the presentence report, if the United States deems the same to be inaccurate or misleading

### C Cooperation Agreement

1 The defendant agrees to cooperate fully and testify truthfully against any and all persons as to whom he may have knowledge at grand jury, trial, or whenever

3

 

called upon to do so   The defendant understands that this agreement does not require him to implicate any other particular individual or individuals nor to "make a case," rather it requires him to be truthful and to testify truthfully whenever called upon   The defendant agrees to make himself available for the review of documents and other materials and for interviews by law enforcement officers and attorneys for the government upon reasonable request and to fully and truthfully respond to all questions asked of him by law enforcement officers and attorneys for the government   She agrees to fully and truthfully disclose to the government everything she knows about any and all documents and materials in her possession that relate to violations of federal gaming laws and any other criminal violations in the Middle District of Alabama and elsewhere, with the exception of information relating to her son, Terry Douglas Jones   The defendant agrees to submit to a polygraph examination conducted by the government if requested to do so

       2   Provided that the defendant satisfies the terms of this plea agreement, any information that she truthfully discloses to the government during the course of her cooperation, concerning related offenses, will not be used against her, directly or indirectly   The defendant understands that this agreement does not bar her prosecution for capital felonies, perjury, false statements, and obstruction of justice

       3   If the defendant has failed or should fail in any way to fulfill completely her obligations under this agreement, then the government will be released from its commitment to honor all of its obligations to her   Thus, if at any time she should knowingly and willfully withhold evidence from the government investigators or attorneys prior to or during her testimony before grand juries or in trials, then the government will be free (1) to

4



prosecute her for perjury, false declaration, false statement, and/or obstruction of justice (18

U S C Section 1621, 1623, 1001, 1503), (2) to prosecute her for all violations of federal

criminal law which she has committed, (3) to use against her in all of those prosecutions and

sentencings the information and documents that she has herself disclosed or furnished to the

government during the course of her cooperation, (4) to recommend a maximum sentence,

and (5) to seek forfeiture of any and all forfeitable properties of the defendant   The parties

agree to submit to the court, to be decided by a preponderance of the evidence standard, the

question of whether defendant has breached this agreement

### D  Acknowledgment And Waiver Of Rights/Understanding Of Maximum Penalties

The defendant agrees that she has been fully advised of her statutory and

constitutional rights herein, and that she has been informed of the charges and allegations

against him and the penalties therefor, and that she understands same   The defendant further

agrees that she understands that by entering a plea of guilty as set forth hereafter, she will be

waiving certain statutory and constitutional rights to which she is otherwise entitled

### E  Application of Sentencing Guidelines

The United States and the defendant, pursuant to Rule 11(e)(1)(B),

agree  that the base offense level upon which the defendant's sentence should be initially

calculated, pursuant to U S S G  § 2E3 1 is 12

### F  Substantial Assistance To Authorities

If the government, in its sole discretion, concludes that the defendant has

fully complied with the terms of the cooperation agreement and, in its sole discretion,

determines that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the United States agrees to file a motion under U S S G § 5K1 1 recommending a two-level departure from the guidelines to an offense level in Zone A of the Sentencing Table U S S G Ch 5 Pt A   The defendant understands that the United States retains sole discretion to file such a motion and that the final decision on the amount of the departure, if any, rests within the sole discretion of the Court

### G  No Further Prosecution

The United States further agrees that in return for the defendant's compliance with the terms of this agreement there will be no further federal criminal prosecution of the defendant in the Middle District of Alabama based on the information and evidence now available to the United States regarding the defendant's involvement with violations of 18 USC § 1955

### H  Basis For Plea Of Guilty

The defendant agrees that the Stipulation of Facts constituting the basis for the defendant's guilty plea in this case, appended hereto and incorporated herein by this reference, is a true and accurate statement of the defendant's actions or omissions with regard to the charges to which she is entering a plea and that the Court may rely thereon in determining the basis for the defendant's plea of guilty as provided for in her plea agreement

### I  Potential Postponement of Sentence

Defendant understands and agrees that sentencing may be delayed until the cooperation phase has been completed

### J  Payment of Special Assessment

6

The defendant agrees to remit to the Clerk of Court for the Middle District of Alabama a certified or cashier's check payable to the Clerk of Court in the amount of $100 00, in full satisfaction of the statutory costs pursuant to 18 U S C § 1955, and to remit said sum with this signed agreement in full satisfaction of this paragraph

### K  Scope Of The Agreement

1  The defendant, before entering a plea of guilty to Count Two of the indictment currently pending against her, advises the Court that

a  The discussions between the attorney for the Government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent

b  The defendant understands the nature of the charge to which the plea is offered in Count Two of the Indictment, that the defendant did commit an offense against the United States, that is to say, violations of Title 18, United States Code, Section 1955  That the defendant understands that the penalty provided by law for violation of Count Two of the Indictment is a fine of not more than $250,0000 or imprisonment for not more than 5 years, or both, and a term of not less than two years supervised release, in addition to a Special Assessment of $100 pursuant to Title 18, United States Code, Section 3013, said assessment to be paid by the defendant on the date of sentencing  The defendant understands that if a fine is imposed by the Court at sentencing, the defendant shall meet with a member of the Financial Litigation Section of the United States Attorney's Office on the day of sentencing and complete a written personal financial statement setting forth the defendant's assets and liabilities as of the date of the offense  The defendant further understands that by completing

7

the financial statement, the defendant is representing that it is true and accurate to the best of

the defendant's information, knowledge, and belief and agrees to make an honest, good faith

effort to pay the said fine as directed by the Financial Litigation Section of the United States

Attorney's Office  The defendant further understands that the nature of the charge to which

the plea is offered involves proof as to Count Two of the indictment, that the defendant did

from some time in 1994 through January 1997, in the Middle District of Alabama, knowingly

conduct an illegal gambling business in violation of Title 18, United States Code, Section

1955

     c   The defendant understands that the defendant has a right to be

represented by an attorney at every stage of  the proceedings against the defendant herein and

is represented by the defendant's undersigned attorney

     d   The defendant understands that the defendant has the right to

plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to

the assistance of counsel, the right to confront and cross-examine witnesses against the

defendant, the right to call witnesses in the defendant's own behalf, and the right not to be

compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein,

there will not be a further trial of any kind and that by the entry of such a plea, the defendant

waives the right to a trial by jury or to a trial before the Court

     e   The defendant further understands that in entering a plea of

guilty herein, the Court may ask questions about the offense to which the plea is entered and

further understands that if the defendant answers these questions under oath, on the record,

and in the presence of counsel, which questions and answers would be recorded, that the

8

answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful

f   Defendant further understands and advises the Court that the plea agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement   The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the Government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge and consent

g   The defendant further advises the Court that it is understood that the Government can only make a recommendation which is not binding on the Court, and that the defendant understands that after the entry of the guilty plea, the defendant has no absolute right to withdraw the plea

h   The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant   However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel

9

2    The undersigned attorneys for the Government and for the defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as amended    It is further understood and agreed that no additional promises, agreements or conditions have been entered into other than those set forth in this agreement, and that this agreement supersedes any earlier or other understanding or agreement

3    The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein, of the maximum possible penalty provided by law, that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant, and that if the defendant pleads guilty, there will not be a further trial of any kind    Further the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful

10

Dated this _14_ day of October, 1999

REDDING PITT
UNITED STATES ATTORNEY

_Charles Amol_

JAMES W PARKMAN
Attorney for Defendant

_____
CHARLES NIVEN
First Assistant United States Attorney

_____
ASHTON HOLMES
Assistant United States Attorney

I have read the foregoing Plea Agreement, consisting of 11 pages, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached

_Vivian W Bond_

VIVIAN WELCH BOND
Defendant

_10-14-99_
Date

## FACTUAL BASIS FOR PLEA

That from at least as early as January, 1994, the defendant acted as a juice agent or bookie for an organization hereinafter referred to as the Reeves Gambling Organization. The defendant accepted bets from individuals on sporting events on behalf of the Reeves Gambling Organization, such organization being an illegal gambling business as defined in Title 18, United States Code, Section 1955(b) and (c), that is a gambling business in violation of the laws of the State of Alabama, Section 13A-12-22, Code of Alabama, 1975, and involving five or more persons who conducted, financed, managed, supervised, directed and owned all or a part thereof; and which remained in substantially continuous operation for a period in excess of thirty days and which had a gross revenue of $2,000 in any single day.

# GOVERNMENT EXHIBIT "10"

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

OCT 2 0 1999

UNITED STATES OF AMERICA,       )
                                )
        v.                      )       CR. NO. 99-13-S
                                )
DAVID FRANKLIN MIMS             )

## PLEA AGREEMENT

DEFENSE COUNSEL                    MALCOLM R NEWMAN

ASSISTANT U S ATTORNEY            ASHTON HOLMES

## COUNT AND STATUTES CHARGED

Count I.     18 U S C §§ 371 and 1955
             Conspiracy to operate an illegal gambling business

Count II     18 U S C § 1955
             Operation of an illegal gambling business

## COUNT PLEADING PURSUANT TO PLEA AGREEMENT

Count II     18 U S C § 1955
             Operation of an illegal gambling business

## MAXIMUM PENALTY

IMPRISONMENT OF NOT MORE THAN FIVE (5) YEARS OR A FINE OF
NOT MORE THAN $250,000, OR BOTH, AND NOT LESS THAN TWO (2)
YEARS OF SUPERVISED RELEASE, PLUS A $100 00 ASSESSMENT

## ELEMENTS OF THE OFFENSE

### 18 U S.C. § 1955
1.   That the defendant operated a gambling business
     that constitutes a violation of state law;
2    That such business involves five or more persons
     who conduct, finance, manage, supervise, direct or

1



GOVERNMENT
EXHIBIT
10

own all or part of such business;
3.   That such business is in substantially continuous operation for more than 30 days or has a gross revenue or $2000 or more in any single day.

## I.  SPECIAL PROVISIONS

A   The government will recommend a two-level reduction of the offense level for acceptance of responsibility pursuant to § 3E1 1 of the United States Sentencing Guidelines

B   The defendant agrees to cooperate with the government under the conditions set forth below and, if the government, in its sole discretion, concludes that the defendant has fully complied with the terms of the cooperation agreement and has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the  government agrees to make a recommendation to the Court that the defendant receive an additional reduction of the offense level pursuant to § 5k1 1 of the United States Sentencing Guidelines, and that a sentence of probation is appropriate

C   The defendant agrees with the representations made in the government's factual basis statements

* * * * * * * * * * * * * * * * * * * * * * * * *

## II.  INTRODUCTION

A   Ashton Holmes, Assistant United States Attorney, and Malcolm R Newman, attorney for the defendant, pursuant to the provisions of Rule 11(e)(1)(C), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial

2

conclusion of the charges pending in the indictment herein and a plea agreement has been

reached by said parties as set forth below

## III.  AGREEMENT OF THE PARTIES

The government and the defendant agree to the following

### A   Sentencing Guidelines

The government and the defendant agree that the provisions of the Federal
Sentencing Guidelines apply and control the sentence in this case

### B  Acceptance of Responsibility

1  The United States agrees to recommend that the Court find that the
defendant clearly demonstrates a recognition and affirmative acceptance of personal
responsibility for his criminal conduct, and in recognition thereof, in accordance with
U S S G  § 3EI 1(a), reduce the defendant's offense level by two levels   The defendant
understands that these assertions are not binding on the Court

2  The United States will move the Court, at the time of sentencing, for
a two-level downward departure, provided that the defendant fulfils his obligation to provide
certain information and assistance    In addition, the United States reserves the right to respond
to factual or legal questions from the Court and to rebut or clarify matters raised by the
defendant in mitigation of defendant's sentence or contained in the presentence report, if the
United States deems the same to be inaccurate or misleading

### C  Cooperation Agreement

1  The defendant agrees to cooperate fully and testify truthfully against
any and all persons as to whom he may have knowledge at grand jury, trial, or whenever

3

called upon to do so   The defendant understands that this agreement does not require him to implicate any other particular individual or individuals nor to "make a case," rather it requires him to be truthful and to testify truthfully whenever called upon   The defendant agrees to make himself available for the review of documents and other materials and for interviews by law enforcement officers and attorneys for the government upon reasonable request and to fully and truthfully respond to all questions asked of him by law enforcement officers and attorneys for the government   He agrees to fully and truthfully disclose to the government everything he knows about any and all documents and materials in his possession that relate to violations of federal gaming laws and any other criminal violations in the Middle District of Alabama and elsewhere   The defendant agrees to submit to a polygraph examination conducted by the government if requested to do so

       2   Provided that the defendant satisfies the terms of this plea agreement, any information that he truthfully discloses to the government during the course of his cooperation, concerning related offenses, will not be used against him, directly or indirectly   The defendant understands that this agreement does not bar his prosecution for capital felonies, perjury, false statements, and obstruction of justice

       3   If the defendant has failed or should fail in any way to fulfill completely his obligations under this agreement, then the government will be released from its commitment to honor all of its obligations to him   Thus, if at any time he should knowingly and willfully withhold evidence from the government investigators or attorneys prior to or during his testimony before grand juries or in trials, then the government will be free (1) to prosecute him for perjury, false declaration, false statement, and/or obstruction of justice (18

4

U S C  Section 1621, 1623, 1001, 1503), (2)  to prosecute him for all violations of federal criminal law which he has committed, (3)  to use against him in all of those prosecutions and sentencings the information and documents that he has himself disclosed or furnished to the government during the course of his cooperation,  (4)  to recommend a maximum sentence, and (5) to seek forfeiture of any and all forfeitable properties of the defendant   The parties agree to submit to the court, to be decided by a preponderance of the evidence standard, the question of whether defendant has breached this agreement

### D  Acknowledgment And Waiver Of Rights/Understanding Of Maximum Penalties

The defendant agrees that he has been fully advised of his statutory and constitutional rights herein, and that he has been informed of the charges and allegations against him and the penalties therefor, and that he understands same   The defendant further agrees that he understands that by entering a plea of guilty as set forth hereafter, he will be waiving certain statutory and constitutional rights to which he is otherwise entitled

### E  Application of Sentencing Guidelines

The United States and the defendant, pursuant to Rule 11(e)(1)(B), agree  that the base offense level upon which the defendant's sentence should be initially calculated, pursuant to U S S G  § 2E3 1 is 12

### F  Substantial Assistance To Authorities

If the government, in its sole discretion, concludes that the defendant has fully complied with the terms of the cooperation agreement and, in its sole discretion, determines that the defendant has provided substantial assistance in the investigation or

5

prosecution of another person who has committed an offense, the United States agrees to file a motion under U S S G § 5K1 1 recommending a two-level departure from the guidelines to an offense level in Zone A of the Sentencing Table U S S G Ch 5 Pt A The defendant understands that the United States retains sole discretion to file such a motion and that the final decision on the amount of the departure, if any, rests within the sole discretion of the Court

### G No Further Prosecution

The United States further agrees that in return for the defendant's compliance with the terms of this agreement there will be no further federal criminal prosecution of the defendant in the Middle District of Alabama based on the information and evidence now available to the United States regarding the defendant's involvement with violations of 18 USC § 1955

### H Basis For Plea Of Guilty

The defendant agrees that the Stipulation of Facts constituting the basis for the defendant's guilty plea in this case, appended hereto and incorporated herein by this reference, is a true and accurate statement of the defendant's actions or omissions with regard to the charges to which he is entering a plea and that the Court may rely thereon in determining the basis for the defendant's plea of guilty as provided for in his plea agreement

### I Potential Postponement of Sentence

Defendant understands and agrees that sentencing may be delayed until the cooperation phase has been completed

### J Payment of Special Assessment

The defendant agrees to remit to the Clerk of Court for the Middle

6

District of Alabama a certified or cashier's check payable to the Clerk of Court in the amount of $100 00, in full satisfaction of the statutory costs pursuant to 18 U S C § 1955, and to remit said sum with this signed agreement in full satisfaction of this paragraph

### K  Scope Of The Agreement

      1  The defendant, before entering a plea of guilty to Count Two of the indictment currently pending against him, advises the Court that

         a  The discussions between the attorney for the Government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent

         b  The defendant understands the nature of the charge to which the plea is offered in Count Two of the Indictment, that the defendant did commit an offense against the United States, that is to say, violations of Title 18, United States Code, Section 1955  That the defendant understands that the penalty provided by law for violation of Count Two of the Indictment is a fine of not more than $250,0000 or imprisonment for not more than 5 years, or both, and a term of not less than two years supervised release, in addition to a Special Assessment of $100 pursuant to Title 18, United States Code, Section 3013, said assessment to be paid by the defendant on the date of sentencing  The defendant understands that if a fine is imposed by the Court at sentencing, the defendant shall meet with a member of the Financial Litigation Section of the United States Attorney's Office on the day of sentencing and complete a written personal financial statement setting forth the defendant's assets and liabilities as of the date of the offense  The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of

7

the defendant's information, knowledge, and belief and agrees to make an honest, good faith

effort to pay the said fine as directed by the Financial Litigation Section of the United States

Attorney's Office The defendant further understands that the nature of the charge to which

the plea is offered involves proof as to Count Two of the indictment, that the defendant did

from some time in 1994 through January 1997, in the Middle District of Alabama, knowingly

conduct an illegal gambling business in violation of Title 18, United States Code, Section

1955

       c   The defendant understands that the defendant has a right to be

represented by an attorney at every stage of the proceedings against the defendant herein and

is represented by the defendant's undersigned attorney

       d   The defendant understands that the defendant has the right to

plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to

the assistance of counsel, the right to confront and cross-examine witnesses against the

defendant, the right to call witnesses in the defendant's own behalf, and the right not to be

compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein,

there will not be a further trial of any kind and that by the entry of such a plea, the defendant

waives the right to a trial by jury or to a trial before the Court

       e   The defendant further understands that in entering a plea of

guilty herein, the Court may ask questions about the offense to which the plea is entered and

further understands that if the defendant answers these questions under oath, on the record,

and in the presence of counsel, which questions and answers would be recorded, that the

answers may later be used against the defendant in a prosecution for perjury or false statement

if the answers are not truthful

    f Defendant further understands and advises the Court that the plea agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the Government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge and consent

    g The defendant further advises the Court that it is understood that the Government can only make a recommendation which is not binding on the Court, and that the defendant understands that after the entry of the guilty plea, the defendant has no absolute right to withdraw the plea

    h The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later, withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel

    2 The undersigned attorneys for the Government and for the defendant

9

represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as amended   It is further understood and agreed that no additional promises, agreements or conditions have been entered into other than those set forth in this agreement, and that this agreement supersedes any earlier or other understanding or agreement

        3  The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein, of the maximum possible penalty provided by law, that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant, and that if the defendant pleads guilty, there will not be a further trial of any kind   Further the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful

Dated this 20th day of October, 1999

REDDING PITT
UNITED STATES ATTORNEY

MALCOLM R NEWMAN
Attorney for Defendant

CHARLES NIVEN
First Assistant United States Attorney

ASHTON HOLMES
Assistant United States Attorney

I have read the foregoing Plea Agreement, consisting of 11 pages, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached

DAVID FRANKLIN MIMS
Defendant

10-20-99
Date

# GOVERNMENT EXHIBIT "11"

COPY

## JOHNSTON, HINESLEY, FLOWERS & CLENNEY, P.C

ATTORNEYS AT LAW
291 NORTH OATES STREET
DOTHAN, ALABAMA 36303-4555

G DAVID JOHNSTON
WILLIAM W HINESLEY*
WILLIAM T FLOWERS
R EUGENE CLENNEY, JR **
——
PAUL F TURNER, JR.
*ALSO ADMITTED IN GEORGIA AND SOUTH CAROLINA
* ALSO ADMITTED IN TEXAS

MAILING ADDRESS
POST OFFICE BOX 2246
DOTHAN, ALABAMA 36302
——
(334) 793 1115
——
FAX (334) 793 6603

December 15, 2004

Internal Revenue Service                    *Certified Mail*
Cincinnati, Ohio  45999-0002

        Re     Timothy Joe Reeves
               Wagering Excise Tax, Form 8849 Claim for Refund of Excise Taxes

Dear Sir or Madam

        *Please find enclosed Form 8849 Claim for Refund of Excise Taxes  along with Schedule 6
entitled "Other Claims", along with a check for $100 for <u>each</u> of fifteen (15) months dealing with the
assessment of wagering excise taxes*

                              Sincerely,

                              JOHNSTON HINESLEY FLOWERS & CLENNEY P C

                              G David Johnston

GDJ/avk

cc      Mr Timothy Joe Reeves
        Drew Redden, Esq

Enclosure

GOVERNMENT
EXHIBIT
11



Form **8849**
(Rev. January 2003)

Department of the Treasury—Internal Revenue Service

## Claim for Refund of Excise Taxes

OMB No. 1545-1420

Print clearly. Leave a blank box between words.

Name of claimant

| T | I | M | O | T | H | Y | | J | O | E | | R | E | E | V | E | S | | | | | | | |

Employer identification number (EIN)

| | | | | | | 0 | 9 | 0 | 9 |

Address (number, street, room or suite no.)

| 1 | 0 | 7 | 5 | | M | A | L | V | E | R | N | | R | O | A | D | | | | | | | | |

Social security number (SSN)

| | | | | | | L | 0 | 3 | 3 |

City and state or province. If you have a foreign address see page 2

| D | O | T | H | A | N | | A | L | A | B | A | M | A | | | | | | | | | | | |

ZIP code

| 3 | 6 | 3 | 0 | 1 |

Foreign country if applicable. Do no abbreviate

| | | | | | | | | | | | | | | | | | | | | | | | |

Month claimant's income tax year ends

| 1 | 2 |

Daytime telephone number (optional)

| | | | | | | | | | | |

---

**Caution** *Do not use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on Schedule C (Form 720), Claims Form 4136, Credit for Federal Tax Paid on Fuels, Form 2290, Heavy Highway Vehicle Use Tax Return or Form 730, Monthly Tax Return On Wagers*

---

### Schedules Attached

Check (✓) the appropriate box(es) for the schedule(s) you attach to Form 8849. Only attach the schedules on which you are claiming a refund. Schedules 2, 3, 5 and section 4091(d) claims on Schedule 6 cannot be filed with any other schedules on Form 8849. File each of these schedules with a separate Form 8849.

| | | |
|---|---|---|
| Schedule 1 | Nontaxable Use of Fuels | ☐ |
| Schedule 2 | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene | ☐ |
| Schedule 3 | Gasohol Blending | ☐ |
| Schedule 4 | Sales by Gasoline Wholesale Distributors | ☐ |
| Schedule 5 | Section 4081(e) Claims | ☐ |
| Schedule 6 | Other Claims | ☒ |

---

Under penalties of perjury I declare (a) that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief it is true, correct, and complete and (b) that amounts claimed on this form have not been and will not be claimed on any other form.

Sign Here

Signature and title (if applicable)

T. Wally Joe Reeves

Date 12/13/04

Type or print your name below signature

---

| Schedule 6 (Form 8849) (Rev January 2001) | Department of the Treasury—Internal Revenue Service **Other Claims** ▶ Attach to Form 8849 | | OMB No 1545 1420 |
|---|---|---|---|
| Name as shown on Form 8849 Timothy Joe Reeves | | EIN or SSN ⬛⬛⬛ 6033 | Total refund (total of lines 1-5) $ 100.00 |

Enter the earliest and latest dates of the events included in this claim  Enter in MMDDYYYY format

Earliest date ▶ 09011994     Latest date ▶ 09301994

Claimant's registration number for Section 4091(d) claims ▶ _____

| | Tax | Amount of refund | | CRN |
|---|---|---|---|---|
| 1 | Wagering Excise Tax (Section 4401) | $ 100 | 00 | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |

Use the space below for an explanation of each tax claimed

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes  claimant certifies that it sold the article at a tax excluded price  repaid the amount of tax to the ultimate vendor  or has obtained the written consent of the ultimate vendor to make the claim  and has the required supporting evidence

The tax claimed is for wagering excise tax normally reported on Form 730

## Instructions

Section references are to the Internal Revenue Code unless otherwise noted

**Purpose of schedule**  Use Schedule 6 for claims not reportable on Schedules 1-5  including refunds of excise taxes reported on

• Form 720, Quarterly Federal Excise Tax Return  including section 4091(d) claims
• Form 2290 Heavy Highway Vehicle Use Tax Return
• Form 730, Monthly Tax Return for Wagers  and
• Form 11 C, Occupational Tax and Registration Return for Wagering

**Caution**  Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters  Use Form 720X Amended Quarterly Federal Excise Tax Return  Also  do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730

**Claim requirements**  Generally  a claim must be filed within 3 years of the filing of the return to which the claim relates  or 2 years from when the tax reported on that return was paid  whichever is later

**How to file**  Attach Schedule 6 to Form 8849  Mail it to the IRS at the address under Where To File in the Form 8849 instructions  If you are filing a Section 4091(d) claim  write "Section 4091(d)" at the top of Form 8849 and on the envelope  If you attach additional sheets  write your name and taxpayer identification number on each sheet

For Privacy Act and Paperwork Reduction Act Notice  see Form 8849 instructions     Cat No 27454M     Schedule 6 (Form 8849) (Rev 1 2003)

## ATTACHMENT TO SCHEDULE 6 (FORM 8849)

1.    The Internal Revenue Service has assessed a wagering excise tax, including penalty and interest, against the claimant taxpayer for the month of September 1994, for football bookmaking wagering activity for such month  The claimant taxpayer entered into a Plea Agreement with the United States on October 14, 1999, and entered a plea of guilty to 18 U S C  Section 1957, namely  that in December, 1996, the claimant purchased a GMAC truck with proceeds derived from an illegal gambling business  Pursuant to said Plea Agreement, the claimant taxpayer agreed to cooperate fully with the government and testify truthfully whenever called upon to do so, which the claimant taxpayer in fact did  The Plea Agreement provided among other things that "statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant    The Internal Revenue Service was involved with all civil and criminal proceedings as well as the Plea Agreement  The Internal Revenue Service has now assessed this wagering excise tax based upon claimant taxpayer's own trial and deposition testimony in direct violation of said Plea Agreement  The assessment is prohibited under the claimant taxpayer's Plea Agreement in that (a) the government used claimant taxpayer's trial and deposition testimony to assess this wagering excise tax in direct contravention of the Plea Agreement, and (b) the Plea Agreement was a global civil and criminal settlement agreement, involving civil forfeiture of monies and property by the claimant taxpayer  and no assessment of wagering excise tax by the Internal Revenue Service should be allowed in any event

2    The date of payment of the wagering excise tax is December 13, 2004, and the amount of the wagering excise tax paid is $100  [The total excise wagering tax assessed by the Internal Revenue Service for such month is $23,497 74  but no specific breakdown per alleged wager has been provided by the government to the claimant taxpayer, therefore, this $100 payment is payment of the estimated wagering excise tax on one or more alleged wagers for that month ]

3    No previous claim covering the amount involved  or any part  has been filed

4    The claimant has not collected (whether as a separate charge or otherwise) the amount of the wagering excise tax from the person that allegedly placed the wager on which the government s estimated wagering excise tax was imposed

F FILES VISCREEVES_TIM ATTACHFORM38-9

**TIM REEVES**
177 CAMPBELLTON HWY
DOTHAN AL 36301

1639

61 376/621
0

Date 12/13/04

Pay to the
Order of ___Internal Revenue Service___ | $ 100

One Hun + 00/100 ___ Dollars

**FIRST
BANK of
DOTHAN**

For September 1994 estimate

:376 7!:     63 98 1639

Form **8849**
(Rev. January 2003)

Department of the Treasury—Internal Revenue Service

## Claim for Refund of Excise Taxes

OMB No. 1545-1420

Print clearly. Leave a blank box between words.

**Name of claimant**

`T I M O T H Y   J O E   R E E V E S`

**Employer identification number (EIN)**

`[■■■■■] 0 9 0 9`

**Address (number, street, room or suite no.)**

`1 0 7 5   M A L V E R N   R O A D`

**Social security number (SSN)**

`[■■■■■] 6 0 3 3`

**City and state or province. If you have a foreign address, see page 2**

`D O T H A N   A L A B A M A`

**ZIP code**

`3 6 3 0 1`

**Foreign country. If applicable. Do not abbreviate**

Month claimant's income tax year ends

`1 2`

**Daytime telephone number (optional)**

**Caution** *Do not use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on Schedule C (Form 720), Claims Form 4136, Credit for Federal Tax Paid on Fuels Form 2290, Heavy Highway Vehicle Use Tax Return or Form 730, Monthly Tax Return On Wagers*

### Schedules Attached

Check (/) the appropriate box(es) for the schedule(s) you attach to Form 8849. Only attach the schedules on which you are claiming a refund. Schedules 2, 3, 5 and section 4091(d) claims on Schedule 6 cannot be filed with any other schedules on Form 8849. File each of these schedules with a separate Form 8849.

| | | |
|---|---|---|
| Schedule 1 | Nontaxable Use of Fuels | ☐ |
| Schedule 2 | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene | ☐ |
| Schedule 3 | Gasohol Blending | ☐ |
| Schedule 4 | Sales by Gasoline Wholesale Distributors | ☐ |
| Schedule 5 | Section 4081(e) Claims | ☐ |
| Schedule 6 | Other Claims | ☒ |

Under penalties of perjury, I declare (1) that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief it is true, correct, and complete, and (2) that amounts claimed on this form have not been and will not be claimed on any other form.

**Sign Here**

*Timothy Joe Reeves*

Signature and title (if applicable)

Type or print your name below signature

Date `12/13/04`

For Privacy Act and Paperwork Reduction Act Notice, see instructions.     Cat. No. 20027J     Form **8849** (Rev. 1-2003)

| Schedule 6 (Form 8849) | Department of the Treasury—Internal Revenue Service | OMB No 1545 1420 |
|---|---|---|
| (Rev January 2003) | **Other Claims** ▶ Attach to Form 8849 | |

| Name as shown on Form 8849 | EIN or SSN | Total refund (total of lines 1-5) |
|---|---|---|
| Timothy Joe Reeves | 6033 | $ 100.00 |

Enter the earliest and latest dates of the events included in this claim  Enter in MMDDYYYY format

Earliest date ▶ 10011994        Latest date ▶ 10311994

Claimant's registration number for Section 4091(d) claims ▶ _____

| Tax | Amount of refund | CRN |
|---|---|---|
| 1  Wagering Excise Tax (Section 4401) | $     100    00 | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

Use the space below for an explanation of each tax claimed

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax-excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim, and has the required supporting evidence

The tax claimed is for wagering excuse tax normally reported on Form 730.

# Instructions

Section references are to the Internal Revenue Code unless otherwise noted

Purpose of schedule  Use Schedule 6 for claims not reportable on Schedules 1-5, including refunds of excise taxes reported on
• Form 720, Quarterly Federal Excise Tax Return including section 4091(d) claims,
• Form 2290, Heavy Highway Vehicle Use Tax Return
• Form 730, Monthly Tax Return for Wagers  and
• Form 11 C, Occupational Tax and Registration Return for Wagering

**Caution**  Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters  Use Form 720X, Amended Quarterly Federal Excise Tax Return  Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730

Claim requirements  Generally a claim must be filed within 3 years of the filing of the return to which the claim relates  or 2 years from when the tax reported on that return was paid whichever is later

How to file  Attach Schedule 6 to Form 8849  Mail it to the IRS at the address under Where To File in the Form 8849 instructions  If you are filing a Section 4091(d) claim, write "Section 4091(d)" at the top of Form 8849 and on the envelope  If you attach additional sheets write your name and taxpayer identification number on each sheet

For Privacy Act and Paperwork Reduction Act Notice, see Form 8849 instructions        Cat No 27454M        Schedule 6 (Form 8849) (Rev 1 2003)

## ATTACHMENT TO SCHEDULE 6 (FORM 8849)

1    The Internal Revenue Service has assessed a wagering excise tax, including penalty and interest, against the claimant taxpayer for the month of October, 1994, for football bookmaking wagering activity for such month  The claimant taxpayer entered into a Plea Agreement with the United States on October 14 1999, and entered a plea of guilty to 18 U S C Section 1957, namely, that in December 1996 the claimant purchased a GMAC truck with proceeds derived from an illegal gambling business  Pursuant to said Plea Agreement  the claimant taxpayer agreed to cooperate fully with the government and testify truthfully whenever called upon to do so, which the claimant taxpayer in fact did  The Plea Agreement provided among other things that "statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant"  The Internal Revenue Service was involved with all civil and criminal proceedings as well as the Plea Agreement  The Internal Revenue Service has now assessed this wagering excise tax based upon claimant taxpayer s own trial and deposition testimony in direct violation of said Plea Agreement  The assessment is prohibited under the claimant taxpayer s Plea Agreement in that (a) the government used claimant taxpayer's trial and deposition testimony to assess this wagering excise tax in direct contravention of the Plea Agreement, and (b) the Plea Agreement was a global civil and criminal settlement agreement, involving civil forfeiture of monies and property by the claimant taxpayer, and no assessment of wagering excise tax by the Internal Revenue Service should be allowed in any event

2    The date of payment of the wagering excise tax is December 13, 2004, and the amount of the wagering excise tax paid is $100  [The total excise wagering tax assessed by the Internal Revenue Service for such month is $48,562 00, but no specific breakdown per alleged wager has been provided by the government to the claimant taxpayer, therefore, this $100 payment is payment of the estimated wagering excise tax on one or more alleged wagers for that month ]

3    No previous claim covering the amount involved  or any part, has been filed

4    The claimant has not collected (whether as a separate charge or otherwise) the amount of the wagering excise tax from the person that allegedly placed the wager on which the government's estimated wagering excise tax was imposed

**TIM REEVES**
177 CAMPBELLTON HWY
DOTHAN AL 36301

1640

61 375/621
0

Date 12/13/98

Pay to the
Order of _Internal Revenue Service_ $ 100

One Hundred & 00/100 Dollars

**FIRST BANK of DOTHAN**

For _October 1994 excise tax_

876 71: 63 98 1640

Form **8849**
(Rev. January 2003)

Department of the Treasury—Internal Revenue Service

**Claim for Refund of Excise Taxes**

OMB No. 1545-1420

Print clearly. Leave a blank box between words

**Name of claimant**

T I M O T H Y   J O E   R E E V E S

**Employer Identification number (EIN)**

[████] 0 9 0 9

**Address (number, street, room or suite no.)**

1 0 7 5   M A L V E R N   R O A D

**Social security number (SSN)**

[████] 6 0 3 3

**City and state or province. If you have a foreign address, see page 2**

D O T H A N   A L A B A M A

**ZIP code**

3 6 3 0 1

**Foreign country (If applicable. Do not abbreviate)**

**Month claimant's income tax year ends**

1 2

**Daytime telephone number (optional)**

**Caution** *Do not use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on Schedule C (Form 720), Claims, Form 4136, Credit for Federal Tax Paid on Fuels, Form 2290, Heavy Highway Vehicle Use Tax Return, or Form 730, Monthly Tax Return On Wagers*

---

### Schedules Attached

Check (✓) the appropriate box(es) for the schedule(s) you attach to Form 8849. Only attach the schedules on which you are claiming a refund. Schedules 2, 3, 5 and section 4091(d) claims on Schedule 6 cannot be filed with any other schedules on Form 8849. File each of these schedules with a separate Form 8849

| | | |
|---|---|---|
| Schedule 1 | Nontaxable Use of Fuels | ☐ |
| Schedule 2 | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene | ☐ |
| Schedule 3 | Gasohol Blending | ☐ |
| Schedule 4 | Sales by Gasoline Wholesale Distributors | ☐ |
| Schedule 5 | Section 4081(e) Claims | ☐ |
| Schedule 6 | Other Claims | ☒ |

Under penalties of perjury, I declare (1) that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief it is true, correct, and complete, and (2) the amounts claimed on this form have not been and will not be claimed on any other form

**Sign Here**

*Signature and title (if applicable)*

T I M O T H Y   J O E   R E E V E S

Date  12/13/04

Type or print your name below signature

For Privacy Act and Paperwork Reduction Act Notice, see instructions.    Cat. No. 20027J    Form **8849** (Rev. 1-2003)

| Schedule 6 (Form 8849) (Rev January "003) | Department of the Treasury—Internal Revenue Service **Other Claims** ► Attach to Form 8849 | | OMB No 1545 1420 |
|---|---|---|---|
| Name as shown on Form 8849 Timothy Joe Reeves | | EIN or SSN ████ 6033 | Total refund (total of lines 1–5) $ 100.°° |

Enter the earliest and latest dates of the events included in this claim  Enter in MMDDYYYY format

Earliest date ► 11011994        Latest date ► 11 30 1994

Claimant's registration number for Section 4091(d) claims ► _____

| Tax | Amount of refund | | CRN |
|---|---|---|---|
| 1   Wagering Excise Tax (Section 4401) | $   100 | °° | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

Use the space below for an explanation of each tax claimed

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim, and has the required supporting evidence

The tax claimed is for wagering excise tax normally reported on Form 730.

## Instructions

Section references are to the Internal Revenue Code unless otherwise noted

**Purpose of schedule** Use Schedule 6 for claims not reportable on Schedules 1-5  including refunds of excise taxes reported on
• Form 720 Quarterly Federal Excise Tax Return including section 4091(d) claims,
• Form 2290, Heavy Highway Vehicle Use Tax Return,
• Form 730, Monthly Tax Return for Wagers, and
• Form 11 C, Occupational Tax and Registration Return for Wagering

**Caution**  Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters  Use Form 720X, Amended Quarterly Federal Excise Tax Return  Also  do not use Schedule 6 to claim amounts that were taxen or will be taken as a credit on Form 2290 or Form 730

**Claim requirements** Generally a claim must be filed within 3 years of the filing of the return to which the claim relates  or 2 years from when the tax return to which the claim relates was paid whichever is later

**How to file** Attach Schedule 6 to Form 8849  Mail it to the IRS at the address under Where To File in the Form 8849 instructions  If you are filing a Section 4091(d) claim  write "Section 4091(d)" at the top of Form 8849 and on the envelope  If you attach additional sheets write your name and taxpayer identification number on each sheet

## ATTACHMENT TO SCHEDULE 6 (FORM 8849)

1.  The Internal Revenue Service has assessed a wagering excise tax, including penalty and interest against the claimant taxpayer for the month of November, 1994, for football bookmaking wagering activity for such month  The claimant taxpayer entered into a Plea Agreement with the United States on October 14, 1999, and entered a plea of guilty to 18 U S C Section 1957, namely  that in December, 1996 the claimant purchased a GMAC truck with proceeds derived from an illegal gambling business  Pursuant to said Plea Agreement, the claimant taxpayer agreed to cooperate fully with the government and testify truthfully whenever called upon to do so  which the claimant taxpayer in fact did  The Plea Agreement provided among other things that "statements made in connection with and relevant to said plea or offer to plead  shall not be admissible in any civil or criminal proceedings against the defendant '  The Internal Revenue Service was involved with all civil and criminal proceedings as well as the Plea Agreement  The Internal Revenue Service has now assessed this wagering excise tax based upon claimant taxpayer's own trial and deposition testimony in direct violation of said Plea Agreement  The assessment is prohibited under the claimant taxpayer s Plea Agreement in that (a) the government used claimant taxpayer's trial and deposition testimony to assess this wagering excise tax in direct contravention of the Plea Agreement  and (b) the Plea Agreement was a global civil and criminal settlement agreement, involving civil forfeiture of monies and property by the claimant taxpayer  and no assessment of wagering excise tax by the Internal Revenue Service should be allowed in any event

2    The date of payment of the wagering excise tax is December 13, 2004  and the amount of the wagering excise tax paid is $100  [The total excise wagering tax assessed by the Internal Revenue Service for such month is $46,995 49, but no specific breakdown per alleged wager has been provided by the government to the claimant taxpayer  therefore  this $100 payment is payment of the estimated wagering excise tax on one or more alleged wagers for that month ]

3    No previous claim covering the amount involved, or any part, has been filed

4    The claimant has not collected (whether as a separate charge or otherwise) the amount of the wagering excise tax from the person that allegedly placed the wager on which the government's estimated wagering excise tax was imposed

**TIM REEVES**
177 CAMPBELLTON HWY
DOTHAN AL 36301

1641

61 376/621
D

Date 12|13|0¥

Pay to the
Order of _Internal Revenue Service_ | $ _100_ CU

_One Hundred & 00/100_ ————— Dollars

**D** FIRST
BANK of
DOTHAN

For _November 1994 executor_

⑆ ⬛⬛⬛ 376 7⑆: ⬛⬛⬛ 63 98⑆ 1641

| Form **8849**<br>(Rev January 2003) | Department of the Treasury—Internal Revenue Service<br>**Claim for Refund of Excise Taxes** | OMB No 1545 1420 |
|---|---|---|

Print clearly Leave a blank box between words

**Name of claimant**
T I M O T H Y   J O E   R E E V E S

**Employer identification number (EIN)**
0 9 0 9

**Address (number street, room or suite no.)**
1 0 7 5   M A L V E R N   R O A D

**Social security number (SSN)**
6 0 3 3

**City and state or province If you have a foreign address see page 2**
D O T H A N   A L A B A M A

**ZIP code**
3 6 3 0 1

**Foreign country If applicable Do not abbreviate**

**Month claimant s income tax year ends**
1 2

**Daytime telephone number (optional)**

**Caution** *Do not use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on Schedule C (Form 720), Claims Form 4136, Credit for Federal Tax Paid on Fuels, Form 2290, Heavy Highway Vehicle Use Tax Return or Form 730, Monthly Tax Return On Wagers*

### Schedules Attached

Check (✓) the appropriate box(es) for the schedule(s) you attach to Form 8849 Only attach the schedules on which you are claiming a refund Schedules 2, 3, 5, and section 4091(d) claims on Schedule 6 cannot be filed with any other schedules on Form 8849 *File each of these schedules with a separate Form 8849*

| | | |
|---|---|---|
| Schedule 1 | Nontaxable Use of Fuels | ☐ |
| Schedule 2 | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene | ☐ |
| Schedule 3 | Gasohol Blending | ☐ |
| Schedule 4 | Sales by Gasoline Wholesale Distributors | ☐ |
| Schedule 5 | Section 4081(e) Claims | ☐ |
| Schedule 6 | Other Claims | ☒ |

Under penalties of perjury I declare (1) that I have examined this claim including accompanying schedules and statements and to the best of my knowledge and belief it is true correct, and complete and (2) that amounts claimed on this form have not been and will not be claimed on any other form

**Sign Here**

Signature and title (if applicable)

T i m o t h y   J o e   R e e v e s

Type or print your name below signature

Date 12 13 04

For Privacy Act and Paperwork Reduction Act Notice see instructions    Cat No 20027J    Form **8849** (Rev 1 2003)

| Schedule 6 (Form 8849) (Rev January 2003) | Department of the Treasury—Internal Revenue Service **Other Claims** ► Attach to Form 8849 | | OMB No 1545 1420 |
|---|---|---|---|
| Name as shown on Form 8849  Timothy Joe Reeves | | EIN or SSN  ████ - 6033 | Total refund (total of lines 1-5)  $ 100.00 |

Enter the earliest and latest dates of the events included in this claim  Enter in MMDDYYYY format

Earliest date ► 12011994          Latest date ► 12311994

Claimant's registration number for Section 4091(d) claims ► _____

| Tax | Amount of refund | | CRN |
|---|---|---|---|
| 1  Wagering Excise Tax (Section 4401) | $ 100 | 00 | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

Use the space below for an explanation of each tax claimed

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim, and has the required supporting evidence

The tax claimed is for wagering excise tax normally reported on Form 730.

## Instructions

*Section references are to the Internal Revenue Code unless otherwise noted*

**Purpose of schedule**  Use Schedule 6 for claims not reportable on Schedules 1–5  including refunds of excise taxes reported on

• **Form 720,** Quarterly Federal Excise Tax Return  including section 4091(d) claims

• **Form 2290,** Heavy Highway Vehicle Use Tax Return

• **Form 730** Monthly Tax Return for Wagers, and

• **Form 11-C,** Occupational Tax and Registration Return for Wagering

**Caution**  Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters  Use Form 720X, Amended Quarterly Federal Excise Tax Return  Also do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730

**Claim requirements**  Generally  a claim must be filed within 3 years of the filing of the return to which the claim relates  or 2 years from when the tax reported on that return was paid  whichever is later

**How to file**  Attach Schedule 6 to Form 8849  Mail it to the IRS at the address under Where To File in the Form 8849 Instructions  If you are filing a Section 4091(d) claim  write "Section 4091(d)" at the top of Form 8849 and on the envelope  If you attach additional sheets  write your name and taxpayer identification number on each sheet

For Privacy Act and Paperwork Reduction Act Notice, see Form 8849 instructions          Cat No 27454M          Schedule 6 (Form 8849) (Rev 1 2003)

**ATTACHMENT TO SCHEDULE 6 (FORM 8849)**

1    The Internal Revenue Service has assessed a wagering excise tax, including penalty and interest, against the claimant taxpayer for the month of December, 1994, for football bookmaking wagering activity for such month  The claimant taxpayer entered into a Plea Agreement with the United States on October 14, 1999, and entered a plea of guilty to 18 U S C  Section 1957, namely, that in December, 1996, the claimant purchased a GMAC truck with proceeds derived from an illegal gambling business  Pursuant to said Plea Agreement, the claimant taxpayer agreed to cooperate fully with the government and testify truthfully whenever called upon to do so, which the claimant taxpayer in fact did  The Plea Agreement provided among other things that "statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant"  The Internal Revenue Service was involved with all civil and criminal proceedings as well as the Plea Agreement  The Internal Revenue Service has now assessed this wagering excise tax based upon claimant taxpayer's own trial and deposition testimony in direct violation of said Plea Agreement  The assessment is prohibited under the claimant taxpayer's Plea Agreement in that (a) the government used claimant taxpayer's trial and deposition testimony to assess this wagering excise tax in direct contravention of the Plea Agreement, and (b) the Plea Agreement was a global civil and criminal settlement agreement, involving civil forfeiture of monies and property by the claimant taxpayer, and no assessment of wagering excise tax by the Internal Revenue Service should be allowed in any event

2    The date of payment of the wagering excise tax is December 13, 2004, and the amount of the wagering excise tax paid is $100  [The total excise wagering tax assessed by the Internal Revenue Service for such month is $48 562 00, but no specific breakdown per alleged wager has been provided by the government to the claimant taxpayer, therefore, this $100 payment is payment of the estimated wagering excise tax on one or more alleged wagers for that month ]

3    No previous claim covering the amount involved, or any part, has been filed

4    The claimant has not collected (whether as a separate charge or otherwise) the amount of the wagering excise tax from the person that allegedly placed the wager on which the government's estimated wagering excise tax was imposed



Form **8849**
(Rev. January 2003)

Department of the Treasury—Internal Revenue Service

# Claim for Refund of Excise Taxes

OMB No. 1545 1420

Print clearly. Leave a blank box between words.

Name of claimant

| T | I | M | O | T | H | Y | | J | O | E | | R | E | E | V | E | S | | | | | | | |

Employer Identification number (EIN)

| ███████████ | 0 | 9 | 0 | 9 |

Address (number, street, room or suite no.)

| 1 | 0 | 7 | 5 | | M | A | L | V | E | R | N | | R | O | A | D | | | | | | | | |

Social security number (SSN)

| ████████ | 6 | 0 | 3 | 3 |

City and state or province. If you have a foreign address, see page 2

| D | O | T | H | A | N | | A | L | A | B | A | M | A | | | | | | | | | | | |

ZIP code

| 3 | 6 | 3 | 0 | 1 |

Month claimant's income tax year ends

| 1 | 2 |

Foreign country if applicable. Do not abbreviate

Daytime telephone number (optional)

**Caution** *Do not use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on Schedule C (Form 720), Claims Form 4136, Credit for Federal Tax Paid on Fuels, Form 2290, Heavy Highway Vehicle Use Tax Return, or Form 730, Monthly Tax Return On Wagers*

## Schedules Attached

Check (✓) the appropriate box(es) for the schedule(s) you attach to Form 8849 Only attach the schedules on which you are claiming a refund Schedules 2, 3, 5, and section 4091(d) claims on Schedule 6 cannot be filed with any other schedules on Form 8849 File each of these schedules with a separate Form 8849

| | | |
|---|---|---|
| Schedule 1 | Nontaxable Use of Fuels | ☐ |
| Schedule 2 | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene | ☐ |
| Schedule 3 | Gasohol Blending | ☐ |
| Schedule 4 | Sales by Gasoline Wholesale Distributors | ☐ |
| Schedule 5 | Section 4081(e) Claims | ☐ |
| Schedule 6 | Other Claims | ☒ |

**Sign Here**

Under penalties of perjury I declare (,) that I have examined this claim including accompanying schedules and statements and to the best of my knowledge and belief it is true correct, and complete and (2) that amounts claimed on this form have not been and will not be claimed on any other form

Signature and title (if applicable)    *Timothy Joe Reeves*

Date  12 13 04

Type or print your name below signature

For Privacy Act and Paperwork Reduction Act Notice see instructions          Cat No 20027J          Form **8849** (Rev 1 2003)

**Schedule 6**
**(Form 8849)**
(Rev January 2003)

Department of the Treasury—Internal Revenue Service
**Other Claims**
► Attach to Form 8849

OMB No 1545 1420

| Name as shown on Form 8849  Timothy Joe Reeves | EIN c SSN  6033 | Total refund (total of lines 1–5)  $ 100.00 |
|---|---|---|

Enter the earliest and latest dates of the events included in this claim  Enter in MMDDYYYY format

Earliest date ►  01011995     Latest date ►  01311995

Claimant's registration number for Section 4091(d) claims ► _____

| Tax | Amount of refund | | CRN |
|---|---|---|---|
| 1  Wagering Excise Tax (Section 4401) | $  100 | 00 | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

Use the space below for an explanation of each tax claimed

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax-excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim, and has the required supporting evidence

The tax claimed is for wagering excise tax normally reported on Form 730.

## Instructions

Section references are to the Internal Revenue Code unless otherwise noted

Purpose of schedule  Use Schedule 6 for claims not reportable on Schedules 1–5 including refunds of excise taxes reported on
• Form 720, Quarterly Federal Excise Tax Return, including section 4091(d) claims
• Form 2290, Heavy Highway Vehicle Use Tax Return,
• Form 730, Monthly Tax Return for Wagers, and
• Form 11-C, Occupational Tax and Registration Return for Wagering

Caution  Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters  Use Form 720X, Amended Quarterly Federal Excise Tax Return  Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730

Claim requirements  Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates  or 2 years from when the tax reported on that return was paid  whichever is later

How to file  Attach Schedule 6 to Form 8849  Mail it to the IRS at the address under Where To File in the Form 8849 Instructions  If you are filing a Section 4091(d) claim  write "Section 4091(d)" at the top of Form 8849 and on the envelope  If you attach additional sheets  write your name and taxpayer identification number on each sheet

For Privacy Act and Paperwork Reduction Act Notice, see Form 8849 instructions     Ca. No 27454M     Schedule 6 (Form 8849) (Rev  1 2003)

## ATTACHMENT TO SCHEDULE 6 (FORM 8849)

1    The Internal Revenue Service has assessed a wagering excise tax, including penalty and interest, against the claimant taxpayer for the month of January, 1995, for football bookmaking wagering activity for such month  The claimant taxpayer entered into a Plea Agreement with the United States on October 14, 1999, and entered a plea of guilty to 18 U S C  Section 1957, namely, that in December, 1996, the claimant purchased a GMAC truck with proceeds derived from an illegal gambling business  Pursuant to said Plea Agreement, the claimant taxpayer agreed to cooperate fully with the government and testify truthfully whenever called upon to do so, which the claimant taxpayer in fact did  The Plea Agreement provided among other things that ' statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant"  The Internal Revenue Service was involved with all civil and criminal proceedings as well as the Plea Agreement  The Internal Revenue Service has now assessed this wagering excise tax based upon claimant taxpayer's own trial and deposition testimony in direct violation of said Plea Agreement  The assessment is prohibited under the claimant taxpayer's Plea Agreement in that (a) the government used claimant taxpayer's trial and deposition testimony to assess this wagering excise tax in direct contravention of the Plea Agreement, and (b) the Plea Agreement was a global civil and criminal settlement agreement, involving civil forfeiture of monies and property by the claimant taxpayer, and no assessment of wagering excise tax by the Internal Revenue Service should be allowed in any event

2    The date of payment of the wagering excise tax is December 13, 2004, and the amount of the wagering excise tax paid is $100  [The total excise wagering tax assessed by the Internal Revenue Service for such month is $32,896 84, but no specific breakdown per alleged wager has been provided by the government to the claimant taxpayer, therefore  this $100 payment is payment of the estimated wagering excise tax on one or more alleged wagers for that month ]

3    No previous claim covering the amount involved, or any part, has been filed

4    The claimant has not collected (whether as a separate charge or otherwise) the amount of the wagering excise tax from the person that allegedly placed the wager on which the government's estimated wagering excise tax was imposed

**TIM REEVES**
177 CAMPBELLTON HWY
DOTHAN, AL 36301

1770

61-376/621

Date 12/13/04

Pay to the Order of _Internal Revenue Service_    $ 100

_One Hund & 00/100_    Dollars

**D FIRST BANK of DOTHAN**

For January 1995 crum tax

Form **8849**
(Rev January 2003)

Department of the Treasury—Internal Revenue Service

## Claim for Refund of Excise Taxes

OMB No 1545 1420

Print clearly Leave a blank box between words

**Name of claimant**

| T | I | M | O | T | H | Y | | J | O | E | | R | E | E | V | E | S | | | | | | | | | |

**Employer Identification number (EIN)**

| | | | | | 0 | 9 | 0 | 9 |

**Address** (number street, room or suite no.)

| 1 | O | 7 | 5 | | M | A | L | V | E | R | N | | R | O | A | D | | | | | | | | | | |

**Social security number (SSN)**

| | | | | 6 | 0 | 3 | 3 |

**City and state or province If you have a foreign address see page 2**

| D | O | T | H | A | N | | A | L | A | B | A | M | A | | | | | | | | | | | | | |

**ZIP code**

| 3 | 6 | 3 | 0 | 1 | | |

Month claimant's income
tax year ends

| 1 | 2 |

**Foreign country If applicable Do not abbreviate**

**Daytime telephone number (optional)**

**Caution** *Do not use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on Schedule C (Form 720), Claims Form 4136, Credit for Federal Tax Paid on Fuels Form 2290, Heavy Highway Vehicle Use Tax Return, or Form 730, Monthly Tax Return On Wages*

## Schedules Attached

Check (✓) the appropriate box(es) for the schedule(s) you attach to Form 8849 Only attach the schedules on which you are claiming a refund Schedules 2, 3 5 and section 4091(d) claims on Schedule 6 cannot be filed with any other schedules on Form 8849 File each of these schedules with a separate Form 8849

| | | |
|---|---|---|
| Schedule 1 | Nontaxable Use of Fuels | ☐ |
| Schedule 2 | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene | ☐ |
| Schedule 3 | Gasohol Blending | ☐ |
| Schedule 4 | Sales by Gasoline Wholesale Distributors | ☐ |
| Schedule 5 | Section 4081(e) Claims | ☐ |
| Schedule 6 | Other Claims | ☒ |

**Sign Here**

Under penalties of perjury I declare (1) that I have examined this claim including accompanying schedules and statements and to the best of my knowledge and belief it is true correct and complete and (2) that amounts claimed on this form have not been and will not be claimed on any other form

Signature and title (if applicable)

*Timothy Joe Reeves*

Date  12|13|04

Type or print your name below signature

For Privacy Act and Paperwork Reduction Act Notice see instructions    Cat No 20027J    Form **8849** (Rev 1 2003)

**Schedule 6**
**(Form 8849)**
(Rev January 2003)

Department of the Treasury—Internal Revenue Service

**Other Claims**
► Attach to Form 8849

OMB No 1545 1420

| Name as shown on Form 8849 | EIN or SSN | Total refund (total of Lines 1–5) |
|---|---|---|
| Timothy Joe Reeves | ▬▬▬ 6033 | $ 100.00 |

Enter the earliest and latest dates of the events included in this claim  Enter in MMDDYYYY format

Earliest date ► 09011995        Latest date ► 09301995

Claimant's registration number for Section 4091(d) claims ► _____

| Tax | Amount of refund | | CRN |
|---|---|---|---|
| 1  Wagering Excise Tax (Section 4401) | $  100 | 00 | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

Use the space below for an explanation of each tax claimed

For claims under section 5416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim and has the required supporting evidence

The tax claimed is for wagering excise tax normally reported on Form 730.

# Instructions

*Section references are to the Internal Revenue Code unless otherwise noted*

**Purpose of schedule** Use Schedule 6 for claims not reportable on Schedules 1–5 Including refunds of excise taxes reported on
• **Form 720**, Quarterly Federal Excise Tax Return, including section 4091(d) claims,
• **Form 2290**, Heavy Highway Vehicle Use Tax Return
• **Form 730**, Monthly Tax Return for Wagers  and
• **Form 11 C**, Occupational Tax and Registration Return for Wagering

**Caution**  *Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters  Use Form 720X, Amended Quarterly Federal Excise Tax Return  Also  do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730*

**Claim requirements**  Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates  or 2 years from when the tax reported on that return was paid  whichever is later

**How to file**  Attach Schedule 6 to Form 8849  Mail it to the IRS at the address under Where To File in the Form 8849 Instructions  If you are filing a Section 4091(d) claim  write "Section 4091(d)" at the top of Form 8849 and on the envelope  If you attach additional sheets  write your name and taxpayer identification number on each sheet

## ATTACHMENT TO SCHEDULE 6 (FORM 8849)

1.   The Internal Revenue Service has assessed a wagering excise tax, including penalty and interest, against the claimant taxpayer for the month of September, 1995, for football bookmaking wagering activity for such month  The claimant taxpayer entered into a Plea Agreement with the United States on October 14, 1999, and entered a plea of guilty to 18 U S C  Section 1957, namely, that in December, 1996, the claimant purchased a GMAC truck with proceeds derived from an illegal gambling business  Pursuant to said Plea Agreement, the claimant taxpayer agreed to cooperate fully with the government and testify truthfully whenever called upon to do so, which the claimant taxpayer in fact did  The Plea Agreement provided among other things that "statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant"  The Internal Revenue Service was involved with all civil and criminal proceedings as well as the Plea Agreement  The Internal Revenue Service has now assessed this wagering excise tax based upon claimant taxpayer's own trial and deposition testimony in direct violation of said Plea Agreement  The assessment is prohibited under the claimant taxpayer s Plea Agreement in that (a) the government used claimant taxpayer's trial and deposition testimony to assess this wagering excise tax in direct contravention of the Plea Agreement, and (b) the Plea Agreement was a global civil and criminal settlement agreement, involving civil forfeiture of monies and property by the claimant taxpayer, and no assessment of wagering excise tax by the Internal Revenue Service should be allowed in any event

2   The date of payment of the wagering excise tax is December 13, 2004, and the amount of the wagering excise tax paid is $100  [The total excise wagering tax assessed by the Internal Revenue Service for such month is $23,497 74, but no specific breakdown per alleged wager has been provided by the government to the claimant taxpayer, therefore, this $100 payment is payment of the estimated wagering excise tax on one or more alleged wagers for that month ]

3   No previous claim covering the amount involved, or any part  has been filed

4   The claimant has not collected (whether as a separate charge or otherwise) the amount of the wagering excise tax from the person that allegedly placed the wager on which the government s estimated wagering excise tax was imposed

**TIM REEVES**
177 CAMPBELLTON HWY
DOTHAN AL 36301

1771

61-3/61621
0

Date 12/13/04

Pay to the
Order of _Internal Revenue Service_    | $ 100

_One Hund + 00/100_ _____ Dollars

**FIRST
BANK of
DOTHAN**

For _September 1995 excise tax_

⑈:⬛⬛⬛3767⑈: ⬛⬛63 98⑈ 1771

Form **8849**
(Rev. January 2003)

Department of the Treasury—Internal Revenue Service

## Claim for Refund of Excise Taxes

OMB No 1545-1420

Print clearly  Leave a blank box between words

Name of claimant

| T | I | M | O | T | H | Y | | J | O | E | | R | E | E | V | E | S | | | | | | | | | |

Employer identification number (EIN)

|  |  |  |  |  | 0 | 9 | 0 | 9 |

Address (number, street, room or suite no.)

| 1 | 0 | 7 | 5 | | M | A | L | V | E | R | N | | R | O | A | D | | | | | | | | | | |

Social security number (SSN)

|  |  |  |  | 6 | 0 | 3 | 3 |

City and state or province  If you have a foreign address, see page 2

| D | O | T | H | A | N | | A | L | A | B | A | M | A | | | | | | | | | |

ZIP code

| 3 | 6 | 3 | 0 | 1 |

Foreign country if applicable  Do not abbreviate

Month claimant's income tax year ends

| 1 | 2 |

Daytime telephone number (optional)

**Caution**  Do not use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on Schedule C (Form 720), Claims  Form 4136, Credit for Federal Tax Paid on Fuels  Form 2290, Heavy Highway Vehicle Use Tax Return  or Form 730, Monthly Tax Return On Wagers

### Schedules Attached

Check (✓) the appropriate box(es) for the schedule(s) you attach to Form 8849  Only attach the schedules on which you are claiming a refund  Schedules 2  3  5  and section 4091(d) claims on Schedule 6 cannot be filed with any other schedules on Form 8849  File each of these schedules with a separate Form 8849

| | | |
|---|---|---|
| Schedule 1 | Nontaxable Use of Fuels | ☐ |
| Schedule 2 | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene | ☐ |
| Schedule 3 | Gasohol Blending | ☐ |
| Schedule 4 | Sales by Gasoline Wholesale Distributors | ☐ |
| Schedule 5 | Section 4081(e) Claims | ☐ |
| Schedule 6 | Other Claims | ☒ |

Under penalties of perjury  I declare (1) that I have examined this claim  including accompanying schedules and statements  and to the best of my knowledge and belief it is true  correct  and complete, and (2) that amounts claimed on this form have not been, and will not be  claimed on any other form

**Sign Here**

Signature and title (if applicable)    *T. mothy Joe Reeves*    Date 12/13/04

Type or print your name below signature

For Privacy Act and Paperwork Reduction Act Notice, see instructions

Cat No 20027J

Form **8849** (Rev 1 2003)

**Schedule 6**
**(Form 8849)**
(Rev. January 2003)

Department of the Treasury—Internal Revenue Service
**Other Claims**
▶ Attach to Form 8849

OMB No. 1545-1420

| Name as shown on Form 8849 | EIN or SSN | Total refund (total of lines 1–5) |
|---|---|---|
| Timothy Joe Reeves | ▓▓▓▓ 6033 | $ 100. 00 |

Enter the earliest and latest dates of the events included in this claim. Enter in MMDDYYYY format

Earliest date ▶ 10011995      Latest date ▶ 10311995

Claimant's registration number for Section 4091(d) claims ▶ _____

| Tax | Amount of refund | | CRN |
|---|---|---|---|
| 1  Wagering Excise Tax (Section 4401) | $ 100 | 00 | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

Use the space below for an explanation of each tax claimed

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax-excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim, and has the required supporting evidence

The tax claimed is for wagering excise tax normally reported on Form 730.

# Instructions

*Section references are to the Internal Revenue Code unless otherwise noted*

**Purpose of schedule** Use Schedule 6 for claims not reportable on Schedules 1–5 including refunds of excise taxes reported on

• **Form 720,** Quarterly Federal Excise Tax Return, including section 4091(d) claims

• **Form 2290,** Heavy Highway Vehicle Use Tax Return

• **Form 730,** Monthly Tax Return for Wagers  and

• **Form 11-C,** Occupational Tax and Registration Return for Wagering

**Caution**  Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters  Use Form 720X, Amended Quarterly Federal Excise Tax Return  Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730

**Claim requirements**  Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates, or 2 years from when the tax reported on that return was paid  whichever is later

**How to file**  Attach Schedule 6 to Form 8849  Mail it to the IRS at the address under Where To File in the Form 8849 Instructions  If you are filing a Section 4091(d) claim write "Section 4091(d)" at the top of Form 8849 and on the envelope  If you attach additional sheets  write your name and taxpayer identification number on each sheet

For Privacy Act and Paperwork Reduction Act Notice, see Form 8849 instructions     Cat No 27454M     Schedule 6 (Form 8849) (Rev 1 2003)

## ATTACHMENT TO SCHEDULE 6 (FORM 8849)

1.   The Internal Revenue Service has assessed a wagering excise tax, including penalty and interest, against the claimant taxpayer for the month of October, 1995, for football bookmaking wagering activity for such month  The claimant taxpayer entered into a Plea Agreement with the United States on October 14, 1999, and entered a plea of guilty to 18 U S C  Section 1957, namely, that in December, 1996, the claimant purchased a GMAC truck with proceeds derived from an illegal gambling business  Pursuant to said Plea Agreement, the claimant taxpayer agreed to cooperate fully with the government and testify truthfully whenever called upon to do so, which the claimant taxpayer in fact did  The Plea Agreement provided among other things that "statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant"  The Internal Revenue Service was involved with all civil and criminal proceedings as well as the Plea Agreement  The Internal Revenue Service has now assessed this wagering excise tax based upon claimant taxpayer's own trial and deposition testimony in direct violation of said Plea Agreement  The assessment is prohibited under the claimant taxpayer's Plea Agreement in that (a) the government used claimant taxpayer's trial and deposition testimony to assess this wagering excise tax in direct contravention of the Plea Agreement, and (b) the Plea Agreement was a global civil and criminal settlement agreement, involving civil forfeiture of monies and property by the claimant taxpayer, and no assessment of wagering excise tax by the Internal Revenue Service should be allowed in any event

2.   The date of payment of the wagering excise tax is December 13, 2004, and the amount of the wagering excise tax paid is $100  [The total excise wagering tax assessed by the Internal Revenue Service for such month is $48,562 00, but no specific breakdown per alleged wager has been provided by the government to the claimant taxpayer, therefore  this $100 payment is payment of the estimated wagering excise tax on one or more alleged wagers for that month ]

3    No previous claim covering the amount involved, or any part, has been filed

4    The claimant has not collected (whether as a separate charge or otherwise) the amount of the wagering excise tax from the person that allegedly placed the wager on which the government's estimated wagering excise tax was imposed

1772

**TIM REEVES**
177 CAMPBELLTON HWY
DOTHAN, AL 36301

61-376/621

Date 12/3/04

Pay to the
Order of _Internal Revenue Service_    $ 100 00

_One Hundred + 00/100_    Dollars

**D** FIRST
BANK of
DOTHAN

For _October 1995 excise tax_

Form **8849**
(Rev. January 2003)

Department of the Treasury—Internal Revenue Service

## Claim for Refund of Excise Taxes

OMB No. 1545-1420

Print clearly. Leave a blank box between words.

**Name of claimant**

T I M O T H Y   J O E   R E E V E S

**Employer identification number (EIN)**

[ ][ ][ ] 0 9 0 9

**Address (number, street, room or suite no.)**

1 0 7 5   M A L V E R N   R O A D

**Social security number (SSN)**

[ ][ ][ ] 6 0 3 3

**City and state or province. If you have a foreign address, see page 2.**

D O T H A N   A L A B A M A

**ZIP code**

3 6 3 0 1

**Foreign country. If applicable. Do not abbreviate.**

**Month claimant's income tax year ends**

1 2

**Daytime telephone number (optional)**

**Caution** *Do not use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on Schedule C (Form 720), Claims Form 4136, Credit for Federal Tax Paid on Fuels, Form 2290, Heavy Highway Vehicle Use Tax Return, or Form 730, Monthly Tax Return On Wagers*

### Schedules Attached

Check (✓) the appropriate box(es) for the schedule(s) you attach to Form 8849. Only attach the schedules on which you are claiming a refund. Schedules 2, 3, 5, and section 4091(d) claims on Schedule 6 cannot be filed with any other schedules on Form 8849. File each of these schedules with a separate Form 8849

| | | |
|---|---|---|
| Schedule 1 | Nontaxable Use of Fuels | ☐ |
| Schedule 2 | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene | ☐ |
| Schedule 3 | Gasohol Blending | ☐ |
| Schedule 4 | Sales by Gasoline Wholesale Distributors | ☐ |
| Schedule 5 | Section 4081(e) Claims | ☐ |
| Schedule 6 | Other Claims | ☒ |

**Sign Here**

Under penalties of perjury I declare (1) that I have examined this claim including accompanying schedules and statements and to the best of my knowledge and belief it is true, correct, and complete, and (2) that amounts claimed on this form have not been and will not be claimed on any other form

Signature and title (if applicable)    Date  12 13 04

*Timothy Joe Reeves*

Type or print your name below signature

For Privacy Act and Paperwork Reduction Act Notice, see instructions.    Cat. No. 20027J    Form **8849** (Rev. 1-2003)

| Schedule 6 (Form 8849) (Rev January 2003) | Department of the Treasury—Internal Revenue Service<br>**Other Claims**<br>► Attach to Form 8849 | | OMB No 1545 1420 |
|---|---|---|---|
| Name as shown on Form 8849<br>Timothy Joe Reeves | | EIN or SSN<br>⬛⬛⬛ - 6033 | Total refund (total of lines 1–5)<br>$ 100. 00 |

Enter the earliest and latest dates of the events included in this claim  Enter in MMDDYYYY format

Earliest date ►  11011995          Latest date ►  11301995

Claimant's registration number for Section 4091(d) claims ►  _____

| Tax | Amount of refund | | CRN |
|---|---|---|---|
| 1  Wagering Excise Tax (Section 4401) | $  100 | 00 | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

Use the space below for an explanation of each tax claimed

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax-excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim  and has the required supporting evidence

The tax claimed is for wagering excise tax normally reported on Form 730.

## Instructions

Section references are to the Internal Revenue Code unless otherwise noted

**Purpose of schedule**  Use Schedule 6 for claims not reportable on Schedules 1–5  including refunds of excise taxes reported on

• **Form 720**, Quarterly Federal Excise Tax Return, including section 4091(d) claims,

• **Form 2290**, Heavy Highway Vehicle Use Tax Return

• **Form 730**, Monthly Tax Return for Wagers, and

• **Form 11-C**, Occupational Tax and Registration Return for Wagering

**Caution**  Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters  Use Form 720X, Amended Quarterly Federal Excise Tax Return  Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730

**Claim requirements**  Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates, or 2 years from when the tax reported on that return was paid whichever is later

**How to file**  Attach Schedule 6 to Form 8849  Mail it to the IRS at the address under Where To File in the Form 8849 instructions  If you are filing a Section 4091(d) claim, write "Section 4091(d)" at the top of Form 8849 and on the envelope  If you attach additional sheets, write your name and taxpayer identification number on each sheet

## ATTACHMENT TO SCHEDULE 6 (FORM 8849)

1.   The Internal Revenue Service has assessed a wagering excise tax, including penalty and interest, against the claimant taxpayer for the month of November, 1995, for football bookmaking wagering activity for such month  The claimant taxpayer entered into a Plea Agreement with the United States on October 14, 1999, and entered a plea of guilty to 18 U S C  Section 1957, namely, that in December, 1996, the claimant purchased a GMAC truck with proceeds derived from an illegal gambling business  Pursuant to said Plea Agreement, the claimant taxpayer agreed to cooperate fully with the government and testify truthfully whenever called upon to do so, which the claimant taxpayer in fact did  The Plea Agreement provided among other things that "statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant"  The Internal Revenue Service was involved with all civil and criminal proceedings as well as the Plea Agreement  The Internal Revenue Service has now assessed this wagering excise tax based upon claimant taxpayer's own trial and deposition testimony in direct violation of said Plea Agreement  The assessment is prohibited under the claimant taxpayer's Plea Agreement in that (a) the government used claimant taxpayer's trial and deposition testimony to assess this wagering excise tax in direct contravention of the Plea Agreement, and (b) the Plea Agreement was a global civil and criminal settlement agreement, involving civil forfeiture of monies and property by the claimant taxpayer, and no assessment of wagering excise tax by the Internal Revenue Service should be allowed in any event

2     The date of payment of the wagering excise tax is December 13, 2004, and the amount of the wagering excise tax paid is $100  [The total excise wagering tax assessed by the Internal Revenue Service for such month is $46,995 49, but no specific breakdown per alleged wager has been provided by the government to the claimant taxpayer, therefore  this $100 payment is payment of the estimated wagering excise tax on one or more alleged wagers for that month ]

3     No previous claim covering the amount involved, or any part, has been filed

4     The claimant has not collected (whether as a separate charge or otherwise) the amount of the wagering excise tax from the person that allegedly placed the wager on which the government's estimated wagering excise tax was imposed

**TIM REEVES**
177 CAMPBELLTON HWY
DOTHAN AL 36301

1773

51-376/621

Date 12/13/04

Pay to the
Order of _Internal Revenue Service_ | $ 100

_One Hundred & 00/100_ ———— Dollars

**FIRST BANK of DOTHAN**

For _November 1995 excise tax_

Form **8849**
(Rev January 2003)

Department of the Treasury—Internal Revenue Service

## Claim for Refund of Excise Taxes

OMB No 1545 1420

Print clearly  Leave a blank box between words

Name of claimant

| T | I | M | O | T | H | Y | | J | O | E | | R | E | E | V | E | S | | | | | | | |

Employer Identification number (EIN)

| ▓ | ▓ | ▓ | ▓ | ▓ | 0 | 9 | 0 | 9 |

Address (number street, room or suite no.)

| 1 | 0 | 7 | 5 | | M | A | L | V | E | R | N | | R | O | A | D | | | | | | | | |

Social security number (SSN)

| ▓ | ▓ | ▓ | ▓ | ▓ | 6 | 0 | 3 | 3 |

City and state or province  If you have a foreign address, see page 2

| D | O | T | H | A | N | | A | L | A | B | A | M | A | | | | | | | | | | | |

ZIP code

| 3 | 6 | 3 | 0 | 1 | | | |

Foreign country  If applicable  Do not abbreviate

Month claimant s income tax year ends

| 1 | 2 |

Daytime telephone number (optional)

**Caution**  *Do not use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on Schedule C (Form 720), Claims, Form 4136, Credit for Federal Tax Paid on Fuels  Form 2290, Heavy Highway Vehicle Use Tax Return  or Form 730, Monthly Tax Return On Wages*

### Schedules Attached

Check (✓) the appropriate box(es) for the schedule(s) you attach to Form 8849  Only attach the schedules on which you are claiming a refund  Schedules 2, 3  5, and section 4091(c) claims on Schedule 6 cannot be filed with any other schedules on Form 8849  File each of these schedules with a separate Form 8849

| Schedule 1 | Nontaxable Use of Fuels | ☐ |
| Schedule 2 | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene | ☐ |
| Schedule 3 | Gasohol Blending | ☐ |
| Schedule 4 | Sales by Gasoline Wholesale Distributors | ☐ |
| Schedule 5 | Section 4081(e) Claims | ☐ |
| Schedule 6 | Other Claims | ☒ |

**Sign Here**

Under penalties of perjury  I declare (1) that I have examined this claim  including accompanying schedules and statements  and to the best of my knowledge and belief it is true  correct, and complete, and (2) that amounts claimed on this form have not been  and will not be  claimed on any other form.

Signature and title (if applicable)

Timothy Joe Reeves

Type or print your name below signature

Date  12/13/04

For Privacy Act and Paperwork Reduction Act Notice, see instructions

Cat No 20027J

Form **8849** (Rev 1 2003)

| Schedule 6 (Form 8849) (Rev January 2003) | Department of the Treasury—Internal Revenue Service **Other Claims** ▶ Attach to Form 8849 | | OMB No 1545 1420 |
|---|---|---|---|
| Name as shown on Form 8849 Timothy Joe Reeves | | EIN o SSN -6033 | Total refund (total of lines 1–5) $ 100.00 |

Enter the earliest and latest dates of the events included in this claim  Enter in MMDDYYYY format

Earliest date ▶ 12011995      Latest date ▶ 12311995

Claimant's registration number for Section 4091(d) claims ▶ _____

| | Tax | Amount of refund | | CRN |
|---|---|---|---|---|
| 1 | Wagering Excise Tax (Section 4401) | $ | 100 | 00 |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |

Use the space below for an explanation of each tax claimed

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim, and has the required supporting evidence

The tax claimed is for wagering excise tax normally reported on Form 730.

## Instructions

Section references are to the Internal Revenue Code unless otherwise noted

**Purpose of schedule** Use Schedule 6 for claims not reportable on Schedules 1–5, including refunds of excise taxes reported on

• **Form 720**, Quarterly Federal Excise Tax Return, including section 4091(d) claims,

• **Form 2290**, Heavy Highway Vehicle Use Tax Return

• **Form 730**, Monthly Tax Return for Wagers  and

• **Form 11 C** Occupational Tax and Registration Return for Wagering

**Caution**  Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters  Use Form 720X, Amended Quarterly Federal Excise Tax Return  Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730

**Claim requirements**  Generally a claim must be filed within 3 years of the filing of the return to which the claim relates  or 2 years from when the tax reported on that return was paid  whichever is later

**How to file**  Attach Schedule 6 to Form 8849  Mail it to the IRS at the address under Where To File in the Form 8849 Instructions  If you are filing a Section 4091(d) claim  write "Section 4091(d)" at the top of Form 8849 and on the envelope  If you attach additional sheets  write your name and taxpayer Identification number on each sheet

For Privacy Act and Paperwork Reduction Act Notice, see Form 8849 Instructions      Cat No 27454M      Schedule 6 (Form 8849) (Rev 1 2003)

## ATTACHMENT TO SCHEDULE 6 (FORM 8849)

1    The Internal Revenue Service has assessed a wagering excise tax, including penalty and interest, against the claimant taxpayer for the month of December, 1995, for football bookmaking wagering activity for such month  The claimant taxpayer entered into a Plea Agreement with the United States on October 14, 1999, and entered a plea of guilty to 18 U S C  Section 1957, namely  that in December  1996, the claimant purchased a GMAC truck with proceeds derived from an illegal gambling business  Pursuant to said Plea Agreement, the claimant taxpayer agreed to cooperate fully with the government and testify truthfully whenever called upon to do so, which the claimant taxpayer in fact did  The Plea Agreement provided among other things that "statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant"  The Internal Revenue Service was involved with all civil and criminal proceedings as well as the Plea Agreement  The Internal Revenue Service has now assessed this wagering excise tax based upon claimant taxpayer's own trial and deposition testimony in direct violation of said Plea Agreement  The assessment is prohibited under the claimant taxpayer's Plea Agreement in that (a) the government used claimant taxpayer's trial and deposition testimony to assess this wagering excise tax in direct contravention of the Plea Agreement, and (b) the Plea Agreement was a global civil and criminal settlement agreement, involving civil forfeiture of monies and property by the claimant taxpayer, and no assessment of wagering excise tax by the Internal Revenue Service should be allowed in any event

2    The date of payment of the wagering excise tax is December 13, 2004, and the amount of the wagering excise tax paid is $100  [The total excise wagering tax assessed by the Internal Revenue Service for such month is $48,562 00, but no specific breakdown per alleged wager has been provided by the government to the claimant taxpayer, therefore, this $100 payment is payment of the estimated wagering excise tax on one or more alleged wagers for that month ]

3.    No previous claim covering the amount involved, or any part, has been filed

4    The claimant has not collected (whether as a separate charge or otherwise) the amount of the wagering excise tax from the person that allegedly placed the wager on which the government's estimated wagering excise tax was imposed

**TIM REEVES**
177 CAMPBELLTON HWY
DOTHAN, AL 36301

1774

61 376/621
0

Date 12/13/04

Pay to the
Order of _Internal Revenue Service_ | $ 100 00

_One hundred & 00/00_ Dollars

**FIRST BANK of DOTHAN**

For _December 1995 excise tax_

⑃ 3 7 6 7 ⑃   63 98 1774

Form **8849**
(Rev January 2003)

Department of the Treasury—Internal Revenue Service

## Claim for Refund of Excise Taxes

OMB No 1545 1420

Print clearly  Leave a blank box between words

**Name of claimant**

| T | I | M | O | T | H | Y | | J | O | E | | R | E | E | V | E | S | | | | | |

**Employer Identification number (EIN)**

| ▮ | ▮ | ▮ | ▮ | ▮ | 0 | 9 | 0 | 9 |

**Address** (number street, room or suite no.)

| 1 | 0 | 7 | 5 | | M | A | L | V | E | R | N | | R | O | A | D | | | | | | |

**Social security number (SSN)**

| ▮ | ▮ | ▮ | L | 0 | 3 | 3 |

**City and state or province  If you have a foreign address  see page 2**

| D | O | T | H | A | N | | A | L | A | B | A | M | A | | | | | | | | | |

**ZIP code**

| 3 | 6 | 3 | 0 | 1 | | | | |

**Foreign country  If applicable  Do not abbreviate**

| | | | | | | | | | | | | | | | | | | | | | | |

**Month claimant's income tax year ends**

| 1 | 2 |

**Daytime telephone number** (optional)

| | | | | | | | | | |

**Caution**  *Do not use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on Schedule C (Form 720), Claims  Form 4136, Credit for Federal Tax Paid on Fuels  Form 2290, Heavy Highway Vehicle Use Tax Return, or Form 730, Monthly Tax Return On Wagers*

### Schedules Attached

Check (✓) the appropriate box(es) for the schedule(s) you attach to Form 8849  Only attach the schedules on which you are claiming a refund  Schedules 2, 3  5  and section 4091(d) claims on Schedule 6 cannot be filed with any other schedules on Form 8849  *File each of these schedules with a separate Form 8849*

| | | |
|---|---|---|
| Schedule 1 | Nontaxable Use of Fuels | ☐ |
| Schedule 2 | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene | ☐ |
| Schedule 3 | Gasohol Blending | ☐ |
| Schedule 4 | Sales by Gasoline Wholesale Distributors | ☐ |
| Schedule 5 | Section 4081(e) Claims | ☐ |
| Schedule 6 | Other Claims | ☒ |

**Sign Here**

Under penalties of perjury  I declare (1) that I have examined this claim  including accompanying schedules and statements  and to the best of my knowledge and belief  it is true, correct, and complete  and (2) that amounts claimed on this form have not been  and will not be  claimed on any other form

*Signature and title (if applicable)*  T. mothy Joe Reeves

Date  12 13 04

Type or print your name below signature

For Privacy Act and Paperwork Reduction Act Notice, see instructions

Cat No 20027J

Form **8849** (Rev 1 2003)

| Schedule 6 (Form 8849) (Rev January 2003) | Department of the Treasury—Internal Revenue Service **Other Claims** ► Attach to Form 8849 | | OMB No 1545 1420 |
|---|---|---|---|
| Name as shown on Form 8849 Timothy Joe Reeves | | EIN or SSN [illegible] 6033 | Total refund (total of lines 1–5) $ 100.00 |

Enter the earliest and latest dates of the events included in this claim  Enter in MMDDYYYY format

Earliest date ► 01011996    Latest date ► 01311996

Claimant's registration number for Section 4091(d) claims ► _____

| Tax | Amount of refund | | CRN |
|---|---|---|---|
| 1  Wagering Excise Tax (Section 4401) | $  100 | 00 | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

Use the space below for an explanation of each tax claimed

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes  claimant certifies that it sold the article at a tax excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim, and has the required supporting evidence

The tax claimed is for wagering excise tax normally reported on Form 730.

## Instructions

*Section references are to the Internal Revenue Code unless otherwise noted*

**Purpose of schedule**  Use Schedule 6 for claims not reportable on Schedules 1–5  including refunds of excise taxes reported on

• **Form 720,** Quarterly Federal Excise Tax Return  including section 4091(d) claims,

• **Form 2290,** Heavy Highway Vehicle Use Tax Return

• **Form 730,** Monthly Tax Return for Wagers, and

• **Form 11-C,** Occupational Tax and Registration Return for Wagering

**Caution**  *Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters  Use Form 720X, Amended Quarterly Federal Excise Tax Return  Also  do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730*

**Claim requirements**  Generally  a claim must be filed within 3 years of the filing of the return to which the claim relates, or 2 years from when the tax reported on that return was paid, whichever is later

**How to file**  Attach Schedule 6 to Form 8849  Mail it to the IRS at the address under Where To File in the Form 8849 instructions  If you are filing a Section 4091(d) claim, write "Section 4091(d)" at the top of Form 8849 and on the envelope  If you attach additional sheets  write your name and taxpayer identification number on each sheet

# ATTACHMENT TO SCHEDULE 6 (FORM 8849)

1.  The Internal Revenue Service has assessed a wagering excise tax, including penalty and interest, against the claimant taxpayer for the month of January, 1996, for football bookmaking wagering activity for such month  The claimant taxpayer entered into a Plea Agreement with the United States on October 14, 1999, and entered a plea of guilty to 18 U S C  Section 1957, namely, that in December, 1996, the claimant purchased a GMAC truck with proceeds derived from an illegal gambling business  Pursuant to said Plea Agreement, the claimant taxpayer agreed to cooperate fully with the government and testify truthfully whenever called upon to do so, which the claimant taxpayer in fact did  The Plea Agreement provided among other things that "statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant"  The Internal Revenue Service was involved with all civil and criminal proceedings as well as the Plea Agreement  The Internal Revenue Service has now assessed this wagering excise tax based upon claimant taxpayer's own trial and deposition testimony in direct violation of said Plea Agreement  The assessment is prohibited under the claimant taxpayer's Plea Agreement in that (a) the government used claimant taxpayer's trial and deposition testimony to assess this wagering excise tax in direct contravention of the Plea Agreement, and (b) the Plea Agreement was a global civil and criminal settlement agreement, involving civil forfeiture of monies and property by the claimant taxpayer, and no assessment of wagering excise tax by the Internal Revenue Service should be allowed in any event

2     The date of payment of the wagering excise tax is December 13, 2004, and the amount of the wagering excise tax paid is $100  [The total excise wagering tax assessed by the Internal Revenue Service for such month is $32,896 84, but no specific breakdown per alleged wager has been provided by the government to the claimant taxpayer, therefore, this $100 payment is payment of the estimated wagering excise tax on one or more alleged wagers for that month ]

3     No previous claim covering the amount involved, or any part, has been filed

4     The claimant has not collected (whether as a separate charge or otherwise) the amount of the wagering excise tax from the person that allegedly placed the wager on which the government's estimated wagering excise tax was imposed

**TIM REEVES**
177 CAMPBELLTON HWY
DOTHAN AL 36301

1775

61 375/621
0

Date 12/13/04

Pay to the
Order of _Internal Revenue Service_     | $ /00

_One Hund + 0/00_     Dollars

**FIRST BANK of DOTHAN**

For_January 1996 excise tax_

|: 3 7 6 7 |:     63 98 1775

Form **8849**
(Rev. January 2003)

Department of the Treasury—Internal Revenue Service

## Claim for Refund of Excise Taxes

OMB No. 1545-1420

Print clearly. Leave a blank box between words.

Name of claimant

`T I M O T H Y   J O E   R E E V E S`

Address (number, street, room or suite no.)

`1 0 7 5   M A L V E R N   R O A D`

City and state or province. If you have a foreign address, see page 2

`D O T H A N   A L A B A M A`

Foreign country. If applicable. Do not abbreviate.

Daytime telephone number (optional)

Employer identification number (EIN)

`[████] 0 9 0 9`

Social security number (SSN)

`[████] 6 0 3 3`

ZIP code

`3 6 3 0 1`

Month claimant's income tax year ends

`1 2`

**Caution** *Do not use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on Schedule C (Form 720), Claims, Form 4136, Credit for Federal Tax Paid on Fuels, Form 2290, Heavy Highway Vehicle Use Tax Return, or Form 730, Monthly Tax Return On Wagers*

### Schedules Attached

Check (✓) the appropriate box(es) for the schedule(s) you attach to Form 8849. Only attach the schedules on which you are claiming a refund. Schedules 2, 3, 5, and section 4091(d) claims on Schedule 6 cannot be filed with any other schedules on Form 8849. File each of these schedules with a separate Form 8849.

| | | |
|---|---|---|
| Schedule 1 | Nontaxable Use of Fuels | ☐ |
| Schedule 2 | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene | ☐ |
| Schedule 3 | Gasohol Blending | ☐ |
| Schedule 4 | Sales by Gasoline Wholesale Distributors | ☐ |
| Schedule 5 | Section 4081(e) Claims | ☐ |
| Schedule 6 | Other Claims | ☒ |

**Sign Here**

Under penalties of perjury, I declare (1) that I have examined this claim including accompanying schedules and statements and to the best of my knowledge and belief it is true, correct, and complete, and (2) that amounts claimed on this form have not been and will not be claimed on any other form.

Signature and title (if applicable)

*Timothy Joe Reeves*

Type or print your name below signature

Date: `12|13|04`

For Privacy Act and Paperwork Reduction Act Notice, see instructions.    Cat. No. 20027J    Form **8849** (Rev. 1-2003)

**Schedule 6**
**(Form 8849)**
(Rev. January 2003)

Department of the Treasury—Internal Revenue Service

**Other Claims**
► Attach to Form 8849

OMB No. 1545 1420

Name as shown on Form 8849:  Timothy Joe Reeves

EIN or SSN: _____6033

Total refund (total of lines 1–5): $ 100.00

Enter the earliest and latest dates of the events included in this claim. Enter in MMDDYYYY format

Earliest date ► 09011996      Latest date ► 09301996

Claimant's registration number for Section 4091(d) claims ► _____

| | Tax | Amount of refund | | CRN |
|---|---|---|---|---|
| 1 | Wagering Excise Tax (Section 4401) | $ 100 | 00 | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |

Use the space below for an explanation of each tax claimed

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim, and has the required supporting evidence

The tax claimed is for wagering excise tax normally reported on Form 730.

---

## Instructions

Section references are to the Internal Revenue Code unless otherwise noted

**Purpose of schedule** Use Schedule 6 for claims not reportable on Schedules 1–5 including refunds of excise taxes reported on

• Form 720, Quarterly Federal Excise Tax Return including section 4091(d) claims,
• Form 2290, Heavy Highway Vehicle Use Tax Return
• Form 730, Monthly Tax Return for Wagers, and
• Form 11-C, Occupational Tax and Registration Return for Wagering

**Caution** Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters Use Form 720X, Amended Quarterly Federal Excise Tax Return Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730

**Claim requirements** Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates, or 2 years from when the tax reported on that return was paid, whichever is later

**How to file** Attach Schedule 6 to Form 8849 Mail it to the IRS at the address under Where To File in the Form 8849 Instructions If you are filing a Section 4091(d) claim, write "Section 4091(d)" at the top of Form 8849 and on the envelope If you attach additional sheets write your name and taxpayer identification number on each sheet

For Privacy Act and Paperwork Reduction Act Notice, see Form 8849 instructions      Cat No 27454M      Schedule 6 (Form 8849) (Rev 1 2003)

## ATTACHMENT TO SCHEDULE 6 (FORM 8849)

1    The Internal Revenue Service has assessed a wagering excise tax, including penalty and interest, against the claimant taxpayer for the month of September, 1996, for football bookmaking wagering activity for such month  The claimant taxpayer entered into a Plea Agreement with the United States on October 14, 1999, and entered a plea of guilty to 18 U S C  Section 1957, namely, that in December, 1996, the claimant purchased a GMAC truck with proceeds derived from an illegal gambling business  Pursuant to said Plea Agreement, the claimant taxpayer agreed to cooperate fully with the government and testify truthfully whenever called upon to do so, which the claimant taxpayer in fact did  The Plea Agreement provided among other things that ' statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant"  The Internal Revenue Service was involved with all civil and criminal proceedings as well as the Plea Agreement  The Internal Revenue Service has now assessed this wagering excise tax based upon claimant taxpayer's own trial and deposition testimony in direct violation of said Plea Agreement  The assessment is prohibited under the claimant taxpayer's Plea Agreement in that (a) the government used claimant taxpayer's trial and deposition testimony to assess this wagering excise tax in direct contravention of the Plea Agreement, and (b) the Plea Agreement was a global civil and criminal settlement agreement, involving civil forfeiture of monies and property by the claimant taxpayer, and no assessment of wagering excise tax by the Internal Revenue Service should be allowed in any event

2.    The date of payment of the wagering excise tax is December 13, 2004, and the amount of the wagering excise tax paid is $100  [The total excise wagering tax assessed by the Internal Revenue Service for such month is $23,497 74, but no specific breakdown per alleged wager has been provided by the government to the claimant taxpayer, therefore, this $100 payment is payment of the estimated wagering excise tax on one or more alleged wagers for that month ]

3.    No previous claim covering the amount involved, or any part  has been filed

4    The claimant has not collected (whether as a separate charge or otherwise) the amount of the wagering excise tax from the person that allegedly placed the wager on which the government's estimated wagering excise tax was imposed

**TIM REEVES**
177 CAMPBELLTON HWY
DOTHAN AL 36301

1776

61-375/621
0

Date _12/13/04_

Pay to the Order of ____Internal Revenue Service____ $ _100_ 00

____One Hundred & 00/100____ Dollars

**FIRST BANK of DOTHAN**

For _September 1996 excise tax_

1776

Form **8849**
(Rev January 2003)

Department of the Treasury—Internal Revenue Service

# Claim for Refund of Excise Taxes

OMB No 1545 1420

Print clearly Leave a blank box between words

**Name of claimant**

`T I M O T H Y   J O E   R E E V E S`

**Employer Identification number (EIN)**

`█████ 0 9 0 9`

**Address (number street, room or suite no.)**

`1 0 7 5   M A L V E R N   R O A D`

**Social security number (SSN)**

`█████ 6 0 3 3`

**City and state or province If you have a foreign address, see page 2**

`D O T H A N   A L A B A M A`

**ZIP code**

`3 6 3 0 1`

**Month claimant's income tax year ends**

`1 2`

**Foreign country if applicable Do not abbreviate**

**Daytime telephone number (optional)**

**Caution** *Do not use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on Schedule C (Form 720), Claims, Form 4136, Credit for Federal Tax Paid on Fuels Form 2290, Heavy Highway Vehicle Use Tax Return, or Form 730, Monthly Tax Return On Wagers*

## Schedules Attached

Check (✓) the appropriate box(es) for the schedule(s) you attach to Form 8849 Only attach the schedules on which you are claiming a refund Schedules 2 3, 5, and section 4091(d) claims on Schedule 6 cannot be filed with any other schedules on Form 8849 File each of these schedules with a separate Form 8849

| | | |
|---|---|---|
| Schedule 1 | Nontaxable Use of Fuels | ☐ |
| Schedule 2 | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene | ☐ |
| Schedule 3 | Gasohol Blending | ☐ |
| Schedule 4 | Sales by Gasoline Wholesale Distributors | ☐ |
| Schedule 5 | Section 4081(e) Claims | ☐ |
| Schedule 6 | Other Claims | ☒ |

Under penalties of perjury I declare (1) that I have examined this claim including accompanying schedules and statements and to the best of my knowledge and belief it is true, correct, and complete and (2) that amounts claimed on this form have not been and will not be claimed on any other form

**Sign Here**

*Timothy Joe Reeves*

Signature and title (if applicable)

Type or print your name below signature

Date `12/13/04`

**Schedule 6**
**(Form 8849)**
(Rev January 2003)

Department of the Treasury—Internal Revenue Service
## Other Claims
► Attach to Form 8849

OMB No 1545 1420

Name as shown on Form 8849

Timothy Joe Reeves

EIN or SSN

~~XXXXX~~ 6033

Total refund (total of lines 1–5)
$ 100.00

Enter the earliest and latest dates of the events included in this claim  Enter in MMDDYYYY format

Earliest date ► 10011996     Latest date ► 10311996

Claimant's registration number for Section 4091(d) claims ► _____

| | Tax | Amount of refund | | CRN |
|---|---|---|---|---|
| 1 | Wagering Excise Tax (Section 4401) | $ 100 | 00 | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |

Use the space below for an explanation of each tax claimed

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes  claimant certifies that it sold the article at a tax excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim, and has the required supporting evidence

The tax claimed is for wagering excise tax normally reported on Form 730.

## Instructions

Section references are to the Internal Revenue Code unless otherwise noted

Purpose of schedule  Use Schedule 6 for claims not reportable on Schedules 1–5  Including refunds of excise taxes reported on
• Form 720, Quarterly Federal Excise Tax Return  Including section 4091(d) claims,
• Form 2290, Heavy Highway Vehicle Use Tax Return
• Form 730, Monthly Tax Return for Wagers, and
• Form 11 C, Occupational Tax and Registration Return for Wagering

Caution  Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters  Use Form 720X, Amended Quarterly Federal Excise Tax Return  Also  do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730

Claim requirements  Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates, or 2 years from when the tax reported on that return was paid  wh chever is later

How to file  Attach Schedule 6 to Form 8849  Mail it to the IRS at the address under Where To File in the Form 8849 Instructions  If you are filing a Section 4091(d) claim, write "Section 4091(d)" at the top of Form 8849 and on the envelope  If you attach additional sheets  write your name and taxpayer identification number on each sheet

For Privacy Act and Paperwork Reduction Act Notice, see Form 8849 Instructions     Cat No 27454M     Schedule 6 (Form 8849) (Rev 1 2003)

## ATTACHMENT TO SCHEDULE 6 (FORM 8849)

1.  The Internal Revenue Service has assessed a wagering excise tax, including penalty and interest, against the claimant taxpayer for the month of October, 1996, for football bookmaking wagering activity for such month  The claimant taxpayer entered into a Plea Agreement with the United States on October 14, 1999, and entered a plea of guilty to 18 U S C  Section 1957, namely, that in December, 1996, the claimant purchased a GMAC truck with proceeds derived from an illegal gambling business  Pursuant to said Plea Agreement, the claimant taxpayer agreed to cooperate fully with the government and testify truthfully whenever called upon to do so, which the claimant taxpayer in fact did  The Plea Agreement provided among other things that "statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant"  The Internal Revenue Service was involved with all civil and criminal proceedings as well as the Plea Agreement  The Internal Revenue Service has now assessed this wagering excise tax based upon claimant taxpayer's own trial and deposition testimony in direct violation of said Plea Agreement  The assessment is prohibited under the claimant taxpayer's Plea Agreement in that (a) the government used claimant taxpayer's trial and deposition testimony to assess this wagering excise tax in direct contravention of the Plea Agreement, and (b) the Plea Agreement was a global civil and criminal settlement agreement, involving civil forfeiture of monies and property by the claimant taxpayer, and no assessment of wagering excise tax by the Internal Revenue Service should be allowed in any event

2    The date of payment of the wagering excise tax is December 13, 2004, and the amount of the wagering excise tax paid is $100  [The total excise wagering tax assessed by the Internal Revenue Service for such month is $48,562 00, but no specific breakdown per alleged wager has been provided by the government to the claimant taxpayer, therefore, this $100 payment is payment of the estimated wagering excise tax on one or more alleged wagers for that month ]

3    No previous claim covering the amount involved, or any part, has been filed

4    The claimant has not collected (whether as a separate charge or otherwise) the amount of the wagering excise tax from the person that allegedly placed the wager on which the government's estimated wagering excise tax was imposed

**TIM REEVES**
177 CAMPBELLTON HWY
DOTHAN AL 36301

1777

Date 12/13/04

61-376/621

Pay to the
Order of _Internal Revenue Service_    | $ 1.00

One Hundred 00/100    Dollars

**FIRST BANK of DOTHAN**

For _October 1996 excise tax_

|: ⬛⬛⬛ 376 7|: ⬛⬛⬛ 63 98 ||' 1777

Form **8849**
(Rev. January 2003)

Department of the Treasury—Internal Revenue Service

## Claim for Refund of Excise Taxes

OMB No 1545-1420

Print clearly. Leave a blank box between words.

**Name of claimant**

| T | I | M | O | T | H | Y | | J | O | E | | R | E | E | V | E | S | | | | | |

**Employer identification number (EIN)**

| | | | | | 0 | 9 | 0 | 9 |

**Address (number, street, room or suite no.)**

| 1 | 0 | 7 | 5 | | M | A | L | V | E | R | N | | R | O | A | D | | | | | | |

If you have a foreign address, see page 2

**Social security number (SSN)**

| | | | | | | 6 | 0 | 3 | 3 |

**City and state or province** If you have a foreign address, see page 2

| D | O | T | H | A | N | | A | L | A | B | A | M | A | | | | | | | | | |

**ZIP code**

| 3 | 6 | 3 | 0 | 1 |

**Foreign country if applicable** Do not abbreviate.

| | | | | | | | | | | | | | | | | | | | | | | |

**Month claimant's income tax year ends**

| 1 | 2 |

**Daytime telephone number (optional)**

| | | | | | | | | | |

**Caution** Do not use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on Schedule C (Form 720), Claims, Form 4136, Credit for Federal Tax Paid on Fuels, Form 2290, Heavy Highway Vehicle Use Tax Return, or Form 730, Monthly Tax Return On Wagers

## Schedules Attached

Check (✓) the appropriate box(es) for the schedule(s) you attach to Form 8849. Only attach the schedules on which you are claiming a refund. Schedules 2, 3, 5, and section 4091(d) claims on Schedule 6 cannot be filed with any other schedules on Form 8849. File each of these schedules with a separate Form 8849

| | | |
|---|---|---|
| Schedule 1 | Nontaxable Use of Fuels | ☐ |
| Schedule 2 | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene | ☐ |
| Schedule 3 | Gasohol Blending | ☐ |
| Schedule 4 | Sales by Gasoline Wholesale Distributors | ☐ |
| Schedule 5 | Section 4081(e) Claims | ☐ |
| Schedule 6 | Other Claims | ☒ |

**Sign Here**

Under penalties of perjury I declare (1) that I have examined this claim, including accompanying schedules and statements and to the best of my knowledge and belief it is true, correct, and complete and (2) that amounts claimed on this form have not been, and will not be claimed on any other form

Signature and title (if applicable)

*Timothy Joe Reeves*

Type or print your name below signature

Date 12/13/04

For Privacy Act and Paperwork Reduction Act Notice, see instructions

Cat No 20027J

Form **8849** (Rev 1 2003)

**Schedule 6**
**(Form 8849)**
(Rev January 2003)

Department of the Treasury—Internal Revenue Service

**Other Claims**

► Attach to Form 8849

OMB No 1545 1420

| Name as shown on Form 8849 | EIN or SSN | Total refund (total of Lines 1–5) |
|---|---|---|
| Timothy Joe Reeves | [____] 6033 | $ 100.00 |

Enter the earliest and latest dates of the events included in this claim  Enter in MMDDYYYY format

Earliest date ► 11011996      Latest date ► 11301996

Claimant's registration number for Section 4091(d) claims ► _____

| Tax | Amount of refund | CRN |
|---|---|---|
| 1  Wagering Excise Tax (Section 4401) | $    100 | 00 |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

Use the space below for an explanation of each tax claimed

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim, and has the required supporting evidence

The tax claimed is for wagering excise tax normally reported on Form 730.

## Instructions

*Section references are to the Internal Revenue Code unless otherwise noted*

**Purpose of schedule**  Use Schedule 6 for claims not reportable on Schedules 1–5, including refunds of excise taxes reported on

• Form 720, Quarterly Federal Excise Tax Return  including section 4091(d) claims,

• Form 2290, Heavy Highway Vehicle Use Tax Return

• Form 730, Monthly Tax Return for Wagers, and

• Form 11-C, Occupational Tax and Registration Return for Wagering

**Caution**  *Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters  Use Form 720X, Amended Quarterly Federal Excise Tax Return  Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730*

**Claim requirements**  Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates  or 2 years from when the tax reported on that return was paid, whichever is later

**How to file**  Attach Schedule 6 to Form 8849  Mail it to the IRS at the address under Where To File in the Form 8849 Instructions  If you are filing a Section 4091(d) claim  write "Section 4091(d)" at the top of Form 8849 and on the envelope  If you attach additional sheets  write your name and taxpayer identification number on each sheet

For Privacy Act and Paperwork Reduction Act Notice, see Form 8849 instructions      Cat No 27454M      Schedule 6 (Form 8849) (Rev 1 2003)

## ATTACHMENT TO SCHEDULE 6 (FORM 8849)

1    The Internal Revenue Service has assessed a wagering excise tax, including penalty and interest, against the claimant taxpayer for the month of November, 1996, for football bookmaking wagering activity for such month  The claimant taxpayer entered into a Plea Agreement with the United States on October 14, 1999, and entered a plea of guilty to 18 U S C Section 1957, namely, that in December, 1996, the claimant purchased a GMAC truck with proceeds derived from an illegal gambling business  Pursuant to said Plea Agreement, the claimant taxpayer agreed to cooperate fully with the government and testify truthfully whenever called upon to do so, which the claimant taxpayer in fact did  The Plea Agreement provided among other things that "statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant"  The Internal Revenue Service was involved with all civil and criminal proceedings as well as the Plea Agreement  The Internal Revenue Service has now assessed this wagering excise tax based upon claimant taxpayer's own trial and deposition testimony in direct violation of said Plea Agreement  The assessment is prohibited under the claimant taxpayer's Plea Agreement in that (a) the government used claimant taxpayer's trial and deposition testimony to assess this wagering excise tax in direct contravention of the Plea Agreement, and (b) the Plea Agreement was a global civil and criminal settlement agreement, involving civil forfeiture of monies and property by the claimant taxpayer, and no assessment of wagering excise tax by the Internal Revenue Service should be allowed in any event

2.    The date of payment of the wagering excise tax is December 13, 2004, and the amount of the wagering excise tax paid is $100  [The total excise wagering tax assessed by the Internal Revenue Service for such month is $46,995 49, but no specific breakdown per alleged wager has been provided by the government to the claimant taxpayer, therefore, this $100 payment is payment of the estimated wagering excise tax on one or more alleged wagers for that month ]

3.    No previous claim covering the amount involved, or any part, has been filed

4    The claimant has not collected (whether as a separate charge or otherwise) the amount of the wagering excise tax from the person that allegedly placed the wager on which the government's estimated wagering excise tax was imposed

**TIM REEVES**
177 CAMPBELLTON HWY
DOTHAN AL 36301

1778

61 376/621
D

Date 12/13/04

Pay to the
Order of _Internal Revenue Service_ | $ 100 00

_One hundred + 00/100_ Dollars

**D** FIRST
BANK of
DOTHAN

For November 1996 execute

⑈━━━ 3 76 7⑈  ━━━ 63 98⑈ 1 7 78

Form **8849**
(Rev. January 2003)

Department of the Treasury—Internal Revenue Service

## Claim for Refund of Excise Taxes

OMB No. 1545-1420

Print clearly. Leave a blank box between words.

**Name of claimant**

T I M O T H Y  J O E  R E E V E S

**Employer identification number (EIN)**

███████ 0 9 0 9

**Address (number, street, room or suite no.)**

1 0 7 5  M A L V E R N  R O A D

**Social security number (SSN)**

██████ 6 0 3 3

**City and state or province. If you have a foreign address, see page 2.**

D O T H A N  A L A B A M A

**ZIP code**

3 6 3 0 1

**Foreign country. If applicable. Do not abbreviate.**

**Month claimant's income tax year ends**

1 2

**Daytime telephone number (optional)**

**Caution** *Do not use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on Schedule C (Form 720), Claims, Form 4136, Credit for Federal Tax Paid on Fuels, Form 2290, Heavy Highway Vehicle Use Tax Return, or Form 730, Monthly Tax Return On Wagers*

### Schedules Attached

Check (✓) the appropriate box(es) for the schedule(s) you attach to Form 8849. Only attach the schedules on which you are claiming a refund. Schedules 2, 3, 5, and section 4091(d) claims on Schedule 6 cannot be filed with any other schedules on Form 8849. File each of these schedules with a separate Form 8849.

| | | |
|---|---|---|
| Schedule 1 | Nontaxable Use of Fuels | ☐ |
| Schedule 2 | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene | ☐ |
| Schedule 3 | Gasohol Blending | ☐ |
| Schedule 4 | Sales by Gasoline Wholesale Distributors | ☐ |
| Schedule 5 | Section 4081(e) Claims | ☐ |
| Schedule 6 | Other Claims | ☒ |

**Sign Here**

Under penalties of perjury, I declare (1) that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete, and (2) that amounts claimed on this form have not been, and will not be, claimed on any other form.

Signature and title (if applicable)     Date  12/13/04

Timothy Joe Reeves

Type or print your name below signature

For Privacy Act and Paperwork Reduction Act Notice, see instructions.     Cat. No. 20027J     Form **8849** (Rev. 1-2003)

**Schedule 6
(Form 8849)**

Department of the Treasury—Internal Revenue Service

**Other Claims**

► Attach to Form 8849

(Rev January 2003)

OMB No 1545 1420

| Name as shown on Form 8849 | EIN or SSN | Total refund (total of lines 1–5) |
|---|---|---|
| Timothy Joe Reeves | ●●●●●●● 6033 | $ 100. 00 |

Enter the earliest and latest dates of the events included in this claim  Enter in MMDDYYYY format

Earliest date ► 12011996     Latest date ► 12311996

Claimant's registration number for Section 4091(d) claims ► _____

| | Tax | Amount of refund | | CRN |
|---|---|---|---|---|
| 1 | Wagering Excise Tax (Section 4401) | $ 100 | 00 | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |

Use the space below for an explanation of each tax claimed

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax excluded price, repaid the amount of tax to the ultimate customer or has obtained the written consent of the ultimate vendor to make the claim, and has the required supporting evidence

The tax claimed is for wagering excise tax normally reported on Form 730.

## Instructions

Section references are to the Internal Revenue Code unless otherwise noted

**Purpose of schedule** Use Schedule 6 for claims not reportable on Schedules 1–5 including refunds of excise taxes reported on

• Form 720, Quarterly Federal Excise Tax Return Including section 4091(d) claims

• Form 2290, Heavy Highway Vehicle Use Tax Return

• Form 730, Monthly Tax Return for Wagers  and

• Form 11 C, Occupational Tax and Registration Return for Wagering

**Caution** Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters  Use Form 720X, Amended Quarterly Federal Excise Tax Return  Also  do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730

**Claim requirements** Generally  a claim must be filed within 3 years of the filing of the return to which the claim relates, or 2 years from when the tax reported on that return was paid, whichever is later

**How to file** Attach Schedule 6 to Form 8849  Mail it to the IRS at the address under Where To File in the Form 8849 instructions  If you are filing a Section 4091(d) claim  write "Section 4091(d)" at the top of Form 8849 and on the envelope  If you attach additional sheets  write your name and taxpayer identification number on each sheet

For Privacy Act and Paperwork Reduction Act Notice, see Form 8849 instructions     Cat No 27454M     Schedule 6 (Form 8849) (Rev 1 2003)

## ATTACHMENT TO SCHEDULE 6 (FORM 8849)

1.   The Internal Revenue Service has assessed a wagering excise tax, including penalty and interest, against the claimant taxpayer for the month of December, 1996, for football bookmaking wagering activity for such month  The claimant taxpayer entered into a Plea Agreement with the United States on October 14, 1999, and entered a plea of guilty to 18 U S C  Section 1957, namely, that in December, 1996, the claimant purchased a GMAC truck with proceeds derived from an illegal gambling business  Pursuant to said Plea Agreement, the claimant taxpayer agreed to cooperate fully with the government and testify truthfully whenever called upon to do so, which the claimant taxpayer in fact did  The Plea Agreement provided among other things that "statements made in connection with and relevant to said plea or offer to plead  shall not be admissible in any civil or criminal proceedings against the defendant"  The Internal Revenue Service was involved with all civil and criminal proceedings as well as the Plea Agreement  The Internal Revenue Service has now assessed this wagering excise tax based upon claimant taxpayer's own trial and deposition testimony in direct violation of said Plea Agreement  The assessment is prohibited under the claimant taxpayer's Plea Agreement in that (a) the government used claimant taxpayer's trial and deposition testimony to assess this wagering excise tax in direct contravention of the Plea Agreement, and (b) the Plea Agreement was a global civil and criminal settlement agreement, involving civil forfeiture of monies and property by the claimant taxpayer, and no assessment of wagering excise tax by the Internal Revenue Service should be allowed in any event

2    The date of payment of the wagering excise tax is December 13, 2004, and the amount of the wagering excise tax paid is $100  [The total excise wagering tax assessed by the Internal Revenue Service for such month is $48,562 00, but no specific breakdown per alleged wager has been provided by the government to the claimant taxpayer, therefore, this $100 payment is payment of the estimated wagering excise tax on one or more alleged wagers for that month ]

3    No previous claim covering the amount involved, or any part, has been filed

4    The claimant has not collected (whether as a separate charge or otherwise) the amount of the wagering excise tax from the person that allegedly placed the wager on which the government's estimated wagering excise tax was imposed

**TIM REEVES**
177 CAMPBELLTON HWY
DOTHAN, AL 36301

1779

61-376/621
0

Date 12/13/04

Pay to the Order of ___Internal Revenue Service___ | $ 100   00

___One Hundred & 00/100___ Dollars

FIRST BANK of DOTHAN

For December 1996 exam tax

⑈⑈⑈ 376 7⑈:       63  98⑈⑈ 1779

Form **8849**
(Rev. January 2003)

Department of the Treasury—Internal Revenue Service

## Claim for Refund of Excise Taxes

OMB No 1545 1420

Print clearly Leave a blank box between words

**Name of claimant**

T I M O T H Y | J O E | R E E V E S

**Employer identification number (EIN)**

⬛⬛⬛⬛⬛⬛ 0 9 0 9

**Address (number street, room or suite no.)**

1 0 7 5 | M A L V E R N | R O A D

**Social security number (SSN)**

⬛⬛⬛⬛⬛ 6 0 3 3

**City and state or province  If you have a foreign address  see page 2**

D O T H A N | A L A B A M A

**ZIP code**

3 6 3 0 1

**Foreign country  if applicable  Do not abbreviate.**

**Month claimant's income tax year ends**

1 2

**Daytime telephone number (optional)**

**Caution**  *Do not use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on Schedule C (Form 720), Claims, Form 4136, Credit for Federal Tax Paid on Fuels, Form 2290, Heavy Highway Vehicle Use Tax Return, or Form 730, Monthly Tax Return On Wagers*

### Schedules Attached

Check (✓) the appropriate box(es) for the schedule(s) you attach to Form 8849  Only attach the schedules on which you are claiming a refund  Schedules 2  3, 5, and section 4091(d) claims on Schedule 6 cannot be filed with any other schedules on Form 8849  File each of these schedules with a separate Form 8849

| | | |
|---|---|---|
| Schedule 1 | Nontaxable Use of Fuels | ☐ |
| Schedule 2 | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene | ☐ |
| Schedule 3 | Gasohol Blending | ☐ |
| Schedule 4 | Sales by Gasoline Wholesale Distributors | ☐ |
| Schedule 5 | Section 4081(e) Claims | ☐ |
| Schedule 6 | Other Claims | ☒ |

**Sign Here**

Under penalties of perjury  I declare (1) that I have examined this claim, including accompanying schedules and statements  and to the best of my knowledge and belief  it is true  correct  and complete  and (2) that amounts claimed on this form have not been, and will not be  claimed on any other form

Signature and title (if applicable)

Timothy Joe Reeves

Date 12 13 04

Type or print your name below signature

For Privacy Act and Paperwork Reduction Act Notice, see instructions      Cat No 20027J      Form **8849** (Rev 1 2003)

**Schedule 6**
**(Form 8849)**
[Rev January 2003]

Department of the Treasury—Internal Revenue Service

**Other Claims**
► Attach to Form 8849

OMB No 1545 1420

| Name as shown on Form 8849 | EIN or SSN | Total refund (total of lines 1–5) |
|---|---|---|
| Timothy Joe Reeves | ⬛⬛⬛ 6033 | $ 100.00 |

Enter the earliest and latest dates of the events included in this claim  Enter in MMDDYYYY format

Earliest date ► _01011997_    Latest date ► _01311997_

Claimant's registration number for Section 4091(d) claims ► _____

| Tax | Amount of refund | | CRN |
|---|---|---|---|
| 1  Wagering Excise Tax (Section 4401) | $  100 | 00 | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

Use the space below for an explanation of each tax claimed

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax-excluded price, repaid the amount of tax to the ultimate vendor or has obtained the written consent of the ultimate vendor to make the claim and has the required supporting evidence

The tax claimed is for wagering excise tax normally reported on Form 730.

## Instructions

*Section references are to the Internal Revenue Code unless otherwise noted*

**Purpose of schedule**  Use Schedule 6 for claims not reportable on Schedules 1–5, including refunds of excise taxes reported on

• Form 720, Quarterly Federal Excise Tax Return  including section 4091(d) claims,

• Form 2290, Heavy Highway Vehicle Use Tax Return

• Form 730, Monthly Tax Return for Wagers, and

• Form 11-C, Occupational Tax and Registration Return for Wagering

**Caution**  *Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters  Use Form 720X, Amended Quarterly Federal Excise Tax Return  Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730*

**Claim requirements**  Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates  or 2 years from when the tax reported on that return was paid whichever is later

**How to file**  Attach Schedule 6 to Form 8849  Mail it to the IRS at the address under Where To File in the Form 8849 instructions  If you are filing a Section 4091(d) claim  write "Section 4091(d)" at the top of Form 8849 and on the envelope  If you attach additional sheets  write your name and taxpayer identification number on each sheet

For Privacy Act and Paperwork Reduction Act Notice, see Form 8849 instructions    Cat No 27454M    Schedule 6 (Form 8849) (Rev 1 2003)

## ATTACHMENT TO SCHEDULE 6 (FORM 8849)

1.  The Internal Revenue Service has assessed a wagering excise tax, including penalty and interest, against the claimant taxpayer for the month of January, 1997, for football bookmaking wagering activity for such month  The claimant taxpayer entered into a Plea Agreement with the United States on October 14, 1999, and entered a plea of guilty to 18 U S C  Section 1957, namely, that in December, 1996, the claimant purchased a GMAC truck with proceeds derived from an illegal gambling business  Pursuant to said Plea Agreement, the claimant taxpayer agreed to cooperate fully with the government and testify truthfully whenever called upon to do so, which the claimant taxpayer in fact did  The Plea Agreement provided among other things that "statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant"  The Internal Revenue Service was involved with all civil and criminal proceedings as well as the Plea Agreement  The Internal Revenue Service has now assessed this wagering excise tax based upon claimant taxpayer's own trial and deposition testimony in direct violation of said Plea Agreement  The assessment is prohibited under the claimant taxpayer's Plea Agreement in that (a) the government used claimant taxpayer's trial and deposition testimony to assess this wagering excise tax in direct contravention of the Plea Agreement, and (b) the Plea Agreement was a global civil and criminal settlement agreement, involving civil forfeiture of monies and property by the claimant taxpayer, and no assessment of wagering excise tax by the Internal Revenue Service should be allowed in any event

2.  The date of payment of the wagering excise tax is December 13, 2004, and the amount of the wagering excise tax paid is $100  [The total excise wagering tax assessed by the Internal Revenue Service for such month is $17,231 68, but no specific breakdown per alleged wager has been provided by the government to the claimant taxpayer, therefore, this $100 payment is payment of the estimated wagering excise tax on one or more alleged wagers for that month ]

3.  No previous claim covering the amount involved, or any part, has been filed

4  The claimant has not collected (whether as a separate charge or otherwise) the amount of the wagering excise tax from the person that allegedly placed the wager on which the government's estimated wagering excise tax was imposed

**TIM REEVES**
177 CAMPBELLTON HWY
DOTHAN  AL 36301

1780

61 3/6/621

Date  12/13/04

Pay to the
Order of  Internal Revenue Service                    $ 100

One Hundred & 00/100                              Dollars

**FIRST BANK of DOTHAN**

For  January 1997 excise tax

376 7:        63  98 1780

# GOVERNMENT EXHIBIT "12"

# EXCISE TAX CALCULATION

**Tim Reeves**

**For Specific Tax Periods in 2004, 2005, 2006 and 2007**

**David W. Parsons, CPA**

**ParsonsGroup, LLC**



GOVERNMENT
EXHIBIT

*12*

ParsonsGroup, LLC

| | |
|---|---|
| 110 Medical Drive | phone  334 793 3122 |
| Dothan, Alabama 36303 | fax  334 793 2960 |
| Post Office Box 490 | web  www.parsonsgroupllc.com |
| Dothan  Alabama 36302 | email  inquiry@parsonsgroupllc.com |



January 30, 2006

David Johnston, Esq
Johnston, Hinesley, Flowers & Clenney
291 N  Oates Street
Dothan, AL 36303

Dear David

At your request, we have performed an excise tax calculation to determine the excise tax liability, excluding any applicable interest and penalties, due from Mr Tim Reeves for specific tax periods during the 1994, 1995, 1996, and 1997 tax year  The objective of this analysis was to determine a reasonable estimate of the excise taxes due on gross wagers during the aforementioned time period

Based upon our analysis and on the information contained in the accompanying detailed narrative report that follows, We have concluded that the excise tax liability, excluding any applicable interest and penalties, due from Mr Tim Reeves for the years in question is

Excise Tax Liability        $158,938 16

This calculation is subject to the assumptions and limiting conditions presented in Appendix A

We have no financial interest or contemplated financial interest in the property that is the subject of this report  Our fees for this valuation are based upon our normal hourly billing rates and in no way are contingent upon the results of our findings  We have no responsibility to update this report for events and circumstances occurring subsequent to the date of this report

This report has been prepared for the specific purpose of determining the excise tax laity of Mr Tim Reeves for specific tax periods during 1994, 1995, 1996, and 1997, and is intended for no other purpose  This report is not to be copied or made available to any persons other than those indicated in this report without the express written consent of ParsonsGroup, LLC

Sincerely,

David W Parsons, CPA
ParsonsGroup, LLC

*[ Experience • Vision = Financial Success ]*

# Table of Contents

**INTRODUCTION** ..................................................................... **1**

   **I.**   **Description of Assignment** ............................................... **1**

   **II.**   **Sources of Information** ................................................... **1**

   **III.**   **Background** ..................................................................... **2**


**EXCISE TAX CALCULATION** ................................................ **4**

   **I.**   **Calculation of Daily Average Wagers** ............................. **4**

   **II.**   **Calculation of Specific Day Wagers Per Year** ............... **4**

   **III.**   **Calculation of Excise Tax Payable** ............................... **5**


**REPORT APPENDIX** ............................................................ **11**

   **I.**   **Appendix A: Assumptions and Limiting Conditions** ..................... **11**

   **II.**   **Appendix B: Qualifications of Expert** ........................................ **13**

   **III.**   **Appendix C: Affidavit of Ronald Lynn Cherry** .......................... **16**

   **IV.**   **Appendix D: 886A For Taxpayer Tim Reeves -Exhbit F** .............. **20**

   **V.**   **Appendix E: Nevada State Gaming Control Board Revenue Report** ................................................................ **23**

# INTRODUCTION

## I.    Description of Assignment

ParsonsGroup, LLC has been engaged by Mr David Johnston, Esq to determine the excise tax liability for Mr Tim Reeves that resulted from the illegal gambling operations of Mr Reeves during the following tax periods

> September 30, 1994
> October 31, 1994
> November 30, 1994
> December 31, 1994
> January 31, 1995
> September 30, 1995
> October 31, 1995
> November 30, 1995
> December 31, 1995
> January 31, 1996
> September 30, 1996
> October 31, 1996
> November 30, 1996
> December 31, 1996
> January 31, 1997

Mr Johnston represents Mr Reeves There were no books and records maintained by Mr Reeves for the gambling operations during this time period However, the FBI did obtain tape recordings of the gambling operations via wire tap for the consecutive dates beginning December 27, 1996 and ending January 12, 1997 The information obtained from the tape recordings along with additional information described in this report were used as the basis of the calculation of the excise tax liability

## II.    Sources of Information

This engagement involved an analysis of Mr Reeves gambling operations from information derived from various sources In the course of our findings, our work included the following

- Interviews with the following
  - o    Mr David Johnston, Esq to obtain information pertaining to the scope of the pending litigation related to this analysis
  - o    Mr Tim Reeves to obtain information related to the gambling operations overseen by Mr Reeves during the periods previously referenced in this report
  - o    Mr Ronnie Cherry to obtain information related to the gambling operations of Mr Reeves

- Analysis of Form 886A prepared by the Department of Treasury – Internal Revenue Service assessing Excise Taxes on estimated wagers during the periods previously referenced in this report

- Analysis of other relevant documents pertaining to this case obtained from Mr Johnston

- Research of specific factors pertinent to the gambling industry, which specifically included wagers placed on football

Financial and other pertinent information provided has been accepted without further verification   See Appendix A for a complete list of assumptions and limiting conditions to which this calculation is subject

## III.   Background

In September of 1994, Mr Reeves established an illegal sports bookmaking operation ("The Operation") in which wagers were taken on various football games in the National Football League and NCAA Division I   Wagers were only received by The Operation on days which games were played by teams in each respective league[1]   The gross wagers received by The Operation were highest on Saturdays and Sundays during each respective season, with wagers on Monday's NFL game equaling an estimated 10% of the Saturday and Sunday wagers, and wagers placed on any other games during the week equaling an estimated 5% of the Saturday and Sunday wagers[2]   The gross wagers accepted by The Operation have been estimated to have increased at an average rate of 5% per year from 1994 football season to the 1996 football season[3]

On December 27, 1996, the FBI initiated a Federally authorized wire tap of the telephone lines of The Operation[4]   The wire tap ended on January 12, 1997, when The Operation was shut down by the FBI with the help of state and local law enforcement agencies

---

[1] See Appendix A

[2] See Appendix A

[3] See Appendix A

[4] See Appendix D

The tape recordings produced from the wire taps produced the following wagers for each day of the wire tap term

| Date | Wagers | Reference |
|---|---|---|
| 12/27/1996 | $ 56,000 | See Appendix D |
| 12/28/1996 | $ 74,865 | See Appendix D |
| 12/29/1996 | $ 70,790 | See Appendix D |
| 12/30/1996 | $ 45,597 | See Appendix D |
| 12/31/1996 | $ 71,025 | See Appendix D |
| 1/1/1997 | $ 141,945 | See Appendix D |
| 1/2/1997 | $ 38,215 | See Appendix C |
| 1/3/1997 | $ - | See Appendix C |
| 1/4/1997 | $ 46,600 | See Appendix C |
| 1/5/1997 | $ 57,290 | See Appendix C |
| 1/6/1997 | $ - | See Appendix C |
| 1/7/1997 | $ - | See Appendix C |
| 1/8/1997 | $ - | See Appendix C |
| 1/9/1997 | $ - | See Appendix C |
| 1/10/1997 | $ - | See Appendix C |
| 1/11/1997 | $ - | See Appendix C |
| 1/12/1997 | $ 8,365 | See Appendix C |

# EXCISE TAX CALCULATION

## I.     Calculation of Daily Average Wagers

The calculation of the daily average wagers during the wire tap period was determined by using the daily wager amounts derived from the tape recordings produced by the wire taps and dividing the sum of the daily wagers by the number of days   Any dates with no wager activity, which were dates with no football games, were excluded as well as wager activity from January 12, 1997 because this did not represent a full day of operations

| Days | Date | Wagers Per Wire Tap | Vigorish* | Total Gross Wagers | Reference |
|------|------|---------------------|-----------|--------------------|-----------|
| 1 | 12/27/1996 | $ 56,000 | 5% | $ 58,800 | See Appendix D |
| 2 | 12/28/1996 | $ 74,865 | 5% | $ 78,608 | See Appendix D |
| 3 | 12/29/1996 | $ 70,790 | 5% | $ 74,330 | See Appendix D |
| 4 | 12/30/1996 | $ 45,597 | 5% | $ 47,877 | See Appendix D |
| 5 | 12/31/1996 | $ 71,025 | 5% | $ 74,576 | See Appendix D |
| 6 | 1/1/1997 | $ 141,945 | 5% | $ 149,042 | See Appendix D |
| 7 | 1/2/1997 | $ 38 215 | 5% | $ 40,126 | See Appendix D |
| 8 | 1/4/1997 | $ 46,600 | 5% | $ 48,930 | See Appendix C |
| 9 | 1/5/1997 | $ 57,290 | 5% | $ 60,155 | See Appendix C |
| | | Total | | $ 632,444 | |
| | | Divided # Days | | 9 | |
| | | Daily Average | | $ 70,271 | |

*Vigorish percentage based on bookmaker winning 50% of gross bets placed  and vigorish is only charged to bets bookmaker wins  See Appendix E

## II.     Calculation of Specific Day Wagers Per Year

The calculation of Specific Day Wagers Per Year is determined by beginning with the daily average computed above based on information obtained from the FBI wire taps of daily wager activity from December 27, 1996 to January 12, 1997   The averages were then adjusted based on the following information obtained in regards to The Operation

- The wagering volume on Mondays was approximately 10% of the volume of a Saturday or Sunday

- The wagering volume on Tuesday thru Friday was approximately

5% of the volume of a Saturday or Sunday

- The gross wagers taken by The Operation increased at an approximate rate of 5% per year since its inception in 1994

| Avg Daily Bet | 1994-1995 | 1995-1996 | 1996-1997 | |
|---|---|---|---|---|
| Saturday | $ 63,738 | $ 66,925 | $ 70,271 | |
| Sunday | $ 63,738 | $ 66,925 | $ 70,271 | |
| Monday | $ 6,374 | $ 6,693 | $ 7,027 | (10% of Saturday/Sunday)* |
| Thursday | $ 3,187 | $ 3,346 | $ 3,514 | (5% of Saturday/Sunday)* |
| Other | $ 3,187 | $ 3,346 | $ 3,514 | (5% of Saturday/Sunday)* |

*See Appendix A

## III.  Calculation of Excise Tax Payable

The calculation of the excise tax payable was determined by taking the applicable "Specific Day Wager Per Year" computed above and applying that average to the respective day for which for which a NCAA Division I and(or) NFL football game was played, assuming The Operation was open according to the information provided in Appendix C   There are two exceptions to this application

1. The average daily bet for January 1 of each football season is determined by the Saturday/Sunday average for that respective football season regardless of the day of the week the game was played   This average is applied due to the increased volume of betting that generally occurs on the NCAA Division I New Year's Day bowl games

2. The actual amounts of betting that occurred during the wire tap period beginning on December 27, 1996 and ending on January 12, 1997 were used instead of averages

The "Specific Day Wagers" for each respective day was then multiplied by the applicable excise tax rate of 2% to determine the excise tax liability due for each day for which The Operation was open

The actual calculation is presented below

| DAY | MONTH | DATE | YEAR | Average Daily Wagers | Excise Tax Rate | Excise Tax Payable |
|---|---|---|---|---|---|---|
| THURSDAY | SEPTEMBER | 15 | 1994 | $ 3,186 92 | 2% | $ 63 74 |
| SATURDAY | SEPTEMBER | 17 | 1994 | $ 63,738 31 | 2% | $ 1,274 77 |
| SUNDAY | SEPTEMBER | 18 | 1994 | $ 63,738 31 | 2% | $ 1,274 77 |
| MONDAY | SEPTEMBER | 19 | 1994 | $ 6 373 83 | 2% | $ 127 48 |
| THURSDAY | SEPTEMBER | 22 | 1994 | $ 3 186 92 | 2% | $ 63 74 |
| SATURDAY | SEPTEMBER | 24 | 1994 | $ 63,738 31 | 2% | $ 1,274 77 |
| SUNDAY | SEPTEMBER | 25 | 1994 | $ 63,738 31 | 2% | $ 1,274 77 |
| MONDAY | SEPTEMBER | 26 | 1994 | $ 6,373 83 | 2% | $ 127 48 |
| THURSDAY | SEPTEMBER | 29 | 1994 | $ 3,186 92 | 2% | $ 63 74 |
| SATURDAY | OCTOBER | 1 | 1994 | $ 63,738 31 | 2% | $ 1,274 77 |
| SUNDAY | OCTOBER | 2 | 1994 | $ 63,738 31 | 2% | $ 1,274 77 |
| MONDAY | OCTOBER | 3 | 1994 | $ 6 373 83 | 2% | $ 127 48 |
| THURSDAY | OCTOBER | 6 | 1994 | $ 3,186 92 | 2% | $ 63 74 |
| SATURDAY | OCTOBER | 8 | 1994 | $ 63,738 31 | 2% | $ 1 274 77 |
| SUNDAY | OCTOBER | 9 | 1994 | $ 63,738 31 | 2% | $ 1,274 77 |
| MONDAY | OCTOBER | 10 | 1994 | $ 6,373 83 | 2% | $ 127 48 |
| THURSDAY | OCTOBER | 13 | 1994 | $ 3,186 92 | 2% | $ 63 74 |
| SATURDAY | OCTOBER | 15 | 1994 | $ 63,738 31 | 2% | $ 1,274 77 |
| SUNDAY | OCTOBER | 16 | 1994 | $ 63 738 31 | 2% | $ 1,274 77 |
| MONDAY | OCTOBER | 17 | 1994 | $ 6,373 83 | 2% | $ 127 48 |
| THURSDAY | OCTOBER | 20 | 1994 | $ 3 186 92 | 2% | $ 63 74 |
| SATURDAY | OCTOBER | 22 | 1994 | $ 63,738 31 | 2% | $ 1,274 77 |
| SUNDAY | OCTOBER | 23 | 1994 | $ 63,738 31 | 2% | $ 1,274 77 |
| MONDAY | OCTOBER | 24 | 1994 | $ 6 373 83 | 2% | $ 127 48 |
| SATURDAY | OCTOBER | 29 | 1994 | $ 63,738 31 | 2% | $ 1 274 77 |
| SUNDAY | OCTOBER | 30 | 1994 | $ 63,738 31 | 2% | $ 1 274 77 |
| MONDAY | OCTOBER | 31 | 1994 | $ 6,373 83 | 2% | $ 127 48 |
| THURSDAY | NOVEMBER | 3 | 1994 | $ 3,186 92 | 2% | $ 63 74 |
| SATURDAY | NOVEMBER | 5 | 1994 | $ 63,738 31 | 2% | $ 1,274 77 |
| SUNDAY | NOVEMBER | 6 | 1994 | $ 63,738 31 | 2% | $ 1,274 77 |
| MONDAY | NOVEMBER | 7 | 1994 | $ 6 373 83 | 2% | $ 127 48 |
| THURSDAY | NOVEMBER | 10 | 1994 | $ 3,186 92 | 2% | $ 63 74 |
| SATURDAY | NOVEMBER | 12 | 1994 | $ 63 738 31 | 2% | $ 1,274 77 |
| SUNDAY | NOVEMBER | 13 | 1994 | $ 63,738 31 | 2% | $ 1,274 77 |
| MONDAY | NOVEMBER | 14 | 1994 | $ 6,373 83 | 2% | $ 127 48 |
| SATURDAY | NOVEMBER | 19 | 1994 | $ 63 738 31 | 2% | $ 1,274 77 |
| SUNDAY | NOVEMBER | 20 | 1994 | $ 63,738 31 | 2% | $ 1,274 77 |
| MONDAY | NOVEMBER | 21 | 1994 | $ 6 373 83 | 2% | $ 127 48 |
| THURSDAY | NOVEMBER | 24 | 1994 | $ 3,186 92 | 2% | $ 63 74 |
| SATURDAY | NOVEMBER | 26 | 1994 | $ 63,738 31 | 2% | $ 1,274 77 |
| SUNDAY | NOVEMBER | 27 | 1994 | $ 63,738 31 | 2% | $ 1,274 77 |
| MONDAY | NOVEMBER | 28 | 1994 | $ 6,373 83 | 2% | $ 127 48 |
| THURSDAY | DECEMBER | 1 | 1994 | $ 3 186 92 | 2% | $ 63 74 |
| SATURDAY | DECEMBER | 3 | 1994 | $ 63,738 31 | 2% | $ 1,274 77 |
| SUNDAY | DECEMBER | 4 | 1994 | $ 63,738 31 | 2% | $ 1,274 77 |
| MONDAY | DECEMBER | 5 | 1994 | $ 6 373 83 | 2% | $ 127 48 |
| SATURDAY | DECEMBER | 10 | 1994 | $ 63,738 31 | 2% | $ 1,274 77 |

| SUNDAY | DECEMBER | 11 | 1994 | $ | 63,738 31 | 2% | $ | 1,274 77 |
|---|---|---|---|---|---|---|---|---|
| MONDAY | DECEMBER | 12 | 1994 | $ | 6,373 83 | 2% | $ | 127 48 |
| THURSDAY | DECEMBER | 15 | 1994 | $ | 3 186 92 | 2% | $ | 63 74 |
| SATURDAY | DECEMBER | 17 | 1994 | $ | 63,738 31 | 2% | $ | 1 274 77 |
| SUNDAY | DECEMBER | 18 | 1994 | $ | 63,738 31 | 2% | $ | 1 274 77 |
| MONDAY | DECEMBER | 19 | 1994 | $ | 6,373 83 | 2% | $ | 127 48 |
| SATURDAY | DECEMBER | 24 | 1994 | $ | 63,738 31 | 2% | $ | 1 274 77 |
| SUNDAY | DECEMBER | 25 | 1994 | $ | 63,738 31 | 2% | $ | 1 274 77 |
| MONDAY | DECEMBER | 26 | 1994 | $ | 6,373 83 | 2% | $ | 127 48 |
| THURSDAY | DECEMBER | 29 | 1994 | $ | 3,186 92 | 2% | $ | 63 74 |
| SATURDAY | DECEMBER | 31 | 1994 | $ | 63 738 31 | 2% | $ | 1,274 77 |
| SUNDAY | JANUARY | 1 | 1995 | $ | 63 738 31 | 2% | $ | 1 274 77 |
| MONDAY | JANUARY | 2 | 1995 | $ | 63 738 31 | 2% | $ | 1 274 77 |
| SATURDAY | JANUARY | 7 | 1995 | $ | 63,738 31 | 2% | $ | 1,274 77 |
| SUNDAY | JANUARY | 8 | 1995 | $ | 63 738 31 | 2% | $ | 1,274 77 |
| SUNDAY | JANUARY | 15 | 1995 | $ | 63 738 31 | 2% | $ | 1 274 77 |
| SUNDAY | JANUARY | 29 | 1995 | $ | 63 738 31 | 2% | $ | 1,274 77 |
| SATURDAY | SEPTEMBER | 16 | 1995 | $ | 66 925 22 | 2% | $ | 1 338 50 |
| SUNDAY | SEPTEMBER | 17 | 1995 | $ | 66,925 22 | 2% | $ | 1,338 50 |
| MONDAY | SEPTEMBER | 18 | 1995 | $ | 6,692 52 | 2% | $ | 133 85 |
| THURSDAY | SEPTEMBER | 21 | 1995 | $ | 3 346 26 | 2% | $ | 66 93 |
| SATURDAY | SEPTEMBER | 23 | 1995 | $ | 66,925 22 | 2% | $ | 1,338 50 |
| SUNDAY | SEPTEMBER | 24 | 1995 | $ | 66,925 22 | 2% | $ | 1,338 50 |
| MONDAY | SEPTEMBER | 25 | 1995 | $ | 6 692 52 | 2% | $ | 133 85 |
| THURSDAY | SEPTEMBER | 28 | 1995 | $ | 3 346 26 | 2% | $ | 66 93 |
| SATURDAY | SEPTEMBER | 30 | 1995 | $ | 66,925 22 | 2% | $ | 1,338 50 |
| SUNDAY | OCTOBER | 1 | 1995 | $ | 66 925 22 | 2% | $ | 1,338 50 |
| MONDAY | OCTOBER | 2 | 1995 | $ | 6,692 52 | 2% | $ | 133 85 |
| THURSDAY | OCTOBER | 5 | 1995 | $ | 3,346 26 | 2% | $ | 66 93 |
| SATURDAY | OCTOBER | 7 | 1995 | $ | 66 925 22 | 2% | $ | 1,338 50 |
| SUNDAY | OCTOBER | 8 | 1995 | $ | 66 925 22 | 2% | $ | 1 338 50 |
| MONDAY | OCTOBER | 9 | 1995 | $ | 6,692 52 | 2% | $ | 133 85 |
| THURSDAY | OCTOBER | 12 | 1995 | $ | 3 346 26 | 2% | $ | 66 93 |
| SATURDAY | OCTOBER | 14 | 1995 | $ | 66 925 22 | 2% | $ | 1,338 50 |
| SUNDAY | OCTOBER | 15 | 1995 | $ | 66 925 22 | 2% | $ | 1,338 50 |
| MONDAY | OCTOBER | 16 | 1995 | $ | 6 692 52 | 2% | $ | 133 85 |
| THURSDAY | OCTOBER | 19 | 1995 | $ | 3 346 26 | 2% | $ | 66 93 |
| SATURDAY | OCTOBER | 21 | 1995 | $ | 66 925 22 | 2% | $ | 1 338 50 |
| SUNDAY | OCTOBER | 22 | 1995 | $ | 66 925 22 | 2% | $ | 1,338 50 |
| MONDAY | OCTOBER | 23 | 1995 | $ | 6 692 52 | 2% | $ | 133 85 |
| THURSDAY | OCTOBER | 26 | 1995 | $ | 3 346 26 | 2% | $ | 66 93 |
| SATURDAY | OCTOBER | 28 | 1995 | $ | 66 925 22 | 2% | $ | 1,338 50 |
| SUNDAY | OCTOBER | 29 | 1995 | $ | 66 925 22 | 2% | $ | 1,338 50 |
| MONDAY | OCTOBER | 30 | 1995 | $ | 6 692 52 | 2% | $ | 133 85 |
| THURSDAY | OCTOBER | 31 | 1995 | $ | 3 346 26 | 2% | $ | 66 93 |
| SATURDAY | NOVEMBER | 4 | 1995 | $ | 66 925 22 | 2% | $ | 1,338 50 |
| SUNDAY | NOVEMBER | 5 | 1995 | $ | 66,925 22 | 2% | $ | 1 338 50 |
| MONDAY | NOVEMBER | 6 | 1995 | $ | 6 692 52 | 2% | $ | 133 85 |
| THURSDAY | NOVEMBER | 9 | 1995 | $ | 3,346 26 | 2% | $ | 66 93 |

| SATURDAY | NOVEMBER | 11 | 1995 | $ | 66,925 22 | 2% | $ | 1,338 50 |
|---|---|---|---|---|---|---|---|---|
| SUNDAY | NOVEMBER | 12 | 1995 | $ | 66,925 22 | 2% | $ | 1,338 50 |
| MONDAY | NOVEMBER | 13 | 1995 | $ | 6,692 52 | 2% | $ | 133 85 |
| THURSDAY | NOVEMBER | 16 | 1995 | $ | 3,346 26 | 2% | $ | 66 93 |
| SATURDAY | NOVEMBER | 18 | 1995 | $ | 66 925 22 | 2% | $ | 1,338 50 |
| SUNDAY | NOVEMBER | 19 | 1995 | $ | 66,925 22 | 2% | $ | 1,338 50 |
| MONDAY | NOVEMBER | 20 | 1995 | $ | 6 692 52 | 2% | $ | 133 85 |
| THURSDAY | NOVEMBER | 23 | 1995 | $ | 3 346 26 | 2% | $ | 66 93 |
| SATURDAY | NOVEMBER | 25 | 1995 | $ | 66 925 22 | 2% | $ | 1 338 50 |
| SUNDAY | NOVEMBER | 26 | 1995 | $ | 66,925 22 | 2% | $ | 1,338 50 |
| MONDAY | NOVEMBER | 27 | 1995 | $ | 6,692 52 | 2% | $ | 133 85 |
| THURSDAY | NOVEMBER | 30 | 1995 | $ | 3,346 26 | 2% | $ | 66 93 |
| SATURDAY | DECEMBER | 2 | 1995 | $ | 6,692 52 | 2% | $ | 133 85 |
| SUNDAY | DECEMBER | 3 | 1995 | $ | 66,925 22 | 2% | $ | 1 338 50 |
| MONDAY | DECEMBER | 4 | 1995 | $ | 6 692 52 | 2% | $ | 133 85 |
| THURSDAY | DECEMBER | 7 | 1995 | $ | 3,346 26 | 2% | $ | 66 93 |
| SATURDAY | DECEMBER | 9 | 1995 | $ | 66,925 22 | 2% | $ | 1,338 50 |
| SUNDAY | DECEMBER | 10 | 1995 | $ | 66 925 22 | 2% | $ | 1,338 50 |
| MONDAY | DECEMBER | 11 | 1995 | $ | 6 692 52 | 2% | $ | 133 85 |
| THURSDAY | DECEMBER | 14 | 1995 | $ | 3,346 26 | 2% | $ | 66 93 |
| SATURDAY | DECEMBER | 16 | 1995 | $ | 66,925 22 | 2% | $ | 1,338 50 |
| SUNDAY | DECEMBER | 17 | 1995 | $ | 66,925 22 | 2% | $ | 1 338 50 |
| MONDAY | DECEMBER | 18 | 1995 | $ | 6 692 52 | 2% | $ | 133 85 |
| THURSDAY | DECEMBER | 19 | 1995 | $ | 3,346 26 | 2% | $ | 66 93 |
| SATURDAY | DECEMBER | 23 | 1995 | $ | 66,925 22 | 2% | $ | 1,338 50 |
| SUNDAY | DECEMBER | 24 | 1995 | $ | 66 925 22 | 2% | $ | 1,338 50 |
| MONDAY | DECEMBER | 25 | 1995 | $ | 6,692 52 | 2% | $ | 133 85 |
| THURSDAY | DECEMBER | 28 | 1995 | $ | 3 346 26 | 2% | $ | 66 93 |
| SATURDAY | DECEMBER | 30 | 1995 | $ | 66 925 22 | 2% | $ | 1 338 50 |
| SUNDAY | DECEMBER | 31 | 1995 | $ | 66,925 22 | 2% | $ | 1,338 50 |
| MONDAY | JANUARY | 1 | 1996 | $ | 68,925 22 | 2% | $ | 1,338 50 |
| SATURDAY | JANUARY | 6 | 1996 | $ | 66 925 22 | 2% | $ | 1,338 50 |
| SUNDAY | JANUARY | 7 | 1996 | $ | 66,925 22 | 2% | $ | 1,338 50 |
| SUNDAY | JANUARY | 14 | 1996 | $ | 66 925 22 | 2% | $ | 1 338 50 |
| SUNDAY | JANUARY | 28 | 1996 | $ | 66,925 22 | 2% | $ | 1,338 50 |
| SUNDAY | SEPTEMBER | 15 | 1996 | $ | 70 271 48 | 2% | $ | 1,405 43 |
| MONDAY | SEPTEMBER | 16 | 1996 | $ | 7,027 15 | 2% | $ | 140 54 |
| THURSDAY | SEPTEMBER | 19 | 1996 | $ | 3,513 57 | 2% | $ | 70 27 |
| SATURDAY | SEPTEMBER | 21 | 1996 | $ | 70,271 48 | 2% | $ | 1,405 43 |
| SUNDAY | SEPTEMBER | 22 | 1996 | $ | 70,271 48 | 2% | $ | 1,405 43 |
| MONDAY | SEPTEMBER | 23 | 1996 | $ | 7 027 15 | 2% | $ | 140 54 |
| THURSDAY | SEPTEMBER | 26 | 1996 | $ | 3,513 57 | 2% | $ | 70 27 |
| SATURDAY | SEPTEMBER | 28 | 1996 | $ | 70 271 48 | 2% | $ | 1,405 43 |
| SUNDAY | SEPTEMBER | 29 | 1996 | $ | 70,271 48 | 2% | $ | 1,405 43 |
| MONDAY | SEPTEMBER | 30 | 1996 | $ | 7 027 15 | 2% | $ | 140 54 |
| THURSDAY | OCTOBER | 3 | 1996 | $ | 3,513 57 | 2% | $ | 70 27 |
| SATURDAY | OCTOBER | 5 | 1996 | $ | 70,271 48 | 2% | $ | 1,405 43 |
| SUNDAY | OCTOBER | 6 | 1996 | $ | 70 271 48 | 2% | $ | 1 405 43 |
| MONDAY | OCTOBER | 7 | 1996 | $ | 7,027 15 | 2% | $ | 140 54 |

| THURSDAY | OCTOBER | 10 | 1996 | $ | 3,513 57 | 2% | $ | 70 27 |
|---|---|---|---|---|---|---|---|---|
| SATURDAY | OCTOBER | 12 | 1996 | $ | 70 271 48 | 2% | $ | 1,405 43 |
| SUNDAY | OCTOBER | 13 | 1996 | $ | 70,271 48 | 2% | $ | 1 405 43 |
| MONDAY | OCTOBER | 14 | 1996 | $ | 7 027 15 | 2% | $ | 140 54 |
| THURSDAY | OCTOBER | 17 | 1996 | $ | 3 513 57 | 2% | $ | 70 27 |
| SATURDAY | OCTOBER | 19 | 1996 | $ | 70,271 48 | 2% | $ | 1,405 43 |
| SUNDAY | OCTOBER | 20 | 1996 | $ | 70 271 48 | 2% | $ | 1,405 43 |
| MONDAY | OCTOBER | 21 | 1996 | $ | 7,027 15 | 2% | $ | 140 54 |
| SATURDAY | OCTOBER | 26 | 1996 | $ | 70,271 48 | 2% | $ | 1 405 43 |
| SUNDAY | OCTOBER | 27 | 1996 | $ | 70,271 48 | 2% | $ | 1,405 43 |
| MONDAY | OCTOBER | 28 | 1996 | $ | 7,027 15 | 2% | $ | 140 54 |
| THURSDAY | OCTOBER | 31 | 1996 | $ | 3,513 57 | 2% | $ | 70 27 |
| SATURDAY | NOVEMBER | 2 | 1996 | $ | 70,271 48 | 2% | $ | 1,405 43 |
| SUNDAY | NOVEMBER | 3 | 1996 | $ | 70,271 48 | 2% | $ | 1 405 43 |
| MONDAY | NOVEMBER | 4 | 1996 | $ | 7,027 15 | 2% | $ | 140 54 |
| THURSDAY | NOVEMBER | 7 | 1996 | $ | 3,513 57 | 2% | $ | 70 27 |
| SATURDAY | NOVEMBER | 9 | 1996 | $ | 70 271 48 | 2% | $ | 1 405 43 |
| SUNDAY | NOVEMBER | 10 | 1996 | $ | 70 271 48 | 2% | $ | 1,405 43 |
| MONDAY | NOVEMBER | 11 | 1996 | $ | 7 027 15 | 2% | $ | 140 54 |
| THURSDAY | NOVEMBER | 14 | 1996 | $ | 3,513 57 | 2% | $ | 70 27 |
| SATURDAY | NOVEMBER | 16 | 1996 | $ | 70,271 48 | 2% | $ | 1 405 43 |
| SUNDAY | NOVEMBER | 17 | 1996 | $ | 70,271 48 | 2% | $ | 1,405 43 |
| MONDAY | NOVEMBER | 18 | 1996 | $ | 7,027 15 | 2% | $ | 140 54 |
| THURSDAY | NOVEMBER | 21 | 1996 | $ | 3 513 57 | 2% | $ | 70 27 |
| SATURDAY | NOVEMBER | 23 | 1996 | $ | 70,271 48 | 2% | $ | 1,405 43 |
| SUNDAY | NOVEMBER | 24 | 1996 | $ | 70 271 48 | 2% | $ | 1 405 43 |
| MONDAY | NOVEMBER | 25 | 1996 | $ | 7,027 15 | 2% | $ | 140 54 |
| THURSDAY | NOVEMBER | 28 | 1996 | $ | 3,513 57 | 2% | $ | 70 27 |
| SATURDAY | NOVEMBER | 30 | 1996 | $ | 70,271 48 | 2% | $ | 1,405 43 |
| SUNDAY | DECEMBER | 1 | 1996 | $ | 70,271 48 | 2% | $ | 1 405 43 |
| MONDAY | DECEMBER | 2 | 1996 | $ | 7,027 15 | 2% | $ | 140 54 |
| THURSDAY | DECEMBER | 5 | 1996 | $ | 3,513 57 | 2% | $ | 70 27 |
| SATURDAY | DECEMBER | 7 | 1996 | $ | 70 271 48 | 2% | $ | 1,405 43 |
| SUNDAY | DECEMBER | 8 | 1996 | $ | 70 271 48 | 2% | $ | 1,405 43 |
| MONDAY | DECEMBER | 9 | 1996 | $ | 7,027 15 | 2% | $ | 140 54 |
| SATURDAY | DECEMBER | 14 | 1996 | $ | 70,271 48 | 2% | $ | 1,405 43 |
| SUNDAY | DECEMBER | 15 | 1996 | $ | 70,271 48 | 2% | $ | 1,405 43 |
| MONDAY | DECEMBER | 16 | 1996 | $ | 7,027 15 | 2% | $ | 140 54 |
| THURSDAY | DECEMBER | 19 | 1996 | $ | 3,513 57 | 2% | $ | 70 27 |
| SATURDAY | DECEMBER | 21 | 1996 | $ | 70,271 48 | 2% | $ | 1,405 43 |
| SUNDAY | DECEMBER | 22 | 1996 | $ | 70,271 48 | 2% | $ | 1,405 43 |
| MONDAY | DECEMBER | 23 | 1996 | $ | 7,027 15 | 2% | $ | 140 54 |
| FRIDAY | DECEMBER | 27 | 1996 | $ | 58,800 00 | 2% | $ | 1 176 00 |
| SATURDAY | DECEMBER | 28 | 1996 | $ | 78,608 25 | 2% | $ | 1,572 17 |
| SUNDAY | DECEMBER | 29 | 1996 | $ | 74 329 50 | 2% | $ | 1,486 59 |
| MONDAY | DECEMBER | 30 | 1996 | $ | 47,876 85 | 2% | $ | 957 54 |
| TUESDAY | DECEMBER | 31 | 1996 | $ | 74,576 25 | 2% | $ | 1,491 53 |
| WEDNESDAY | JANUARY | 1 | 1997 | $ | 149,042 25 | 2% | $ | 2 980 85 |
| THURSDAY | JANUARY | 2 | 1997 | $ | 40,125 75 | 2% | $ | 802 52 |

| SATURDAY | JANUARY | 4 | 1997 | $ | 48,930 00 | 2% | $ | 978 60 |
| SUNDAY | JANUARY | 5 | 1997 | $ | 60,154 50 | 2% | $ | 1,203 09 |
| SUNDAY | JANUARY | 12 | 1997 | $ | 70,271 48 | 2% | $ | 1,405 43 |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
| Total |  |  |  |  |  |  | $ | 158,938 16 |

# REPORT APPENDIX

**I.    Appendix A: Assumptions and Limiting Conditions**

This report has been prepared for the specific purpose of determining the excise tax liability of Mr Tim Reeves for specific tax periods during 1994, 1995, 1996, and 1997, and is intended for no other purpose This report is not to be copied or made available to any persons other than those indicated in this report without the express written consent of ParsonsGroup, LLC

This report is made subject to the following contingent and limiting conditions

- Specific information related to the operations of Mr Reeves gambling operations was determined through interviews with Mr Reeves, his legal staff, and the information presented in Appendix D and Appendix C

- Public information, purchased private information and industry statistical information are from sources we deem reliable, however, we make no representation as to the accuracy or completeness of such information, and have accepted the information without further verification

- This report and its related calculations were prepared using various software applications potentially including Microsoft Word© and Microsoft Excel©, and/or various Internet-related software, third-party data (as indicated) and information

- No opinion, counsel or interpretation is intended in matters that require legal or other appropriate professional advice It is assumed that such opinions, counsel or interpretations have been or will be obtained from the appropriate professional sources

- The analyses, opinions, and conclusions presented in this report apply to this engagement only and may not be used out of the context presented herein This report is valid only for the effective date(s) specified and only for the purpose(s) specified herein

- Although we have exerted considerable diligence and applied our best efforts in constructing this document, immaterial anomalies, if any, may arise Even so, we are confident that our overall conclusion would still fall within a materially consistent conclusion

- While the client has not informed ParsonsGroup, LLC of any intent to do so, any third parties to whom this report is shown may be assured that this report, while performed in the employ of the client, was materially prepared on a non-advocacy basis Any third persons, however, are cautioned that ParsonsGroup, LLC have no duty to you and, therefore, no warranty is expressed or implied Nothing in this report is intended to replace your independent sole judgment, due diligence, or decision to seek professional legal, accounting, or valuation counsel

- This report has been prepared solely for the use of the party or parties named and specifically for the purposes set out therein In accordance with normal practice, we hereby disclaim liability to any other person Any other person should not rely upon the

information and conclusions reached nor should any statement in this report be used for any other purpose without written consent from ParsonsGroup, LLC

- The statements and opinions given in this report are given in good faith and in the belief that such statements are not false or misleading In preparing this report we have relied upon information believed to be reliable and accurate provided by Mr Reeves, Mr Johnston and other sources We have no reason to believe that any material facts have been withheld from us, nor do we warrant that our investigation has revealed all of the matters in which an audit or more extensive examination might disclose

- This valuation reflects facts and conditions existing at the date of this valuation Subsequent events have not been considered, and we have no obligation to update our report for such events and conditions

- None of the partners or employees of ParsonsGroup, LLC have any personal interest with respect to the parties involved, or any other interest that might prevent us from performing an unbiased valuation Our compensation is not contingent on an action or event resulting from the analysis, opinions, or conclusions in, or the use of, this report

- Possession of this report does not carry with it the right of publication It may not be used for any purpose by any person other than the client to whom it is addressed without our written consent and, in any event, only with proper written qualifications and only in its entirety

- Neither all nor any part of the contents of this report shall be disseminated to the public through advertising, public relations, news, sales, or other media without our prior written consent and approval

- Liability of ParsonsGroup, LLC and its partners and employees for errors and omissions, if any, in this work will be limited to the amount of its compensation for the work performed in this assignment

This report is further subject to any other contingencies, assumptions, and limiting conditions that may be set out elsewhere within this report

## II.     Appendix B: Qualifications of Expert

**DAVID W  PARSONS, CPA**
**Curriculum Vitae**
**January 30, 2006**

Citizenship   U S A

Birth Date   November 24, 1950

Education   B S , Accounting, University of Alabama 1973

Certified by the State of Alabama Board of Accountancy May 9th, 1975

**Past & Present Employment·**
1973-74 Lester Witte & Company, Staff Accountant
1974-76 Stutts, Eubank & Kizziah, CPA's, Partner
1976-79 David Parsons, CPA, Managing Partner
1979-87 Eubank & Parsons, CPA's Partner
1987-05 David Parsons & Company, CPA's, Managing Partner
2005 – Present, ParsonsGroup, LLC, Managing Partner

**Memberships in Professional Organizations.**
American Institute of Certified Public Accountants (since 1975)
Alabama Society of Certified Public Accountants (since 1975)
Southeast Alabama Chapter of CPA's (since formation)
CPA'S NET (Since 2004)

**Seminars Presented.**
1984 Cumberland Institute for Continuing Education-
        Incorporating the Closely Held Business
1985 Cumberland Institute for Continuing Education -
        Tax Related Subject
1986 Cumberland Institute for Continuing Education-
        Closely Held Corporations
1987 Cumberland Institute for Continuing Education-
        The Tax Reform Act of 1986
1990 Cumberland Institute for Continuing Education -
        Tax Reform Act of 1986 Revisited
1991 Cumberland Institute for Continuing Education -
        The Use of Trusts in Estate Planning   Part I
1993 Troy State University – Small Business Tax Education
2003 Wiregrass Nurse Practitioners – Starting a Rural Healthcare Clinic

**Civic Involvement·**

Board of Directors – Compass Bank
Houston County Commission
      Houston County Port Authority
Flowers Hospital – Board of Trustees
Dothan By Design – Board Member
      Served as Chairman first 2 years of DXD existence
Dothan Area Chamber of Commerce
      Board of Directors
      Past Chairman
      Past Vice Chairman – Economic Development Council
      Past Vice Chairman – Membership Council
      Past Treasurer
Dothan Boys Club
      Past President
      Vice President
      Treasurer
Dothan Area Convention & Visitors Bureau
      Past Board Member
Business Industry & Education Council Board Member
Dothan Jaycees
      Jaycee of the Year
      Vice President – Membership
      Vice President – Governmental Affairs
      Treasurer
Alabama Alumni Association
      Treasurer
Calvary Baptist Church
      Past Finance Committee Chairman
      Past Family Life Center Construction Committee Member
      Deacon

**Schedule of Cases in which Testimony has been given in Past 4 Years.**

1    United States Bankruptcy Court
     Middle District of Alabama
     Tri-State Plant Food, Inc Debtor
     Houston County
     Case No 00-02778-WRS

     Testimony was on behalf of Tri-State Plant Food, Inc
     Attorney   Andrew H Hollis

2   Glenn G Cannon v Pamela C Weathers
    Circuit Court of Houston County
    Case Number CV 00 5121

    Testimony was on behalf of Pamela C Weathers
    Attorney Joel Weatherford

3   Joe T Malugen v Vaughn Hadden
    Circuit Court of Houston County
    Case No CV-2000-822-H

    Testimony was on behalf of Joe T Malugen
    Attorney Bill Lee

4   Henderson v Henderson
    Circuit Court of Coffee County
    Case No CV – DR-01-98

    Testimony was on behalf of John T Henderson
    Attorney Joe Sawyer

## III. Appendix C: Affidavit of Ronald Lynn Cherry

STATE OF ALABAMA     )
                            )
COUNTY OF HOUSTON     )

### AFFIDAVIT OF RONALD LYNN CHERRY

Personally appeared before me, the undersigned notary public, **Ronald Lynn Cherry**, who being known to me being first duly sworn, deposes and states on oath as follows

1      My name is Ronald Lynn Cherry  I am over the age of twenty-one (21) years, and I reside at 177 Campbellton Highway, Dothan, Alabama 36301

2      During the time period 1994 through January 12, 1997, I worked with Timothy Joe Reeves in the football bookmaking operation  I was primarily responsible for managing such bookmaking operation for Timothy Joe Reeves

3      I have recently reviewed a recent excise tax assessment by the Internal Revenue Service against Timothy Joe Reeves which is now a pending lawsuit styled <u>Timothy Joe Reeves v  United States of America</u>, Case No  1 05-CV-00542-T  In my review of the excise tax, interest and penalties that are alleged by the United States of America (Internal Revenue Service) to be due and payable by Timothy Joe Reeves, I have had the opportunity to analyze and review government calculations of the wagering excise tax based upon calculations of football wagers made for a 7-day time period beginning December 27, 1996, and ending January 2, 1997, with such calculated average of football wagering amounts being extrapolated and applied to the 1994, 1995 and 1996 college and professional football seasons to determine football wagering for each such season

4      In my course of review of the government calculations made for the 7-day time period beginning December 27, 1996, and ending January 2, 1997, I also analyzed and reviewed the

government tapes from the government wiretap for the 1 day of December 27, 1996, and the 10 days beginning January 3, 1997, and ending January 12, 1997  I was unable to analyze and review the 6 days of December 28, 1996, through January 2, 1997, as the government has not yet produced the tapes for that portion of the wiretap period  (The wiretap was for a total of 17 days beginning December 27, 1996, and ending January 12, 1997 )

5       I determined from my review of the government wiretap as evidenced by my analysis of the tapes that there were 3 days of actual operation of the football wagering business during the time period of January 3, 1997, through January 12, 1997  The actual days of accepting football wagers for such 10 day period occurred on January 4, 1997, January 5, 1997, and on January 12, 1997 (nominal activity for such day due to shutdown by government agents early that day), my review of the government tapes revealed no football wagering activity for the 7 days of January 3, 1997, and January 6, 1997, through January 11, 1997 (which were days that the football bookmaking business was not open)

6       As manager of the football bookmaking operation, the actual days that football wagers were accepted only took place during the regular college and professional football season on each Monday evening for 1 professional football game (open for 3 hours from 5 00 p m  to 8 00 p m ), each Thursday evening for 1 college football game (open for 3 ½ hours from 4 00 p m  to 7 30 p m ), and all day on Saturday for college football games and all day on Sunday for professional football games  The football bookmaking operation was not open any other days during the regular college and professional football season

7       It was not our practice to accept football wagers when the football bookmaking operation was open for any college or professional football games other than the games scheduled to be played on the

2

actual day the football bookmaking operation was open  It was also not our practice for there to be any carryover of any wager made to a later date when the football bookmaking operation was open for business to accept football wagers

8    The ten (10%) "juice" or "vigorish" commission was always charged only on losing straight wagers and not on any other wagers

9    In my best judgment, the football bookmaking operation had wagering increases in the neighborhood of approximately 5% per year for the years 1994, 1995 and 1996

10    I understand that this Affidavit and the information contained herein will be used by David W Parsons, CPA, a senior partner of Parsons & Company, certified public accountants and expert witness for Timothy Joe Reeves, in providing an analysis and expert report in the pending case of Timothy Joe Reeves v  United States of America, Case No  1 05-CV-00542-T


Ronald Lynn Cherry


**SWORN AND SUBSCRIBED TO BEFORE ME
THIS 10ᵗʰ DAY OF JANUARY, 2006**


Notary Public

My commission expires·  5 13 2009

3

**IV. Appendix D: Form – 886A For Taxpayer Tim Reeves – Exhibit F**

# Tim Reeves

## Calculation of Gross Wagers by Quarter (based on wire tap)

| Date | Gross Wagers | Vigorish | Amount at Risk |
|------|-------------:|:--------:|---------------:|
| 12/27/1996 | $ 56,000 00 | 10% | $ 61,600 00 |
| 12/28/1996 | $ 74 865 00 | 10% | $ 82 351 50 |
| 12/29/1996 | $ 70 790 00 | 10% | $ 77,869 00 |
| 12/30/1996 | $ 45 597 00 | 10% | $ 50,156,70 |
| 12/31/1996 | $ 71,025 00 | 10% | $ 78,127 50 |
| 1/1/1997 | $ 141,945 00 | 10% | $ 156,139 50 |
| 1/2/1997 | $ 38 215 00 | 10% | $ 42 038 50 |
| | $ 498 437 00 | | $ 548 280 70 |

| | | |
|---|---:|---|
| Total Amount At Risk | $ 548,260 70 | |
| Number of Days | 7 | |
| Average Wagers per Day | $ 78 325 81 | |

## Calculation of Tax Due by Month

| | | Tax Rate | Tax Due |
|---|---:|:--:|---:|
| **September, 1994, 1995, 1996** | | | |
| Average Daily Wagers | $ 78,325 81 | | |
| Number of Days of Wagering* | 15 | | |
| Total Wagers | $ 1,174 887 21 | 2% | $ 23,497 74 |
| | | | |
| **October, 1994, 1995, 1996** | | | |
| Average Daily Wager | $ 78,325 81 | | |
| Number of Days of Wagering | 31 | | |
| Total Wagers | $ 2 428 100 24 | 2% | $ 48,562 00 |
| | | | |
| **November, 1994, 1995, 1996** | | | |
| Average Daily Wagers | $ 78,325 81 | | |
| Number of Days of Wagers | 30 | | |
| Total Wagers | $ 2 349,774 43 | 2% | $ 46,995 49 |
| | | | |
| **December, 1994, 1995, 1996** | | | |
| Average Daily Wagers | $ 78,325 81 | | |
| Number of Days of Wagers | 31 | | |
| Total Wagers | $ 2 428 100 24 | 2% | $ 48,562 00 |
| | | | |
| **January, 1995, 1996** | | | |
| Average Daily Wagers | $ 78,325 81 | | |
| Number of Days of Wagers** | 21 | | |
| Total Wagers | $ 1 644,842.10 | 2% | $ 32,896 84 |

**January, 1997**

| | | | | |
|---|---|---|---|---|
| Average Daily Wagers | $ | 78,325 81 | | |
| Number of Days of Wagers*** | | 11 | | |
| Total Wagers | $ | 861,583 96 | 2% | $ 17,231 68 |

**Total Tax Due**          $ 217,745 76

Notes

* - Football season is generally held to begin around the middle of September

** - Football season is generally held to end around the third week of January

*** - Operation was shut down upon execution of the search warrant on January 12, 1997

## V. Appendix E: Nevada State Gaming Control Board Gaming Revenue Reports

**State of Nevada**
**State Gaming Control Board**
**Gaming Revenue Report Information**

| Year Ended | Football - Sports Pool Winning Percent |
|---|---|
| December 31, 1994 | 6 25% |
| December 31, 1995 | 3 13% |
| December 31, 1996 | 2 76% |
| Total | 12 14% |
| Divided by # of Years | 3 |
| **Average Winning Percent** | **4 05%** * |

The average winning percent for football games as reported by all nonrestricted gaming licensees for 1994, 1995, and 1996 indicates that using an average winning percent of 5% is reasonable  The 5% winning percent indicates that 50% of the bets placed are lost and the profit equaling the amount of vigorish charged The standard vigorsh is 10% of all bets lost.

NEVADA STATE GAMING CONTROL BOARD

STATEWIDE
ALL NONRESTRICTED LOCATIONS
Win Amount are in thousands (Add 000)

GAMING REVENUE REPORT

| UNIT DESCRIPTION | CURRENT MONTH SUMMARY -- DECEMBER, 1994 # OF REPORTING LOCATIONS -- 364 | | | | | THREE MONTH SUMMARY - 10/01/94 TO 12/31/94 # OF REPORTING LOCATIONS -- 364 | | | | | TWELVE MONTH SUMMARY - 01/01/94 TO 12/31/94 # OF REPORTING LOCATIONS -- 373 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | # OF LOC'S | # OF UNITS | WIN AMOUNT | % CHANGE | WIN PERCENT | # OF LOC'S | # OF UNITS | WIN AMOUNT | % CHANGE | WIN PERCENT | # OF LOC'S | # OF UNITS | WIN AMOUNT | % CHANGE | WIN PERCENT |
| GAMES AND TABLES | | | | | | | | | | | | | | | |
| TWENTY-ONE | 169 | 3,371 | 78,604 | 1.89- | 13.32 | 169 | 3,330 | 227,981 | 0.36- | 13.55 | 195 | 3,387 | 955,210 | 4.74 | 14.15 |
| CRAPS | 135 | 420 | 31,512 | 11.28 | 13.81 | 135 | 413 | 92,733 | 6.11 | 13.73 | 138 | 423 | 386,197 | 6.69 | 14.13 |
| ROULETTE | 133 | 358 | 15,943 | 20.64 | 20.81 | 134 | 354 | 45,744 | 3.15 | 20.77 | 136 | 352 | 190,335 | 14.72 | 20.94 |
| WHEEL OF FORTUNE | 54 | 55 | 1,012 | 4.16 | 56.11 | 57 | 57 | 2,949 | 4.64 | 44.94 | 59 | 59 | 12,606 | 17.28 | 54.01 |
| BACCARAT | 22 | 29 | 81,924 | 44.57 | 18.85 | 20 | 70 | 33,313 | 10.33 | 13.94 | 23 | 69 | 491,844 | 42.13 | 15.19 |
| MINI-BACCARAT | 31 | 48 | 3,655 | 16.47 | 10.75 | 31 | 48 | 12,240 | 10.23 | 14.02 | 30 | 56 | 44,512 | 44.60 | 13.17 |
| KENO | 127 | 164 | 10,183 | 3.62 | 27.05 | 127 | 165 | 33,313 | 0.56 | 27.55 | 130 | 166 | 136,139 | 2.01 | 27.44 |
| BINGO | 34 | 33 | 395- | 16.89 | 4.20- | 36 | 37 | 589- | 55.91 | 0.89- | 37 | 38 | 544 | | 0.50 |
| PAI GOW | 24 | 24 | 5,138 | 54.38 | 20.80 | 24 | 28 | 11,062 | 33.84 | 27.98 | 29 | 28 | 35,709 | 29.63 | 23.80 |
| PAN GOW POKER | 68 | 148 | 3,330 | 10.62 | 14.51 | 69 | 148 | 14,145 | 17.82 | 21.69 | 66 | 136 | 51,407 | 24.77 | 20.80 |
| RED DOG | 60 | 60 | 691- | 31.84 | 14.34 | 63 | 63 | 3,273 | 17.86 | 23.73 | 66 | 65 | 11,611 | 47.51 | 15.88 |
| RACE BOOK (1) | 50 | 50 | 6,495 | 5.81 | 47.75 | 63 | 69 | 20,333 | 5.70 | 17.52 | 66 | 66 | 84,664 | 4.57 | 5.72 |
| SPORTS POOL (2) | 106 | 106 | 12,014 | 1.81 | 4.75 | 106 | 106 | 58,796 | 4.70 | 7.52 | 112 | 112 | 127,650 | 63.19 | 5.73 |
| OTHER GAMES | | 301 | 10,225 | 31.11 | 24.33 | | 314 | 30,661 | 32.22 | 24.55 | | 337 | 113,222 | 78.32 | 25.07 |
| TOTAL GAMES | 194 | 5,170 | 261,731 | 16.00 | 13.46 | 194 | 5,138 | 689,147 | 10.66 | 14.11 | 200 | 5,246 | 2,626,197 | 17.72 | 14.57 |
| CARD GAMES | 85 | 537 | 5,946 | 0.35 | | 86 | 553 | 17,328 | 0.26- | | 93 | 586 | 71,667 | 1.20 | |
| SLOT MACHINES | | | | | | | | | | | | | | | |
| 1 CENT | 12 | 155 | | | 0.77 | 13 | 157 | 593 | 17.96 | 10.52 | 15 | 169 | 1,565 | 30.85 | 10.61 |
| 5 CENT | 290 | 35,042 | 38,303 | 16.65 | 7.94 | 294 | 34,903 | 122,839 | 9.53 | 8.36 | 301 | 34,873 | 501,568 | 9.56 | 8.44 |
| 10 CENT | 77 | 766 | 895 | 9.63 | 7.34 | 81 | 767 | 3,036 | 11.87- | 7.06 | 67 | 877 | 11,855 | 5.93- | 5.19 |
| 25 CENT | 360 | 86,092 | 154,157 | 7.29 | 4.79 | 364 | 85,942 | 509,322 | 6.67 | 4.95 | 373 | 85,146 | 2,076,409 | 10.75 | 5.19 |
| 50 CENT | 92 | 1,305 | 2,890 | 9.76- | 3.13 | 94 | 1,302 | 8,972 | 4.43 | 3.48 | 100 | 1,324 | 36,237 | 13.12 | 4.33 |
| 1 DOLLAR | 335 | 31,228 | 109,410 | 9.17 | 4.19 | 339 | 31,054 | 342,665 | 6.14 | 4.28 | 349 | 30,998 | 1,393,611 | 26.61 | 4.31 |
| MEGABUCKS | 110 | 4,861 | 10,883 | 10.88 | 10.81 | 132 | 789 | 13,438 | 23.79 | 10.42 | 137 | 803 | 46,780 | 26.51 | 5.85 |
| 5 DOLLAR | 104 | 2,542 | 6,801 | 32.15 | 3.18 | 104 | 2,295 | 51,152 | 23.59 | 2.50 | 105 | 2,452 | 195,791 | 13.75 | 2.83 |
| 25 DOLLAR | 47 | 294 | 2,614 | 514.55 | 4.02 | 47 | 265 | 3,679 | 660.43 | 3.02 | 24 | 691 | 12,419 | 28.46 | 2.78 |
| 100 DOLLAR | 21 | 101 | 1,705 | 16.84- | | 21 | 101 | 1,973 | 13.34- | | 22 | 127 | 6,945 | 22.26- | |
| OTHER SLOT MACHINES | 118 | | 619 | | | | 121 | | | | | | | | |
| TOTAL SLOT MACHINES | 350 | 158,440 | 333,356 | 9.49 | 4.68 | 364 | 158,025 | 1,054,149 | 7.14 | 4.88 | 373 | 156,837 | 4,307,727 | 9.21 | 4.97 |
| TOTAL GAMING WIN | | | 601,033 | 12.13 | | | | 1,770,624 | 8.40 | | | | 7,007,596 | 12.16 | |
| (1) RACE PARI-MUTUEL | 31 | 31 | 3,935 | 15.46 | 17.93 | 32 | 32 | 12,640 | 17.33 | 17.21 | 32 | 32 | 50,051 | 16.32 | 16.55 |
| (2) SPORTS POOL DETAIL | | | | | | | | | | | | | | | |
| FOOTBALL | 104 | 104 | 6,930 | 12.53- | 4.50 | 104 | 104 | 30,865 | 0.69 | 6.56 | 104 | 104 | 63,507 | 106.97 | 6.25 |
| BASKETBALL | 104 | 104 | 2,009 | 80.83 | 3.91 | 104 | 104 | 5,419 | 37.41 | 3.31 | 104 | 104 | 19,290 | 7.24 | 6.28 |
| BASEBALL | 8 | 8 | 88 | 13.54 | 3.48 | 8 | 8 | 623- | 66.71 | 2.70 | 8 | 8 | 19,870 | | 2.70 |
| SPORTS PARLAY CARDS | 102 | 102 | 2,710 | 3.54 | 593.48 | 102 | 102 | 15,862 | 14.18 | 39.01 | 102 | 102 | 25,554 | 49.67 | 37.69 |
| OTHER | | | 255 | 25.73 | | | | 726- | 46.87- | 0.71- | | | 4,028 | 549.38 | 5.42 |

Columns may not foot due to rounding  Unit detail is shown separately only when there are 3 or more
locations reporting specific unit information  Otherwise, such information is included in 'OTHER' categories

FIGURES ARE CURRENT AS OF 02/06/95

Page 1

NEVADA STATE GAMING CONTROL BOARD

STATEWIDE
ALL UNRESTRICTED LOCATIONS
Win Amounts are in Thousands (Add 000)

GAMING REVENUE REPORT

| UNIT DESCRIPTION | CURRENT MONTH SUMMARY -- DECEMBER, 1995 | | | | THREE MONTH SUMMARY -- 10/01/95 TO 12/31/95 | | | | TWELVE MONTH SUMMARY -- 01/01/95 TO 12/31/95 | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | # OF REPORTING LOCATIONS -- 370 | | | | # OF REPORTING LOCATIONS -- 372 | | | | # OF REPORTING LOCATIONS -- 383 | | | |
| GAMES AND TABLES: | # OF LOC'S | # OF UNITS | WIN AMOUNT | % CHANGE | WIN PERCENT | # OF LOC'S | # OF UNITS | WIN AMOUNT | % CHANGE | WIN PERCENT | # OF LOC'S | # OF UNITS | WIN AMOUNT | % CHANGE | WIN PERCENT |

TWENTY-ONE
CRAPS
ROULETTE
WHEEL OF FORTUNE
BACCARAT
MINI-BACCARAT
KENO
BINGO
CARIBBEAN STUD
LET IT RIDE
PAI GOW
PAI GOW POKER
RED DOG
RACE BOOK (1)
SPORTS POOL (2)
OTHER GAMES

TOTAL GAMES

CARD GAMES

SLOT MACHINES:
1 CENT
10 CENT
25 CENT
50 CENT
1 DOLLAR
MEGABUCKS
5 DOLLAR
25 DOLLAR
100 DOLLAR
OTHER SLOT MACHINES

TOTAL SLOT MACHINES

TOTAL GAMING WIN

(1) PARI-MUTUEL
(SPORTS) POOL DETAIL
FOOTBALL
BASKETBALL
BASEBALL
SPORTS PARLAY CARDS
OTHER

Columns may not foot due to rounding. Unit detail is shown separately only when there are 3 or more
locations reporting specific unit information. Otherwise, such information is included in 'OTHER' categories.

FIGURES ARE CURRENT AS OF 02/07/96

Page 1

**NEVADA STATE GAMING CONTROL BOARD**

**GAMING REVENUE REPORT**

STATEWIDE
ALL CONSTRICTED LOCATIONS
Win Amounts are in Thousands (Add 000)

| UNIT DESCRIPTION | CURRENT MONTH SUMMARY - DECEMBER, 1996 -- 374 | | | | | THREE MONTH SUMMARY - 10/01/96 TO 12/31/96 -- 375 | | | | | TWELVE MONTH SUMMARY - 01/01/96 TO 12/31/96 -- 386 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| GAMES AND TABLES | # OF LOC'S | # OF UNITS | WIN AMOUNT | $ CHANGE | WIN PERCENT | # OF LOC'S | # OF UNITS | WIN AMOUNT | $ CHANGE | WIN PERCENT | # OF LOC'S | # OF UNITS | WIN AMOUNT | $ CHANGE | WIN PERCENT |
| TWENTY-ONE | 164 | 3,500 | 31,560 | 9 55 | 13 46 | 147 | 3,465 | 242,851 | 2 86 | 13 49 | 164 | 3,510 | 975,159 | 1 85 | 13 73 |
| CRAPS | 141 | 444 | 31,562 | 0 38 | 24 17 | 147 | 465 | 94,457 | 8 66 | 14 19 | 145 | 456 | 368,350 | 1 68 | 14 28 |
| ROULETTE | 135 | 396 | 17,643 | 0 38 | 24 17 | 137 | 397 | 50,250 | 4 08 | 23 63 | 141 | 402 | 201,481 | 1 80 | 24 28 |
| WHEEL OF FORTUNE | 87 | 99 | 749 | 13 35 | 53 54 | 39 | 44 | 2,366 | 8 43 | 53 11 | 49 | 56 | 10,243 | 5 04 | 51 16 |
| BACCARAT | 25 | 82 | 69,518 | 155 12 | 18 36 | 25 | 76 | 115,500 | 60 29 | 13 31 | 26 | 80 | 480,959 | 7 35 | 14 63 |
| MINI-BACCARAT | 42 | 72 | 8,823 | 57 71 | 19 10 | 41 | 76 | 29,422 | 57 01 | 13 35 | 43 | 80 | 66,558 | 7 35 | 14 60 |
| KENO | 127 | 173 | | | | 129 | 174 | 28,460 | 21 08 | 27 09 | 130 | 177 | 118,831 | 7 06 | 27 06 |
| BINGO | 36 | 37 | 864 | 8 12 | | 37 | 38 | 2,446 | 2 23 | | 39 | 40 | 9,939 | 627 85 | 3 87 |
| CARIBBEAN STUD | 85 | 137 | 5,272 | 17 81 | 23 32 | 92 | 145 | 16,202 | 15 40 | 22 77 | 93 | 150 | 74,494 | 10 06 | 22 25 |
| LET IT RIDE | 87 | 115 | 5,198 | 13 69 | 23 34 | 92 | 143 | 16,865 | 34 49 | 24 29 | 123 | 242 | 74,172 | 34 96 | 20 72 |
| PAI GOW | 59 | 61 | 4,695 | 39 02 | 12 56 | 125 | 183 | 10,101 | 14 91 | 20 20 | 72 | 162 | 33,503 | 14 92 | 20 38 |
| PAI GOW POKER | 68 | 156 | 6,374 | 9 97 | 22 86 | 72 | 187 | 16,363 | 3 66 | 21 57 | 77 | 162 | 33,553 | 19 81 | 20 43 |
| RED DOG | 3 | 3 | 39 | 43 89 | 22 69 | 3 | 3 | 161 | 35 87 | 19 58 | 6 | 6 | 783 | 0 44 | 29 14 |
| RACE BOOK (1) | 65 | 65 | 6,816 | 37 96 | 4 97 | 85 | 85 | 24,023 | 14 57 | 5 26 | 91 | 91 | 95,577 | 4 02 | 5 14 |
| SPORTS POOL (2) | 127 | 127 | 13,619 | 37 45 | 7 86 | 128 | 128 | 81,321 | 14 57 | 6 50 | 133 | 133 | 76,486 | 4 02 | 5 41 |
| OTHER GAMES | | 45 | 2,932 | 145 44 | 85 86 | | 50 | 3,397 | 147 13 | 26 02 | | 50 | 10,220 | 29 12 | 23 41 |
| **TOTAL GAMES** | 205 | 5,543 | 269,203 | 12 73 | 13 17 | 208 | 5,535 | 676,097 | 9 62 | 13 02 | 215 | 5,706 | 2,695,599 | 3 13 | 13 73 |
| **CARD GAMES** | 72 | 505 | 9,200 | 10 10 | | 75 | 518 | 15,373 | 5 27 | | 82 | 539 | 64,485 | 3 06 | |

| SLOT MACHINES | # OF LOC'S | # OF UNITS | WIN AMOUNT | $ CHANGE | WIN PERCENT | # OF LOC'S | # OF UNITS | WIN AMOUNT | $ CHANGE | WIN PERCENT | # OF LOC'S | # OF UNITS | WIN AMOUNT | $ CHANGE | WIN PERCENT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5 CENT | 292 | 36,996 | 43,820 | 8 04 | 7 66 | 295 | 36,664 | 137,141 | 7 13 | 7 97 | 307 | 36,971 | 553,238 | 5 45 | 8 09 |
| 10 CENT | 60 | 447 | 949 | 2 44 | 7 68 | 60 | 470 | 2,813 | 13 45 | 7 66 | 60 | 456 | 12,837 | 0 67 | 5 18 |
| 25 CENT | 362 | 91,466 | 166,399 | 2 44 | 5 14 | 366 | 92,813 | 549,918 | 17 72 | 5 14 | 378 | 93,985 | 2,245,485 | 4 87 | 5 10 |
| 50 CENT | 95 | 1,900 | 3,823 | 24 32 | 4 10 | 96 | 1,907 | 15,797 | 8 43 | 4 30 | 103 | 1,834 | 59,613 | 28 85 | 4 45 |
| 1 DOLLAR | 350 | 33,990 | 108,421 | 8 23 | 4 02 | 352 | 34,040 | 341,297 | 21 33 | 4 07 | 360 | 34,182 | 1,452,205 | 0 45 | 4 25 |
| MEGABUCKS | 131 | 2,955 | 5,448 | 0 68 | 13 39 | 119 | 2,950 | 745 | 45 85 | 11 34 | 142 | 2,961 | 57,619 | 11 76 | 10 33 |
| 5 DOLLAR | 60 | 371 | 17,493 | 13 57 | 3 24 | 61 | 360 | 50,682 | 6 45 | 3 29 | 123 | 357 | 206,943 | 3 15 | 3 86 |
| 25 DOLLAR | 31 | 742 | 2,819 | 248 98 | 3 21 | 31 | 147 | 6,380 | 21 05 | 3 71 | 32 | 143 | 30,584 | 16 55 | 3 38 |
| 100 DOLLAR | | | 1,828 | 67 96 | 5 30 | | 733 | 8,444 | 85 99 | | | 681 | 28,414 | 75 64 | 3 67 |
| OTHER SLOT MACHINES | | | 2,932 | | | | | | | | | | | | |
| **TOTAL SLOT MACHINES** | 362 | 169,632 | 356,763 | 0 16 | 4 66 | 356 | 171,074 | 1,133,045 | 0 21 | 4 81 | 378 | 172,636 | 4,566,109 | 3 24 | 4 91 |
| **TOTAL GAMING WIN** | | | 630,666 | 5 86 | | | | 1,825,315 | 3 96 | | | | 7,426,192 | 0 78 | |
| (1) RACE PARI-MUTUEL / (2) SPORTS POOL DETAIL | 49 | 49 | 5,448 | 7 18 | 18 23 | 49 | 49 | 20,224 | 10 96 | 17 24 | 51 | 51 | 85,450 | 29 56 | 17 07 |
| FOOTBALL | | 127 | 6,686 | 45 14 | 5 04 | | 127 | 10,771 | 55 28 | 1 80 | | 127 | 27,599 | 15 66 | 2 76 |
| BASKETBALL | 17 | 125 | 1,106 | 933 11 | 1 38 | | 125 | 3,552 | 11 66 | 2 85 | | 125 | 10,333 | 3 49 | 2 86 |
| BASEBALL | 125 | 10 | 365 | 114 84 | | 125 | 10 | 1,341 | 607 73 | 3 08 | | 10 | 10,699 | 138 76 | 1 96 |
| SPORTS PARLAY CARDS | 121 | 121 | 4,093 | 89 67 | 33 25 | 127 | 121 | 13,602 | 461 67 | 28 58 | 127 | 121 | 21,134 | 155 76 | 22 01 |
| OTHER | | | 97 | 83 35 | 3 06 | | | 2,940 | | 13 55 | | | 2,139 | 159 95 | 17 87 |

Page 1

Columns may not foot due to rounding. Unit detail is shown separately only when there are 3 or more locations reporting specific unit information. Otherwise, such information is included in 'OTHER' categories

FIGURES ARE CURRENT AS OF 03/19/97

# GOVERNMENT EXHIBIT "13"

AO 245B (Rev 3/95) Sheet 1  Judgment in a Criminal Case

# United States District Court

## Middle District of Alabama

UNITED STATES OF AMERICA

v

**RONALD LYNN CHERRY**

**JUDGMENT IN A CRIMINAL CASE**

(For Offenses Committed On or After November 1, 1987)

Case Number  1:99CR00013-004

John Earl Smith and David McKnight

Defendant's Attorney

**FILED**

FEB 1 0 2000

CLERK
U S DISTRICT COURT
MIDDLE DIST OF ALA.

## THE DEFENDANT.

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court

☒ was found guilty on count(s)  1 2 3 and 16 of the Indictment of 11/2/1999
after a plea of not guilty

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U S C  § 371 | Conspiracy to Operate an Illegal Gambling Business | 01/12/1997 | 1 |
| 18 U S C  § 1955 | Operation of an Illegal Gambling Business | 01/12/1997 | 2 |
| 18 U S C  § 1956 (a)(1)(A)(i) | Money Laundering | 12/20/1996 | 3 |
| 18 U S C  § 1956 (b) | Conspiracy to Commit Money Laundering | 12/20/1996 | 16 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984

☒ The defendant has been found not guilty on count(s)  5, 7, 8, 10, 12 and 14

☐ Count(s) _____ (is)(are) dismissed on the motion of the United States

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid

Defendant's Soc. Sec. No      7962
Defendant's Date of Birth.      /1950
Defendant's USM No   10420-002
Defendant's Residence Address
**Route 1, Box 549**

**Bristol**                 **FL**      **32321**

02/01/2000

Date of Imposition of Judgment

Signature of Judicial Officer

**ROBERT B. PROPST**
**SENIOR U S DISTRICT JUDGE**

Name & Title of Judicial Officer

Defendant's Mailing Address  ATTEST A True Copy
Rou e 1, Box 549 Certif ed to       2-14 , 20 00
Clerk U S District Court,
Middle District of Alabama

**Bristol**  BY                    FL   32321     Feb. 1, 2000
Deputy Clerk

EOD 2-11-00

GOVERNMENT
EXHIBIT
13

AO 245B (Rev 3/56) Sheet 2 Imprisonment

DEFENDANT      RONALD LYNN CHERRY

CASE NUMBER    1 99CR00013-004

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of     **10     month(s)**

**This term consists of 10 months each on Counts 1 and 2, and 10 months each Counts 3 and 16  all such terms to be served concurrently**

The court makes the following recommendations to the Bureau of Prisons

☐  The defendant is remanded to the custody of the United States Marshal

☒  The defendant shall surrender to the United States Marshal for this district  or  the  designated  institution

　　☒  at _____10 00_____  a m  on  _____03/07/2000_____

　　☐  as notified by the United States Marshal

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons

　　☐  before 2 p m  on  _____

　　☐  as notified by the United States Marshal

　　☐  as notified by the Probation or Pretrial Services Office

# RETURN

I have executed this judgment as follows

_____

_____

_____

Defendant delivered on  _____  to  _____

at  _____  with a certified copy of this judgment

_____

UNITED STATES MARSHAL

By  _____

Deputy U S Marshal

AO 245B (Rev 3/95) Sheet 3  Supervised Release

Judgment Page ___3___ of ___6___

DEFENDANT    RONALD LYNN CHERRY

CASE NUMBER    1 99CR00013-004

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ___3___ year(s)

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons

The defendant shall not commit another federal state or local crime

The defendant shall not illegally possess a controlled substance

*For offenses committed on or after September 13 1994*

The defendant shall refrain from any unlawful use of a controlled substance   The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse  (Check, if applicable )

☒ The defendant shall not possess a firearm as defined in 18 U S C  § 921  (Check, if applicable )

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below)   The defendant shall also comply with the additional conditions on the attached page (if indicated below)

**See Special Conditions of Supervision - Sheet    3 01**

# STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer,
2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month,
3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer,
4)  the defendant shall support his or her dependents and meet other family responsibilities,
5)  the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or  other acceptable reasons,
6)  the defendant shall notify the probation officer ten days prior to any change in residence or employment,
7)  the defendant shall refrain from excessive use of alcohol,
8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered
9)  the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer,
10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer,
11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer,
12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court,
13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics  and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev 3/95) Sheet 3  Supervised Release

DEFENDANT        RONALD LYNN CHERRY
CASE NUMBER      1 99CR00013-004

# SPECIAL CONDITIONS OF SUPERVISION

If determined necessary by the probation officer  the defendant shall participate in drug testing and/or treatment as directed by the probation officer  Further, the defendant shall contribute to the costs of any treatment in an amount determined reasonable by the probation officer  based on ability to pay and availability of third party payments

AO 245B (Rev 3/55) Sheet 5 Part A  Criminal Monet:  Penalties

Judgment-Page __4__ of __6__

DEFENDANT        RONALD LYNN CHERRY
CASE NUMBER      1 99CR00013-004

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B

|              | Assessment | Fine | Restitution |
|--------------|-----------|------|-------------|
| **Totals**   | $   400 00 | $   0 00 | $   0 00 |

☐ If applicable, restitution amount ordered pursuant to plea agreement        $ _____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ 0 00

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U S C § 3612(f) All of the payment options on Sheet 5  Part B may be subject to penalties for default and delinquency pursuant to 18 U S C § 3612(g)

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that

☐ The interest requirement is waived

☐ The interest requirement is modified as follows

## RESTITUTION

☐ The determination of restitution is deferred in a case brought under Chapters 109A  110, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until _____ An Amended Judgment in a Criminal Case will be entered after such determination

☐ The defendant shall make restitution to the following payees in the amounts listed below

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below

| Name of Payee | ** Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---------------|------------------------|-------------------------------|----------------------------------------|
|               |                        |                               |                                        |
| **Totals**    | $ _____      | $ _____             |                                        |

** Findings for the total amount of losses are required under Chapters 109A  110, 110A  and 113A of Title 18 for offenses committed on or after September 13, 1994

AO 245B (Rev 3/95) Sheet 5 Part B   Criminal Monetary Penalties

Judgment Page __5__ of __6__

DEFENDANT     RONALD LYNN CHERRY
CASE NUMBER   1 99CR00013-004

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment, (2) restitution, (3) fine principal, (4) cost of prosecution, (5) interest, (6) penalties

Payment of the total fine and other criminal monetary penalties shall be due as follows

A  ☒  in full immediately, or

B  ☐  $ _____ immediately, balance due (in accordance with C, D, or E), or

C  ☐  not later than _____ or

D  ☐  in installments to commence _____ day(s) after the date of this judgment  In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision  the U S probation officer shall pursue collection of the amount due  and shall request the court to establish a payment schedule if appropriate  or

E  ☐  in _____ (e g equal weekly monthly quarterly) installments of $ _____ over a period of ____ year(s) to commence _____ day(s) after the date of this judgment

The National Fine Center will credit the defendant for all payments previously made toward any criminal monetary penalties imposed

Special instructions regarding the payment of criminal monetary penalties

Payment of all criminal monetary penalties shall be made to the U S District Court Clerk, P O Box 711, Montgomery, AL 36101
The special assessment is due immediately and may be collected in accordance with the Bureau of Prisons Inmate Financial Responsibility Program

☐  Joint and Several

☐  The defendant shall pay the cost of prosecution
☐  The defendant shall pay the following court cost(s)

☐  The defendant shall forfeit the defendant's interest in the following property to the United States

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment  All criminal monetary penalty payments are to be made to the United States Courts National Fine Center  Administrative Office of the United States Courts, Washington, DC  20544, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program  If the National Fine Center is not operating in this district, all criminal monetary penalty payments are to be made as directed by the court, the probation officer, or the United States attorney

AO 245B (Rev 3/95) Sheet 6   Statement of Reasons

Judgment-Page  6  of  6

DEFENDANT      RONALD LYNN CHERRY
CASE NUMBER    1 99CR00013-004

# STATEMENT OF REASONS

☐ The court adopts the factual findings and guideline application in the presentence report

## OR

☒ The court adopts the factual findings and guideline application in the presentence report except (see attachment if necessary)

**The Court finds that the defendant accepts responsibility and awards a 2 level reduction pursuant to USSG3E1 1**

**Guideline Range Determined by the Court**

Total Offense Level        25

Criminal History Category  ___ II

Imprisonment Range         63 ___ to    78    months

Supervised Release Range   ___ 2 ___ to _____ 3 _____ years

Fine Range $ ___ 10 000 00 ___ to $ ___ 100 000 00 ___

    ☒ Fine waived or below the guideline range because of inability to pay

Total Amount of Restitution $ _____ 0 00 _____

    ☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U S C § 3663(d)

    ☐ For offenses that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments

    ☐ Partial restitution is ordered for the following reason(s)

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines

## OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s)

## OR

☒ The sentence departs from the guideline range

    ☐ upon motion of the government, as a result of defendant's substantial assistance

    ☒ for the following specific reason(s)

**Pursuant to USSG 5K2 0 the Court finds that aspects of the case are unusual to a degree that it falls outside of the "heartland" of cases in the guildeline.**

# GOVERNMENT EXHIBIT "14"

Lynne M. Murphy
Trial Attorney, Civil Trial Section
Southern Region
555 4th St. N W
Room 6219
Washington, D C 20001

Dear Ms. Murphy,

At your request, I have read the Excise Tax Calculation by David W Parsons, the expert witness for

Mr.Reeves, the Excise Tax Examination Changes by Joe B Elliott, Jr the IRS Examiner ,

numerous legal documents including depositions and testimony in the criminal case against Mr Reeves and the

other defendants, football schedules for 1994 through 1997, and betting data from the Nevada Gaming Commission.

My estimate of the excise taxes owed by Mr Reeves for football betting activity between August 1, 1994 and

January 12, 1997 is $499,360 I have no financial interest in this case, nor relationships with any of the persons or

agencies involved My fees are based on my normal billing rate of $175 per hour for time spent on most aspects of

the case, and $225 per hour for time spent giving testimony, depositions and other questioning under oath. I reserve

the right to amend and supplement my opinions upon receipt and review of additional information produced

by Mr Reeves in response to the Government's Discovery Requests or any newly discovered evidence.

Yours truly,

George Ignatin
2/28/06


REEVES TAX CASE

There are several areas of disagreement between Mr Reeves' expert witness (David W Parsons) and myself. The

most important of these involves the assumption that the proper "unit of measurement" is daily betting activity The

only data available to infer the amount of betting which occurred between August 1, 1994 and January 12, 1997

comes from reports taken from wiretaps on December 27, 1996 through January 2, 1997 According to the report of

the IRS Examiner (Joe B Elliott, Jr ), the following amounts were bet





| DAY | AMOUNT | NUMBER OF GAMES | AMOUNT PER GAME | COMMENT |
|---|---|---|---|---|
| 12/27/96 | $ 56,000 | 3 | $ 18,667 | minor bowl games |
| 12/28/96 | 74,865 | 3 | 24,955 | 2 NFL 1st round playoff games and 1 minor bowl game (LSU v Clem) |
| 12/29/96 | 70,790 | 3 | 23,597 | 2 NFL 1st round playoff games and 1 minor bowl game |
| 12/30/96 | 45,597 | 1 | 45,597 | 1 bowl game (Wash v Colo) |
| 12/31/96 | 71,025 | 3 | 23,675 | 3 bowl games (Aub v Army) and (Neb v Va.T-Orange Bowl) |
| 1/1/97 | 141,945 | 6 | 23,658 | 3 "Big" bowl games (Rose, Fiesta and Ala v Mich) and 3 lesser Bowl games. |
| 1/2/97 | 38,215 | 1 | 38,215 | FSU v Fla in Sugar Bowl |
| TOTAL | $498,437 | 20 | $24,922 | |
| INCLUDING VIGORISH | $548,281 | | $27,414 | |

These sums average out to $78,326 per DAY including "vigorish", BUT $27,414 per GAME Moreover, on 4 of the 7 days on which data were gathered, the amount bet per game, excluding vigorish, was between $23,597 and $24,955--a much "tighter" spread than indicated by the daily numbers Of the "outliers", the 1/2/97 Sugar Bowl game between Florida State and Florida would have been expected to have had larger betting totals in Dothan and Pensacola, while the 12/27/96 bowl games would have been expected to have had smaller betting totals. Thus, it seems reasonable to assume that the proper inference is that about $24,000, NOT including vigorish, was wagered per game. Other data, presented by Mr Parsons, showed $103,890 was wagered on the 4 NFL playoff games played 1/4/97 and 1/5/97, for an average of $25,973 per game or $28,570 including vigorish.

There were approximately 100 teams playing NCAA Division I-A football and each team played about 11 games, thus, there were 550 betting "opportunities" per season. Obviously, various amounts were wagered on different games I assume that more money was bet on games on T V , or which involved Alabama, Auburn, Florida State, Florida, or nationally ranked or "public" teams I assume that less was bet on "lesser" known or followed teams

2

Thus, I assume that the average game had about $6,000 wagered on it (most games were not on T V or did not involve Alabama, Auburn, FSU, Florida or well known nationally-followed teams,) and that approximately $3,300,000 would have been wagered each college football season. There were usually around 20 bowl games each season, and I assumed that $24,000 was wagered on each "major" bowl game and $18,000 on each "minor" bowl game, or an average of about $22,500 per bowl game not including vigorish.

In the NFL, there were 32 teams playing 16 regular season games or 256 regular season games plus 11 playoff games, including two very big betting events--the NFC and AFC championship games, and one huge betting event--the Super Bowl There were also 64 Exhibition games played mostly in August of each year Clearly, the amount wagered on different games depended on several factors. I assume that more money was bet on games carried on local T V , or on "meaningful" games. Thus, I assume that $12,000 was bet on each regular season NFL game on average, that $6,000 was bet on each Exhibition game on average, that $24,000 was bet on each playoff game, plus an additional $24,000 on each Championship game plus an additional $96,000 on each Super Bowl.

The total amount bet each season, thus, was

| | | |
|---|---|---|
| College Football | Regular Season | $3,300,000 |
| | Bowl Games | 450,000 |
| | Total | $3,750,000 |
| | | |
| NFL Football | Exhibition Games | $384,000 |
| | Regular Season | 3,072,000 |
| | Playoffs | 408,000 |
| | Total | $3,864,000 |

For both College and NFL seasons, the total amount bet was $7,614,000 in each of the 3 seasons The total for 3 seasons would be $22,842,000 Subtracting $144,000 for the NFL playoff games in 1997 for which the operation was not in business yields $22,698,000 Including "vigorish" brings the total to $24,968,000 The 2% tax on this is $499,360 plus whatever fees, penalties, interest, etc. are proper

Curriculum Vitae of George Ignatin

D O.B  4/30/40        Address· 510 ShadyLane Cir , Hartselle, AL  35640   Phone  256-773-1505

EDUCATION

Ph.D  in Economics from the University of Texas, 1969

B B A. in Marketing from the University of Miami, 1962

WORK EXPERIENCE

1963-1966  Teaching Assistant at the University of Texas

1966-1969  Assistant Professor of Economics at Trinity University, San Antonio, Texas

1969-1972  Assistant Professor of Economics at the University of Alabama at Birmingham

1979  Visiting Professor of Economics at the University of Nevada, Reno

1984  Visiting Professor of Economics at la Universidad Peruana Cayetano Heredia, Lima, Peru

1972-2005  Associate Professor of Economics at the University of Alabama at Birmingham

2005-present  Retired, private consultant

Courses taught.  Principles of Microeconomics, Intermediate Microeconomic Theory, Labor Economics,

Manpower Economics, Government and Business, The Economics of Sports and Gambling

BOOKS AND PUBLICATIONS

Books written

Football by the Numbers, 1986, with Allen Barra, published by Simon and Shuster

Football by the Numbers, 1987, with Allen Barra, published by Simon and Shuster

Papers Presented

Tenth Conference on Gambling and Risk Taking, Montreal, Quebec, June, 1996  paper on

4

Basketball Systems, paper on Greyhound Racing.

Eleventh Conference on Gambling and Risk Taking, Las Vegas, June, 1999 "Grindstones into Plowshares The Effect of Gambling on Crime."

"Legal and Economic Issues of Greyhound Racing" in Gambling Law Review, January, 1999, with Frank Watkins

Twelfth Conference on Gambling and Risk Taking, Vancouver, British Columbia, May-June, 2002 paper comparing two systematic computer models with three expert systems models for football

Miscellaneous Publications

Approximately 40 articles in the Wall Street Journal, with Allen Barra, on Sports Handicapping and Economics between 1996 and 2003

Television and Radio interviews on various topics involving Economics, Sports and Gambling.

Consulting report on economic impact of Horse Racing in Alabama, 2004

Deposition given in class action case involving Talladega Race Track and NASCAR, 2000