IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2006 MAY 30 P 2: 21

| | |
|---|---|
| TIMOTHY JOE REEVES, ) | |
| Plaintiff, ) | |
| v. ) | Case No. |
| UNITED STATES OF AMERICA, ) | 1.05-CV-00542-T |
| Defendant. ) | |

## PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Comes now Plaintiff, Timothy Joe Reeves ("Reeves"), by and through counsel, who in opposition to the Motion for Summary Judgment filed by Defendant (the "Defendant's Motion"), would respond to this Court in rebuttal thereto, not for the purposes of restating Reeves' arguments in his Motion for Summary Judgment (the "Plaintiff's Motion"), but for the limited purposes of responding to arguments raised in Defendant's Motion. In support of Reeves' opposition to Defendant's Motion, Reeves submits this Response and Brief as follows:

1.   **Defendant's Argument with Regard to Affidavit of Ashton Holmes Ott.** Defendant, in Section 1 of Defendant's Motion, refers to the affidavit of former U.S. Attorney Ashton Holmes Ott, <u>Exhibit "H"</u> to Plaintiff's Motion, as Reeves' attempt to introduce extrinsic or parol evidence as to the meaning of terms of the Plea Agreement. Reeves disagrees. As stated in Plaintiff's Motion, with regards to plea agreements, "the court must decide whether the government's actions are inconsistent with what the defendant reasonably understood when he entered his guilty plea." *United States v. Copeland*, 381 F.3d 1101, 1105 (11th Cir. 2004); *Johnson v. Beto*, 466 F.2d 478, 480 (5th Cir.1972); *United States v. Crusco*, 536 F.2d 21, 27 (3d

Cir.1976). Thus, Reeves' understanding of the Plea Agreement, and the reasonableness thereof, is the issue central to this case. The Plaintiff, as <u>Exhibit "H"</u> to Plaintiff's motion, has submitted uncontradicted evidence of Reeves' understanding of the Plea Agreement. The affidavit of Ashton Holmes Ott provides evidence that Reeves' understanding was indeed reasonable, as it comported with the understanding of Ms. Ott who was the primary scrivener of the Plea Agreement and who was in Defendant's employ as Assistant U.S. Attorney at the time.

2.  **<u>Defendant's Argument That Reeves' Testimony Is Not Entitled to Exclusionary Protection</u>**. Defendant, in Section III of Defendant's Motion, contends that Reeves' testimony at trial and at his deposition, is not entitled to exclusionary protection, and that the Internal Revenue Service ("IRS") can use the same as the basis for the assessment of the wagering taxes at issue. Initially, Defendant discusses the following provision of the Plea Agreement:

> **<u>Section III, Cooperation Agreement, Paragraph C, Subparagraph 2</u>**
>
> Provided that [Reeves] satisfies the terms of this plea agreement, any information that he truthfully discloses to the government during the course of his cooperation, concerning related offenses, will not be used against him, directly or indirectly. [Reeves] understands that this agreement does not bar his prosecution for capital felonies, perjury, false statements, and obstruction of justice.[1]

Defendant argues that the term "related offenses", as used in the above subparagraph of the Plea Agreement, is a reference to criminal offenses only, and Reeves' testimony can therefore be used by the IRS in this civil proceeding. Reeves offers in rebuttal the language of the tax levy statute that is the basis for the tax assessment, being Section 4401 of the Internal Revenue Code of 1986, as amended, which provides in pertinent part as follows:

---

[1] Reeves would also point out that with regard to the last sentence, since the Plea Agreement states that it does not bar prosecution for capital felonies, perjury, false statements and obstructions of justice, then a reasonable interpretation and understanding is that it must bar the government from pursuing Reeves for anything other than the stated exceptions, which would include the civil tax assessment in this case.

> (a) Wagers.
>
> (1) State authorized wagers. There shall be imposed on any wager authorized under the law of the State in which accepted an excise tax equal to 0.25 percent of the amount of such wager.
>
> (2) Unauthorized wagers. There shall be imposed on any wager not described in paragraph (1) an excise tax equal to 2 percent of the amount of such wager.

26 U.S.C. § 4401(a).

In the instant case, the wagering excise tax is assessed pursuant to subsection (a)(2) of Section 4401, or the tax on wagers not authorized under the law of the State in which accepted, i.e., illegal or criminal wagers. In fact, in the IRS's Form 886A, attached to Plaintiff's Motion as <u>Exhibit "G"</u>, the IRS repeatedly refers to the case as an "illegal wagering case" and the measure of the tax as the "illegal wagers." Thus, for the tax to apply at all, the wagering activity taxed must be, by definition, a criminal offense. Therefore, even if this Court accepts Defendant's position as correct and holds that the word "offenses" refers to criminal offenses only, the statement from the Plea Agreement referenced above still precludes Defendant (and the IRS) from using the testimony and deposition of Reeves to assess the wagering tax against him. Defendant, in order to assess a tax on illegal wagers, must first prove that Reeves was involved in the criminal offense of illegal wagering for the time periods at issue, which would therefore be an "offense" within Defendant's interpretation. Consequently, Reeves argues that even accepting Defendant's assertion as correct, the Plea Agreement clearly and absolutely prohibits Defendant from using the deposition and trial testimony provided by Reeves pursuant to the terms thereof to prove the criminal offense necessary for the wagering tax to apply.

Defendant also argues in Defendant's Motion that the Plea Agreement only excludes any statements made by Reeves during the course of plea negotiations. Defendant cites the following provision of the Plea Agreement:

### Section III, Paragraph K Scope of the Agreement, Subparagraph 1(h)

> [Reeves] further advises the Court that [Reeves] understands and has been advised that the evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Information herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceeding against the defendant....

Defendant's argument is simply that the phrase "in connection with and relevant to said plea or offer to plea" is a reference to any statements made by Reeves *during* plea negotiations. Therefore, Defendant argues that the deposition and trial testimony of Reeves, all of which occurred *following* the execution of the Plea Agreement, in accord with the provisions thereof, is not entitled to exclusionary protection.

Reeves contends that Defendant's position is erroneous. First, Defendant cites a number of cases as authority for the proposition that statements made *after* the negotiation phase of plea agreements are admissible against the maker of the statement in a subsequent proceeding. However, these cases cited by Defendant are completely irrelevant to the facts of the instant case, and are completely out of context. The cases cited by Defendant are cases involving former Fed R. Evid. 410 and Fed. R. Cr. P. 11(e)(6), which exclude "any statement made in the course of plea discussions with an attorney for the government which do not result in a plea of guilty or which result in a plea of guilty later withdrawn." The cases cited by Defendant involve statements made following plea negotiations in cases where the plea negotiations ultimately broke down,

where the plea agreements were withdrawn or were later breached, or where a cooperation agreement was not part of the agreement.

The instant case does not involve a statutory interpretation of the rules of evidence in the context of a criminal prosecution following the breakdown of plea negotiations. This is a civil case, and in this case, Reeves executed the Plea Agreement and fully complied with the terms and conditions thereof. The trial testimony and deposition testimony of Reeves were clearly "statements made in connection with and relevant to" his plea of guilty, as contemplated by the Plea Agreement, and he was required under the Plea Agreement to participate in deposition and the trial, and to truthfully testify at the same. Now, Defendant attempts to use these statements in a civil proceeding against Reeves, and to do so is a clear violation by Defendant of the terms of the Plea Agreement.

3. **Defendant's Argument That Assistant United States Attorney Was Without Authority to Settle Reeves' Civil Tax Liabilities**. "It does not bode well for an IRS attorney to ... challenge the authority of the Assistant U.S. Attorney to settle a tax prosecution case by a court-accepted Plea Agreement." *Creel v. Commissioner*, 419 F.3d 1135, 1142 (11th Cir. 2005)(citing *In re Knopf v. United States*, 190 B.R. 647, 651-52 (Bankr. D. Mont. 1995). The Defendant argues that the *Creel* case is distinguishable from the instant case; Reeves submits that it is not. In the *Creel* case, the Court held that a United States Attorney has the authority to settle a taxpayer's civil tax liabilities, notwithstanding the statutory mandates, as part of a criminal plea agreement when the civil tax liabilities are "inextricably intertwined" with the criminal tax liabilities. As stated in the Plaintiff's Motion, the Plea Agreement prohibited further federal criminal prosecution for *"any federal tax provision"*, and the Internal Revenue Service was a

continuous and direct participant in Reeves' case. As in *Creel*, Reeves has submitted evidence that it was his understanding that the cash and property forfeitures made by Reeves satisfied his civil tax liability.

Reeves also contends that in any event, it cannot be contested that the Assistant United States Attorney had the authority to preclude Defendant from using Reeves' deposition and trial testimony as the basis for the assessment. Therefore, pursuant to the language of the Plea Agreement, the Defendant is absolutely prohibited from doing so.

4. **Defendant's Argument That Excise Tax Assessment is Correct.** With regard to the Defendant's argument that the assessment is correct, Reeves' has presented substantial evidence proving that the calculations in the excise tax assessment are erroneous, in the form of an expert report prepared by David Parsons & Co., C.P.A.'s, and the affidavit of Ronald Lynn Cherry. Reeves contends that the evidence submitted is accurate and reliable, and, proves by a preponderance that the measure of the tax used by the Defendant in the assessment is incorrect and not due to be relied upon.

5. **Defendant's Argument That Reeves is not Entitled to Injunctive Relief.** Reeves asserts that based on the evidence and arguments presented in the Plaintiff's Motion and in this reply brief, it is clear that under the most liberal view of the law and facts, that the Defendant's claim cannot be established, and that no legal remedy is available to protect him from irreparable harm, and therefore Reeves is entitled to injunctive relief. Reeves is entitled to his remedy in the action that presently exists, and justice should not require him to go abroad and to seek a remedy in other courts and proceedings.

Respectfully submitted this 25th day of May, 2006.

_____
G. David Johnston
Bar No. ASB-8863-T636
Attorney for Plaintiff
Johnston, Hinesley, Flowers & Clenney, P.C.
291 North Oates Street
Dothan, Alabama 36303
334-793-1115

### OF COUNSEL:

L. Drew Redden
Bar No. ASB-1710-D661
Attorney for Plaintiff
Redden, Mills & Clark
940 Financial Center
505 North 20th Street
Birmingham, Alabama 35203-2605
205-322-0457

G. David Johnston
Bar No. ASB-8863-T636
Attorney for Plaintiff
Johnston, Hinesley, Flowers, Clenney & Turner, P.C.
291 North Oates Street
Dothan, Alabama 36303
334-793-1115

William W. Hinesley
Bar No. ASB-4423-E65W
Attorney for Plaintiff
Johnston, Hinesley, Flowers, Clenney & Turner, P.C.
291 North Oates Street
Dothan, Alabama 36303
334-793-1115

## CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED** that I have served a copy of the foregoing Plaintiff's Response and Brief in Opposition to Defendant's Motion for Summary Judgment upon Lynne M. Murphy, Esq., Attorney for Defendant, by depositing a copy of same in the United States mail, postage prepaid, to regular mailing address at United States Department of Justice, Post Office Box 14198, Ben Franklin Station, Washington, D.C. 20044-4198 on this the 25th day of May, 2006.

_____
G. David Johnston
Bar No. ASB-8863-T636
Attorney for Plaintiff
Johnston, Hinesley, Flowers, Clenney & Turner, P.C.
291 North Oates Street
Dothan, Alabama 36303
334-793-1115