IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **TIMOTHY JOE REEVES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CASE NO. 1:05-CV-00542-MHT |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Defendant.** ) | |

### DECLARATION OF CHARLES A. BRAVATA, SR.
### SPECIAL AGENT FOR THE FEDERAL BUREAU OF INVESTIGATION

I, Charles A. Bravata, Sr., declare the following:

1.  I am a Special Agent for the Federal Bureau of Investigation and have been so employed for over fourteen (14) years.

2.  My official duties include, *inter alia*, supervising and handling criminal investigations of persons suspected of committing federal offenses.

3.  In the late 1990's, I was responsible for supervising and handling the criminal investigation of Timothy Joe Reeves and his confederates for certain non-tax offenses committed by them, including operating an illegal gambling business and engaging in money laundering in or around Dothan, Alabama during the periods covering 1994 through 1997. See United States v. Billy Joe Reeves, et al., Case No. 99-CR-0013-S (M.D. Ala.). See also, Government's Exhibit "1" for Indictment filed in United States v. Billy Joe Reeves, et al., Case No. 99-CR-0013-S (M.D. Ala.), on February 3, 1999.

GOVERNMENT
EXHIBIT
B

4. The criminal investigation of Reeves and his confederates primarily involved: **(1)** conducting physical surveillance of Reeves and his confederates; **(2)** seeking court-authorizations to conduct certain wire taps and monitoring such wire tap communications; **(3)** seeking court approval for issuance of grand jury subpoenas and monitoring the return of such subpoenas; **(4)** applying for and executing various search warrants; **(5)** securing evidence, including the maintenance of evidence logs; **(6)** analyzing business and financial records; **(7)** interviewing witnesses; and **(8)** arresting Reeves and his confederates. See e.g., Government's Exhibit "6" for Court-authorized Search Warrants and Affidavit Attachment of Charles A. Bravata, Sr., at Bate-stamped Nos. IRS017-IRS034 and IRS071-IRS128.

5. During the criminal investigation, I received assistance from various sources, which included several FBI Special Agents, numerous law enforcement officers from the Dothan Police Department and two Special Agents from the Internal Revenue Service, Criminal Investigation Division ("CID Agents").

6. The two CID Agents who assisted me during the criminal investigation were A. Gillis Douglas and Louie Wilson.

7. I was responsible for identifying what matters Douglas and Wilson would handle when assisting in the criminal investigation of Reeves and his confederates. I also was responsible for supervising them during their participation in the criminal investigation.

8. Knowledge and an expertise in investigating money laundering activities are critical components in conducting a criminal investigation of the operations of an illegal gambling business. As a result, I requested that Douglas, who had extensive experience in investigating money laundering transactions, be assigned to the criminal investigation so that he

1692855.1

could handle the money laundering aspects of the investigation. In this respect, and at my direction, Douglas participated in the criminal investigation, by assisting in the execution of search warrants, monitoring the return of certain grand jury subpoenas, interviewing witnesses and analyzing business and financial records. See e.g., Government's Exhibit "6," supra, at Bate-stamped Nos. IRS017-IRS034 and IRS071-IRS128.

9. Wilson also was assigned to assist in the criminal investigation. Specifically, Wilson participated in the execution of a search warrant on January 12, 1997. The assistance of Wilson and numerous other individuals in executing search warrants on January 12, 1997 was required due to the significant number of warrants that had to be executed at various residential and business premises at the same time on that date. See e.g., Government's Exhibit "6," supra, at Bate-stamped Nos. IRS017-IRS034 and IRS090-IRS114.

10. During the criminal investigation, neither Douglas nor Wilson was assigned and/or directed to determine what, if any, tax offenses may have been committed by Reeves and/or his confederates during the periods covering 1994 through 1997.

11. During the criminal investigation, neither Douglas nor Wilson was assigned and/or directed to determine what type of taxes, if any, may have been owed by Reeves and/or his confederates during the periods covering 1994 through 1997.

12. During the criminal investigation, neither Douglas nor Wilson was assigned and/or directed to determine the amount of taxes, if any, that may have been owed by Reeves and/or his confederates during the periods covering 1994 through 1997.

13. The criminal investigation was limited to investigating non-tax offenses, such as operating an illegal gambling business and engaging in money laundering activities.

14. The amount of any civil tax liabilities that may have been due and owing by Reeves and/or his confederates was not an element for indicting or prosecuting them for the non-tax offenses that were the subject of the criminal investigation.

15. The criminal investigation ultimately led to the indictment of Reeves and his confederates for various non-tax offenses, including conducting a specified unlawful activity (i.e., illegal gambling business) and engaging in certain money laundering activities. The illegal gambling business primarily involved the receipt of wagers placed on professional and college football games during 1994 through 1997. See e.g., Government's Exhibit "1," supra, at pp. 1-2.

16. The criminal investigation did not lead to the indictment of Reeves and/or any of his confederates for tax offenses. See e.g., Government's Exhibit "1," supra.

17. On October 14, 1999, Reeves entered into a written Plea Agreement. See Government's Exhibit "2" for Plea Agreement of Timothy Joe Reeves filed in United States v. Billy Joe Reeves, et al., Case No. 99-CR-0013-S (M.D. Ala.), on October 14, 1999.

18. I was present during the time when some of the plea discussions occurred between Reeves, his counsel and the prosecuting attorneys from the United States Attorney's Office for the Middle District of Alabama. See Government's Exhibit "2," supra.

19. Although I was present during some of the plea discussions, I am not aware of any discussions involving any settlement or compromise of any of the civil tax liabilities that may have been due and owing by Reeves for the periods covering 1994 through 1997.

20. I also am not aware of the making or offering of any promises to settle or compromise any of the civil tax liabilities that may have been due and owing by Reeves for the periods covering 1994 through 1997.

1692855.1

21. I never represented to Reeves and/or his counsel that I had any authority to settle or compromise any of the civil tax liabilities that may have been due and owing by Reeves for the periods covering 1994 through 1997.

22. I never represented to Reeves and/or his counsel that I had any authority to control any actions that the IRS might take in determining, assessing or collecting any tax liabilities that might have been due and owing by Reeves for the periods covering 1994 through 1997.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 22 day of May, 2006.

_____
**CHARLES A. BRAVATA, SR.**