IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY JOE REEVES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:05-CV-00542-MHT |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

DECLARATION OF LOUIE WILSON
SPECIAL AGENT FOR THE INTERNAL REVENUE SERVICE,
CRIMINAL INVESTIGATION DIVISION

I, Louie Wilson, declare the following:

1. I am a Special Agent for the Internal Revenue Service, Criminal Investigation Division ("CID Agent"), and have been so employed for approximately fifteen (15) years.

2. My official duties include, *inter alia*, supervising and handling criminal investigations of persons suspected of committing federal tax offenses. My duties also include assisting and participating in certain criminal investigations of persons suspected of committing federal non-tax offenses.

3. In the late 1990's and at the requests of Charles A. Bravata, Sr., Special Agent for the Federal Bureau of Investigation, and A. Gillis Douglas, retired CID agent, I was assigned to assist in the criminal investigation of Timothy Joe Reeves and his confederates for certain non-tax offenses committed by them, including operating an illegal gambling business and engaging in money laundering in or around Dothan, Alabama during the periods covering 1994 through 1997. See United States v. Billy Joe Reeves, et al., Case No. 99-CR-0013-S (M.D. Ala.). See

GOVERNMENT
EXHIBIT
D

also, Government's Exhibit "1" for Indictment filed in United States v. Billy Joe Reeves, et al., Case No. 99-CR-0013-S (M.D. Ala.), on February 3, 1999.

4. My participation in the criminal investigation of Reeves and/or his confederates was limited. I only assisted in the execution of a search warrant on January 12, 1997. See e.g., Government's Exhibit "6" for Court-authorized Search Warrants and Affidavit Attachment of Charles A. Bravata, Sr., at Bate-stamped Nos. IRS017-IRS034 and IRS071-IRS128.

5. During the criminal investigation, I was never assigned and/or directed to determine what, if any, tax offenses may have been committed by Reeves and/or his confederates during the periods covering 1994 through 1997. As a result, I never made such a determination.

6. During the criminal investigation, I was never assigned and/or directed to determine what type of taxes, if any, may have been owed by Reeves and/or his confederates during the periods covering 1994 through 1997. As a result, I never made such a determination.

7. During the criminal investigation, I was never assigned and/or directed to determine the amount of taxes, if any, that may have been owed by Reeves and/or his confederates during the periods covering 1994 through 1997. As a result, I never made such a determination.

8. I am advised that the criminal investigation ultimately led to the indictment of Reeves and his confederates for various non-tax offenses, including conducting a specified unlawful activity (i.e., illegal gambling business) and engaging in certain money laundering activities. The illegal gambling business primarily involved the receipt of wagers placed on professional and college football games during 1994 through 1997. See e.g., Government's Exhibit "1," supra, at pp. 1-2.

1694827.1

9. I am further advised that Reeves entered into a written Plea Agreement on October 14, 1999. See Government's Exhibit "2" for Plea Agreement of Timothy Joe Reeves filed in United States v. Billy Joe Reeves, et al., Case No. 99-CR-0013-S (M.D. Ala.), on October 14, 1999.

10. I was never present during any plea discussions that may have occurred between Reeves, his counsel and the prosecuting attorneys for the United States Attorney's Office for the Middle District of Alabama and, as a result, I have no knowledge of any such plea discussions.

11. I am not aware of the making or offering of any promises to settle or compromise any of the civil tax liabilities that may have been due and owing by Reeves for the periods covering 1994 through 1997.

12. I never represented to Reeves and/or his counsel that I had any authority to settle or compromise any of the civil tax liabilities that may have been due and owing by Reeves for the periods covering 1994 through 1997.

13. I never represented to Reeves and/or his counsel that I had any authority to control any actions that the IRS might take in determining, assessing or collecting any tax liabilities that might have been due and owing by Reeves for the periods covering 1994 through 1997.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 6th day of May, 2006.

LOUIE WILSON