IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **TIMOTHY JOE REEVES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CASE NO. 1:05-CV-00542-MHT |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on May 11, 2007, wherein the following proceedings were held and actions taken:

**1.   PARTIES AND TRIAL COUNSEL:**

For the Plaintiff:

L. Drew Redden
Bar No. ASB-1710-D661
Redden, Mills & Clark
940 Financial Center
505 20th Street North
Birmingham, Alabama 35203-2605
205-322-0457
Fax:  205-322-8481
Email:  Melissa@rmclaw.com

G. David Johnston
Bar No. ASB-8863-T636
Johnston, Hinesley, Flowers & Clenney, P.C.
291 North Oates Street
Dothan, Alabama 36303

       334-793-1115
       Fax:  334-793-6603
       Email:  djohnston@jhfc-law.com
       William W. Hinesley
       Bar No. ASB-4423-E65W
       Johnston, Hinesley, Flowers & Clenney, P.C.
       291 North Oates Street
       Dothan, Alabama 36303
       334-793-1115
       Fax:  334-793-6603
       Email:  whinesley@jhfc-law.com

   For the Defendant:

       Lynne M. Murphy
       United States Department of Justice
       Tax Division
       P.O. Box 14198
       Ben Franklin Station
       Washington, DC  20044-4198
       202-514-5881
       Fax:  202-514-9868
       Email:  lynne.m.murphy@usdoj.gov

   **COUNSEL APPEARING AT PRETRIAL HEARING:**  Same as trial counsel, except William W. Hinesley not appearing at pretrial hearing for Plaintiff.

   **2.**   **JURISDICTION AND VENUE:**  This Court has jurisdiction over plaintiff's refund claims pursuant to 28 U.S.C. §§ 1340 and 1346(a)(1).  This Court has jurisdiction over the government's counterclaim pursuant to 26 U.S.C. § 7402 and 28 U.S.C. §§ 1340 and 1346(c).  Further, the parties agree that venue is proper in this case under 28 U.S.C. § 1402(a)(1) because Plaintiff resides in this district.

   **3.**   **PLEADINGS:** The following pleadings and amendments were allowed:
   **(a)**   Complaint filed by Plaintiff (Entered 06/14/2005);
   **(b)**   Answer and Counterclaim filed by Defendant (Entered

08/23/2005);

  **(c)** Answer to Counterclaim filed by Plaintiff (Entered 09/09/2005);

  **(d)** Amended Complaint filed by Plaintiff (Entered 01/05/2006);

  **(e)** Answer to Amended Complaint and Counterclaim filed by Defendant (Entered 01/12/2006);

  **(f)** Answer to Renewed Counterclaim filed by Plaintiff (Entered 01/25/2006).

  **4.** **CONTENTIONS OF THE PARTIES:**

  **(1)** Plaintiff contends that:

  **(a)** Defendant breached the terms of the Plea Agreement dated October 14, 1999, entered into between the Defendant and Plaintiff (the "Plea Agreement"), by assessing wagering excise taxes, including penalties and interest, against Plaintiff in direct violation of said Plea Agreement in that the Plea Agreement was a global civil and criminal settlement of all proceedings against Plaintiff; therefore, Plaintiff's motion for summary judgment should be granted. Although Plaintiff does not believe that this pretrial order is the appropriate place to argue, out of a viewed necessity to rebut Defendant's arguments so made in the contentions by Defendant, Plaintiff will merely note some of the key provisions of the Plea Agreement. Initially, the Plea Agreement was a settlement of both civil forfeiture and criminal proceedings against Plaintiff. In consideration of Plaintiff's agreement "to testify truthfully and completely at any subsequent criminal and civil forfeiture action related in any manner to this criminal case" (subparagraph c. on page 5 of the Plea Agreement), "any information that he truthfully discloses to the government during the course of his cooperation, concerning related offenses, will not be used against him, directly or indirectly" (paragraph 2 on page 6 of the Plea Agreement). The excise tax assessment in this case is derived from the criminal activity of gambling which is taken from Plaintiff's testimony that was, and still is, protected by the Plea Agreement. Further, "statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant" (which is the plaintiff in this case) (subparagraph h. on page 11 of the Plea Agreement). Finally, the Plea Agreement provides in paragraph 3 on page 12 that "if the defendant pleads guilty, there will not be a further trial of any kind". Plaintiff's reliance on Creel v. Commissioner, 419 F.3d 1135 (11th Cir. 2005) is proper

in that Reeves was not supposed to be prosecuted under any federal tax provision because the Plea Agreement expressly prohibited the same (paragraph G on page 8 of the Plea Agreement).  Pursuant to Creel, Plaintiff asserts that there does not have to be a meeting of the minds of the parties over the terms of the Plea Agreement, merely a reasonable understanding by the defendant (in our case, the Plaintiff) of the terms and conditions of the Plea Agreement.  Also, the Eleventh Circuit Court of Appeals in Creel noted that a formal referral by the Internal Revenue Service is not always required, when the U.S. Attorney has authority to settle a defendant's criminal restitution obligation.  Also, in the case at hand, Internal Revenue Service representatives were present through out the criminal proceedings against Plaintiff, and when Plaintiff testified at the trial and at his deposition in compliance with the terms and conditions of the Plea Agreement;

  **(b)** Defendant further breached the terms of the Plea Agreement by using Plaintiff's trial and deposition testimony required by the Plea Agreement, in order to assess wagering excise taxes, including penalties and interest, the use of Plaintiff's testimony being a direct violation of the terms and conditions of the Plea Agreement; therefore, Plaintiff's motion for summary judgment should be granted.  Pertinent provisions of the Plea Agreement noted in subparagraph (a) above clearly support this position;

  **(c)** In any event, Defendant grossly and erroneously overstated the amount of the wagering excise taxes, including penalties and interest, that are made a part of the assessment;

  **(d)** Defendant erroneously disallowed Plaintiff's claims for refund of excise taxes for each of the fifteen months at issue; and

  **(e)** The assessment of wagering excise taxes, including penalties and interest should be quashed and Defendant should be enjoined from the collection of said taxes.

  **(2)** Defendant contends that:

  **(a)** The plaintiff, Timothy Joe Reeves, is liable for federal excise taxes, including penalties and interest, assessed against him for the periods covering 1994 through 1997.  The excise tax assessment totals approximately $2 million, plus interest thereon as is required by law.

  **(b)** The assessment of federal excise taxes against Reeves for

the periods covering 1994 through 1997 was not in violation of, and did not constitute a breach of, the written Plea Agreement. This Court should reject Reeves' claims that his civil tax liabilities were resolved by his Plea Agreement for four reasons. *First*, the written Plea Agreement is a clear and unambiguous contract which, on its face, never mentions any of Reeves' civil tax liabilities, let alone any settlement or compromise of such liabilities. In fact, the integration clause contained in the written Plea Agreement confirms the parties' agreement and understanding that the written agreement contained all of the government's promises and that any promises falling outside such written agreement are unenforceable. *Second*, there was no meeting of the minds over the terms that would have been necessary to effectuate a settlement or compromise of Reeves' civil liabilities (e.g., type of taxes, the amount of the tax liabilities). *Third*, the United States Attorney lacked authority to settle Reeves' civil tax liabilities, and thus, any agreement to do so would be unenforceable. *Fourth*, Reeves' reliance on Creel v. Commissioner, 419 F.3d 1135 (11th Cir. 2005) is misplaced because the facts, here, are distinguishable from the facts in Creel. Reeves, unlike the taxpayer in Creel, was not prosecuted for any tax offenses, and there was no order to file tax returns and pay tax losses as part of his criminal plea. Thus, there was no occasion, unlike in Creel, for the United States Attorney to have resolved Reeves' civil tax liabilities as part of the criminal case.

      **(c)** The United States disputes Reeves' claims that the written Plea Agreement precludes the IRS from relying on, or using, any prior testimony given by him, at trial or by deposition, in order to assess any excise taxes, including penalties and interest, against him for the periods covering 1994 through 1997. This Court must reject Reeves' contentions for two major reasons. *First*, nowhere in the Plea Agreement does it expressly preclude the IRS from relying on, or using, Reeves' testimony in order to determine, assess or collect taxes, including penalties and interest, due and owing by him as a result of the illegal wagering activities conducted by him during 1994 through 1997. In view of the integration clause included in the written Plea Agreement, no agreement exists between the parties that would require suppression or exclusion of any of Reeves' statements that were made during his trial and/or deposition testimony. *Second*, Reeves erroneously relies on certain select provisions from the written Plea Agreement in an attempt to support his contention. The plain language of the written Plea Agreement does not support his interpretation of those select provisions. For instance, one of the provisions relied on by Reeves

clearly and unambiguously excludes statements made *during* plea negotiations, but does not exclude statements made after, or pursuant to, the plea agreement. Another provision relied on by Reeves, when read in its entirety, shows that its purpose is to preclude the United States Attorney from using certain statements in prosecuting Reeves for any related criminal offenses. The select provisions relied on by Reeves do not provide the exclusionary protection that he seeks in this civil tax case.

**(d)** Based on discovery and the parties' cross-motions for summary judgment, the United States anticipates that Reeves will attempt to offer extrinsic evidence, including oral testimony, to support his contentions, *inter alia*, that: **(1)** the excise tax assessment is a purported violation or breach of his Plea Agreement; and/or **(2)** the IRS is precluded from relying on, or using, Reeves' testimony in order to determine, assess or collect any excise tax liabilities due and owing by him for the periods covering 1994 through 1997. The parol evidence rule precludes the offering of such extrinsic evidence, and therefore, such evidence should be excluded from trial of this matter. Consideration of such extrinsic evidence is inappropriate in light of the clear and unambiguous language of the written Plea Agreement. The Court should be limited to interpreting the language contained within the "four corners" of the written Plea Agreement to discern the parties' intent. This prohibition against offering extrinsic evidence is further evident from the parties' knowing inclusion of the integration provision in the written Plea Agreement. The provision expressly requires that all terms be included in the written Plea Agreement if they are to be binding upon the parties. Thus, the parties' intent regarding Reeves' plea agreement must be determined from the terms of the written Plea Agreement, without resort to any extrinsic evidence, including oral testimony. Any extrinsic evidence offered on this point will only serve to unnecessarily and unduly prolong the trial.

**(e)** The United States disputes Reeves' alternative contention that he is not liable for the excise tax assessment because it is erroneous and/or grossly overstated. Reeves was in the business of accepting wagers during the periods covering 1994 through 1997 and failed to pay the excise tax of 2% due on such wagers, as required pursuant to 26 U.S.C. § 4401, *et seq*. Reeves did not keep any books or records of his wagering activities. As a result, the IRS was required to reconstruct Reeves' wagering activities in order to arrive at a wagering base upon which the excise tax could be assessed. In late 2004, the IRS assessed excise taxes,

including penalties and interest, against Reeves in the total amount of $1,969,344. The IRS assessment is entitled to a presumption of correctness when, as here, evidence is present connecting Reeves to the wagering activity conducted by him during the time periods covered by the assessment. While the presumption is rebuttable, Reeves has failed to provide any reliable evidence to rebut such presumption. Because Reeves did not keep adequate books and records of his wagering activities, he attempts to challenge the IRS assessment by offering an expert report that is nothing more than mere speculation with regard to the wagering amounts received by Reeves during the periods at issue ("Parsons' report"). Parsons' report primarily relies on the oral representations of Reeves and Ronald Lynn Cherry, the person in charge of managing Reeves' illegal gambling operations during 1994 through 1997, and certain unqualified analyses performed by Cherry with regard to some of the court-authorized wire tap communications. Parsons' report relies on "unqualified, self-serving and unsubstantiated testimony" and, as a result, is insufficient to overcome the presumption of correctness that must be accorded the IRS assessment. Further, the report of the government's expert supports the reasonableness of the IRS assessment.

**(f)** Contrary to any of Reeves' contentions, the excise tax assessment neither subjects him to an excessive fine in violation of the Eighth Amendment to the U.S. Constitution nor constitutes multiple punishments proscribed by the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution. The excise taxes, including civil fraud penalties and interest, assessed against Reeves are not punitive in nature and, therefore, cannot be characterized as an excessive fine under the Eighth Amendment or a violation of the Double Jeopardy Clause under the Fifth Amendment. Also, the assessment of civil fraud penalties does not put Reeves in jeopardy of being punished twice for the same offense. Reeves' fraudulent intent to evade the payment of taxes is a separate and distinct matter from the money-laundering offense to which he pled guilty. The difference in the two matters precludes a double jeopardy violation.

**(g)** To the extent that Reeves seeks to enjoin the IRS from collecting the excise taxes assessed against him, such injunctive relief is barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a).

**(h)** To the extent that Reeves seeks declaratory relief with regard to the federal excise taxes, including penalties and interest thereon, assessed against him for the periods covering 1994 through 1997, such declaratory relief is barred by the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

**(i)** The IRS did not err in disallowing the plaintiff's claims for refund of excise taxes paid by him for the periods covering 1994 through 1997. Further, Reeves is indebted to the United States for unpaid excise tax assessments, plus interest thereon as is required by law, for the periods covering 1994 through 1997. Because the assessments remain unpaid, judgment should be entered in favor of the United States and against Reeves in the sum of $1,967,844, plus interest thereon as is required by law.

**5.** **STIPULATIONS BY AND BETWEEN THE PARTIES:**

**(1)** On June 8, 2005, the plaintiff, Timothy Joe Reeves, commenced this action, seeking, *inter alia*, to recover a refund of certain excise taxes, including penalties and interest, paid by him for the tax periods ended September 30, 1994 through January 31, 1995, September 30, 1995 through January 31, 1996, and September 30, 1996 through January 31, 1997. The sum sought to be recovered by the plaintiff totals $1,500, plus interest thereon.

**(2)** On August 23, 2005, the defendant, United States of America, filed a counterclaim, seeking a judgment against the plaintiff for the remaining unpaid balance of the assessments, totaling $1,967,844, plus interest thereon as is required by law.

**(3)** On January 3, 2006, the plaintiff filed an Amended Complaint.

**(4)** On January 12, 2006, the defendant renewed its original counterclaim previously filed in August, 2005.

**(5)** On October 25 and November 15, 2004, the Internal Revenue Service

made the following assessments of excise taxes, plus penalties and interest, against plaintiff:

| Tax Period | Excise Tax | Penalty | Assessed Interest | Total Assessment |
|---|---|---|---|---|
| 9/30/94  | $  23,498 | $  17,623 | $  46,214 | $  87,335 |
| 10/31/94 | 48,562 | 36,422 | 94,179 | 179,163 |
| 11/30/94 | 46,995 | 35,247 | 89,821 | 172,063 |
| 12/31/94 | 48,562 | 36,422 | 91,461 | 176,445 |
| 1/31/95  | 32,896 | 24,673 | 61,476 | 119,045 |
| 9/30/95  | 23,498 | 17,623 | 38,499 | 79,620 |
| 10/31/95 | 48,562 | 36,422 | 78,822 | 163,806 |
| 11/30/95 | 46,995 | 35,247 | 74,622 | 156,864 |
| 12/31/95 | 48,562 | 36,421 | 75,878 | 160,861 |
| 1/31/96  | 32,897 | 24,673 | 50,938 | 108,508 |
| 9/30/96  | 23,498 | 17,623 | 31,825 | 72,946 |
| 10/31/96 | 48,562 | 36,422 | 64,665 | 149,649 |
| 11/30/96 | 46,995 | 35,247 | 61,479 | 143,721 |
| 12/31/96 | 48,562 | 36,422 | 62,397 | 147,381 |
| 1/31/97  | 17,232 | 12,924 | 21,781 | 51,937 |
| **Total** | **$  585,876** | **$  439,411** | **$  944,057** | **$  1,969,344** |

It is ORDERED that:

(1) The non-jury trial of this cause, which is to last three (3) day, is set for July 12, 2007, at 10:00 a.m. at the Frank M. Johnson, Jr. United States Courthouse Complex, Courtroom 2FMJ, One Church Street, <u>Montgomery</u>, Alabama, 36104;

(2) A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term;

(3) The plaintiff is required to file proposed findings of fact and conclusions of law by June 25, 2007, and the defendant is required to file proposed findings of fact and conclusions of law by July 6, 2007.

(4) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge to each have a set of the exhibits;

(5) All deadlines not otherwise affected by this order will remain as set forth in the uniform scheduling order (Doc. No. 11) entered by the court on September 21, 2005, as amended;

(6) All understandings, agreements, deadlines, and stipulations contained in this pretrial order shall be

binding on all parties unless this order be hereafter modified by Order of the court.

DONE, this the 16th day of May, 2007

                                          /s/ Myron H. Thompson
                                    UNITED STATES DISTRICT JUDGE