IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, SOUTHERN DISTRICT

| | | |
|---|---|---|
| TIMOTHY JOE REEVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO. |
| | ) | 1:05-CV-00542-MHT |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant | ) | |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR JURY TRIAL**

The Plaintiff, Timothy Joe Reeves ("Plaintiff"), respectfully submits this brief in support of the Plaintiff's position that the Court should grant Plaintiff's motion for a trial by jury on all issues before the Court, pursuant to the discretion granted the Court in Rule 39(b) of the Federal Rules of Civil Procedure.

**STATEMENT OF FACTS**

Plaintiff filed a complaint to commence this action on June 8, 2005, seeking to recover a refund of certain wagering excise taxes, including penalties and interest, which were assessed against him for the tax periods ended September 30, 1994 through January 31, 1995, September 30, 1995 through January 31, 1996, and September 30, 1996 through January 31, 1997. (Doc. 1). The defendant, the United States, answered Plaintiff's complaint and filed a counterclaim on August 23, 2005, asking for a judgment against Plaintiff for the unpaid balance of the assessment, in the amount of $1,967,844 plus interest. (Doc. 7). Plaintiff answered the United States' counterclaim on September 9, 2005. (Doc. 9).

Plaintiff filed an amended complaint on January 3, 2006, asserting that the excise tax assessment violated his rights as provided by the Fifth and Eighth Amendments to the U.S. Constitution. The United States answered the amended complaint on January 12, 2006, and

renewed its original counterclaim. (Doc. 15). Plaintiff answered the United States' counterclaim on January 24, 2006. (Doc. 18).

The Court entered a Scheduling Order on September 21, 2005, under which discovery lasted until April 4, 2006. (Doc. 11). During this time, the extent of the United States discovery was a single set of interrogatories and a request for documents. The parties filed cross-motions for summary judgment on May, 5, 2006, which remain pending. (Docs. 25 and 28). Trial was initially set for July 17, 2006, but has been continued three times. (Docs. 20 and 36). A non-jury trial was then set to be held June 18, 2007. (Doc. 36). A pretrial conference was held on May 11, 2007. (Doc. 38). The Court rescheduled the trial for July 12, 2007 by Pretrial Order on May 16, 2007.

The Plaintiff filed a motion for a trial by jury on all issues in this case, under Rule 39(b) of the Federal Rules of Civil Procedure, on May 14, 2007. (Doc. 41).

## ISSUE

Should the Court, in its discretion, grant the Plaintiff's motion for a trial by jury on all issues in this case before the Court?

## ARGUMENT

The Court, in its discretion, should grant Plaintiff's motion for a trial by jury and relieve Plaintiff from waiver of jury trial since there are no strong or compelling reasons to deny the motion. Under Rule 39(b) of the Federal Rules of Civil Procedure, the Court has broad discretion in determining whether to relieve a party from waiver of jury trial, and its discretion will be reversed only for an abuse of discretion. Swofford v. B & W, INC., 336 F.2d 406, 408 (5th Cir. 1964)(citing "2B Barron & Holtzoff, Federal Practice and Procedure § 892, at 72) (Wright ed. 1961). In Parrott v. Wilson, 707 F.2d 1262, 1267 (11th Cir. 1983), the Eleventh Circuit Court of Appeals set forth the rule in this circuit: "In this circuit, the general rule governing belated jury requests under Rule 39(b) is that the trial court 'should grant a jury trial in

2

absence of strong and compelling reasons to the contrary." Id. at 1267 (quoting Swofford, 336 F.2d at 408). "The district courts have broad discretion when considering Rule 39(b) motions and often freely grants such motions after considering:

> (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial."

Parrot, 707 F.2d at 1267 (citations omitted). The balancing of all of the factors enumerated above warrants granting the Plaintiff's motion for a trial by jury. That is especially so when the factors are considered in conjunction with the general rule of granting such motions "in the absence of strong and compelling reasons to the contrary".

**This Case is Best Tried to a Jury**. The first factor in deciding a Rule 39(b) motion is whether the case involves issues that would be best decided by a jury. Parrot, 707 F.2d at 1267. A material issue in this case is whether or not the United States' actions are inconsistent with what the Plaintiff reasonably understood when he entered his guilty plea. What the Plaintiff believed the Plea Agreement to mean, and whether or not his understanding was reasonable under the circumstances, is a factual issue. In determining whether or not the Plaintiff's understanding was reasonable, it will be necessary to determine what a reasonable person in the Plaintiff's position would have understood the Plea Agreement to mean. Plaintiff asserts that this factual, objective determination is best decided by a jury. The predominately factual nature of this dispute militates strongly in favor of submitting the entire case to a jury. See B. Braun Medical, Inc., v. Abbott Laboratories, 892 F.Supp. 112, 115 (E.D. Pa. 1995).

Further, another issue that may need to be decided is the accuracy of the amount of the excise tax assessment. This is also a factual issue that will involve the testimony of both expert and lay witnesses. When issues turn on the credibility of witnesses, resolution by jury trial is

3

"particularly appropriate." See Martin v. Pepsi-Cola Bottling Co., 639 F.Supp. 931, 932 (D. Md. 1986).

**Schedules May Not Be Disrupted**. The second factor in deciding whether to allow a Rule 39(b) motion for trial by jury is whether granting the motion would disrupt the schedule of the court or that of the United States. Parrot, 707 F.2d at 1267. While the United States' Opposition to the Plaintiff's Motion for Trial by Jury states that the United States' schedule will be disrupted, it is difficult to understand how a trial by jury would require the government to "re-allocate its resources". (Doc. 43). The issues remain unchanged, and the presentation of facts should also remain unchanged, notwithstanding the trier of fact.

**The United States Would Not Be Prejudiced**. The third factor is the degree of prejudice, if any, to the United States if the motion is granted. Parrot, 707 F.2d at 1267. Again, though the United States claims in its Opposition to the Plaintiff's Motion for Trial by Jury that it will be prejudiced if the Plaintiff's motion is granted, it is difficult to understand the government's contention. (Doc. 43). The United States claims it conducted discovery with a bench trial in mind in its Opposition to the Plaintiff's Motion for Trial by Jury. (Doc. 43). The government does not, however, state how it would have conducted discovery in preparation for a jury trial. The only formal discovery conducted by the United States was through a single set of interrogatories and a request for documents. If the issues of fact to be decided are so straightforward that this was sufficient discovery for a bench trial, surely it would be sufficient for a jury trial as well.

The United States also claims that it will have to change its trial strategy if the motion is granted. (Doc. 43). While it is beyond the Plaintiff's knowledge of the government's trial strategy, it seems unlikely that a trial by jury would change much of that strategy given that the issues in this case would remain unchanged if the motion were granted. The presentation of facts in this case should not change due to a change in the trier of fact. Plaintiff contends that the government's claimed prejudice is not supported by proceedings to date and does not constitute a "strong and compelling" reason to deny Plaintiff's motion.

**The Length of Delay in Moving for a Jury Trial is Acceptable**. The fourth factor in deciding a Rule 39(b) Motion is the length of delay in requesting a jury trial. Parrot, 707 F.2d at 1267. The motion was made on May 14, 2007, approximately two months before trial is scheduled to begin. (Doc. 41). As earlier stated, the issues of fact to be decided remain unchanged. Because the length of time between making the request for jury trial and when the trial is set to begin should be adequate, the delay does not constitute a "strong and compelling" reason to deny the motion.

**The Plaintiff's Tardiness in Requesting a Jury Trial is Excusable**. The fifth factor is the reason for the Plaintiff's tardiness in requesting a jury trial. Parrot, 707 F.2d at 1267. As this case has progressed towards a trial date, the reasonableness of the Plaintiff's understanding of the plea agreement, and whether the United States' excise tax assessment is inconsistent with that understanding, have developed into material factual issues. Further, the United States has recently announced its intention to introduce evidence independent of the Plaintiff's testimony to support the government's assessment of excise taxes, penalties and interest, which assessment the Plaintiff asserts is a breach of the Plea Agreement. Plaintiff submits that these issues are central to the disposition of the case, and so the case is now ripe for a jury trial.

## CONCLUSION

Plaintiff contends that there are no strong and compelling reasons to deny the Plaintiff's motion for trial by jury. This case presents factual issues that are routinely decided by a jury, and granting the motion would not prejudice the United States. The balancing of all of the factors enumerated above warrants granting the Plaintiff's motion for a trial by jury. Therefore, the Court, using its broad discretion granted by Rule 39(b), should grant the Plaintiff's motion for trial by jury.

Respectfully submitted this 25th day of May, 2007.

/s/  G. David Johnston
G. David Johnston
Bar No. ASB-8863-T636
Attorney for Plaintiff
Johnston, Hinesley, Flowers, Clenney & Turner, P.C.
291 North Oates Street
Dothan, Alabama 36303
334-793-1115

**OF COUNSEL**:

L. Drew Redden
Bar No. ASB-1710-D661
Attorney for Plaintiff
Redden, Mills & Clark
940 Financial Center
505 North 20th Street
Birmingham, Alabama 35203-2605
205-322-0457

William W. Hinesley
Bar No. ASB-4423-E65W
Attorney for Plaintiff
Johnston, Hinesley, Flowers, Clenney & Turner, P.C.
291 North Oates Street
Dothan, Alabama 36303
334-793-1115

## CERTIFICATE OF SERVICE

     **IT IS HEREBY CERTIFIED** that I have served a copy of the foregoing Plaintiff's Brief in Support of Motion for Jury Trial upon Lynne M. Murphy, Esq., Attorney for Defendant, by depositing a copy of same in the United States mail, postage prepaid, to regular mailing address at United States Department of Justice, Post Office Box 14198, Ben Franklin Station, Washington, D.C. 20044-4198 on this the 25th day of May, 2007.

/s/ G. David Johnston
G. David Johnston
Bar No. ASB-8863-T636
Attorney for Plaintiff
Johnston, Hinesley, Flowers, Clenney & Turner, P.C.
291 North Oates Street
Dothan, Alabama 36303
334-793-1115

F:\FILES\BRIEFS\Reeves_Tim (Trial by Jury brief).doc