IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **TIMOTHY JOE REEVES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CASE NO. 1:05-CV-00542-MHT |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Defendant.** ) | |

DEFENDANT'S OBJECTIONS TO
PLAINTIFF'S AMENDED LIST OF WITNESSES AND TRIAL EXHIBITS

Pursuant to the Court's Scheduling Order entered on September 21, 2005, as amended by Orders entered on February 21 and August 8, 2006 and the Order on Pretrial Hearing entered on May 16, 2007, the defendant, United States of America, objects to Plaintiff's Amended List of Witnesses and Trial Exhibits, for the following reasons:

I.   **DEFENDANT'S OBJECTIONS TO PLAINTIFF'S WITNESSES.**[1]

The United States objects to plaintiff's witnesses on the following grounds:

**A.**   The United States objects to the admissibility of the testimony of the following witnesses expected to be offered by plaintiff:  **(1)** Timothy Joe Reeves; **(2)** Ashton Holmes Ott, Esquire; **(3)** Ronald Lynn Cherry; **(4)** L. Drew Redden, Esquire; **(5)** William Baxley, Esquire; and **(6)** David McKnght [*sic*], Esquire to the extent their testimony will involve offering extrinsic

---

[1] The United States reserves the right to object to any witnesses that plaintiff may call at trial on any grounds permitted under Fed. R. Evid. 402 and 403 or as otherwise permitted by the Court for good cause shown.

evidence with regard to the written plea agreement executed by Reeves in October 1999. The parol evidence rule precludes the offering of such extrinsic evidence at the trial of this matter. Consideration of such extrinsic evidence is inappropriate in light of the clear and unambiguous language of the agreement. The Court is limited to interpreting the language contained within the "four corners" of the agreement to discern the parties' intent. This prohibition against offering such extrinsic evidence is further evident from the parties' knowing inclusion of the integration provision in the agreement. The provision expressly requires that all terms be included in the agreement if they are to be binding upon the parties. Thus, the parties' intent regarding Reeves' plea agreement must be determined by the terms of the written plea agreement, without resort to any extrinsic evidence, including oral testimony. Any testimony offered on this point will only serve to unnecessarily and unduly prolong the trial. See e.g., Fed. R. Evid. 401 - 403. See also, Beeks v. United States, 2006 WL 346475 (11th Cir. 2006); Marsh v. United States, 2005 WL 3150509 (11th Cir. 2005); United States v. Copeland, 381 F.3d 1101, 1105 (11th Cir. 2004); United States v. Weaver, 905 F.2d 1466, 1472 (11th Cir. 1990).

**B.** The United States objects to the admissibility of the testimony of the following witnesses expected to be offered by plaintiff: **(1)** Timothy Joe Reeves; **(2)** Ashton Holmes Ott, Esquire; **(3)** Ronald Lynn Cherry; **(4)** L. Drew Redden, Esquire; **(5)** William Baxley, Esquire; and **(6)** David McKnght [sic], Esquire to the extent their testimony will involve offering evidence that Timothy Joe Reeves was *not* engaged in the business of accepting unauthorized wagers during the periods covering 1994 through 1997. Admissions made by and/or on behalf of Reeves

throughout this case show that Reeves was in the business of accepting unauthorized wagers during the periods at issue in this refund action.  See e.g., Doc. 28-7 for Affidavit of Ronald Lynn Cherry executed on January 30, 2006 ("Cherry's Affidavit"), at p. 174, ¶ 2; Doc. 28-7 for Reeves' Expert Report prepared by David W. Parsons, CPA dated January 30, 2006 ("Parsons' Report"), at pp. 156-160; Doc. 28-7 for Judgment in a Criminal Case entered on February 10, 2000 in United States v. Ronald Lynn Cherry, Case No. 1:99-CR-00013-004 (M.D. Ala.), at pp. 185-191.  Any testimony offered on this point will only serve to unnecessarily and unduly prolong the trial.  See e.g., Fed. R. Evid. 403.

    **C.**    The United States objects to the admissibility of the testimony of the following witnesses expected to be offered by plaintiff:  **(1)** Timothy Joe Reeves; **(2)** Ronald Lynn Cherry; and **(3)** David W. Parsons, CPA to the extent their testimony will involve offering evidence that is based on speculation or conjecture and/or that is self-serving and unsubstantiated with regard to the wagering amounts received by Reeves during the periods at issue.  See e.g., Doc. 28-7 for Cherry's Affidavit, at p. 174; Doc. 28-7 for Parsons' Report, at pp. 156-160.  In a case where, as here, Reeves did not keep adequate books and records of his wagering activities, he is precluded from challenging the IRS's assessment by offering the type of evidence described, above.  See e.g., Griffin v. United States, 588 F.2d 521 (5th Cir. 1979); DeLorenzo v. United States, 555 F.2d 27 (2d Cir. 1977); Alabama Power Co. v. United States, 1985 WL 6245 (N.D. Ala. 1985).  Any testimony offered on this point will only serve to unnecessarily and unduly prolong the trial.  See e.g., Fed. R. Evid. 401 - 403.

    **D.**    The United States objects to the admissibility of the testimony of David W. Parsons, CPA to the extent that the Court determines that: **(1)** his testimony is *not* based upon sufficient facts or data; **(2)** his testimony is *not* the product of reliable principles and methods; and/or **(3)** he has *not* applied the principles and methods reliably to the facts of this case. Any testimony offered on this point will only serve to unnecessarily and unduly prolong the trial. See e.g., Fed. R. Evid. 403 and 702.

    **E.**    The United States objects to the admissibility of the testimony of the following witnesses expected to be offered by plaintiff: **(1)** Timothy Joe Reeves; **(2)** Ashton Holmes Ott, Esquire; **(3)** Ronald Lynn Cherry; **(4)** L. Drew Redden, Esquire; **(5)** William Baxley, Esquire; and **(6)** David McKnght [*sic*], Esquire to the extent their testimony is cumulative and redundant. See e.g. Fed. R. Evid. 403.

**II.**    **DEFENDANT'S OBJECTIONS TO PLAINTIFF'S TRIAL EXHIBITS.**[2]

    The United States objects to Plaintiff's Trial Exhibits on the following grounds:

    **A.**    The United States objects to the admissibility of the following exhibits expected to be offered by plaintiff:

        Plaintiff's Exhibit "3"  -  Trial Testimony of Timothy ("Tim") Joe Reeves on October 28, 1999

---

[2] The United States reserves the right to object to any exhibits that the plaintiff may introduce or offer at trial on any grounds permitted under Fed. R. Evid. 402 and 403 or as otherwise permitted by the Court for good cause shown.

>Plaintiff's Exhibit "4"  -  Deposition of Timothy ("Tim") Joe Reeves on February 3, 2000

on the grounds that it is hearsay. See Fed. R. Evid. 802. The United States also objects on the grounds that, to the extent that the Court allows any portion of the above transcripts to be offered in evidence at trial, the United States reserves the right to require the plaintiff to introduce any other part or any other writing or recorded statement, which ought in fairness be considered with the part introduced by the plaintiff. See e.g. Fed. R. Evid. 106.

    **B.**    The United States objects to the admissibility of Plaintiff's Exhibit "5," Form 886A Internal Revenue Service Explanation of Items of Gross Gambling Wagers, on the grounds that it is not a full and complete copy of the document, and therefore, to the extent that the Court allows the exhibit or any portion thereof to be offered in evidence at trial, the United States reserves the right to require the plaintiff to introduce any other part or any other writing or recorded statement, which ought in fairness be considered with the part introduced by the plaintiff. See e.g., Fed. R. Evid. 106.

    **C.**    The United States objects to the admissibility of Plaintiff's Exhibit "6," Numerical Chart of Football Wagering prepared by Ronald Lynn Cherry from his analysis of wiretap tapes, on the grounds that it is hearsay. See Fed. R. Evid. 802.

    **D.**    The United States objects to the admissibility of the following exhibits expected to be offered by plaintiff:

>Plaintiff's Exhibit "6"  -  Numerical Chart of Football Wagering prepared by Ronald Lynn Cherry from his analysis of wiretap tapes

2573374.1

Plaintiff's Exhibit "7" - Expert Report (Excise Tax Calculation) by
Expert Witness David W. Parsons, CPA

to the extent that the exhibit or any portion thereof involves offering evidence that is based on speculation or conjecture and/or that is self-serving and unsubstantiated with regard to the wagering amounts received by Reeves during the periods at issue.  See e.g., Doc. 28-7 for Cherry's Affidavit, at p. 174; Doc. 28-7 for Parsons' Report, at pp. 156-160.  In a case where, as here, Reeves did not keep adequate books and records of his wagering activities, he is precluded from challenging the IRS's assessment by offering the type of evidence described, above.  See e.g., Griffin v. United States, 588 F.2d 521 (5th Cir. 1979); DeLorenzo v. United States, 555 F.2d 27 (2d Cir. 1977); Alabama Power Co. v. United States, 1985 WL 6245 (N.D. Ala. 1985).  Any evidence offered on this point will only serve to unnecessarily and unduly prolong the trial.  See e.g., Fed. R. Evid. 401 - 403.

     **E.**     The United States objects to the admissibility of Plaintiff's Exhibit "7," Expert Report (Excise Tax Calculation) by Expert Witness David W. Parsons, CPA, to the extent that the Court determines that:  **(1)** Parsons' testimony is *not* based upon sufficient facts or data; **(2)** his testimony is *not* the product of reliable principles and methods; and/or **(3)** he has *not* applied the principles and methods reliably to the facts of this case.  Any evidence offered on this

point will only serve to unnecessarily and unduly prolong the trial.  See e.g., Fed. R. Evid. 403 and 702.

    Dated this 26th day of June, 2007.

                        LEURA GARRETT CANARY
                        United States Attorney

                        s/ Lynne M. Murphy
                        LYNNE M. MURPHY
                        Trial Attorney, Tax Division
                        U.S. Department of Justice
                        La. Bar No. 20465
                        D.C. Bar No. 485928
                        P.O. Box 14198
                        Ben Franklin Station
                        Washington, D.C.  20044
                        Telephone:    (202) 514-5881
                        Facsimile:     (202) 514-9868
                        E-mail:         lynne.m.murphy@usdoj.gov

## CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED** that service of the foregoing Defendant's Objections to Plaintiff's Amended List of Witnesses and Trial Exhibits has this 26th day of June, 2007 been made, **VIA FEDERAL EXPRESS**, and by electronically filing the documents with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

William W. Hinesley, Esquire
whinesley@JHFC-law.com

G. David Johnston, Esquire
djohnston@jhfc-law.com

L. Drew Redden
melissa@rmclaw.com


s/ Lynne M. Murphy
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Ben Franklin Station
Washington, D.C.  20044