IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **TIMOTHY JOE REEVES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CASE NO. 1:05-CV-00542-MHT |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**JOINT MOTION TO AMEND
COURT'S ORDER ENTERED ON AUGUST 8, 2007**

The plaintiff, Timothy Joe Reeves, and the defendant, United States of America, respectfully move this Court to amend its Order entered on August 8, 2007 (Doc. No. 58) to allow additional time, if necessary, for the parties to mediate and/or re-file their summary judgment motions on the "validity of assessment" issue remaining to be resolved in the above-captioned action. The parties request that their motion be granted for the following reasons:

On August 8, 2007, the Court ordered, in pertinent part, that the parties would be allowed until September 28, 2007, to complete mediation of the "validity of assessment" issue remaining in this case. (Doc. No. 58). The Court also ordered that if the parties were unable to resolve the issue by September 28th, they would be allowed until October 12, 2007, to re-file their summary motions on that issue. (Doc. No. 58).

On August 28, 2007, the parties' counsel conducted a face-to-face settlement conference in the above-captioned case. During that conference, the counsel agreed to terms by which the parties could tentatively settle the "validity of assessment" issue, subject to the condition that the

settlement proposal could not be finalized, unless and until it is approved in accordance with the procedures established by the federal rules and regulations.  See 28 C.F.R. §§ 0.160, 0.168; Tax Directive No. 105.  These procedures involve, *inter alia*, for various officials of the Department of Justice and the Internal Revenue Service to provide their views and recommendations regarding the settlement proposal.  After those views and recommendations are received, the Acting Assistant Attorney General Richard T. Morrison of the U.S. Department of Justice, Tax Division, or his delegate must evaluate the settlement proposal and determine whether to accept or reject it.  The parties expect that the above procedures will take approximately sixty (60) days to complete.

Based on the above, the parties would prefer to determine if they can finalize their settlement proposal without expending any additional time and costs to mediate or further litigate the issue.  However, the parties recognize that they need additional time to do so because it is unlikely that they will receive written approval or rejection of their settlement proposal (by the Department official with full and final settlement authority) before the September 28th deadline established by the Court for completion of mediation in this case.

In view of the above, the parties request additional time to complete the above-described settlement process before they proceed to expend time and costs in mediating or further litigating this issue.  Further, if it is ultimately determined that the settlement proposal must be rejected, the parties wish to reserve their rights to mediate the "validity of assessment" issue.  If, thereafter, the parties are unable to resolve the "validity of assessment" issue through mediation, they also wish to reserve their rights to re-file their summary judgment motions on that issue.

The parties believe that the additional time, if granted, will be in the best interests of the parties and the Court, and will prevent them from spending unnecessary time and costs in mediating or further litigating this matter.

For the above reasons, the parties respectfully request that the Court amend its August 8th Order to allow the parties until **Friday, November 30, 2007**, to complete mediation of the "validity of assessment" issue remaining to be resolved in this case. Further, if the parties are unable to resolve the "validity of assessment" issue by November 30th, they will be allowed until **Friday, December 14, 2007**, to re-file their summary judgment motions on that issue. A proposed order is attached.

Dated this 31st day of August 2007.

|  |  |
|---|---|
|  | LEURA GARRETT CANARY<br>United States Attorney |
| s/ G. David Johnston | s/ Lynne M. Murphy |
| G. DAVID JOHNSTON | LYNNE M. MURPHY |
| Bar No. ASB-8863-T636 | La. Bar No. 20465 |
| WILLIAM W. HINESLEY | D.C. Bar No. 485928 |
| Bar No. ASB-4423-E65W | JAMES T. LYONS |
| Attorney for Plaintiff | N.Y. Bar No. 3933868 |
| JOHNSTON, HINESLEY, FLOWERS | Trial Attorneys, Tax Division |
| & CLENNEY, P.C. | U.S. Department of Justice |
| 291 North Oates Street | P.O. Box 14198 |
| Dothan, Alabama  36303 | Ben Franklin Station |
| Telephone:    (334) 793-1115 | Washington, D.C.  20044 |
|  | Telephone:    (202) 514-5881 |
|  |                          (202) 514-5880 |

## CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED** that service of the foregoing Joint Motion To Amend Court's Order entered on August 8, 2007 and Proposed Order has this 31st day of August, 2007 been made by electronically filing the document with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

        William W. Hinesley, Esquire
        whinesley@JHFC-law.com

        G. David Johnston, Esquire
        djohnston@jhfc-law.com

        s/ Lynne M. Murphy
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 14198
        Ben Franklin Station
        Washington, D.C.  20044